# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., et al., )<br><br>Plaintiffs,     )<br>vs.       )<br>          )<br>THCI COMPANY, LLC,    )<br>          )<br>Defendant.     ) | Case No. 04-6038-CV-SJ-GAF |

### REPLY TO COUNTERCLAIMS

COME NOW Plaintiffs, IHS Long Term Care Services, Inc., and nine of its subsidiaries, Integrated Health Services of Cliff Manor, Inc., Integrated Health Services of Riverbend, Inc., Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Group, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., and Elm Creek of IHS, Inc., through their undersigned counsel, and for their Reply to the Counterclaims (the "Counterclaims") of THCI Company, LLC ("Defendant"), state and allege as follows:

1. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore deny same.

2. Plaintiffs admit that the Nine Subsidiaries leased facilities from Meditrust Corporation or its subsidiaries, but deny all remaining, further and additional allegations contained in Paragraph 2.

3. Plaintiffs admit that the Nine Subsidiaries operated nursing home facilities in the states of Ohio, Pennsylvania, New Jersey, Alabama, Michigan and Missouri, but deny all remaining, further and additional allegations contained in Paragraph 3.

4. Plaintiffs admit that IHS entered into ten guaranties (the "Ten Guaranties"), but state that the Ten Guaranties speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 4.

5. Plaintiffs state that the Ten Guaranties speak for themselves and, therefore, deny the allegations contained in Paragraph 5.

6. Plaintiffs admit that the Nine Leases were amended in 1993 by the Lease Modification Agreement and that IHS was a signatory of the Lease Modification Agreement, but state that the Nine Leases and the Lease Modification Agreement speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 6.

7. Plaintiffs admit that IHS and certain of its subsidiaries, including the Nine Subsidiaries, filed petitions for relief under Chapter 11 of the Bankruptcy Code in 2000 (the "IHS Bankruptcy"), but lack knowledge or information sufficient to form a belief as to the truth of the remaining, further and additional allegations contained in Paragraph 7, and, therefore, deny same.

8. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore deny same.

9. Plaintiffs admit that at some time during the IHS Bankruptcy proceeding, IHS proposed to reject certain of the Nine Leases, but state that the documents filed in connection with the bankruptcy of IHS and its subsidiaries speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 9.

10. Plaintiffs admit that there were motions and orders filed in the Delaware Bankruptcy Court by IHS, THCI and the Court, but state that such documents speak for themselves, and, therefore, deny all allegations contained in Paragraph 10.

#62684 doc / 90909 001                         2

11. Plaintiffs state that the March 2002 Order speaks for itself and, therefore, deny the allegations contained in Paragraph 11. Furthermore, Paragraph 11 calls for a legal conclusion, to which no response is due.

12. Plaintiffs state that the March 2002 Order speaks for itself, and, therefore, deny all allegations contained in Paragraph 12. Furthermore, Paragraph 12 calls for a legal conclusion, to which no response is due.

13. Plaintiffs state that the March 2002 Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 13.

14. Plaintiffs state that there was no guaranty in effect in March 2002, and, therefore, admit that nothing in the March 2002 Order affected the Guaranties, but deny all remaining, further and additional allegations contained in Paragraph 14.

15. Plaintiffs deny the allegations contained in Paragraph 15.

16. Plaintiffs state that the March 2002 Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 16.

17. Plaintiffs admit that IHS and THCI did not agree upon or execute a Master Lease, but deny all remaining, further and additional allegations contained in Paragraph 17.

18. Plaintiffs state that the plan of reorganization filed in connection with the IHS Bankruptcy speaks for itself, and, therefore, deny the allegations contained in Paragraph 18.

19. Plaintiffs admit that Abe Briarwood Corporation entered into a Stock Purchase Agreement in connection with the IHS Bankruptcy, but state that such document speaks for itself and, therefore, deny all remaining, further and additional allegations contained in Paragraph 19.

20. Plaintiffs state that the plan of reorganization filed in connection with the IHS Bankruptcy speaks for itself, and, therefore, deny the allegations contained in Paragraph 20.

#62684 doc / 90909.001                    3

21.	Plaintiffs admit that IHS entered into a Stock Purchase Agreement dated January 28, 2003, but state that the plan of reorganization and the Stock Purchase Agreement speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 21.

22.	Plaintiffs state that the Stock Purchase Agreement and the plan of reorganization speak for themselves, and, therefore, deny the allegations contained in Paragraph 22.

