IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., a Delaware corporation, INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., a Delaware Corporation, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., A Delaware corporation, ALPINE MANOR, INC., a Pennsylvania corporation, INTEGRATED HEALTH GROUP, INC., a Pennsylvania corporation, SPRING CREEK OF IHS, INC., a Pennsylvania corporation, FIRELANDS OF IHS, INC., a Pennsylvania corporation, ELM CREEK OF IHS, INC., a Pennsylvania corporation, IHS LONG TERM CARE SERVICES, INC., a Delaware corporation, <br><br>                    Plaintiffs, <br><br>    v. <br><br> THCI COMPANY LLC, <br><br>                    Defendant. | Civil Action No. 04-910 |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

This Memorandum of Law is submitted on behalf of plaintiffs, and in particular plaintiff IHS Long Term Care Services, Inc., ("LTC"), in support of plaintiffs' motion for partial summary judgment.

The facts are set forth in the accompanying Declaration of Amos Alter. This Memorandum is for the purpose of establishing that, under Missouri law, the Missouri Guaranty of the Missouri Lease (as defined in that Declaration) may not be construed as incorporated into

WLM\208736 1

the Missouri Lease. As this action is one transferred from Missouri, this Court applies Missouri choice-of-law rules (Ferens v. John Deere Co., 494 U.S. 516, 519 [1990]).

It is clear that, under Missouri law, a written obligation, and even a contemporaneously executed guaranty, are considered as two separate documents, which, even if they are to be construed together, still do not incorporate each other by any implied reference:

> "A guaranty agreement may be construed together with any contemporaneously executed agreements dealing with the same subject matter as an aid in ascertaining the intention of the parties. [Citation omitted]. Those agreements, however, do not constitute a single contract, and the liability of the guarantor remains primarily dependent on the guaranty agreement itself." (Dunn Industrial Group v. City of Sugar Creek, 112 S.W.3d 421, 434 [Mo. 2003, emphasis supplied]).

> "'A guaranty may be construed together with any contemporaneously executed agreements dealing with the same subject matter as an aid in ascertaining the intention of the parties' [quoting Na'tl Super Mkt. v. KMSK, Inc., 940 S.W.2d 47, 49 (Mo. App. 1997)]. 'However, this does not mean that those agreements constitute a single contract, and the liability of the guarantor remains primarily dependent on the guaranty instrument itself.' Jamieson-Chippewa Inv. Co., Inc. v. McClintock, 996 S.W.2d 84, 87 (Mo. App. 1999)." (Grand Investment Corp. v. Connaughton, Boyd & Kenter, 119 S.W.3d 101, 115 [Mo. App. 2003, emphasis supplied]).

See also, quoting the same language from Jamieson-Chippewa, Mercantile Bank v. Loy, 77 S.W.3d 93, 95 (Mo. App. 2002).

> "While it is held that contemporaneous agreements dealing with the same subject matter may be construed together as an aid in ascertaining the intention of the parties, this does not mean that those agreements constitute a single contract [citation omitted], for the liability of the guarantor remains primarily dependent upon the guaranty contract. It is the guaranty agreement which contains the express conditions on the guarantor's liability and which defines the obligations and rights of both the guarantor and guarantee." (Standard Meat Co. v. Taco Kid of Springfield, 554 S.W.2d 592, 595 [Mo. App. 1977, emphasis supplied]).

In the case at bar, there is no extant guaranty agreement which can be looked to in order to define the obligations of the guarantor. Since the guaranty is not a single contract with the lease whose terms were incorporated into the Master Lease, the guaranty is not incorporated

2

into the Master Lease. There is thus no liability for the Missouri Lease, and plaintiffs are entitled to partial summary judgment declaring accordingly.

### Conclusion

As has been demonstrated, as a matter of Missouri law the Missouri Guaranty is not part of the Missouri Lease. Therefore, there is here no guaranty of the Missouri Lease. Plaintiffs are thus entitled to a declaration to that effect, as inter alia prayed for in the complaint originally filed in Missouri. The motion for partial summary judgment should therefore be in all respects granted.

Respectfully submitted,

Dated: May 31, 2005
Wilmington, Delaware

**DUANE MORRIS LLP**

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901

-and-

**TROUTMAN SANDERS LLP**
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:  (212) 704-6000
Facsimile:  (212) 704-6288

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al.*