## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| INTEGRATED HEALTH SERVICES | ) | |
| OF CLIFF MANOR, INC., a Delaware corporation, | ) | Civil Action No. 04-910 |
| INTEGRATED HEALTH SERVICES AT | ) | |
| RIVERBEND, INC., a Delaware Corporation, | ) | |
| INTEGRATED HEALTH SERVICES AT | ) | |
| SOMERSET VALLEY, INC., A Delaware | ) | |
| corporation, ALPINE MANOR, INC., a | ) | |
| Pennsylvania corporation, INTEGRATED | ) | |
| HEALTH GROUP, INC., a Pennsylvania | ) | |
| corporation, SPRING CREEK OF IHS, INC., a | ) | |
| Pennsylvania corporation, FIRELANDS OF IHS, | ) | |
| INC., a Pennsylvania corporation, ELM CREEK | ) | |
| OF IHS, INC., a Pennsylvania corporation, IHS | ) | |
| LONG TERM CARE SERVICES, INC., a | ) | |
| Delaware corporation, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| THCI COMPANY LLC, | ) | |
|  | ) | |
| Defendant. | ) | |

## DECLARATION IN SUPPORT OF PARTIAL SUMMARY JUDGMENT MOTION

**AMOS ALTER** declares:

1.      I am Counsel to Troutman Sanders LLP, New York co-counsel to plaintiffs in this action. In this action for a declaratory judgment that plaintiff IHS Long Term Care Services, Inc. ("LTC"), is not liable as a guarantor of lease obligations of the other nine plaintiffs for nine properties located in six States, plaintiffs here move for partial summary judgment with respect to one particular lease and guaranty therefor, the Missouri Lease and the Missouri Guaranty (hereinafter defined). This Declaration in support of the motion is made by

me and not by the client, because the facts appear from documents in my possession and annexed to this Declaration, and are thus within my personal knowledge. In addition, I was personally involved in some of the transactions here referred to.

2.      This action originated as an action in the Circuit Court of the State of Missouri, Platte County. It was removed to the United States District Court for the Western District of Missouri, St. Joseph Division, and subsequently transferred to this Court, on the asserted ground that it related to the jointly administered bankruptcy cases, then pending in the Bankruptcy branch of this Court and now confirmed, of Integrated Health Services, Inc. (00-389 [MFW]) (hereinafter "IHS").[1]  A copy of the petition (the "Petition") in the Missouri action, which stands as the complaint in this action, is annexed hereto as Exhibit "A". The amended answer thereto, filed in this Court, is annexed hereto as Exhibit "B", and the reply to the counterclaims is annexed hereto as Exhibit "C".

3.      As can be seen from the pleadings, this action arises out of certain orders entered in the Bankruptcy Court in the IHS case, involving nine nursing home facilities in six States. The first nine-named plaintiffs (the "Plaintiffs") were the respective tenants in the nine facilities under nine separate leases (the "Nine Leases"). Defendant herein, THCI Company, LLC , was eventually the successor landlord under all Nine Leases ( For simplicity's sake, defendant herein and its predecessors will all be referred to as "Defendant") . A copy of the lease with which this motion is concerned, covering premises located at 4700 Cliffview Drive, Kansas City, MO (the "Missouri Lease") is annexed as Exhibit "D".

---

[1] Plaintiffs have moved in this Court to remand, and/or to abstain. That motion is pending. The instant motion is without prejudice to the motion to remand.

4       The Plaintiffs' then-parent, IHS, had guaranteed such leases by nine separate guaranties (the "Guaranties"). A copy of the guaranty of the Missouri Lease here in question (the "Missouri Guaranty") is annexed hereto as Exhibit "E".

5.      In 1993, the Nine Leases were modified by a Lease Modification Agreement, which, among other provisions, extended the initial terms of the Nine Leases to May 31, 2001. The Guaranties by their terms expired when the respective leases expired, on May 31, 2001. A copy of the Lease Modification Agreement is annexed hereto as Exhibit "F".

6.      On February 2, 2000, Plaintiffs-tenants and IHS, together with numerous other subsidiaries of IHS, filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code (the "IHS Bankruptcy") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7.      On November 21, 2000, each of the nine Plaintiffs wrote a separate letter to Defendant informing it of the respective Plaintiff's intent to renew its respective lease for an additional five (5) year period, pursuant to option provisions in the relevant lease of the Nine Leases. On January 31, 2001, Defendant rejected Plaintiffs' attempted exercise of their rights to extend the Nine Leases, asserting that the Nine Leases had expired. Plaintiffs subsequently moved in the Bankruptcy Court to assume some of the Nine Leases and to reject others, by motion dated on or about May 11, 2001. Defendant objected to such motion, asserting that the Nine Leases had expired by their own terms on May 31, 2001, and none could be assumed.

