# Exhibit E

*Alpine*

## GUARANTY OF PAYMENT AND PERFORMANCE OF LEASE OBLIGATIONS

THIS GUARANTY made as of this 24 day of March, 1988, among Integrated Health Services, Inc., a Delaware corporation having an office at 11019 McCormick Road, Suite 400, Hunt Valley, Maryland 21031 (hereinafter called the "Guarantor"), and Meditrust of Missouri, a Delaware corporation having an office at 15-A Walnut Street, Wellesley, Massachusetts 02181, its successors and assigns ("Lessor").

### WITNESSETH:

WHEREAS, Guarantor has requested Lessor to enter into a certain Facility Lease and Security Agreement, dated as of March 1, 1988 (the "Lease"), and a certain Purchase and Sale Agreement, dated as of March 1, 1988 (the "Purchase Agreement"), with its affiliate, Integrated Health Services of Cliff Manor, Inc. (the "Lessee"), relating to certain premises located in Riverside, Missouri, including the land and facility thereon known as Cliff Manor Nursing Home (the "Premises") to be owned by Lessor; and

WHEREAS, Lessor is willing to enter into the Lease and the Purchase Agreement with Lessee only if it receives a guaranty of Guarantor covering the Obligations of Lessee (as hereinafter defined) to Lessor under the Lease.

NOW THEREFORE, in order to induce Lessor to enter into the Lease and the Purchase Agreement with Lessee, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as set forth below.

1. Guarantor hereby guarantees, absolutely and unconditionally, to Lessor the full, faithful and punctual performance, fulfillment, observance and payment of all of the obligations and liabilities of Lessee under the Lease and agrees to indemnify and reimburse Lessor for any and all costs, expenses or payments (including all fees of counsel satisfactory to Lessor) in connection with all other obligations and liabilities of Lessee to Lessor of whatever nature in connection with the Lease, whether now existing or hereafter incurred, whether created directly or acquired by Lessor by assignment or otherwise, whether matured or unmatured and whether absolute or contingent (collectively, the "Obligations of Lessee or Lessor").

2. Guarantor shall submit to Lessor, no less often than monthly, current financial statements of Guarantor.

3. Guarantor shall remain in compliance with all of the terms, conditions and covenants set forth in Article VII and Exhibit H (attached hereto and made a part hereof) of that certain Credit and Agency Agreement between Guarantor and Fidelity Bank, N.A. and South Trust Bank of Alabama, N.A., dated as of July 7, 1987, as amended from time to time (the "Fidelity Agreement"), regardless of whether the Fidelity Agreement is still in effect, provided however, during such time as the Fidelity Agreement is still in effect, Lessor shall be deemed to approve of any actions which would otherwise violate the provisions of Article VII of the Fidelity Agreement, so long as Guarantor has obtained the written consent of Fidelity Bank to such violation and a copy of such consent is forthwith delivered to Lessor. At such time as the Fidelity Agreement is no longer in effect, Guarantor shall obtain the written approval of Lessor prior to taking any actions which would violate the provisions of Article VII, Sections 7.1 through 7.15. If Guarantor does not obtain the prior consent as required by this paragraph, then such failure shall be deemed a default under the Lease, and Lessor, at Lessor's sole option, may require Guarantor to purchase the Premises from Lessor at a price equal to the greater of (i) the Original Purchase Price, as defined in the Lease, plus an amount equal to the Original Purchase Price multiplied by the percentage increase in the Consumer Price Index from the date of the purchase of the Premises by Lessor to the date of the purchase of the Premises hereunder by Guarantor, or (ii) the fair market value of the Premises as determined under the Lease.

4. Guarantor hereby waives (a) notice of and consent to any and all amendments, extensions and renewals of the Lease, any and all assignments, subleases and other actions that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (b) presentment and demand for payment of any of the Obligations of Lessee or Lessor; (c) protests and notice of dishonor or default to the undersigned or to any other party with respect to any of the Obligations of Lessee or Lessor; (d) all other notices to which Guarantor or Lessee might otherwise be entitled; (e) any demand for payment under this guaranty; and (f) any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property.

-2-

5. Guarantor agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby.

6. Each reference herein to Guarantor or Lessee or Lessor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, Lessee or Lessor, as the case may be, all of whom shall be bound by the provisions of this guaranty.

7. No delay on the part of Lessor in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Lessor to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which given.

-3-

IN WITNESS WHEREOF, Guarantor has executed this Guaranty under seal as of the day and year first above written.

Witness: *[signature: Daniel Mumford]*

INTEGRATED HEALTH SERVICES, INC.

By: *[signature]*

*Vice President*
Title

3220R

-4-