IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., et al., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant-Counterclaimant. | Case No. 04-910 |

### DECLARATION OF WARREN D. COLE

WARREN D. COLE, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1.  I am the Executive Vice-President and Chief Operating Officer of THCI Company LLC ("THCI"), successor in interest to Meditrust Corporation, Meditrust of Alabama, Inc., Meditrust of Missouri, Inc., Meditrust of Michigan, Inc., Meditrust of Alpine, Inc., Meditrust of Mountainview, Inc., and Meditrust of Ohio, Inc. (collectively, "Meditrust").

2.  I submit this Declaration in Opposition to the Motion by Plaintiffs for Partial Summary Judgment and in Support of the Cross-Motion by THCI for Partial Summary Judgment submitted contemporaneously herewith. I am fully familiar with the facts hereinafter stated.

3.  Attached hereto as Exhibit 1 are true and complete copies of the guaranties ("Guaranties"), including the Missouri guaranty ("Missouri Guaranty").

4.  Attached hereto as Exhibit 2 is a true and complete copy of the Missouri lease ("Missouri Lease").

5. Attached hereto as Exhibit 3 is a true and complete copy of the Lease Modification Agreement ("Lease Modification Agreement").

6. Attached hereto as Exhibit 4 is a true and complete copy of Stipulation and Order entered on March 22, 2001 by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

7. Attached hereto as Exhibit 5 is a true and complete copy of Integrated Health Services, Inc.'s ("IHS") Motion to Assume and Reject ("Assumption-Rejection Motion") certain leases filed on May 7, 2001 with the Bankruptcy Court.

8. Attached hereto as Exhibit 6 is a true and complete copy of the Stipulation and Order entered on March 18, 2002 ("March 2002 Stipulation and Order") by the Bankruptcy Court.

9. Attached hereto as Exhibit 7 is a true and complete copy of the Order issued on April 22, 2003 ("April 2003 Order") by the Bankruptcy Court.

10. Attached hereto as Exhibit 8 are true copies of excerpts from the Stock Purchase Agreement ("SPA").

11. Attached hereto as Exhibit 9 is a true and complete copy of Schedule 3.8(b) to the SPA.

12. Attached hereto as Exhibit 10 are true and complete copies of excerpts from the Confirmation Order ("Confirmation Order") issued by the Bankruptcy Court on May 12, 2003.

## BACKGROUND

13. Between 1986 and 1991, Meditrust entered into leases with certain subsidiaries (each a "Subsidiary, and collectively, the "IHS Subsidiaries") of IHS for, *inter alia*, ten healthcare facilities ("Leased Properties") located in the states of Alabama,

Missouri, Michigan, Pennsylvania, New Jersey, and Ohio. Each Subsidiary was formed as a special purpose vehicle to operate a separate Leased Property.

14.     Simultaneously with the Leases, IHS executed ten Guaranties in favor of Meditrust, one for each Lease. Pursuant to the Guaranties, IHS guaranteed "absolutely and unconditionally ... the full, faithful and punctual performance, fulfillment, observance, and payment of all of the obligations and liabilities ... under the Lease..."

15.     In 1993, Meditrust, IHS and the IHS Subsidiaries agreed to amend the Leases pursuant to a Lease Modification Agreement (the "Lease Modification Agreement") to, *inter alia*, extend the Leases until May 31, 2001 and incorporate cross-default provisions into each Lease. The Lease Modification Agreement was executed by each Subsidiary. In addition, IHS also executed the Lease Modification Agreement and expressly reaffirmed its obligations under the Guaranties. *See* Lease Modification Agreement at ¶ 4.

16.     On or about February 2, 2000, IHS and the IHS Subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

17.     On or about May 7, 2001, the Debtors filed the Assumption-Rejection Motion with the Bankruptcy Court seeking to assume six Leases and reject four Leases.

18.     THCI as successor in interest to Meditrust objected to the Assumption-Rejection Motion, arguing that by virtue of cross-default provisions contained in the Leases, the Debtors could not selectively assume some and reject other Leases. Negotiations evolved. Before the hearing on the Assumption-Rejection Motion, the

parties came to a compromise, which was memorialized in the proposed stipulation and order drafted by IHS' counsel.

## THE MARCH 2002 STIPULATION AND ORDER

19.   Shortly before the date set for the hearing, Integrated Health Services of Cliff Manor, Inc., Integrated Health Services of Riverbend, Inc., Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Group, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., and Elm Creek of IHS, Inc. (collectively, the "Nine Subsidiaries" and, together with IHS, the "Debtors"), IHS and THCI executed the agreed stipulation and presented it to the Bankruptcy Court for approval.

20.   On March 18, 2002, the Bankruptcy Court entered the March 2002 Stipulation and Order setting forth the terms and conditions of the agreement between THCI and IHS.  March 2002 Stipulation and Order at ¶ 3.  The March 2002 Stipulation and Order fully settled the Assumption and Rejection Motion, and neither party ever appealed the March 2002 Stipulation and Order.

21.   The March 2002 Stipulation and Order resolved the Assumption and Rejection Motion, whereby THCI agreed to allow IHS to reject one Lease for the Leased Property in Bellbrook, Ohio ("Carriage-By-The-Lake"), waived claims for substantial damages and consented that that IHS would assume nine Leases (the "Nine Leases"), instead of only six Leases that IHS originally moved to assume by the Assumption and Rejection Motion.  In exchange, IHS agreed to assume the existing Nine Leases as amended and restated pursuant to the March 2002 Stipulation and Order, enter into a master lease ("Master Lease") containing the terms set forth in the March 2002

Stipulation and Order, and agreed to refrain from future attempts to selectively reject and assume the Nine Leases.

### LITIGATION OVER THE STIPULATION AND ORDER

22. On or about April 9, 2003, IHS indicated to THCI that it would seek to reject the Nine Leases because no Master Lease was executed between IHS and THCI. On April 10, 2003, THCI filed a Motion with the Bankruptcy Court seeking to compel the Debtors to comply with the terms of the March 2002 Stipulation and Order by entering into the Master Lease ("Motion to Compel").

23. On April 22, 2003, the Bankruptcy Court granted THCI's Motion to Compel and entered the April 2003 Order, which effectively reaffirmed the agreement memorialized in the March 2002 Stipulation and Order:

> [w]ithin five (5) business days of the entry of this Order, the parties may execute a form of Master Lease on such terms as may be mutually agreeable by the parties, provided, however, that if within such time the parties do not execute a Master Lease on mutually agreeable terms, a Master Lease shall be deemed to exist, which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e) and (f) of the March 2002 Stipulation *and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 Stipulation.*

April 2003 Order at ¶ 2 (emphasis added).

24. The April 2003 Order reaffirmed the agreement of the parties that the existing Nine Leases as amended by the Lease Modification Agreement and the March Stipulation Order would continue in full force unless the parties agreed otherwise.

25. The parties never considered releasing IHS from its liability as a Guarantor under the Nine Leases, and it was always my understanding that IHS continued to be bound by the Guaranties under the Nine Leases.

Executed this 14th day of June 2005.

_____
WARREN D. COLE

SUSAN E. GREENBERG
Notary Public, State of New York
No. 44-4942986
Qualified in Rockland County
Commission Expires 10/11/2006

Susan C. Greenberg    June 14, 2005