*Alpine*

## GUARANTY OF PAYMENT AND
## PERFORMANCE OF LEASE OBLIGATIONS

THIS GUARANTY made as of this 24 day of March, 1988, among Integrated Health Services, Inc., a Delaware corporation having an office at 11019 McCormick Road, Suite 400, Hunt Valley, Maryland 21031 (hereinafter called the "Guarantor"), and Meditrust of Missouri, a Delaware corporation having an office at 15-A Walnut Street, Wellesley, Massachusetts 02181, its successors and assigns ("Lessor").

### WITNESSETH:

WHEREAS, Guarantor has requested Lessor to enter into a certain Facility Lease and Security Agreement, dated as of March 1, 1988 (the "Lease"), and a certain Purchase and Sale Agreement, dated as of March 1, 1988 (the "Purchase Agreement"), with its affiliate, Integrated Health Services of Cliff Manor, Inc. (the "Lessee"), relating to certain premises located in Riverside, Missouri, including the land and facility thereon known as Cliff Manor Nursing Home (the "Premises") to be owned by Lessor; and

WHEREAS, Lessor is willing to enter into the Lease and the Purchase Agreement with Lessee only if it receives a guaranty of Guarantor covering the Obligations of Lessee (as hereinafter defined) to Lessor under the Lease.

NOW THEREFORE, in order to induce Lessor to enter into the Lease and the Purchase Agreement with Lessee, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as set forth below.

1. Guarantor hereby guarantees, absolutely and unconditionally, to Lessor the full, faithful and punctual performance, fulfillment, observance and payment of all of the obligations and liabilities of Lessee under the Lease and agrees to indemnify and reimburse Lessor for any and all costs, expenses or payments (including all fees of counsel satisfactory to Lessor) in connection with all other obligations and liabilities of Lessee to Lessor of whatever nature in connection with the Lease, whether now existing or hereafter incurred, whether created directly or acquired by Lessor by assignment or otherwise, whether matured or unmatured and whether absolute or contingent (collectively, the "Obligations of Lessee or Lessor").

2. Guarantor shall submit to Lessor, no less often than monthly, current financial statements of Guarantor.

3.  Guarantor shall remain in compliance with all of the terms, conditions and covenants set forth in Article VII and Exhibit H (attached hereto and made a part hereof) of that certain Credit and Agency Agreement between Guarantor and Fidelity Bank, N.A. and South Trust Bank of Alabama, N.A., dated as of July 7, 1987, as amended from time to time (the "Fidelity Agreement"), regardless of whether the Fidelity Agreement is still in effect, provided however, during such time as the Fidelity Agreement is still in effect, Lessor shall be deemed to approve of any actions which would otherwise violate the provisions of Article VII of the Fidelity Agreement, so long as Guarantor has obtained the written consent of Fidelity Bank to such violation and a copy of such consent is forthwith delivered to Lessor.  At such time as the Fidelity Agreement is no longer in effect, Guarantor shall obtain the written approval of Lessor prior to taking any actions which would violate the provisions of Article VII, Sections 7.1 through 7.15,  If Guarantor does not obtain the prior consent as required by this paragraph, then such failure shall be deemed a default under the Lease, and Lessor, at Lessor's sole option, may require Guarantor to purchase the Premises from Lessor at a price equal to the greater of (i) the Original Purchase Price, as defined in the Lease, plus an amount equal to the Original Purchase Price multiplied by the percentage increase in the Consumer Price Index from the date of the purchase of the Premises by Lessor to the date of the purchase of the Premises hereunder by Guarantor, or (ii) the fair market value of the Premises as determined under the Lease.

4.  Guarantor hereby waives (a) notice of and consent to any and all amendments, extensions and renewals of the Lease, any and all assignments, subleases and other actions that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (b) presentment and demand for payment of any of the Obligations of Lessee or Lessor; (c) protests and notice of dishonor or default to the undersigned or to any other party with respect to any of the Obligations of Lessee or Lessor; (d) all other notices to which Guarantor or Lessee might otherwise be entitled; (e) any demand for payment under this guaranty; and (f) any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property.

