



Robert E. Grossman
212.484.3950 DIRECT
212.484.3990 FAX
grossman.robert@arentfox.com

July 7, 2005

VIA FEDEX

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Lockbox 19
Wilmington, DE 19801.

Re:   Integrated Health Services of Cliff Manor, Inc. v. THCI Company LLC, Index No. 04-910

Dear Judge Sleet:

This law firm is counsel to THCI Company LLC ("Defendant") in the above referenced action. We write to bring to your attention the latest developments in this case, which have dramatically changed the status quo and require your prompt intervention.

As you know, this matter involves a dispute over the validity of a master lease agreement ("Master Lease") for nine nursing homes ("Facilities") owned by Defendant, which are currently leased to, and operated by, the subsidiaries ("Subsidiaries") of IHS Long Term Care, Inc. ("LTC" and, collectively with the Subsidiaries, "Plaintiffs"). In August 2003, the Subsidiaries and their then parent company Integrated Health Services, Inc. appealed to this Court from the Bankruptcy Court's April 2003 ruling upholding the validity of the Master Lease. This appeal is currently pending before the Court, and there was no stay pending appeal. In addition, Plaintiffs brought a lawsuit against Defendant in state court in Missouri, which was transferred to this Court ("Missouri Action").

On March 15, 2005, Plaintiffs moved this Court for 1) Leave to Make a Deposit in Court ("Deposit Motion") and 2) a Temporary Restraining Order (collectively with the Deposit Motion, "Plaintiffs' Motions"). By these Motions, Plaintiffs sought, *inter alia*, the Court's permission to deposit the rent due under the Master Lease with the Court pending the outcome of their appeal and the disposition of the Missouri Action, and to enjoin Defendant from pursuing its remedies under the Master Lease. On April 19, 2005, Defendant objected to the Plaintiffs' Motions, and on May 6, 2005, Plaintiffs filed their reply brief.

Pivotal to the Plaintiffs' Motions was the assumption that unless the Court granted relief, Plaintiffs were obligated to pay, and would continue to pay the rent due under the Master Lease to Defendant. Plaintiffs never indicated that they would stop paying rent to Defendant, nor do they have the right to do so (unless this Court grants relief). Indeed, a failure to pay rent would have mooted Plaintiffs' Motions *ab initio*.

Arent Fox PLLC
1675 Broadway    New York, NY 10019-5820    212.484.3900 PHN    212.484.3990 FAX    NEW YORK    WASHINGTON, DC    www.arentfox.com

The Honorable Gregory M. Sleet
July 7, 2005
Page 2



Despite the fact that this Court has not granted any relief sought by the Plaintiffs' Motions, Plaintiffs unilaterally decided to exercise self-help and failed to pay rent for June 2005 in the amount of $709,171.88 in breach of the Master Lease.  Defendant provided written notice of that breach to Plaintiffs on June 3, 2005; the time to cure expired on June 10, 2005.  Plaintiffs also failed to pay rent for July 2005 in the amount of $709,171.88; Defendant provided written notice of that breach to Plaintiffs on July 6, 2005; the time to cure this default expires on July 13, 2005. To date, including June and July rent, past due real estate taxes and other charges, Plaintiffs have accrued almost $2,000,000.00 in monetary defaults to Defendant.  Plaintiffs owe additional amounts to third parties, including state regulatory agencies.  These monetary defaults indicate Plaintiffs' inability or unwillingness to adequately fund the Facilities' operations, which could potentially threaten the well being of residents of the Facilities.  Plaintiffs have also committed numerous non-monetary defaults, including their refusal to provide important financial and operational information (such as insurance information) about the Facilities.  These defaults completely inhibit Defendant's ability to determine whether the Plaintiffs are operating the Facilities competently and safely.

These breaches, of course, have a material financial impact on Defendant.  Most importantly, these breaches have forced Defendant to consider its alternatives, including eviction of the Subsidiaries.  Defendant is a solvent and experienced operator of long-term care facilities, and could take over the Facilities quickly and smoothly if needed, subject only to obtaining the necessary state licenses.  Plaintiffs' cooperation would be essential in order to ensure continuous and proper care for the residents during the transitional stage.  Indeed, Defendant would prefer that Plaintiffs simply honor their obligations under the Master Lease.

In light of these unfortunate issues, we respectfully request a conference with the Court on an expedited basis to explore all avenues of maintaining the status quo, and, absent immediate payment of all outstanding rent and other charges, to provide for an expeditious and amicable surrender of the Facilities to Defendant.

Respectfully submitted,

Robert E. Grossman

REG/imt

cc.   Michael R. Lastowski, Esq.
      Richard W. Riley, Esq.
      Christopher M. Winter, Esq.
      Duane Morris LLP
      1100 North Market Street, Suite 1200
      Wilmington, DE 19801-1246.

The Honorable Gregory M. Sleet

Page 3

**Arent Fox**
ATTORNEYS AT LAW

Amos Alter Esq.
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue,
New York, NY 10174.

Arent Fox PLLC
1675 Broadway    New York, NY 10019-5820    212.484.3900 PHN    212.484.3990 FAX    NEW YORK    WASHINGTON, DC    www.arentfox.com