# Arent Fox
## ATTORNEYS AT LAW

April 12, 2005

**VIA FEDERAL EXPRESS TO:**

Integrated Health Services of Cliff Manor, Inc.
Integrated Health Services of Riverbend, Inc.
Integrated Health Services at Somerset Valley, Inc.
Alpine Manor, Inc.
Briarcliff Nursing Home, Inc.
Integrated Health Group
Spring Creek of IHS, Inc.
Firelands of IHS, Inc.
Elm Creek of IHS, Inc.
(collectively, the "Tenants")

IHS Long Term Care, Inc.
Abe Briarwood Corp.
Tri-State Health Investors, LLC

Re:     <u>Notice of Default Under Master Lease Agreement</u>

To Whom It May Concern:

We represent THCI Company LLC (the "Landlord").

Reference is made to: (i) the March 2002 Stipulation and Order by and between Integrated Health Services, Inc. ("IHS") and certain of its direct and indirect subsidiaries on the one hand, and Landlord, on the other (the "March 2002 Stipulation"), which established that IHS and 9 of its subsidiaries assumed their nine respective leases (the "Leases"); (ii) the April 23, 2003 Order of the United States Bankruptcy Court for the District of Delaware, which provides that "a Master Lease shall be deemed to exist, which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e), and (f) of the March 2002 Stipulation and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 Stipulation;" and (iii) the Confirmation Order in the bankruptcy proceedings of Integrated Health Services, Inc. entered on May 12, 2003, which provides, *inter alia*, that "the Master Lease shall be treated as an assumed lease pursuant to section 365 of the Bankruptcy Code, and the applicable Debtor(s) party to such Master Lease shall perform the Master Lease until the Effective Date of the Plan, after which the Master Lease shall be performed by the applicable Reorganized Debtor(s) . . . ."

Landlord hereby gives notice pursuant to Article 16 of each of the nine Leases, as incorporated by reference into the Master Lease, that the Tenants have failed to pay the base rent for April, 2005 in the amount of $691,875. Pursuant to section 3.4 of each of the nine Leases, as incorporated by reference into the Master Lease, Landlord also hereby gives notice that late charges began to accrue on April 11, 2005 (5 business days after the

due date) with respect to such unpaid rent at the "Overdue Rate." We estimate the late charges to be $142.17 per day.

Landlord hereby gives notice that based on Landlord's receipt of base rent for March, 2005 on March 17, 2005, Tenants owe late charges for March in the amount of $1,137.36. Landlord reserves its right to assess late fees for months prior to March, 2005, following Landlord's review of the dates rent was paid in prior months relative to its due date.

Landlord also hereby gives notice that the Tenants have continued to fail to pay certain "Additional Charges" as they have come due, as required by each of the nine Leases, as incorporated by reference into the Master Lease, including real estate taxes in the estimated amount of $637,331.64, as described in Landlord's notice to Tenants dated March 9, 2005. Landlord reserves all rights with respect to such existing default, including Landlord's right to provide Tenants with a notice of termination of the Master Lease.

In accordance with Article 16 of each of the nine Leases, as incorporated by reference into the Master Lease, you have seven (7) days after your receipt of this notice, to cure the defaults under the Master Lease set forth herein. In order to cure the defaults set forth herein, you must (a) pay to the Landlord $691,875.00 in base rent for of April, 2005, plus late fees accrued through the date of payment; (b) pay to the Landlord $1,137.36 in late fees for March, 2005; and (c) pay, directly to the taxing authorities, all unpaid real estate taxes, including fines, penalties and interest, and provide official receipts or other satisfactory proof evidencing such payment to Landlord. If you fail to cure the defaults set forth herein within the required time frame, the Landlord will have the right to pursue its remedies under the Master Lease, which include, but are not limited to, termination of the Master Lease.

If you wish to discuss this matter, please do not hesitate to contact me.

Very truly yours,

*Beth Green Kibel*

Beth Green Kibel


bcc:    Warren D. Cole
        Michael Sherman, Esq.

**TO: (VIA FEDERAL EXPRESS)**

Integrated Health Services of Cliff Manor, Inc.
4700 NW Cliff View Drive
Kansas City, Missouri 64150
Attention: Connie Marshall, Administrator

Integrated Health Services of Riverbend, Inc.
11941 Belsay Road
Grand Blanc, Michigan 48439
Attention: Lori TaFoyer, Administrator

Integrated Health Services at Somerset Valley, Inc.
1621 Route 22 West
Bound Brook, New Jersey 08805
Attention: Carolyn Allen, Administrator

Alpine Manor, Inc.
4114 Schaper Avenue
Erie, Pennsylvania 16508
Attention: Tamara Montell, Administrator

Briarcliff Nursing Home, Inc.
850 N.W. 9th Street
Alabaster, Alabama 35007
Attention: Jody McMichen, Administrator

Integrated Health Group
890 Weatherwood Lane
Greensburg, Pennsylvania 15601
Attention: Lori Tamasy, Administrator

Spring Creek of IHS, Inc.
5440 Charlesgate Road
Huber Heights, Ohio 45424
Attention: Karma Winburn, Administrator

Firelands of IHS, Inc.
204 West Main Street, Route 162
New London, Ohio 44851
Attention: Susanne Rusnak, Administrator

Elm Creek of IHS, Inc.
115 Elmwood Circle
West Carrollton, Ohio 45449
Attention: Patti Nelms, Administrator

IHS Long Term Care, Inc.
The Highlands
910 Ridgebrook Road
Sparks, Maryland 21152

IHS Long Term Care, Inc.
c/o Robert H. Freilich
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Abe Briarwood Corp.
c/o Kaufman Group
321 Fifth Avenue, 3rd Floor
New York, New York 10016
Attention:  Uri Kaufman

Abe Briarwood Corp.
c/o Jenkins & Gilchrist Parker Chapin LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Attention:  Leonard Grunstein, Esq.

Abe Briarwood Corp.
c/o Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Attention:  Michael Lastowski, Esq.

Abe Briarwood Corp.
c/o Backenroth Frankel & Krinsky LLP
489 Fifth Avenue
New York, New York 10017
Attention:  Abraham J. Backenroth, Esq.

Tri-State Health Investors, LLC
1680 Michigan Avenue, Suite 736
Miami Beach, Florida 33139

NYC/173320.1