Beth N. Kibel<br>
212-484-3915<br>
212-484-3990 Fax<br>
kibel.beth@arentfox.com

May 6, 2005

**VIA FACSIMILE, E-MAIL AND FEDERAL EXPRESS TO:**

Integrated Health Services of Cliff Manor, Inc.
Integrated Health Services of Riverbend, Inc.
Integrated Health Services at Somerset Valley, Inc.
Alpine Manor, Inc.
Briarcliff Nursing Home, Inc.
Integrated Health Group
Spring Creek of IHS, Inc.
Firelands of IHS, Inc.
Elm Creek of IHS, Inc.
(collectively, the "Tenants")

IHS Long Term Care, Inc.
Abe Briarwood Corp.
Tri-State Health Investors, LLC

Attention: Harry Grunstein, President
c/o National Senior Care
c/o Mariner Health Care Inc.
The Highlands
920 Ridgebrook Road
Sparks, MD 21152
Facsimile No.: 410-773-2020

Re:    <u>Notice of Default Under Master Lease Agreement</u>

Dear Mr. Grunstein:

      We represent THCI Company LLC (the "Landlord").

      Reference is made to: (i) the March 2002 Stipulation and Order by and between Integrated Health Services, Inc. ("IHS") and certain of its direct and indirect subsidiaries on the one hand, and Landlord, on the other (the "March 2002 Stipulation"), which established that IHS and 9 of its subsidiaries assumed their nine respective leases (the "Leases"); (ii) the April 23, 2003 Order of the United States Bankruptcy Court for the District of Delaware, which provides that "a Master Lease shall be deemed to exist,

NYC/185574.1

which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e), and (f) of the March 2002 Stipulation and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 Stipulation;" and (iii) the Confirmation Order in the bankruptcy proceedings of Integrated Health Services, Inc. entered on May 12, 2003, which provides, *inter alia*, that "the Master Lease shall be treated as an assumed lease pursuant to section 365 of the Bankruptcy Code, and the applicable Debtor(s) party to such Master Lease shall perform the Master Lease until the Effective Date of the Plan, after which the Master Lease shall be performed by the applicable Reorganized Debtor(s) . . . ."

Landlord hereby gives notice pursuant to Article 16 of each of the nine Leases, as incorporated by reference into the Master Lease, of the following defaults:

Base Rent, May, 2005. Tenants have failed to pay the base rent for May, 2005 in the amount of $691,875. Late charges shall begin to accrue on May 6, 2005 with respect to such unpaid rent at the "Overdue Rate." We estimate the late charges to be $142.17 per day.

Unpaid Late Charges. Based on Landlord's receipt of base rent for March, 2005 on March 17, 2005, Tenants owe late charges for March in the amount of $1,137.36. Based on Landlord's receipt of base rent for April, 2005 on April 20, 2005, Tenants owe late charges for April in the amount of $1,706.04. Landlord reserves its right to assess late fees for months prior to March, 2005, following Landlord's review of the dates rent was paid in prior months relative to its due date.

Costs of Enforcement. Pursuant to Section 16.7 of each of the nine Leases, as incorporated by reference into the Master Lease, "If an Event of Default shall have occurred and Lessor places the enforcement of this Lease or any part thereof or the collection of any Rent due or to become due hereunder, or recovery of the possession of the Leased Property, in the hands of an attorney, or files suit upon the same, Lessee agrees to pay Lessor reasonable attorneys' fees and costs, whether or not suit is instituted." Landlord has incurred significant legal fees in accordance with Tenants' defaults, including but not limited to costs associated with the necessity of finding an appropriately licensed successor operator, to ensure the continuity of operations of the facilities and well-being of the residents. Landlord is in the process of compiling the total amount due thereunder, and these costs continue to accrue.

Failure to Fulfill Insurance Requirements. Pursuant to Article 13 of each of the nine Leases, as incorporated by reference into the Master Lease, Tenants have failed to provide Landlord with evidence of insurance (other than property insurance) that meets the requirements of the Master Lease including naming Landlord and Landlord's mortgagee as additional insureds.

Tenants' Failure to Fulfill Reporting Requirements. Tenants have failed to comply with Section 23.2 of each of the nine Leases, as incorporated by reference into the Master Lease, including but not limited to failure to provide monthly, quarterly and

annual financial statements of the Tenants and the Guarantor(s); annual budgets; copies of Permits, Contracts and Provider Agreements; survey and inspection reports provided by any Governmental Authority; and copies of cost reports.

<u>Management Agreements</u>. Tenants have failed to obtain the consent of Landlord to the Management Agreements currently in place, pursuant to section 7.3 of each of the nine Leases, as incorporated by reference into the Master Lease

<u>Unpaid Michigan Bed Taxes.</u> Tenants have failed to pay certain "Additional Charges" as they have come due, as required by each of the nine Leases, as incorporated by reference into the Master Lease, including Michigan bed tax / provider tax in the estimated total amount of $270.000.00.

