IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., a Delaware corporation, INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., a Delaware Corporation, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., A Delaware corporation, ALPINE MANOR, INC., a Pennsylvania corporation, INTEGRATED HEALTH GROUP, INC., a Pennsylvania corporation, SPRING CREEK OF IHS, INC., a Pennsylvania corporation, FIRELANDS OF IHS, INC., a Pennsylvania corporation, ELM CREEK OF IHS, INC., a Pennsylvania corporation, IHS LONG TERM CARE SERVICES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THCI COMPANY LLC,<br><br>Defendant. | Civil Action No. 04-910<br><br><br><br><br><br><br><br><br>**Related to Docket No. 86** |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO PRELIMINARY INJUNCTION MOTION

This Memorandum of Law is submitted on behalf of plaintiffs, in opposition to the motion by defendant (sometimes herein "THCI") for a preliminary injunction.

The standards for a preliminary injunction in this Circuit are well settled. "'In order to obtain a preliminary injunction, the moving party must show (1) irreparable injury, (2) a reasonable probability of success on the merits, (3) the harm to it outweighs the possible harm to other interested parties, and (4) harm to the public.' Frank Russell Co. v. Wellington Management Co., 154 F.3d 97, 101 (3d Cir. 1998)" (BP Chemicals Ltd. v. Formosa Chemical &

Fibre Corp., 229 F.3d 254, 263 [3d Cir. 2000]). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate. See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990)" (Nutrasweet Co. v. Vit-Mar Enters., 176 F.3d 151, 153 [3d Cir. 1999]). Since THCI, the movant here, fails to meet all these criteria, its motion cannot be granted.

A. **THCI Has Not Established Probable Success On The Merits**.

The requirement of probable success on the merits of course means the merits of the action in which the preliminary injunction is sought. This point is so obvious that no reported decision appears to have focused on it, because no one would argue to the contrary.[1]

In the case at bar, THCI has wholly failed to argue that it will succeed on the merits in this action, so much so that it has not discussed or even annexed the pleadings demonstrating what its claim is in the case at bar (Plaintiff has remedied the lack of pleadings, see exhibits to accompanying Declaration of Amos Alter). Instead, it has argued that it will succeed on the merits of some other lawsuit or lawsuits it has not, as of this writing, even brought, namely for eviction of plaintiffs-tenants from the premises wherein defendant is landlord.

The relief TCHI seeks in its amended counterclaims, as set forth in its pleading, upon which the "probable success" test should be applied, are the following: On the First Counterclaim, declaring that plaintiff IHS Long Term Care Services, Inc. ("LTC"), is liable as guarantor of the Nine Leases here in controversy; on the Second Counterclaim, for mandatory relief for "Required Information"; on the Third Counterclaim, enjoining LTC from disposing of

---

[1] See, however, Shelton v. National Collegiate Athletic Ass'n., 539 F.2d 1197, 1199 (9th Cir. 1976), reversing the grant of a preliminary injunction: "In our opinion there is no showing of probable success on the merits in this action. We express no view of the merits in Shelton's other lawsuit."

its assets to third parties; and on the Fourth Counterclaim, a judgment for money damages against the nine tenants. THCI's moving papers make no pretense whatsoever of supporting an argument that it is likely to prevail on those claims. Instead, it seeks by this motion relief not even related to the heads of relief it seeks in the action: According to the Motion, the relief here sought is an order "directing ... [plaintiffs] to vacate nine nursing homes ... and enjoining Plaintiffs from making any payments or distributions to LTC or any other related entities". Not only is eviction not related to any of defendants' counterclaims in the action, but the counterclaims of the answer seek to enjoin transfers <u>from</u> LTC, while the motion seeks a preliminary injunction of transfers <u>to</u> LTC.

There has thus been no showing, or even any attempt to show, the probable success on the merits <u>of this action</u> that is an indispensable element of a preliminary injunction motion. The motion should accordingly be denied.

## B. **THCI Would Not Be Entitled To A Preliminary Injunction In The Action(s) It Has Not Brought.**

Even had THCI brought an action or actions for eviction against the tenants-defendants, it would not be entitled to a preliminary injunction therein. Putting aside the fact that it would be seeking by mandatory preliminary injunction the ultimate relief sought in its action, a use of a preliminary injunction strongly frowned upon (<u>Punnett</u> v. <u>Carter</u>, 621 F.2d 578, 582 [3d Cir. 1980]), there is clearly no reason why its remedy at law, namely the ultimate judgment of eviction (plus money damages) that it seeks, would not be adequate. This would disqualify THCI for preliminary injunctive relief, as it would not be suffering irreparable harm (<u>Frank's GMC Truck Center</u> v. <u>General Motors Corp.</u>, 847 F.2d 100, 102 [3d Cir. 1988]; <u>Morton</u> v. <u>Berger</u>, 822 F.2d 364, 372 [3d Cir. 1987]).

As to THCI's request for a preliminary injunction to tie up LTC's assets during the pendency of the action, such relief is simply not available, as the Supreme Court made clear in Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308 (1999).

### Conclusion

As has been demonstrated, THCI has wholly failed to demonstrate the requisite elements of a preliminary injunction. Its motion must therefore be in all respects denied.

Respectfully submitted,

Dated: July 22, 2005
Wilmington, Delaware

**DUANE MORRIS LLP**

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

-and-

**TROUTMAN SANDERS LLP**
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288

*Attorneys for Plaintiffs Integrated Health Services of Cliff Manor, Inc. et al.*