IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., *et al.*,<br><br>  Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>THCI COMPANY LLC,<br><br>  Defendant-Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 04-910<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THCI COMPANY LLC'S MOTION FOR PRELIMINARY INJUNCTION
WITH REQUEST FOR EXPEDITED CONSIDERATION AND HEARING**

GREENBERG TRAURIG LLP
Scott D. Cousins (No. 3079)
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, Delaware 19801
Tel: (302) 661-7000

-and-

ARENT FOX PLLC
Robert E. Grossman
Michael S. Cryan
Igor M. Tsibelman
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900

*Attorneys for Defendant-Counterclaimant
THCI Company LLC*

## TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| I. THCI WILL PREVAIL ON THE MERITS | 2 |
| II. THCI WILL BE IRREPARABLY HARMED ABSENT INJUNCTIVE RELIEF | 3 |
| III. THCI HAS ESTABLISHED OTHER ELEMENTS WARRANTING PRELIMINARY INJUNCTION | 6 |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

Page

**Case**

Alvenus Shipping Co. v. Delta Petroleum Ltd.,
  876 F. Supp. 482 (S.D.N.Y.1994) .................................................................................. 4

Deckert v. Independence Shares Corporation,
  311 U.S. 282 (1940) ................................................................................................... 5, 6

Desarollo, S.A. v. Alliance Bond Fund, Inc.,
  527 U.S. 308 (1999) ....................................................................................................... 6

Diamontiney v. Borg,
  918 F.2d 793 (9th Cir. 1990) .......................................................................................... 4

Feit & Drexler, Inc. v. Green (In re Feit & Drexler, Inc.),
  760 F.2d 406 (2d Cir.1985) ............................................................................................ 4

Frank's GMC Truck Ctr., Inc. v. GM Corp.,
  847 F.2d 100 (3d Cir. 1988) ........................................................................................... 4

Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.,
  527 U.S. 308 (1999) ....................................................................................................... 5

Hoxworth v. Blinder, Robinson & Co.,
  903 F.2d 186 (3d Cir. 1990) ....................................................................................... 4, 5

JSG Trading Corp. v. Tray-Wrap, Inc.,
  917 F.2d 75 (2d Cir.1990) .............................................................................................. 4

Lentjes Bischoff GmbH v. Joy Envtl. Techs., Inc.,
  986 F. Supp. 183 (S.D.N.Y. 1997) ................................................................................. 4

Marsellis-Warner Corp. v. Rabens,
  51 F. Supp. 2d 508 (D.N.J. 1999) .................................................................................. 4

Morton v. Beyer,
  822 F.2d 364 (3d Cir. 1987) ........................................................................................... 4

N.J. Coal. of Auto. Retailers v. DaimlerChrysler Motors Corp.,
  107 F. Supp. 2d 495 (D.N.J. 1999) ................................................................................ 4

Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs.,
  144 F. Supp. 2d 241 (S.D.N.Y. 2001) ............................................................................ 4

NYC/223057.6

# TABLE OF CONTENTS
(continued)

Page

Republic of Philippines v. Marcos,
  806 F.2d 344 (2d Cir.1986) .................................................................................... 4

Seide v. Crest Color, Inc., 835 F. Supp. 732, 735 (S.D.N.Y. 1993) ............................ 4

## PRELIMINARY STATEMENT

Defendant-Counterclaimant THCI Company LLC ("THCI") respectfully submits this memorandum of law in further support of its motion for an order ("Motion") directing Plaintiffs-Counterclaim-Defendants Integrated Health Services of Cliff Manor, Inc. and eight other subsidiaries[1] ("Plaintiffs") of IHS Long-Term Care, Inc. ("LTC") to vacate nine nursing homes ("Facilities") currently leased from THCI, enjoining Plaintiffs from making any payments or distributions to LTC or any other related entities pending surrender of the Facilities and resolution of this case, and in response to Plaintiffs' Memorandum of Law in Opposition to Preliminary Injunction Motion ("Reply").

## ARGUMENT

Plaintiffs have not and cannot present any factual or legal argument that would permit them to remain in possession of the Facilities without paying rent, yet Plaintiffs refuse to pay rent, comply with their other obligations under the master lease ("Master Lease"), or vacate the Facilities. Even under Plaintiffs' own arguments, they lack any legal basis or right to remain in possession of the Facilities.

