IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., et al., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant-Counterclaimant. | ) ) ) ) ) ) ) ) Case No. 04-910 (GMS) ) ) ) ) ) ) |

## NOTICE OF FILING OF PROPOSED FORM OF ORDER

PLEASE TAKE NOTICE that on July 13, 2005, Defendant-Counterclaimant THCI Company LLC ("Defendant") filed its Motion for Preliminary Injunction with Request for Expedited Consideration and Hearing (the "Motion") [Docket No. 86] with which you were previously served.

PLEASE TAKE NOTICE that on July 22, 2005, Plaintiffs-Counterclaim Defendants IHS Long-Term Care, Inc. ("LTC") and its subsidiaries[1] ("Subsidiaries," and collectively with LTC, "Plaintiffs") filed their Answering Brief in Opposition to Motion for Preliminary Injunction with Request for Expedited Consideration and Hearing [Docket No. 91].

PLEASE TAKE NOTICE that on July 27, 2005, Defendant filed its Memorandum of Law in Further Support of THCI Company, LLC's Motion for Preliminary Injunction with Request for Expedited Consideration and Hearing [Docket No. 93] together with a Request for Oral Argument [Docket No. 94].

---

[1] Integrated Health Services of Cliff Manor, Inc.,Integrated Health Services at Riverbend, Inc.; Integrated Health Services at Somerset Valley, Inc.; Alpine Manor, Inc.; Briarcliff Nursing Home, Inc.; Integrated Health Group, Inc.; Spring Creek of IHS, Inc.; Firelands of IHS, Inc.; and Elm Creek of IHS, Inc.

PLEASE TAKE FURTHER NOTICE that attached hereto is a proposed form of order in support of the Motion. All briefing related to the Motion has been completed. Defendant respectfully requests that the Court: (i) schedule oral argument either in person or by telephone at the soonest date and time possible to address the present Motion and related issues; (ii) enter an order in the form attached hereto as Exhibit A; and (iii) grant such other and further relief as is just and proper.

Dated: August 18, 2005

**GREENBERG TRAURIG, LLP**

By: _____
Victoria Watson Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, Delaware 19801
(302) 661-7000

-and-

**ARENT FOX PLLC**

Robert E. Grossman
Michael S. Cryan
Igor M. Tsibelman
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990

*Attorneys for Defendant-Counterclaimant THCI Company LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., et al., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant-Counterclaimant. | ) ) ) ) ) ) ) ) Case No. 1:04-910-GMS ) ) ) ) ) ) |

## ORDER GRANTING PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED that:

1. Defendant THCI Company LLC's ("Defendant") Motion for Preliminary Injunction (D.I. 86) is GRANTED.

2. Plaintiffs-Counterclaim-Defendants Integrated Health Services of Cliff Manor, Inc., Integrated Health Services at Riverbend, Inc.; Integrated Health Services at Somerset Valley, Inc.; Alpine Manor, Inc.; Briarcliff Nursing Home, Inc.; Integrated Health Group, Inc.; Spring Creek of IHS, Inc.; Firelands of IHS, Inc.; Elm Creek of IHS, Inc. and IHS Long-Term Care, Inc. ("LTC Subsidiaries"), including, if different from the LTC Subsidiaries, each and every current licensed operator, manager, and entity providing goods, services and/or employees to the nine nursing homes listed on Exhibit "A" ("Facilities") and affiliated with the LTC Subsidiaries ("Operators and Managers" and, collectively with the LTC Subsidiaries, the "Plaintiffs") are hereby ordered to vacate the Facilities on dates (each, a "Transfer Date") to be determined as set forth in Paragraph 3 below.

3. The Transfer Date for each Facility shall be determined as follows: the date by which Defendant or its nominee listed on Exhibit "A" hereto (each a "New Operator" and collectively, the "New Operators") has arranged with all federal, state and local agencies and departments with jurisdiction to assume operation of a Facility and Defendant has provided Plaintiffs with at least three (3) business days notice thereof. Notwithstanding the actual time at which the Transfer occurs, the time at which the Transfer shall be deemed to be effective shall be 12:01 a.m. on the Transfer Date.

