IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

GULF SOUTH MEDICAL SUPPLY, INC., )
)
Plaintiff, )
) CIVIL ACTION
v. )
) FILE NO. 05CV8409-5
SAVASENIORCARE, INC. f/k/a )
MARINER HEALTH CARE, INC., )
)
Defendant. )
)
)

### VERIFIED COMPLAINT ON OPEN ACCOUNT

Plaintiff Gulf South Medical Supply, Inc. ("Gulf South"), by and through its undersigned counsel, hereby states the following for its Verified Complaint on Open Account against Defendant Savaseniorcare, Inc. f/k/a Mariner Health Care, Inc. ("Sava"):

### Nature of Action

1.

Gulf South brings this action to recover at least $4,966,252.64 representing money owed to it for goods that it sold to Sava on open account.

2.

In addition to the $4,966,252.64, there is due from Sava to Gulf South the amount of $753,439.78, for which sum Sava is seeking reimbursement via Part B Medicare/Medicaid. In the event that Sava does not receive full reimbursement, Gulf South is not waiving any claim it may have to collect such un-reimbursed amount from Sava and will amend this Complaint to include these sums.

## Parties

3.

Gulf South is a Delaware corporation and is a supplier of medical products for use in nursing homes.

4.

Sava is a Delaware corporation.

5.

Pursuant to O.C.G.A. § 9-11-4(e)(2), Sava can be served upon the "agent, cashier, secretary or to an agent designated for service of process."

6.

Sava's principal place of business and office in Georgia is One Ravinia Drive, Suite 1500, Atlanta, Dekalb County, Georgia 30346. An officer upon whom service can be effected is Stefano M. Miele, General Counsel and Senior Vice-President.

## Jurisdiction and Venue

7.

The Court has jurisdiction over the subject matter of this action pursuant to O.C.G.A. § 15-6-8(1).

8.

Sava is subject to personal jurisdiction in this Court.

9.

Sava may be served with process pursuant to O.C.G.A. § 9-11-4(e)(2).

10.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(d).

## Factual Background

11.

Gulf South and Sava conducted business pursuant to that certain agreement, dated March 16, 1998 between Paragon Health Network, Inc., on behalf of Amerra Health Services ("Paragon") and Gulf South (the "Supply Agreement"), which was modified on or about March 25, 1999 to add Mariner Post Acute Network ("Mariner") as the relevant party and extending the terms of the Supply Agreement to June 30, 2002. The Supply Agreement provided for net 30 payment terms.

12.

Mariner (now known as Sava) and Gulf South agreed to continue the Supply Agreement on a month to month basis.

13.

From a time period that antedated but included February, 2005 to the end of June, 2005, Gulf South sold goods to Sava on open account (the "Open Account Items").

14.

In accordance with the Supply Agreement, Sava was required to pay for the Open Account Items within thirty (30) days of the date of its receipt of each respective item.

15.

Goods sold in later June, 2005, were subject to an agreement by Sava to make weekly $650,000 payments to Gulf South.

16.

Despite being required to pay for each Open Account Item within the timeframes set forth in the preceding paragraph, Sava failed and refused to make timely payment for

-3-

the Open Account Items and did not pay the $650,000 weekly payments to which it had agreed.

17.

During the time period described in Paragraph 12 above, Sava failed and refused to pay for Open Account Items totaling at least $4,966,252.64 (the "Unpaid Open Account Items").

18.

A true and correct copy of a summary of the Unpaid Open Account Items, by invoice number and due date, is set forth in Exhibit A.

19.

Gulf South has fulfilled all of its obligations to Sava.

## COUNT ONE
### (Breach of Contract)

20.

Gulf South incorporates by reference the allegations set forth in paragraphs 1 through 19 of this Complaint as if set forth fully herein.

21.

Sava has failed and refused to make any payments whatsoever for the Unpaid Open Account Items.

22.

As a consequence of Sava's breach of its obligations to Gulf South, Gulf South has been damaged in the principal amount of at least $4,966,252.64.

23.

Therefore, Gulf South is entitled to judgment in its favor and against Sava for the

aforementioned amounts due and owing for the Unpaid Open Account Items.

24.

Further, as a consequence of Sava's breach of its obligations to Gulf South, Gulf South is entitled to pre-judgment interest at the statutory rate of seven percent (7%) per annum, and interest continues to accrue each day at the rate of at least $952.43 per diem.

## COUNT TWO
### (Attorneys' fees)

25.

Gulf South incorporates by reference the allegations set forth in paragraphs 1 through 24 of this Complaint as if set forth fully herein.

26.

Sava can provide no legitimate reason for its failure and refusal to make payments on the Unpaid Open Account Items.

27.

Sava's failure and refusal to make any payments whatsoever on the Unpaid Open Account Items has been in bad faith and/or has caused Gulf South unnecessary trouble and expense.

28.

As a consequence, Gulf South is entitled to its expenses of litigation, including its attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Gulf South demands judgment in its favor and against Sava as follows:

1. Awarding compensatory damages in favor of Gulf South and against Sava on Count One of Gulf South's Complaint in the amount of at least

$4,966,252.64 in principal;

2. Awarding compensatory damages in the form of pre-judgment interest in favor of Gulf South and against Sava on Count One of Gulf South's Complaint at the statutory amount of seven percent (7%) per annum, which interest continues to accrue each day at the rate of at least $952.43 per diem;

3. Awarding compensatory damages in favor of Gulf South and against Sava on Count Two of Gulf South's Complaint for Gulf South's litigation expenses, including its attorneys' fees, due to Sava's bad faith and/or Sava's having caused the Gulf South unnecessary trouble and expense;

4. Taxing all costs of this action against Sava; and

5. Awarding Gulf South such other legal and equitable relief as the Court may deem just and proper.

This 8th day of July 2005.

ALSTON & BIRD LLP

_____
GRANT T. STEIN
Georgia Bar No. 677835
CANDACE N. SMITH
Georgia Bar No. 654910
JENNIFER M. MEYEROWITZ
Georgia Bar No. 503669
DAVID A. WENDER
Georgia Bar No. 748117

1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

Attorneys for Plaintiff

FILED
2005 JUL -8 A 4:53
CLERK OF SUPERIOR COURT
DEKALB COUNTY GA