# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., a Delaware corporation, INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., a Delaware Corporation, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., A Delaware corporation, ALPINE MANOR, INC., a Pennsylvania corporation, INTEGRATED HEALTH GROUP, INC., a Pennsylvania corporation, SPRING CREEK OF IHS, INC., a Pennsylvania corporation, FIRELANDS OF IHS, INC., a Pennsylvania corporation, ELM CREEK OF IHS, INC., a Pennsylvania corporation, IHS LONG TERM CARE SERVICES, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>THCI COMPANY LLC,<br><br>      Defendant. | Civil Action No. 04-910 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS "SECOND AMENDED COUNTERCLAIMS"

| | |
|---|---|
| **TROUTMAN SANDERS LLP**<br>Amos Alter, Esquire<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>Telephone: (212) 704-6000<br>Facsimile: (212) 704-6288 | **DUANE MORRIS LLP**<br>Michael R. Lastowski (DE I.D. 3892)<br>Christopher M. Winter (DE I.D. 4163)<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246<br>Telephone: (302) 657-4900<br>Facsimile: (302) 657-4901<br><br>*Attorneys for Plaintiffs Integrated Health Services of Cliff Manor, Inc. et al. and Proposed Counterclaim Defendant Abe Briarwood Corp.* |

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I | INTRODUCTION | 1 |
| II | STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS | 2 |
| III. | SUMMARY OF ARGUMENT | 2 |
| IV. | STATEMENT OF FACTS | 2 |
|   | A. Procedural History | 2 |
|   | B. The Pleadings | 4 |
| V. | ARGUMENT | 8 |
|   | A. The Proposed Pleading is Improperly Asserted | 8 |
| VI. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page

**CASES**

Rossi v. McCloskey & Co., 24 F.R.Serv. 219 (E.D. Pa. 1957) .................................................. 9

**STATUTES**

Fed. R. Civ. P. 12(b) ........................................................................................................... 2, 9

Fed. R. Civ. P. 13(a) ............................................................................................................... 3

Fed. R. Civ. P. 13(h) ............................................................................................................... 2

Fed. R. Civ. P. 15(a) ............................................................................................................... 8

I.  **INTRODUCTION**

This Memorandum of Law is submitted in support of the motion by plaintiffs-counterclaim defendants to dismiss the "Second Amended Counterclaims", treated as a complaint, which has been interposed by defendant-counterclaim plaintiff herein, THCI Company LLC ("THCI"). A true and correct copy of the "Second Amended Counterclaim is attached as Exhibit "A" to the Declaration of Amos Alter ("Alter Declaration").[1] The motion is under the following subdivisions of Fed. R. Civ. P. 12(b): Subd. (2), lack of jurisdiction over the person; Subd. (4), insufficiency of process; and Subd. (5), insufficiency of service of process.

This Memorandum uses the present caption of the case. The proposed pleading here in question adds as "Plaintiffs-Counterclaim Defendants" in the caption a number of individuals and entities who are not presently parties, namely Abe Briarwood Corp. ("Briarwood"), John Does I through X, and John Roes I through Y (The body of the pleading, Pars. 5 and 6, refers instead to "Doe Counterclaim Defendants 1 through 4" and "Roe Counterclaim Defendants 1 through 5"). While Fed. R. Civ. P. 13(h) may permit a counterclaim plaintiff to add additional counterclaim defendants (this Memorandum discusses below whether THCI has properly done so), there is no explanation offered or apparent as to how THCI has somehow transmuted these persons into plaintiffs as well.

The parties here making this motion are the present plaintiffs, and the newly-proposed counterclaim defendant Briarwood. There is no appearance here for any Doe or Roe defendants, who are in any event insufficiently described to determine who they might be.

---

[1] The Alter Declaration is attached hereto as Exhibit "A."

## II.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiffs commenced this action by filing a Complaint. Defendant filed an Answer and Counterclaim. Thereafter, Defendant filed a First Amended Counterclaim. Months later, on November 21, 2005, Defendant filed its "Second Amended Counterclaim." Plaintiffs and newly-proposed counterclaim defendant Briarwood now move to dismiss the "Second Amended Counterclaim"

## III.  SUMMARY OF ARGUMENT

The time period for Defendant to amend its Counterclaim as of right under Fed. R. Civ. P. 15(a) has expired. Defendant has not obtained consent of the plaintiffs to any amendment. Further, no Order has been entered in this action granting leave to amend.

Further, with regard to Briarwood, no summons has been issues (and Briarwood is not a party to this action). Therefore, with regard to Briarwood, there is lack of jurisdiction over the person (Fed. R. Civ. P. 12(b)(2)) and insufficiency of process (Fed. R. Civ. P. 12(b)(4)).