23.	Plaintiffs state that the Stock Purchase Agreement speaks for itself, and, therefore, deny the allegations contained in Paragraph 23.

24.	Plaintiffs state that the Stock Purchase Agreement speaks for itself, and, therefore, deny the allegations contained in Paragraph 24.

25.	Plaintiffs admit that LTC was created by IHS, but deny all remaining, further and additional allegations contained in Paragraph 25.

26.	Plaintiffs deny the allegations in Paragraph 26.

27.	Plaintiffs admit that in April 2003 IHS filed a motion in Delaware Bankruptcy Court, but state that such motion and the March 2002 Order speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 27.

28.	Plaintiffs state that the motion filed by IHS speaks for itself, and, therefore, deny the allegations contained in Paragraph 28.

29.	Plaintiffs admit that THCI filed a Motion to Compel in the Delaware Bankruptcy Court, but state that such motion speaks for itself, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 29.

30.	Plaintiffs admit that the Delaware Bankruptcy Court entered an order in April 2003, but state that the April 2003 Order speaks for itself, and, therefore, deny all remaining,

further and additional allegations contained in Paragraph 30. Plaintiffs specifically deny that the April 2003 Order continued the IHS Motion to Reject.

31. Plaintiffs state that the April 2003 Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 31.

32. Plaintiffs state that the April 2003 Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 32.

33. Plaintiffs state that the April 2003 Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 33.

34. Plaintiffs state that there was no guaranty in effect in April 2003, and, therefore, admit that the April 2003 Order did not affect the Guaranties. Plaintiffs deny all remaining, further and additional allegations contained in Paragraph 34.

35. Plaintiffs deny the allegations contained in Paragraph 35.

36. Plaintiffs admit the allegations contained in Paragraph 36.

37. Plaintiffs admit that the Confirmation Order was adopted by the Bankruptcy Court of Delaware, but state that the Confirmation Order speaks for itself, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 37.

38. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 38.

39. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 39. Plaintiffs specifically deny that the Confirmation Order ordered that LTC succeed to IHS's obligations under the Guaranties, as carried forward by the March 2002 and April 2003 Orders.

40. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 40.

41. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 41.

42. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 42.

43. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 43.

44. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny all allegations contained in Paragraph 44. Plaintiffs additionally specifically deny that the Confirmation Order provided that only the outcome of the appeal would affect the status of the Nine Leases.

45. Plaintiffs state that the Confirmation Order speaks for itself, and, therefore, deny the allegations contained in Paragraph 45.

46. Plaintiffs deny the allegations contained in Paragraph 46.

47. Plaintiffs deny the allegations contained in Paragraph 47.

48. Plaintiffs admit that LTC is not bound by the Guaranties, which terminated on May 31, 2001, and that Plaintiffs a Petition in the Circuit Court of Platte County, Missouri, but state that the Petition speaks for itself, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 48.

49. Plaintiffs adopt, reallege and incorporate by reference all of its answers, denials and responses set forth in Paragraph 1 through and including Paragraph 48 of its Reply as if fully set forth herein.

50. Plaintiffs deny the allegations contained in Paragraph 50.

51. Plaintiffs deny the allegations contained in Paragraph 51.

52. Plaintiffs deny the allegations contained in Paragraph 52.

53. Plaintiffs deny the allegations contained in Paragraph 53.

54. Plaintiffs admit that a Petition and First Amended Answer and Counterclaims were filed in connection with issues relating to some of the Guaranties and the Nine Leases, among other things, but state that such documents speak for themselves, and, therefore, deny all remaining, further and additional allegations contained in Paragraph 54.

55. Plaintiffs adopt, reallege and incorporate by reference all of its answers, denials and responses set forth in Paragraph 1 through and including Paragraph 48 of its Reply as if fully set forth herein.

56. Plaintiffs state that the leases speak for themselves, and, therefore, deny the allegations contained in Paragraph 56.

57. Plaintiffs deny that the Guaranties, which expired prior to the creation of LTC, are binding on LTC. Plaintiffs further state that the Guaranties speak for themselves. Plaintiffs lack knowledge and information sufficient to form a belief as to the truth of whether IHS did regularly provide Required Information, and, therefore, deny same. Plaintiffs deny all remaining, further and additional allegations contained in Paragraph 57.

58. Plaintiffs admit that THCI has made some requests for information to some of the Plaintiffs, but deny all remaining, further and additional allegations contained in Paragraph 58.