8.      Thereafter, and in settlement of the motion, Defendant, IHS and Plaintiffs entered into a Stipulation, which was confirmed by order of the Bankruptcy Court (the "March 2002 Stipulation", Exhibit "G" hereto). The March 2002 Stipulation provided (¶ 1 )that: "In accordance with the terms set forth in this Stipulation, the Debtors reject the [lease of a tenth]

3

Facility, and provided the [Nine Leases] are amended as hereinafter provided in paragraph 3 of
this stipulation, shall assume the [Nine Leases] as amended and restated" (emphasis added).
Paragraph 3 of the March 2002 Stipulation stated: "Within thirty (30) days of the date of this
Stipulation, or at such time thereafter as the Parties may agree, the Parties shall enter into a
master lease agreement amending and restating the [Nine] Leases." The March 2002 Stipulation
made no mention of the Guaranties, which had expired, along with the Nine Leases, on May 31,
2001, nor did it create any new guaranties.

       9.      Plaintiffs and IHS thereafter entered into negotiations to create a Master
Lease, but no agreement on a Master Lease was reached. In April 2003, Defendant filed a
Motion to Compel, asking the Bankruptcy Court to compel IHS to enter into a Master Lease, and
to establish the terms of such Master Lease. Defendant's motion did not ask the Bankruptcy
Court to compel IHS to enter into a guaranty of a Master Lease, and, indeed, did not even
mention the Guaranties. A copy of Defendant's motion, exhibits thereto omitted, is annexed
hereto as Exhibit "H".

      10.     On April 22, 2003, the Bankruptcy Court granted Defendant's Motion to
Compel and stated in its order (the "April 2003 Order", Exhibit "I" hereto):

> "Within five (5) business days of the entry of this Order, the parties may
> execute a form of Master Lease on such terms as may be mutually
> agreeable by the parties, provided, however, that if within such time the
> parties do not execute a Master Lease on mutually agreeable terms, a
> Master Lease shall be deemed to exist, which Master Lease shall be
> deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d),
> (e), and (f) of the March 2002 Stipulation and shall further be deemed to
> incorporate by reference all terms of the existing Leases to the extent not
> inconsistent with the March 2002 Stipulation" (emphasis in original).

The April 2003 Order also contained no reference to any guaranty.

      11.     Plaintiffs appealed the April 2003 Order of the Bankruptcy Court
to this Court. That appeal, bearing Case No. 03-610 (GMS), was fully briefed and

submitted, and has been under advisement before Hon. Gregory M. Sleet, U.S.D.J., since August 2003.

   12. The Amended Joint Plan of Reorganization of IHS and its subsidiaries, including Plaintiffs, was confirmed by the Bankruptcy Court on May 12, 2003. The Confirmation Order provided for the formation of a new corporation, plaintiff LTC, into which the capital stock of, inter alia, the Plaintiffs (IHS subsidiaries) would be transferred, after which the stock of LTC would be sold to a third-party purchaser ("Briarwood") who would pay the purchase price to the IHS bankruptcy estate. The closing of the sale took place on September 13, 2003. The Plaintiffs are no longer debtors in bankruptcy, and the IHS Estate and its creditors have no further economic interest in the Plaintiffs.

   13. It is important to note a few points which follow from the facts recited above. First: The Nine Leases were not amended and assumed. That did not happen by agreement of the parties (since they never ultimately agreed on terms), nor did the Bankruptcy Court in its April 2003 Order decree such a result. Instead, it imposed a new Master Lease. Second: LTC, as post-confirmation successor to the post-petition obligations of IHS under the Confirmation Order, has no guaranty obligations with respect to the Master Lease, because IHS had never guaranteed the Master Lease. Not only would such a guaranty have required Bankruptcy Court approval as a transaction not in the ordinary course (11 U.S.C. § 363), which was here lacking, but, as a promise to answer for the debt of another, it would have had to be contained in a writing signed by IHS under the Statute of Frauds, and there was no such signed writing.[2] Finally, of

---

[2] In Missouri in particular, the relevant Statute of Frauds provision is to be found in Rev. Stat. Mo. § 432.010. Of course, the law is the same in every common-law jurisdiction in America on this point.

5

course, the Bankruptcy Court's April 2003 Order never purported to impose any such guaranty on IHS, and, indeed, the Court had never been asked by defendant to do so.

14. The pre-existing guaranties of their own force could not possibly apply: (i) The Master Lease is a new lease, not a continuation of the old Leases, and hence the guaranties by their own terms would not apply. (ii) The Nine Guaranties were all prepetition obligations, and defendant's only remedy thereon, even if those Guaranties did apply, would have been as a prepetition creditor in the IHS bankruptcy proceeding.

15. Each guaranty, a separate document from its respective lease, cannot be considered a term of the particular lease, and hence cannot be considered incorporated by reference into the Master Lease. Certainly with respect to the Missouri Lease and Missouri Guaranty, that is indisputedly the case under Missouri law, as is demonstrated in the accompanying Memorandum of Law.

16. There is thus no liability of plaintiff LTC under the Missouri Guaranty, or on the Missouri Lease. Plaintiffs' motion for partial summary judgment to that effect should therefore be granted.

17. I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on May 26, 2005

_____
Amos Alter

6