-2-

5.  Guarantor agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby.

6.  Each reference herein to Guarantor or Lessee or Lessor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, Lessee or Lessor, as the case may be, all of whom shall be bound by the provisions of this guaranty.

7.  No delay on the part of Lessor in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Lessor to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which given.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty
under seal as of the day and year first above written.


Witness:                           INTEGRATED HEALTH SERVICES, INC.


_____              By: _____

                                   _____
                                   Title


3220R


-4-

*Riverbend (MI)*

## GUARANTY OF PAYMENT AND
PERFORMANCE OF LEASE OBLIGATIONS

THIS GUARANTY made as of this 5th day of May 1988, among Integrated Health Services, Inc., a Delaware corporation having an office at 11019 McCormick Road, Suite 400, Hunt Valley, Maryland 21031 (together with its successors and assigns, the "Guarantor"), and Meditrust of Michigan, Inc., a Delaware corporation having an office at 128 Technology Center, Waltham, Massachusetts 02254 (together with its successors and assigns, the "Lessor").

### WITNESSETH:

WHEREAS, Guarantor has requested Lessor to enter into a certain Facility Lease and Security Agreement, dated as of May 5, 1988 (the "Lease"), and a certain Agreement for Purchase and Sale and Lease, dated as of May 5, 1988 (the "Purchase Agreement"), with its affiliate, Integrated Health Services of Riverbend, Inc. (the "Lessee"), relating to certain premises located in Grand Blanc, Michigan, including the land and facility thereon known as Riverbend Nursing Home (the "Premises") to be owned by Lessor; and

WHEREAS, Lessor is willing to enter into the Lease and the Purchase Agreement with Lessee only if it receives a guaranty of Guarantor covering the Obligations of Lessee (as hereinafter defined) to Lessor under the Lease.

NOW THEREFORE, in order to induce Lessor to enter into the Lease and the Purchase Agreement with Lessee, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as set forth below.

1.  Guarantor hereby guarantees, absolutely and unconditionally, to Lessor the full, faithful and punctual performance, fulfillment, observance and payment of all of the obligations and liabilities of Lessee under the Lease and agrees to indemnify and reimburse Lessor for any and all costs, expenses or payments (including all fees of counsel satisfactory to Lessor) in connection with all other obligations and liabilities of Lessee to Lessor of whatever nature in connection with the Lease, whether now existing or hereafter incurred, whether created directly or acquired by Lessor by assignment or otherwise, whether matured or unmatured and whether absolute or contingent (collectively, the "Obligations of Lessee or Lessor").

2.  Guarantor shall submit to Lessor, no less often than monthly, current financial statements of Guarantor.

3. Guarantor shall remain in compliance with all of the terms, conditions and covenants set forth in Article VII and Exhibit H (attached hereto and made a part hereof) of that certain Credit and Agency Agreement between Guarantor and Fidelity Bank, N.A. and South Trust Bank of Alabama, N.A., dated as of July 7, 1987, as amended from time to time (the "Fidelity Agreement"), regardless of whether the Fidelity Agreement is still in effect, provided however, during such time as the Fidelity Agreement is still in effect, Lessor shall. be deemed to approve of any actions which would otherwise , violate the provisions of Article VII of the Fidelity Agreement, so long as Guarantor has obtained the written consent of Fidelity Bank to such violation and a copy of such consent is forthwith delivered to Lessor. At such time as the Fidelity Agreement is no longer in effect, Guarantor shall obtain the written approval of Lessor prior to taking any actions which would violate the Provisions of Article VII, Sections 7.1 through 7.15, If Guarantor does not obtain the prior consent as required by this paragraph, then such failure shall be deemed a default under the Lease, and Lessor, at Lessor's sole option, may require Guarantor to purchase the Premises from Lessor at a price equal to the greater of (i) the Original Purchase Price, as defined in the Lease, Plus an amount equal to the Original Purchase Price multiplied by the percentage increase in the Consumer Price Index from the date of the purchase of the Premises by Lessor to the date of the purchase of the Premises hereunder by Guarantor, or (ii) the fair market value of the Premises as determined under the Lease.