<u>Defaults Noticed in Prior Letters</u>. Tenants have continued to fail to pay real estate taxes in the estimated amount of $560,743.00, as described in Landlord's notice to Tenants dated March 9, 2005 and Franchise Permit Fee Assessments ("bed tax") at the 3 Ohio facilities in the estimated total amount of $431,027.57 as described in Landlord's notice dated April 20, 2005. In addition, we call your attention to the fact that an additional $96,750.00 in Ohio bed tax will be due on May 15, 2005. Landlord reserves all rights with respect to such existing defaults, including Landlord's right to provide Tenants with a notice of termination of the Master Lease.

Landlord also reserves its rights with respect to other defaults, known or unknown to Landlord, which may exist as of the date hereof.

In accordance with Article 16 of each of the nine Leases, as incorporated by reference into the Master Lease, you have seven (7) days after your receipt of this notice, to cure the defaults under the Master Lease set forth herein. If you fail to cure the defaults set forth herein within the required time frame, the Landlord will have the right to pursue its remedies under the Master Lease, which include, but are not limited to, termination of the Master Lease.

If you wish to discuss this matter, please do not hesitate to contact me.

Very truly yours,

*Beth Kibel* (SL)

Beth N. Kibel

TO: (VIA FACSIMILE, E-MAIL AND FEDERAL EXPRESS)

IHS Long Term Care, Inc.
Integrated Health Services of Cliff Manor, Inc.
Integrated Health Services of Riverbend, Inc.
Integrated Health Services at Somerset Valley, Inc.
Alpine Manor, Inc.
Briarcliff Nursing Home, Inc.
Integrated Health Group
Spring Creek of IHS, Inc.
Firelands of IHS, Inc.
Elm Creek of IHS, Inc.

c/o National Senior Care
c/o Mariner Health Care Inc.
The Highlands
920 Ridgebrook Road
Sparks, MD 21152
Attention: Harry Grunstein, President
Facsimile No.: 410-773-2020

ABE Briarwood Corp.
c/o SMV Property Holdings, LLC
c/o Cammeby's International Ltd.
45 Broadway, 25th Floor
New York, NY 10006
Facsimile No.: 212-284-3798
Attention: Rubin Schron

IHS Long Term Care, Inc.
The Highlands
910 Ridgebrook Road
Sparks, Maryland 21152

Integrated Health Services of Cliff Manor, Inc.
4700 NW Cliff View Drive
Kansas City, Missouri 64150
Attention: Connie Marshall, Administrator
Facsimile No.: 816-746-1301

Integrated Health Services of Riverbend, Inc.
11941 Belsay Road
Grand Blanc, Michigan 48439
Attention: Lori TaFoyer, Administrator
Facsimile No.: 810-694-4081

Integrated Health Services at Somerset Valley, Inc.
1621 Route 22 West
Bound Brook, New Jersey 08805
Attention: Carolyn Allen, Administrator
Facsimile No.: 732-469-8917

Alpine Manor, Inc.
4114 Schaper Avenue
Erie, Pennsylvania 16508
Attention: Tamara Montell, Administrator
Facsimile No.: 814-868-3566

Briarcliff Nursing Home, Inc.
850 N.W. 9th Street
Alabaster, Alabama 35007
Attention: Jody McMichen, Administrator
Facsimile No.: 205-663-9791

Integrated Health Group
890 Weatherwood Lane
Greensburg, Pennsylvania 15601
Attention: Lori Tamasy, Administrator
Facsimile No.: 724-837-3152

Spring Creek of IHS, Inc.
5440 Charlesgate Road
Huber Heights, Ohio 45424
Attention: Karma Winburn, Administrator
Facsimile No.: 937-236-4802

Firelands of IHS, Inc.
204 West Main Street, Route 162
New London, Ohio 44851
Attention: Susanne Rusnak, Administrator
Facsimile No.: 419-929-1876

Elm Creek of IHS, Inc.
115 Elmwood Circle
West Carrollton, Ohio 45449
Attention: Patti Nelms, Administrator
Facsimile No.: 937-866-1212

IHS Long Term Care, Inc.
c/o Robert H. Freilich
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street

Twenty-Fifth Floor
Los Angeles, CA 90071
Facsimile No. 213-996-3314
robertfreilich@paulhastings.com

Abe Briarwood Corp.
c/o Kaufman Group
321 Fifth Avenue, 3rd Floor
New York, New York 10016
Attention: Uri Kaufman

Abe Briarwood Corp.
c/o Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Attention: Amos Alter, Esq.
Facsimile No. 212-704-5914
amos.alter@troutmansanders.com
Attention: Leonard Grunstein, Esq.
Facsimile No.: 212-704-5910
leonard.grunstein@troutmansanders.com

Abe Briarwood Corp.
c/o Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Attention: Michael Lastowski, Esq.
Facsimile No.: 302-657-4901
mlastowski@duanemorris.com

Abe Briarwood Corp.
c/o Backenroth Frankel & Krinsky LLP
489 Fifth Avenue
New York, New York 10017
Attention: Abraham J. Backenroth, Esq.
Facsimile No.: 212-644-0544
abackenroth@bfklaw.com

Tri-State Health Investors, LLC
1680 Michigan Avenue, Suite 736
Miami Beach, Florida 33139
Facsimile No.: 305-538-2699
Attention: Avi Klein
A_KLEIN@TRI-STATE-HEALTH.COM