Since self-help is unavailable to THCI, THCI seeks relief from the Court in ejecting Plaintiffs, and THCI's Motion is directly connected to the claims and counterclaims asserted in this case. Indeed, THCI's Motion simply seeks to preserve the Court's ability to render a meaningful judgment. THCI has amply demonstrated the probability of success on the merits based on Plaintiffs' undisputed and continuing failure to pay rent. Furthermore, Plaintiffs' argument that THCI will not be irreparably harmed

---

[1] Integrated Health Services at Riverbend, Inc.; Integrated Health Services at Somerset Valley, Inc.; Alpine Manor, Inc.; Briarcliff Nursing Home, Inc.; Integrated Health Group, Inc.; Spring Creek of IHS, Inc.; Firelands of IHS, Inc.; and Elm Creek of IHS, Inc.

because a monetary judgment would be adequate simply ignores the facts and applicable law, and relies on either legally inapplicable or easily distinguishable authority.

## I.

## THCI WILL PREVAIL ON THE MERITS

THCI's moving papers amply demonstrate that THCI would succeed on the merits. In substance, Plaintiffs do not and cannot dispute the facts that they have failed to pay rent for June and July 2005 and have also failed to pay various taxes and charges, bringing the total amount of Plaintiffs' default to approximately $2 million in unpaid rent and taxes, and this amount continues to increase daily. Instead of vacating the Facilities, however, Plaintiffs pretend that their refusal to pay and vacate is totally irrelevant to this lawsuit, and argue that THCI cannot demonstrate likelihood of success "in this action," because THCI allegedly seeks relief "not even related to" the relief THCI seeks in this action. Reply, at p. 3.

This argument is meritless. In its Motion, THCI seeks to preserve its ability to collect damages from Plaintiffs, by enjoining Plaintiffs from making any distributions to LTC and related entities, and by evicting Plaintiffs. In its counterclaims, THCI expressly demanded money damages and other equitable relief, and the Motion simply seeks to preserve the status quo and this Court's ability to render a meaningful judgment in this case.[2] This is the mirror image of the relief sought by Plaintiffs in their Complaint, where

---

[2] While THCI submits that its current Counterclaims are broad enough to include the remedy of eviction, out of an abundance of caution, THCI requests that, pursuant to Rule 15 of Federal Rules of Civil Procedure, the Court permit THCI to amend the Counterclaims to add the word eviction to the other relief listed in the prayer for relief in the Counterclaims. The Counterclaims already seek all "other and further relief" and the remedy of eviction is appropriate given the fact that Plaintiffs have remained in possession of the Facilities but have refused to pay rent for more than two months.

Plaintiffs sought to deposit rent with the Court pending final resolution of this case.[3]
Thus, the relief sought by THCI is directly related to relief sought in this case by both parties.

THCI amply established likelihood of success on the merits. Plaintiffs have not and cannot argue that they should be permitted to remain in possession of THCI's Facilities and pay no rent.

II.

### THCI WILL BE IRREPARABLY HARMED ABSENT INJUNCTIVE RELIEF

THCI would be irreparably harmed absent injunctive relief, because Plaintiffs will not have sufficient assets to satisfy the judgment that THCI will ultimately obtain against them. Plaintiffs' argument that THCI will not be irreparably harmed because "the ultimate judgment of eviction (plus money damages)" would be adequate completely ignores the undisputed fact that Plaintiffs will have *no* assets to satisfy the judgment unless Plaintiffs are enjoined from making any distributions to LTC and related parties. Reply at p. 3.

For this simple reason, any judgment that THCI will ultimately obtain becomes uncollectible absent an injunction against distributions to LTC or related parties. Similarly, eviction is required here to mitigate THCI's losses absent payment of the rent. If Plaintiffs are allowed to continue operating the Facilities without being evicted and enjoined, THCI will be irreparably harmed because by the time THCI obtains a judgment