4. Plaintiffs shall cooperate with Defendant and New Operators in the orderly transition of the Facilities, and shall not interfere with the operation of the Facilities before or after the Transfer Date to ensure that (a) adequate, competent and professional care is given to the patients of the Facilities to and through the Transfer Date at each Facility and (b) to ensure compliance with all federal, state and local statutes, rules, procedures and requirements applicable to the Facilities.

5. Prior to the Transfer, Plaintiffs shall assist Defendant and New Operators in (a) arranging for the continued employment at the Facilities of persons currently employed at the Facilities at the election of Defendant or New Operators after the Transfer Date, by, *inter alia*, waiving restrictive employment covenants, if any, with respect to such employees' employment by or on behalf of the New Operators; (b) securing the services of consultants, suppliers, vendors, managers or other persons or entities currently serving the Facilities at the option of Defendant or New Operators; (c) communicating with all patients, families of patients, employees, consultants, suppliers, vendors or other persons at the option of Defendant or New Operators; (d) securing the assignment and assumption of any vendor, service, maintenance, laundry, pharmacy, therapy, hospital transfer, hospice, patient agreements, occupancy

agreements, residency agreements and other agreements relating to the Facilities ("Facility Contracts"), which Defendant and/or New Operators desire to assume at Transfer; and (e) obtaining of professional liability and other insurance required to operate the Facilities.

6.  Prior to the Transfer, Plaintiffs shall cooperate with Defendant and New Operators in connection with (a) obtaining of the appropriate licenses to operate the Facilities; and (b) the assignment of existing, or new, federal and state regulatory certifications, including but not limited to Medicare and Medicaid provider agreements. Such cooperation shall include, but not be limited to, providing to Defendant and New Operators within five (5) business days after the Order (a) the executed written consent to or notification of transfer of operations as required by law or requested by state or federal regulatory agencies or as part of any necessary or appropriate application for licensure or certification; (b) all information necessary for the completion of the "Plaintiffs" or "Old Owner" section of Medicare Form 855 for the Facilities, including execution thereof in accordance with the rules and regulations of CMS and the fiscal intermediary; (c) insurance loss history, proof of insurance coverage, insurance policies and current financial statements; and (d) filing all necessary notices advising the Medicare, Medicaid and other programs of Plaintiffs' intention to withdraw from such programs at the time of the Transfer.

7.  Plaintiffs shall remain liable for any liabilities and obligations arising prior to the Transfer in connection with operating the Facilities, including but not limited to, real and personal property taxes attributable to the Facilities, utility charges, liability under contracts related to the operation of the Facilities, all group health plan continuation coverage pursuant to the requirements of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq.* and the Consolidated Omnibus Budget Reconciliation Act of 1985, 29

U.S.C. §§ 1161-1168 for all of its employees to whom it is required to offer the same under applicable law.

8. Plaintiffs shall immediately notify Defendant and New Operators of any and all material events relating to, or concerning, the Facilities, including but not limited to any surveys and copies of documentation relating thereto.

9. Within five (5) business days after the date of this Order, Plaintiffs shall provide to Defendant and New Operators (a) information concerning any charges, liens, litigation, investigations or other proceedings pending or, to the best knowledge of Plaintiffs, threatened, against, or relating to, Plaintiffs and the Facilities; (b) copies of any and all collective bargaining agreements, other labor contracts, employment contracts, pension, profit sharing, insurance, deferred compensation, bonus, retirement or other employee benefit plans with respect to any of the Facilities' employees; (c) a schedule of all of the Facilities' employees providing services to the Facilities ("Employees"), whether full-time or part-time, including, but not limited, their positions; rates of pay; original hire dates; full/part time status; and whether they are on medical disability or leave of absence; (d) true, correct and complete copies of all Facility Contracts; and (e) information concerning any existing non-compliance with any Federal or State licensure or regulatory certification requirements, including, but not limited to, Medicare and Medicaid certification requirements. Neither Plaintiffs nor its affiliates shall solicit or induce any Employee to leave their employment.