The Court should dismiss the so-called "Second Amended Counterclaim."

## IV.  STATEMENT OF FACTS

### A.  Procedural History

The pleading here in question, "Second Amended Counterclaims", presumably is meant as an amendment of the presently operative pleading filed by THCI herein, which is titled "Answer and First Amended Counterclaims". A true and correct copy of the "Second Amended Counterclaims" is attached to the Alter Declaration (Exhibit "A" hereto) as Exhibit "A." The new pleading is 33 pages long, and contains 140 numbered paragraphs. Had it been labeled a Second Amended Answer and included the material (denials and defenses) of its predecessor

pleading in response to plaintiffs' complaint, that would have added an additional 14 pages and 89 numbered paragraphs, and made a pleading totaling 57 pages and 229 numbered paragraphs.

The predecessor pleading is dated June 9, 2004. The time to amend it as of right has long since expired (assuming there ever was any such right to amend a pleading which was itself an amended pleading). THCI is instead apparently relying on an Order entered in another action to justify filing the pleading in question without consent of the parties, and without any Order of the Court in this action authorizing its service or filing. That Order was entered in a case in this Court, 04-367 (GMS), wherein THCI was the sole plaintiff and Briarwood was the sole defendant. Defendant there (Briarwood) moved to dismiss the complaint there based in part on THCI's alleged failure to comply with Fed. R. Civ. P. 13(a), in that the claims there were alleged to be compulsory counterclaims in this action. The Court there (Sleet, D.J.) granted the motion, by Order dated September 26, 2005 (A true and correct copy of which is attached to the Alter Declaration (Exhibit "A" hereto) as Exhibit "C"). The Court there stated that THCI's motion to dismiss was "GRANTED without prejudice as to the Plaintiff's ability to reinstate its claims as counterclaims in [this action]".

That Order, of course, is not a substitute for seeking leave in this action, either of the other parties or of the Court, to serve an amended pleading adding the claims of the other action. If THCI had contented itself with counterclaims which did just that, the plaintiffs herein, and Briarwood as an additional counterclaim defendant, would have consented if asked (they were not asked). Alternatively, if THCI had served merely such a pleading, the counterclaim defendants would have waived the formality of requiring a motion, accepted the new pleading on behalf of the new party, and simply responded to the pleading as served. However, as is demonstrated below, THCI did not do that. Instead, it waited three months and then served the

"Second Amended Counterclaims", wherein it asserted new claims against the present plaintiffs not found in the previous counterclaims, and claims against Briarwood which had not been pleaded in the other action. Since many of these claims are objectionable, the moving parties herein will stand on formality, and insist that THCI formally seek leave to interpose this pleading (or such pruned pleading as it may be advised), so that the defendants on these claims may assert their objections to these claims (if repeated in a new pleading).

### B.     The Pleadings.

The Alter Declaration is attached hereto as Exhibit "A." Annexed thereto are true and correct copies of the three pleadings here considered; (1) the dismissed pleading in the other action (Exhibit "D" to the Alter Declaration): (2) the Answer containing the First Amended Counterclaims (Exhibit "B" to the Alter Declaration); and the proposed new Second Amended Counterclaims (Exhibit "A" to the Alter Declaration). That the last-named pleading is not merely the consolidation of the other two pleadings is proved by simply counting the number of claims asserted. Thus, the dismissed pleading contained two claims, while the First Amended Counterclaims contains four counterclaims. The proposed new pleading, however, contains no fewer than thirteen counterclaims.

The two claims from the dismissed action (all characterizations of the claims and counterclaims in the three pleadings are THCI's, recited in its pleadings) are (i) Declaratory Judgment and Specific Performance, based on the contention that Briarwood is the alter ego of IHS Long Term Care Services, Inc. ("LTC"). LTC was not a party to the dismissed action, although it is a plaintiff in this action; and (ii) Tortious Interference with Contract, in that Briarwood allegedly induced the Nine Subsidiaries (i.e., the first nine named plaintiffs in this

4

action, albeit they were not parties in the dismissed action), and LTC, not to perform under their asserted contractual obligations.

The four counterclaims of the First Amended Counterclaims are (i) Declaratory Judgment and Injunctive Relief Against LTC, that LTC is assertedly liable as guarantor for the Nine Subsidiaries; (ii) Specific Performance against LTC and the Nine Subsidiaries; (iii) Against LTC for Fraudulent Conveyance, of its own assets [!]; and (iv) In the Alternative Against the Nine Subsidiaries for Money Damages, for alleged breaches of their asserted contractual obligations.