59. Plaintiffs admit that THCI has made some requests for information to some of the Nine Subsidiaries, but deny all remaining, further and additional allegations contained in Paragraph 59.

60. Plaintiffs deny the allegations contained in Paragraph 60.

61. Plaintiffs state that no response is due to Paragraph 61, but, to the extent that a response is necessary, Plaintiffs deny the allegations contained in Paragraph 61.

62. Plaintiffs adopt, reallege and incorporate by reference all of its answers, denials and responses set forth in Paragraph 1 through and including Paragraph 48 of its Reply as if fully set forth herein.

63. Plaintiffs state that the Stock Purchase Agreement speaks for itself and, therefore, deny the allegations contained in Paragraph 63.

64. Plaintiffs deny the allegations contained in Paragraph 64.

65. Plaintiffs lack knowledge as to what recent required disclosure is referred to in Paragraph 65, and, therefore, deny the allegations contained in Paragraph 65.

66. Plaintiffs deny the allegations contained in Paragraph 66.

67. Plaintiffs deny the allegations contained in Paragraph 67.

68. Plaintiffs deny the allegations contained in Paragraph 68.

69. Plaintiffs deny the allegations contained in Paragraph 69.

70. Plaintiffs state that no response is due to Paragraph 70, but, to the extent that a response is necessary, Plaintiffs deny the allegations contained in Paragraph 70.

71. Plaintiffs adopt, reallege and incorporate by reference all of its answers, denials and responses set forth in Paragraph 1 through and including Paragraph 48 of its Reply as if fully set forth herein.

72. Plaintiffs state that the Petition and THCI's First Amended Answer and Counterclaims speak for themselves, and, therefore, deny the allegations contained in Paragraph 72.

73. Plaintiffs state that Paragraph 73 does not require a response, but, to the extent that a response is necessary, deny the allegations contained in Paragraph 73.

74. Plaintiffs state that Paragraph 74 does not require a response, but, to the extent that a response is necessary, deny the allegations contained in Paragraph 74.

Plaintiffs deny the allegations contained in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – All Counts

1. Plaintiffs have an adequate remedy at law and, therefore, cannot seek equitable relief.

### Second Affirmative Defense – All Counts

2. THCI's Counterclaims fail to state a claim against Plaintiffs upon which relief may be granted.

### Third Affirmative Defense – All Counts

3. THCI's Counterclaims are barred by reason of the fact that the alleged Guaranties terminated upon the expiration of the Nine Leases as of May 31, 2001.

### Fourth Affirmative Defense – All Counts

4. THCI's Counterclaims seeking enforcement of the Guaranties are barred by the Statute of Frauds, in that the original Guaranties expired as of May 31, 2001 and neither the March 2002 Order nor the April 2003 Order created any obligation of guaranty nor extended any obligation of the original guaranties in a writing containing all of the material terms required by law to create guaranty obligations.

### Fifth Affirmative Defense – All Counts

5.  THCI's Counterclaims are barred by reason of failure of THCI to comply with the notice and default provisions of the Nine Leases and the Master Lease, if one exists.

### Sixth Affirmative Defense – All Counts

6.  THCI's Counterclaims are barred by the doctrine of *res judicata* and collateral estoppel by reason of the orders of the Bankruptcy Court in the IHS Bankruptcy proceedings.

### Seventh Affirmative Defense – All Counts

7.  THCI's Counterclaims are barred by the provisions of the Stock Purchase Agreement dated January 28, 2003, and the Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and its Subsidiaries under Chapter 11 of the Bankruptcy Code, filed April 4, 2003, and confirmed by the Bankruptcy Court on May 12, 2003.

### Eighth Affirmative Defense – All Counts

8.  THCI is barred by waiver and estoppel from bringing any claim under the Nine Leases or the Guaranties because of its letters and statements in 2000 stating that the Nine Leases, and, therefore, the Guaranties, had expired by their terms.

### Ninth Affirmative Defense and Set-Off – All Counts

9.  THCI's Counterclaims are barred by tortious bad faith in that THCI knowingly, intentionally, and with bad faith waited until after the Amended Joint Plan of Reorganization was confirmed on May 12, 2003, and the Stock Purchase Agreement was closed on September 24, 2003, to bring claims under the alleged Guaranties, even though THCI has asserted in its Counterclaims that THCI believes that the Guaranties were continued in the March 2002 Stipulation. This constituted THCI's knowing, intentional and bad faith failure to disclose such alleged claims prior to the entry into and the closing of the Stock Purchase Agreement, resulting

in deceiving Plaintiffs to their damage in allegedly taking over a liability asserted to be over $41,667,000. Plaintiffs reserve the right to incorporate these allegations as additional Counts in their Petition after the Court has determined the Motion to Remand for lack of jurisdiction.