4. Guarantor hereby waives (a) notice of and consent to any and all amendments, extensions and renewals of the Lease, any and all assignments, subleases and other actions that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (b) presentment and demand for payment of any of the Obligations of Lessee or Lessor; (c) protests and notice of dishonor or default to the undersigned or to any other party with resPect to any of the Obligations of Lessee or Lessor; (d) all other notices to which Guarantor or Lessee might otherwise be entitled; (e) any demand for payment under this guaranty; and (f) any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property.

5.  Guarantor agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby.

6.  Each reference herein to Guarantor, Lessee or Lessor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, Lessee or Lessor, as the case may be, all of whom shall be bound by the provisions of this guaranty.

7.  No delay on the part of Lessor in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Lessor to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which given.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty under seal as of the day and year first above written.

Witness:                    INTEGRATED HEALTH SERVICES, INC.

_Michael L. Barks_          By: _William J. Krystopowicz_

_Dianne Holls_              _Vice President_
                            Title

3241R

-3-

## GUARANTY AND AGREEMENT

The undersigned hereby requests Lessor to enter into the foregoing Lease, and as an inducement to Lessor to do so, and additional consideration therefor, the undersigned hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of Lessee under said Lease; (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally; and (f) agrees to comply with the financial covenants applicable to the undersigned set forth in Section 7.4 of the foregoing Lease.

The undersigned hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty. The undersigned hereby expressly waives any and all objections it may have as to the venue in any such courts.

If the undersigned shall advance any sums to Lessee or its successors or assigns, or if Lessee or its successors or assigns shall be or shall hereafter become indebted to the

undersigned, such sums and indebtedness shall be subordinate in all respects to the amounts then or thereafter due and owing to Lessor.  The undersigned shall not assert and hereby waives any right whatsoever that the undersigned may have at law or in equity, including, without limitation, any right of subrogation or to seek contribution, indemnification or any other form of reimbursement from Lessee, any other endorser, surety or guarantor of any of the obligations guaranteed hereunder or any other party now or hereafter primarily or secondarily liable for any of said obligations.

The provisions of this Guaranty shall be binding on the undersigned and the undersigned's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the _7th_ day of December, 1990.

                              INTEGRATED HEALTH SERVICES, INC.


                              By: _____
                                  Name: William J., Krystopowicz
                                  Title: Vice President

-2-

ELM CREEK
OH

GUARANTY AND AGREEMENT

The undersigned hereby requests Lessor to enter into the foregoing Lease, and as an inducement to Lessor to do so, and additional consideration therefor, the undersigned hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of Lessee under said Lease; (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally; and (f) agrees to comply with the financial covenants applicable to the undersigned set forth in Section 7.4 of the foregoing Lease.

The undersigned hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty. The undersigned hereby expressly waives any and all objections it may have as to the venue in any such courts.

If the undersigned shall advance any sums to Lessee or its successors or assigns, or if Lessee or its successors or assigns shall be or shall hereafter become indebted to the

undersigned, such sums and indebtedness shall be subordinate in all respects to the amounts then or thereafter due and owing to Lessor. The undersigned shall not assert and hereby waives any right whatsoever that the undersigned may have at law or in equity, including, without limitation, any right of subrogation or to seek contribution, indemnification or any other form of reimbursement from Lessee, any other endorser, surety or guarantor of any of the obligations guaranteed hereunder or any other party now or hereafter primarily or secondarily liable for any of said obligations.

The provisions of this Guaranty shall be binding on the undersigned and the undersigned's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the 7th day of December, 1990.

INTEGRATED HEALTH SERVICES, INC.

By: _____

Name: William Kristopearwiz

Title: Vice-President

-2-

## GUARANTY AND AGREEMENT

The undersigned hereby requests Lessor to enter into the foregoing Lease, and as an inducement to Lessor to do so, and additional consideration therefor, the undersigned hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of Lessee under said Lease; (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally; and (f) agrees to comply with the financial covenants applicable to the undersigned set forth in Section 7.4 of the foregoing Lease.