---

[3] By filing a Notice of Withdrawal of Plaintiffs' Motion for Leave To Make a Deposit in Court [Docket No. 60], Plaintiffs seek to withdraw their escrow motion. However, THCI opposed that motion and the escrow motion has been submitted to the Court. Any withdrawal of the escrow motion should be

against Plaintiffs, there will be nothing to collect. *See Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990) (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2948 at 437-38 (1973)); *Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs.*, 144 F. Supp. 2d 241, 248 (S.D.N.Y. 2001); *N.J. Coal. of Auto. Retailers v. DaimlerChrysler Motors Corp.*, 107 F. Supp. 2d 495, 500 (D.N.J. 1999) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990)); *Lentjes Bischoff GmbH v. Joy Envtl. Techs., Inc.*, 986 F. Supp. 183, 186 (S.D.N.Y. 1997) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990) and citing *Alvenus Shipping Co. v. Delta Petroleum Ltd.*, 876 F. Supp. 482, 487 (S.D.N.Y.1994)); *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 531 (D.N.J. 1999); *Seide v. Crest Color, Inc.*, 835 F. Supp. 732, 735 (S.D.N.Y. 1993) (quoting *Feit & Drexler, Inc. v. Green (In re Feit & Drexler, Inc.)*, 760 F.2d 406, 416 (2d Cir.1985) and *Republic of Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir.1986)).

Plaintiffs' authority is neither on point nor even remotely relevant to the issue of whether unsatisfiability of judgment constitutes an irreparable harm, and instead addresses the situation where "[t]he availability of *adequate* monetary damages belies a claim of irreparable injury." *Frank's GMC Truck Ctr., Inc. v. GM Corp.*, 847 F.2d 100, (3d Cir. 1988) (citing *Morton v. Beyer*, 822 F.2d 364, 372 (3d Cir. 1987)) (emphasis added). Unlike *Frank's* and *Morton*, where defendants—General Motors and New Jersey Department of Corrections—had ample funds to satisfy *any* judgment, here the issue is not the "loss of income," but the unsatisfiability of the judgment. *See Hoxworth*

---

conditioned on adequate relief given to THCI and an order directing Plaintiffs to pay THCI's costs in opposing the now-"withdrawn" escrow motion.

4

*v. Blinder, Robinson & Co.*, 903 F.2d at 197. Plaintiffs have failed to come forward with any evidence that Plaintiffs would be able to satisfy the judgment rendered against them. Thus, absent injunctive relief enjoining Plaintiffs from making any distributions to LTC and related parties, THCI will be irreparably harmed.

Plaintiffs' reliance on *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) is similarly misplaced. First, Plaintiffs did not even bother citing to any specific part of *Grupo Mexicano* that allegedly supports their argument that an injunction "to tie up LTC's assets during the pendency of the action" is unavailable. Regardless, *Grupo Mexicano* is factually distinguishable, because it involved a freeze of *all* assets and prohibition against *any* distributions to *any* creditors, whereas THCI seeks a narrowly framed injunction preventing *only* distributions to LTC and related entities. *Cf. Grupo Mexicano*, 527 U.S. at 312-13. Finally, unlike the claims in *Grupo Mexicano*, in addition to damages, THCI seeks equitable relief against Plaintiffs and LTC here, and this situation is controlled by the Supreme Court's decision in *Deckert v. Independence Shares Corporation*, 311 U.S. 282 (1940), where the Supreme Court held that enjoining defendant from transferring "proceeds received in administration of the trust… was a reasonable measure to preserve the status quo pending final determination of the questions raised by the bill," where the "bill state[d] a cause [of action] for equitable relief." *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 286, 290, 288 (1940). As explained by the Supreme Court,

> [a]s already stated, there were allegations that Independence was insolvent and its assets in danger of dissipation or depletion. This being so, the legal remedy against Independence, without recourse to the fund in the hands of Pennsylvania, would be inadequate.

5

*Deckert v. Indep. Shares Corp.*, 311 U.S. at 290.

Absent the injunctive relief sought by THCI, THCI would be irreparably harmed.

## III.

## THCI HAS ESTABLISHED OTHER ELEMENTS WARRANTING PRELIMINARY INJUNCTION

For reasons stated in THCI's Memorandum of Law in Support of its Motion for Eviction and Preliminary Injunction, THCI submits that Plaintiffs will not be harmed by the injunctive relief and public policy strongly warrants the injunctive relief sought by THCI. Plaintiffs' Reply is devoid of any argument to the contrary.

## CONCLUSION

For the foregoing reasons, THCI respectfully requests that the Court grant THCI's Motion in its entirety.

Dated: July 27, 2005
Wilmington, Delaware

**GREENBERG TRAURIG LLP**

By: _____

Scott D. Cousins (No. 3079)
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, Delaware 19801
Tel: (302) 661-7000
Fax (302) 661-7360

-and-

6

**ARENT FOX PLLC**

Robert E. Grossman
Michael S. Cryan
Igor M. Tsibelman
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

Attorneys for Defendant-Counterclaimant
THCI Company LLC