10. Prior to the Transfer, Plaintiffs shall allow Defendant and New Operators to have access to all of the Facilities' books and records including, but not limited to, patient medical records, financial records, employee records and policies and procedures.

11. Between the date of the Order and the Transfer, Plaintiffs shall: (a) maintain the Facilities in substantially the same condition as of the date of the Order, ordinary wear and tear excepted; (b) operate the Facilities in compliance with all applicable laws, rules and regulations and in the ordinary course and in substantially the same manner as the Facilities were operated before the Order, including all marketing, advertising and other efforts to attract and retain patients and residents; (c) take no actions to close the Facilities, change the number of licensed beds, or change the Medicare or Medicaid certification status of the Facilities; and (d) take no actions to remove from the Facilities supplies or equipment located at the Facilities as of the Order.

12. At the Transfer, Plaintiffs will transfer to Defendant and New Operators all right, title and interest in and to all assets, tangible or intangible, presently used in the operation of the Facilities, which are not owned by Defendant by executing all required documents, including, but not limited to bills of sale, officer's certificates and other documents customarily used in connection with transfer of operations of nursing homes ("Transfer Documents"); should Plaintiffs fail to execute and/or deliver any Transfer Document, the same shall be deemed executed and delivered to Defendant and New Operators at the Transfer.

13. At the Transfer, Plaintiffs shall transfer any trust funds held by Plaintiffs for any resident of the Facilities ("Resident Trust Funds") to Defendants, along with a schedule thereof; and Defendants shall accept the Resident Trust Funds in trust for the residents, in accordance with applicable statutory and regulatory requirements.

14. At the Transfer, at Defendant's election, Plaintiffs shall transfer to Defendant or New Operators any and all direct deposit accounts into which payments are made under any provider agreement. Plaintiffs shall not, without the prior written consent of Defendant, settle or

otherwise compromise its right, title and interest in and to unpaid accounts receivable in a manner that impacts, effects, diminishes or otherwise interferes with Defendant or New Operators' right, title and interest in and to unpaid accounts receivable with respect to services provided at the Facilities by Defendant or New Operators after the Transfer.

15. At the Transfer, Plaintiffs shall, to the extent permitted by applicable law, allow all of the Facilities' books and records including patient medical records, financial records, employee records and policies and procedures to remain at the Facilities or if requested by Defendant or New Operators, to the extent such records are in an electronic format, provide such information directly to Defendant or New Operators for downloading by Defendant or new Operators on their computer system.

16. At the Transfer, Plaintiffs shall leave one set of its operating procedures manuals at the Facilities.

17. After the Transfer, (a) Plaintiffs shall pay to each Employee an amount equal to any and all accrued and unpaid salary earned by such employee as of the Transfer at the Transfer, or on that date which, but for the Transfer, would have been the next regularly scheduled payroll date following the Transfer; and (b) Plaintiffs shall provide an accounting and pay to the Employees hired by Defendants ("Hired Employees"), or, at Defendant' election, to Defendant or New Operators at Transfer, an amount equal to any and all accrued employee benefits as of the Transfer, whether vested or unvested, earned or unearned, unpaid or unused, owing to or accrued or owned by each Hired Employee, including, but not limited to, paid time off, vacation, sick and personal days, and all unemployment compensation contributions and similar items, including but not limited to all taxes and withholdings thereon, plus fifteen (15) percent.

18. After the Transfer, neither Plaintiffs nor their affiliates shall solicit, offer to employ or employ any Hired Employees for a period of two (2) years.

19. After the Transfer, Plaintiffs shall timely prepare and file the appropriate Medicare and Medicaid final cost reports with respect to their operation of the Facilities and promptly provide Defendants with copies of such cost reports.