As mentioned, the proposed Second Amended Counterclaims contain thirteen proposed counterclaims. As this pleading was improperly interposed, it is not necessary at this time precisely to detail what is wrong with these claims, particularly the new ones not found in either of the two other pleadings supposedly consolidated into this one. However, in order to indicate the range of difficulties found with these claims, <u>some</u> of the problems are indicated in the footnotes accompanying their description.

The thirteen counterclaims are: (i) Declaratory Judgment Against the IHS Plaintiffs, <u>i.e.</u>, LTC and the Nine Subsidiaries. Briarwood is not a party to this counterclaim;[2] (ii) Specific Performance Against the IHS Plaintiffs. Again, Briarwood is not a party to this counterclaim; (iii) For Fraudulent Conveyance Against the IHS Plaintiffs, Briarwood and Additional Counterclaim Defendants, <u>i.e.</u>, the proposed Doe and Roe counterclaim defendants. The contention is that Briarwood and others caused and directed LTC to transfer assets to Briarwood and others, for the purpose of hindering or defrauding existing creditors of the IHS plaintiffs;[3]

---

[2]This counterclaim is in essence a restatement of the First Counterclaim from the First Amended Counterclaims. It seeks a declaration that LTC is liable on an asserted guarantee. Why THCI has chosen to add the Nine Subsidiaries as additional parties defendant on these counterclaims (they were not parties on the same claim in the earlier pleading) does not appear.

[3] This claim substantially differs from the fraudulent conveyance counterclaim of the

5

(iv) Conversion Against Briarwood and Additional Counterclaim Defendants. The IHS Plaintiffs are not named as parties to this count. The property supposedly converted is "money and property associated with the Nine Leases";[4] (v) Conversion Against the IHS Plaintiffs, Briarwood and Additional Counterclaim Defendants. In this claim, the "conversion" is identified, namely (Par. 99), "by failing to pay the rent, and by continuing to operate and occupy the Facilities";[5] (vi) Breach of the Master Lease and Guaranties Against the IHS Plaintiffs. Briarwood is not a party to this counterclaim; (vii) Breach of Monthly Tenancy Against the Nine Subsidiaries. Neither LTC nor Briarwood is a party to this claim; (viii) Accounts Stated Against the Nine Subsidiaries. Neither LTC nor Briarwood is a party to this claim;[6] (ix) Writ of Eviction Against the Nine Subsidiaries. Neither LTC nor Briarwood is a party to this claim;[7] (x) Preliminary Injunction Against the IHS Plaintiffs, Briarwood and Additional Counterclaim Defendants. The relief sought is both restraining (seeking to enjoin "transfers of money or

---

First Counterclaims. The earlier count did not seek recovery from alleged transferees of the fraudulent conveyance, who were not joined as parties (or even identified); the only relief sought possibly obtainable was an injunction against future fraudulent conveyances. This claim identifies Briarwood as a transferee, along with others not here joined or for that matter identified (although no such relief was sought against Briarwood in the dismissed pleading against it). There are other problems with this count, under the "applicable state fraudulent transfer statutes" (Par. 93) which THCI does not further identify.

[4] This is an entirely new claim, there having been no conversion claim in either of the predecessor pleadings. The claim is difficult to comprehend. There is no "money ... associated with the Leases", and there is no description whatsoever, beyond "property", which would allow the counterclaim defendants (or here, Briarwood, the only defendant with which this motion is concerned) to know what it is accused of converting.

[5] Again, this is a new claim, there having been no conversion claim in either of the predecessor pleadings. Manifestly, it fails to state a claim. An obligation to pay rent is in personam; there is no res capable of conversion. Occupying real property cannot be conversion.

[5] This is a new claim, not having been asserted in the previous pleading against the Nine Subsidiaries.

[7] This is a new claim, not having been asserted in the previous pleading against the Nine Subsidiaries. It also fails to state a claim, as a Delaware Court cannot entertain an eviction action concerning real property without Delaware.

6

property in relation to the Nine Leases", Par. 126), and mandatory (to compel the supplying of information said to be required under the alleged lease);[8] (xi) Declaratory Judgment for Disregarding of Corporate Entities Against Briarwood and Additional Counterclaim Defendants. LTC is not a party, and the Nine Subsidiaries are also not named, although it is their corporate entities which are sought to be disregarded;[9] (xii) Damages, Penalties and Injunctive Relief for Disregarding of Corporate Entities Against Briarwood and Additional Counterclaim-Defendants. The IHS plaintiffs are not parties to this count. The claim is that the parties who are sued in this count are liable as alter egos for the asserted obligations of the IHS plaintiffs;[10] and finally (xiii) Tortious Interference with the Master Lease Against Briarwood and Additional Counterclaim Defendants. The IHS plaintiffs are not parties to this count.