**Tenth Affirmative Defense and Set-Off – All Counts**

10. THCI's Counterclaims are barred by abuse of process in that THCI has intentionally and knowingly concealed the facts set forth in the Ninth Affirmative Defense, knowing that no entity would purchase the stock of IHS and Plaintiff Subsidiaries, if, by such purchase, it would assume a liability of over $41,667,000, and then brought the Counterclaims asserting such liability against Plaintiffs, after the close of the Stock Purchase Agreement, resulting in deceiving Plaintiffs to their damage in allegedly taking over a liability asserted to be over$41,667,000. Plaintiffs reserve the right to incorporate these allegations as additional Counts in their Petition after the Court has determined the Motion to Remand for lack of jurisdiction.

**Eleventh Affirmative Defense and Set-Off – All Counts**

11. THCI's Counterclaims are barred by reason of *prima facie* tort in that THCI intentionally and knowingly concealed its intent to file claims under the Guaranties for an alleged breach of the Capitalization Requirement of the Lease Modification Agreement, until after confirmation of the Reorganization Plan and closing of the Stock Purchase Agreement, in order to induce creation of Plaintiff LTC in accordance with the Stock Purchase Agreement and to cause Plaintiff LTC and Plaintiff Subsidiaries to incur liability alleged to be over $41,667,000, thus acting without justification, or with a patently insufficient justification, and doing so for the sole purpose of deceiving Plaintiffs and the purchaser of the capital stock and assets of IHS to further its own interests. Plaintiffs reserve the right to incorporate these allegations as additional

Counts in their Petition after the Court has determined the Motion to Remand for lack of jurisdiction.

**Twelfth Affirmative Defense – All Counts**

12. THCI's Counterclaims are barred by waiver and estoppel because of its failure to file a proof of claim in the IHS Bankruptcy proceeding.

**Thirteenth Affirmative Defense – All Counts**

13. THCI's Counterclaims are barred by waiver and estoppel because it failed to timely file an administrative expense claim in the IHS Bankruptcy proceeding.

**Fourteenth Affirmative Defense – Count IV**

14. THCI has committed laches and inexcusable delay and (a) is equitably estopped from seeking payment of holdover rent, since it has been accepting rent for more than three (3) years since the Nine Leases terminated, and (b) is barred from seeking equitable relief.

**Fifteenth Affirmative Defense – Count IV**

15. THCI is barred by waiver and estoppel from bringing any claims for holdover rent, because THCI has accepted the rent paid by Plaintiff Subsidiaries without demand for additional rent from and after June 1, 2001, and has waived all claims to holdover rent.

**Sixteenth Affirmative Defense – Count IV**

16. THCI is barred by payment and satisfaction because it has been paid in full all rent due under the Nine Leases and/or the Master Lease, if one exists.

**WHEREFORE**, having answered each and every counterclaim of THCI's Counterclaims, Plaintiffs pray that all of THCI'S be dismissed with prejudice and held for naught, for their costs and reasonable attorney's fees, and for such other and further relief as the Court deems just and proper in the premises.

FREILICH, LEITNER & CARLISLE

By: /s/ Robin A. Kramer
Robert H. Freilich (Mo. #22314)
Robin A. Kramer (Mo. #49511/KS-000465)
Elisa A. Paster    (Mo. #54959)
4435 Main Street, Suite 1150
Kansas City, MO. 641112
**Tel:** (816) 561-4414
**Fax:** (816) 561-7931
**Email:**  rfreilich@flc-kc.com
rkramer@flc-kc.com
epaster@flc-kc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically transmitted on the 25th day of June, 2004, to:

Greg T. Spies
Stuart E. Bodker
McDowell, Rice, Smith & Buchanan, P.C.
605 West 47th Street, Suite 350
Kansas City, Missouri   64112-1905
gspies@mrsg.com
seb@mrsg.com

and mailed by U.S. mail, postage prepaid, on the 25th day of June, 2004, to:

Ronald L. Castle
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
**Attorneys for Defendant**

/s/: Robin A. Kramer