The undersigned hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty.  The undersigned hereby expressly waives any and all objections it may have as to the venue in any such courts.

The provisions of this Guaranty shall be binding on the undersigned and the undersigned's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the 17th day
of _December_ , 1991.

INTEGRATED HEALTH SERVICES, INC.

By:_____

    Name:

    Its:

51821

## GUARANTY AND AGREEMENT

The undersigned hereby requests Lessor to enter into the foregoing Lease, and as an inducement to Lessor to do so, and additional consideration therefor, the undersigned hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of Lessee under said Lease; (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally; and (f) agrees to comply with the financial covenants applicable to the undersigned set forth in Section 7.4 of the foregoing Lease.

The undersigned hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty. The undersigned hereby expressly waives any and all objections it may have as to the venue in any such courts.

If the undersigned shall advance any sums to Lessee or its successors or assigns, or if Lessee or its successors or assigns shall be or shall hereafter become indebted to the

undersigned, such sums and indebtedness shall be subordinate in all respects to the amounts then or thereafter due and owing to Lessor.  The undersigned shall not assert and hereby waives any right whatsoever that the undersigned may have at law or in equity, including, without limitation, any right of subrogation or to seek contribution, indemnification or any other form of reimbursement from Lessee, any other endorser, surety or guarantor of any of the obligations guaranteed hereunder or any other party now or hereafter primarily or secondarily liable for any of said obligations.

The provisions of this Guaranty shall be binding on the undersigned and the undersigned's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the 7th day of December, 1990.

INTEGRATED HEALTH SERVICES, INC.

By: _____

Name: WILLIAM J. KRYSTOPOWICZ

Title: Vice-President

## GUARANTY AND AGREEMENT

This Guaranty and Agreement dated April 3?, 1993 (this "Guaranty") between Integrated Health Services, Inc., a Delaware corporation ("Guarantor"), and Meditrust, a Massachusetts business trust ("Lessor").

Reference is made to the Lease between Lessor, as lessor, and Guarantor, as lessee, dated December 30, 1986, of the premises in Bound Brook, New Jersey, known as Somerset Valley Nursing Home, described therein, and to the Lease Assignment and Assumption Agreement of even date herewith (the "Lease Assignment") among Guarantor, Integrated Health Services at Somerset Valley, Inc., a Delaware corporation and wholly owned subsidiary of Guarantor ("Assignee") and Lessor, pursuant to which all of Guarantor's rights and obligations as lessee under the Lease were assigned to and assumed by Assignee.

Guarantor has requested Lessor to consent to the assignment of said Lease evidenced by the Lease Assignment and as an inducement to Lessor to do so, and as additional consideration therefor, Guarantor hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of the lessee under said Lease ("Lessee"); (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Assignee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of Guarantor hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without Guarantor being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; and (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally.

Guarantor hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty. Guarantor hereby expressly waives any and all objections it may have as to the venue in any such courts.

The provisions of this Guaranty shall be binding on Guarantor and Guarantor's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the date first above written.

INTEGRATED HEALTH SERVICES, INC.

By: _____

Name:

Its:    Marshall A. Elkins
        Senior Vice President

0749R

-2-



Erie at Bayside

## GUARANTY OF PAYMENT AND
## PERFORMANCE OF LEASE OBLIGATIONS AND
## GUARANTY AND REIMBURSEMENT OF SPECIAL AGREEMENT

THIS GUARANTY made as of this 30th day of December, 1987, among Integrated Health Services, Inc., a Delaware corporation having its main office at 11019 McCormick Road, Suite 400, Hunt Valley, Maryland 21031 (hereinafter called the "Guarantor"), Alpine Manor, Inc., a Pennsylvania corporation having an office at Erie, Pennsylvania (hereinafter called "Lessee"), and Meditrust at Alpine, Inc., a Pennsylvania corporation having an office at 15 Walnut Street, Wellesley, Massachusetts 02181 (hereinafter called "Lessor").