20. After the Transfer, Plaintiffs shall, from time to time, upon written request therefore, execute and deliver to Defendants, any new or confirmatory instruments which Defendants may reasonably request in order to consummate the transactions contemplated under this Order.

21. Each Plaintiff is enjoined from transferring to any Plaintiff or any other person or entity all assets, tangible or intangible, presently used in the operation of the Facilities, including all real and personal property, inventory, business records, resident lists and records (to the extent transferable in accordance with applicable law), furniture, fixtures, equipment, computers, telecommunications equipment, patient therapy and rehabilitation equipment, and originals or copies of all of Plaintiffs' books and records pertaining to the operations of the Facilities and the foregoing, and all trade names, telephone numbers, licenses, permits and other transferable governmental approvals or authorizations, and accounts receivable of or related to the Facilities ("Assets of the Facilities").

22. All Assets of the Facilities shall be held in trust for and turned over to Defendant or New Operators at the Transfer Date.

23. Each Plaintiff is temporarily enjoined from transferring to any person or entity any of its tangible or intangible assets pending the resolution of this matter, except pursuant to this Order.

24. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, within 10 days of the date of this Order, Defendant shall post a bond in the amount of $500.00 to secure the Order.

25. No provision of this Order shall be deemed a waiver or modification of any obligation of Plaintiffs or Defendants existing as of the date of this Order.

26. This Order shall take effect immediately upon execution below.

Dated: August ___, 2005

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A.

### FACILITIES, PLAINTIFFS AND NEW OPERATORS

| FACILITIES | PLAINTIFFS | NEW OPERATORS |
| --- | --- | --- |
| 850 NW 9th Street, Alabaster, AL | Briarcliff Nursing Home, Inc. | 850 NW 9th Street Operating Company, LLC |
| 11941 Belsay Road, Grand Blanc, MI | Integrated Health Services of Riverbend, Inc. | 11941 Belsay Road Operating Company, LLC |
| 4700 NW Cliff View Drive, Kansas City, MO | Integrated Health Services of Cliff Manor, Inc. | 4700 NW Cliff View Drive Operating Company, LLC |
| 1621 Route 22 West, Bound Brook, NJ | Integrated Health Services at Somerset Valley, Inc. | 1621 Route 22 West Operating Company, LLC |
| 5440 Charlesgate Road, Huber Heights, OH | Spring Creek of IHS, Inc. | 5440 Charlesgate Road Operating Company, LLC |
| 204 W. Main Street, New London, OH | Firelands of IHS, Inc. | 204 W. Main Street Operating Company, LLC |
| 115 Elmwood Circle, West Carrollton, OH | Elm Creek of IHS, Inc. | 115 Elmwood Circle Operating Company, LLC |
| 4114 Schaper Ave., Erie, PA | Alpine Manor, Inc. | 4114 Schaper Avenue Operating Company, LLC |
| 890 Weatherwood Lane, Greensburg, PA | Integrated Health Group | 890 Weatherwood Lane Operating Company, LLC |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., *et al.*,<br><br>    Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>THCI COMPANY LLC,<br><br>    Defendant-Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 04-910 (GMS)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

    I, Dennis A. Meloro, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the Defendant-Counterclaimant and that on the 18th of August 2005, I caused to be served copies of the *Notice of Filing of Proposed Form of Order* upon the parties listed below as indicated.

VIA HAND DELIVERY
Michael Lastkowski, Esq.
Richard Riley, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington DE 19801

VIA FIRST CLASS MAIL
Robert Freilich, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Los Angeles, California 90071-2228

VIA FIRST CLASS MAIL
Amos Alter, Esquire
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Dated: August 18, 2005

                                                      Dennis A. Meloro (No. 4435)
                                                      The Brandywine Building
                                                      1000 West Street, Suite 1540
                                                      Wilmington, Delaware 19801
                                                      (302) 661-7000
                                                      (302) 661-7360 (facsimile)