Since, as is demonstrated below, the interposition of such counterclaims in the manner THCI has attempted is improper, the proposed pleading should be dismissed, and THCI required to proceed in a proper manner which will allow proper objections to the improper claims it seeks to assert. The motion to dismiss should therefore be granted.

---

[8] This is a new claim. While the caption of the First Counterclaim of the First Counterclaims asserted it was for injunctive relief, it in fact sought only a declaratory judgment, wholly unrelated to the relief here sought. Also, there is no such thing as a cause of action for a preliminary injunction. A preliminary injunction is a provisional remedy in connection with another cause of action, usually one for a permanent injunction.

[9] This is a new cause of action, not found in the previous pleadings. As the entities whose corporate forms are sought to be disregarded are incorporated in many different jurisdictions, with standards not identical for such veil-piercing, this is really ten or so different causes of action jumbled into one. Suffice it to say that THCI's allegations are insufficient to establish a claim for veil-piercing in at least some if not all such jurisdictions.

[10] This is a new cause of action, not found in the previous pleadings. As the entities whose corporate forms are sought to be disregarded are incorporated in many different jurisdictions, with standards not identical for such veil-piercing, this is really ten or so different causes of action jumbled into one. Suffice it to say that THCI's allegations are insufficient to establish a claim for veil-piercing in at least some if not all such jurisdictions.

## V. ARGUMENT

### A. The Proposed Pleading is Improperly Asserted.

The Federal Rules of Civil Procedure are quite clear as to when a pleading may be amended. Fed. R. Civ. P. 15(a) provides in relevant part as follows:

> "A party may amend the party's pleading once as of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party".

In the case at bar, the pleading sought to be superseded, the Answer and First Amended Counterclaims, was itself an amended pleading, and was served June 9, 2004. The proposed new pleading which purports to amend and supersede that pleading was served November 21, 2005. There clearly can be no contention that the newest pleading is an amendment as of right.

The pleading is also not served with the consent of the plaintiffs in this action, as no such consent was ever even asked for. It was not served with leave of this Court, as no such leave was asked for. As for the Order in the dismissed action by THCI against Briarwood, that Order is no substitute for an Order in this action: (i) The dismissal without prejudice to assertion in this action means only that objection cannot here be raised that the claims there were adjudicated on the merits in the other action. The Order there does not purport to regulate this action. (ii) As has been demonstrated at length above, the present proposed pleading, with its thirteen counterclaims is not simply a consolidation of the two prior pleading (the two claims of the dismissed one in the other action, and the four counterclaims of the Answer and First Amended Counterclaims in this action). It cannot seriously be maintained that the Order in the other case passed on the sufficiency of the allegations here of the claims now sought to be asserted, or the

8

propriety of their interposition in this action. (iii) As has also been demonstrated briefly above, there are serious problems with the new material sought to be asserted in this latest pleading. The counterclaim defendants should be given the appropriate opportunity to challenge new claims, if they are to be asserted.

"Leave of court ... is a condition precedent to the filing of a second amended complaint, absent the written consent of the adverse parties" (Rossi v. McCloskey & Co., 24 F.R.Serv. 219, 220 (E.D. Pa. 1957), and when such leave has not been granted, or has been granted on conditions which have not been met, the pleading may be dismissed (Rossi, id.). That is the case here. Since the pleading is wrongly filed and served, there is insufficiency of service of process (Fed. R. Civ. P. 12(b)(4)), and the pleading is subject to dismissal on that ground. Furthermore, in regard to proposed counterclaim defendant Briarwood, it is not a plaintiff in this action (despite THCI's attempt to label it as one), and must be served with a summons as well as a proper pleading in order to make it an additional counterclaim defendant (It is beyond THCI's power to make it a plaintiff). As the docket in this case shows, there has been no such summons issued, to say nothing of served. As to Briarwood, therefore, there is lack of jurisdiction over its person (Fed. R. Civ. P. 12(b)(2)), and insufficiency of process (Fed. R. Civ. P. 12(b)(4), as well as insufficiency of service of process.

The motion to dismiss should therefore be granted.

## VI. CONCLUSION

As has been demonstrated, the Second Amended Counterclaims are improperly asserted. The motion to dismiss the purported pleading must therefore be granted.

Respectfully submitted,

**DUANE MORRIS LLP**

/s/ Michael R. Lastowski
Michael R. Lastowski (DE I.D. 3892)
Christopher M. Winter (DE I.D. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:    mlastowski@duanemorris.com
           cmwinter@duanemorris.com

-and-

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:   (212) 704-6000
Facsimile:   (212) 704-6288
E-mail:      Amos.Alter@troutmansanders.com

*Attorneys for Plaintiffs Integrated Health Services of Cliff Manor, Inc. et al. and Proposed Counterclaim Defendant Abe Briarwood Corp.*

10