### WITNESSETH:

WHEREAS, "Lessee", has requested Lessor to enter into a certain lease (hereinafter called the "Lease") and a certain purchase and sale agreement (hereinafter called the "Purchase Agreement") covering certain premises located in Erie, Pennsylvania, including the land and facility thereon known as Alpine Manor Nursing Home (hereinafter called the "Premises") to be owned by Lessor;

WHEREAS, Lessor is willing to enter into the Lease and the Purchase Agreement with Lessee only if it receives a guaranty of Guarantor covering the Obligations of Lessee (as hereinafter defined) to Lessor under the Lease;

WHEREAS, Lessor and the Pennsylvania Department of Welfare (hereinafter called the "Department") have entered into a Special Agreement whereby Lessor has guaranteed under the

conditions set forth therein the payment by Lessee to the
Department of certain Overpayments as defined in the Special
Agreement made by the Department relating to the Premises; and

WHEREAS, Lessor is willing to enter into the Special
Agreement only if it receives a guaranty of Guarantor and
Lessee guaranteeing the reimbursement to Lessor of any
payments, costs or expenses of Lessor (including defense costs)
related to the Special Agreement.

NOW THEREFORE, for good and valuable consideration, and in
order to induce Lessor to enter into the Lease with Lessee and
to induce Lessor to enter into the Special Agreement with the
Department, Guarantor and Lessee hereby guarantee, absolutely
and unconditionally, to Lessor the full, faithful and punctual
performance, fulfillment, observance and payment of all of the
obligations and liabilities of Lessee under the Lease and agree
to indemnify and reimburse Lessor for any and all costs,
expenses or payments (including all fees of counsel
satisfactory to Lessor) in connection with the Special
Agreement or pursuant to any claims the Department may have
related to Overpayments, monetary and otherwise, all other
obligations and liabilities of Lessee to Lessor of whatever
nature in connection with the Lease, and all other obligations
and liabilities of Lessor to the Department of whatever nature
in connection with the Special Agreement, whether now existing
or hereafter incurred, whether created directly or acquired by

-2-

Lessor by assignment or otherwise, whether matured or unmatured and whether absolute or contingent (all of which are herein collectively called the "Obligations of Lessee or Lessor").

Guarantor and Lessee agree that, with or without notice or demand, Guarantor or Lessee shall reimburse Lessor, to the extent that such reimbursement is not made by Lessee, for all expenses (including counsel fees) incurred by Lessor in connection with any of the Obligations of Lessee or Lessor or the collection thereof, including, but not limited to, any reimbursement ordered by the Department or any state agency or court of law related to overpayments by state related agencies for operation of the Premises and for nursing care made to Lessee or its predecessors in title to the Premises.

All moneys available to Lessor for application in payment or reduction of the monetary Obligations of Lessee or Lessor may be applied by Lessor in such manner and in such amounts and at such time or times as it may see fit to the payment or reduction of such of the monetary Obligations of Lessee or Lessor as Lessor may elect.

Guarantor and Lessee hereby consent that from time to time, before or after any default by Lessee, with or without further notice to or assent from Guarantor or Lessee, any security at

-3-

any time held by or available to Lessor for any obligation of
Lessee, or any security at any time held by or available to
Lessor for any obligation of any other person secondarily or
otherwise liable for any of the Obligations of Lessee or
Lessor, may be exchanged, surrendered or released and any
obligation of Lessee, or of any such other person, may be
changed, altered, renewed, extended, continued, surrendered,
compromised, waived or released in whole or in part, or any
default with respect thereto waived, and Lessor may fail to set
off and may release, in whole or in part, any balance of any
deposit account or credit on its books in favor of Lessee, or
of any such other person, and may extend further credit in any
manner whatsoever to Lessee, and generally deal with Lessee or
any such security or other person as Lessor may see fit; and
Guarantor and Lessee shall remain bound under this guaranty
notwithstanding any such exchange, surrender, release, change,
alteration, renewal, extension, continuance, compromise,
waiver, inaction, extension of further credit or other dealing,
and Guarantor and Lessee hereby agree that all rights and
remedies of Lessor under the Lease, under the Special Agreement
and hereunder shall survive any discharge, moratorium or other
relief granted any person primarily or secondarily liable in
any proceeding under federal or state law relating to
bankruptcy, insolvency or the relief or rehabilitation of
debtors, and any consent by Lessor to, or participation by
Lessor in the proceeds of, any assignment, trust or mortgage

-4-

for the benefit of creditors, or any composition or arrangement
of debts, may be made without the undersigned being discharged
or affected in any way thereby.

Guarantor hereby agrees that (i) Guarantor shall remain in
compliance with all of the terms, conditions and covenants set
forth in Article VII and Exhibit H (attached hereto and made a
part hereof) of that certain Credit and Agency Agreement
between Guarantor and Fidelity Bank, N.A. and South Trust Bank
of Alabama, N.A., dated as of July 7, 1987 as amended from time
to time (the "Fidelity Agreement"), regardless of whether the
Fidelity Agreement is still in effect, provided however, during
such time as the Fidelity Agreement is still in effect, Lessor
shall be deemed to approve of any actions which would otherwise
violate the provisions of Article VII of the Fidelity
Agreement, so long as Guarantor has obtained the written
consent of Fidelity Bank to such violation and a copy of such
consent is forthwith delivered to Lessor.  At such time as the
Fidelity Agreement is no longer in effect, Guarantor shall
obtain the written approval of Lessor prior to taking any
actions which would violate the provisions of Article VII,
Sections 7.1 through 7.15, and (ii) Guarantor shall submit to
Lessor, no less than monthly, current financial statements of
Guarantor.  If Guarantor does not obtain the prior consent as
required in subparagraph (i) above, then such failure shall be
deemed a default under the Lease and Lessor, at Lessor's sole

-5-

option, may require Guarantor to purchase the Premises from
Lessor at a price equal to the greater of (i) $5,088,000 plus
an amount equal to $5,088,000 multiplied by the percentage
increase in the Consumer Price Index from the date of the
purchase of the Premises by Lessor to the date of the purchase
of the Premises hereunder by Guarantor, or (ii) the fair market
value of the Premises as determined under the Lease.

     Guarantor and Lessee hereby waive (a) notice of acceptance
of this guaranty and of extensions of credit by Lessor to
Lessee; (b) notice of and consent to any and all amendments,
extensions and renewals of the Lease, any and all assignments,
subleases and other actions that may be permitted thereunder by
Lessee or Lessor, any and all other amendments, extensions and
renewals, any and all advances, extensions, settlements,
compromises, favors and indulgences, any and all receipts,
substitutions, additions and releases of persons primarily or
secondarily liable, and any and all acceptances by Lessor of
negotiable instruments, commercial paper and other property,
and agrees that none of the foregoing, should there be any,
shall discharge or affect in any way the liability of the
undersigned hereunder; (c) presentment and demand for payment
of any of the Obligations of Lessee or Lessor; (d) protests and
notice of dishonor or default to the undersigned or to any
other party with respect to any of the Obligations of Lessee or
Lessor; (e) all other notices to which Guarantor or Lessee

-6-

might otherwise be entitled; (f) any demand for payment under this guaranty; and (g) any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property.

This is a guaranty of payment, performance and reimbursement and not of collection and Guarantor and Lessee further waive any right to require that any action be brought against Guarantor, Lessee or any other person or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lessor in favor of Guarantor, Lessee or any other person.

Each reference herein to Lessor shall be deemed to include its successors and assigns, in whose favor the provisions of this guaranty shall also inure.  Each reference herein to Guarantor or Lessee shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor or Lessee, all of whom shall be bound by the provisions of this guaranty.

The term "Guarantor" as used herein shall, if this instrument is signed by more than one party, mean the "Guarantor and each of them" and each undertaking herein contained shall be their joint and several undertaking, provided, however, that in the next succeeding paragraph hereof

-7-

the term "Guarantor" shall mean the "Guarantor or any of them." If any party hereto shall be a partnership, the agreement and obligations on the part of the undersigned herein contained shall remain in force and applicable notwithstanding any changes in the individuals composing the partnership and the term "Guarantor" shall include any altered or successive partnerships but the predecessor partnerships and their partners shall not thereby be released from any obligation or liability.

No delay on the part of Lessor in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor or Lessee shall be deemed to be a waiver of the obligation of Guarantor or Lessee or of the right of Lessor to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which given.

This is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the Commonwealth of Pennsylvania and shall be in all respects governed, construed, applied and enforced in accordance with the laws of said Commonwealth of Pennsylvania; and no defense given or allowed

by the laws of any other state or country shall be interposed in any action hereon unless such defense is also given or allowed by the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, Guarantor and Lessee has executed these presents under seal as of the day and year first above written.

Witness:                           INTEGRATED HEALTH SERVICES, INC.

_____            By: _____

                                   _____
                                   Title

                                   Seal

Witness:                           ALPINE MANOR, INC.

_____            By: _____

                                   _____
                                   Title

                                   Seal

21451

Briarcliff

GUARANTY OF PAYMENT AND
PERFORMANCE OF LEASE OBLIGATIONS

THIS GUARANTY made as of this _13_ day of August,
1987, by and between Integrated Health Services, Inc.,
a Delaware corporation having its main office at 11019
McCormick Road, Suite 400, Hunt Valley, Maryland 21031
(hereinafter called the "Guarantor") and Meditrust of
Alabama, Inc., an Alabama corporation having an office
at 15 Walnut Street, Wellesley, Massachusetts 02181
(hereinafter called "Lessor").

WITNESSETH:

WHEREAS, Briarcliff Nursing Home, Inc., having an

office at Alabaster, Alabama (hereinafter called "Lessee"), has

requested Lessor to enter into a certain lease (hereinafter

called the "Lease") and a certain purchase and sale agreement

(hereinafter called the "Purchase Agreement") covering certain

premises located in Alabaster, Alabama, including the land and

facility thereon known as Briarcliff Nursing Home (hereinafter

called the "Premises") to be owned by Lessor; and


WHEREAS, Lessor is willing to enter into the Lease and the

Purchase Agreement with Lessee only if it receives a guaranty

of Guarantor covering the Obligations of Lessee (as hereinafter

defined) to Lessor under the Lease.


NOW THEREFORE, for good and valuable consideration, and in

order to induce Lessor to enter into the Lease with Lessee,

Guarantor hereby guarantees, absolutely and unconditionally, to

Lessor the full, faithful and punctual performance,

fulfillment, observance and payment of all of the obligations and liabilities of Lessee under the Lease, monetary and otherwise, and all other obligations and liabilities of Lessee to Lessor of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by Lessor by assignment or otherwise, whether matured or unmatured and whether absolute or contingent in connection with the Lease all of which are herein collectively called the "Obligations of Lessee".

Guarantor agrees that, with or without notice or demand, Guarantor shall reimburse Lessor, to the extent that such reimbursement is not made by Lessee, for all expenses (including counsel fees) incurred by Lessor in connection with any of the Obligations of Lessee or the collection thereof, including, but not limited to, any reimbursement ordered by any state agency or court of law related to overpayments by state related agencies for operation of the Premises and for nursing care made to Lessee or its predecessors in title to the Premises.

All moneys available to Lessor for application in payment or reduction of the monetary Obligations of Lessee may be applied by Lessor in such manner and in such amounts and at such time or times as it may see fit to the payment or

reduction of such of the monetary Obligations of Lessee as Lessor may elect.

Guarantor hereby consents that from time to time, before or after any default by Lessee, with or without further notice to or assent from Guarantor, any security at any time held by or available to Lessor for any obligation of Lessee, or any security at any time held by or available to Lessor for any obligation of any other person secondarily or otherwise liable for any of the Obligations of Lessee, may be exchanged, surrendered or released and any obligation of Lessee, or of any such other person, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and Lessor may fail to set off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of Lessee, or of any such other person, and may extend further credit in any manner whatsoever to Lessee, and generally deal with Lessee or any such security or other person as Lessor may see fit; and Guarantor shall remain bound under this guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing, and Guarantor hereby agrees that all rights and remedies of Lessor under the Lease and hereunder shall survive any discharge, moratorium or other relief granted any person

-3-

primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby.

Guarantor hereby agrees that (i) Guarantor shall remain in compliance with all of the terms, conditions and covenants set forth in Article VII and Exhibit H (attached hereto and made a part hereof) of that certain Credit and Agency Agreement between Guarantor and Fidelity Bank, N.A. and SouthTrust Bank of Alabama, N.A., dated as of July 7, 1987 as amended from time to time (the "Fidelity Agreement"), regardless of whether the Fidelity Agreement is still in effect, provided however, during such time as the Fidelity Agreement is still in effect, Lessor shall be deemed to approve of any actions which would otherwise violate the provisions of Article VII of the Fidelity Agreement, so long as Guarantor has obtained the written consent of Fidelity Bank to such violation and a copy of such consent is forthwith delivered to Lessor. At such time as the Fidelity Agreement is no longer in effect, Guarantor shall obtain the written approval of Lessor prior to taking any actions which would violate the provisions of Article VII, Sections 7.1 through 7.15, and (ii) Guarantor shall submit to

-4-

Lessor, no less than monthly, current financial statements of Guarantor. If Guarantor does not obtain the prior consent as required in subparagraph (i) above, then such failure shall be deemed a default under the Lease and Lessor, at Lessor's sole option, may require Guarantor to purchase the Premises from Lessor at a price equal to the greater of (i) $5,949,000 plus an amount equal to $5,949,000 multiplied by the percentage increase in the Consumer Price Index from the date of the purchase of the Premises by Lessor to the date of the purchase of the Premises hereunder by Guarantor, or (ii) the fair market value of the Premises as determined under the Lease.

Guarantor hereby waives (a) notice of acceptance of this guaranty and of extensions of credit by Lessor to Lessee; (b) notice of and consent to any and all amendments, extensions and renewals of the Lease, any and all assignments, subleases and other actions that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) presentment and demand for payment of any of the

Obligations of Lessee; (d) protests and notice of dishonor or default to the undersigned or to any other party with respect to any of the Obligations of Lessee; (e) all other notices to which Guarantor might otherwise be entitled; (f) any demand for payment under this guaranty; and (g) any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property.

This is a guaranty of payment and performance and not of collection and Guarantor further waives any right to require that any action be brought against Lessee or any other person or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lessor in favor of Lessee or any other person.

Each reference herein to Lessor shall be deemed to include its successors and assigns, in whose favor the provisions of this guaranty shall also inure. Each reference herein to Guarantor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this guaranty.

The term "Guarantor" as used herein shall, if this instrument is signed by more than one party, mean the "Guarantor and each of them" and each undertaking herein

contained shall be their joint and several undertaking, provided, however, that in the next succeeding paragraph hereof the term "Guarantor" shall mean the "Guarantor or any of them." If any party hereto shall be a partnership, the agreement and obligations on the part of the undersigned herein contained shall remain in force and applicable notwithstanding any changes in the individuals composing the partnership and the term "Guarantor" shall include any altered or successive partnerships but the predecessor partnerships and their partners shall not thereby be released from any obligation or liability.

No delay on the part of Lessor in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Lessor to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty be effective unless in writing nor shall any such waiver be applicable except in the specific instance for which given.

This is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Alabama and shall be in all respects governed, construed, applied and enforced in accordance with the laws of said State of Alabama; and no defense given or allowed by the laws of any other state or country shall be interposed in any action hereon unless such defense is also given or allowed by the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, Guarantor has executed these presents under seal as of the day and year first above written.

Witness:                          INTEGRATED HEALTH SERVICES, INC.

_Sharon M. Patrick_               By: _Robert N Elkins_
                                      _President_
                                  Title

                                  Seal