# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THCI COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-367 (GMS) |
| | ) |
| ABE BRIARWOOD CORP., | ) |
| | ) |
| Defendant. | ) |

## ORDER

WHEREAS the Defendant in the above-captioned action filed a motion to dismiss the Plaintiff's complaint based, in part, on the Plaintiff's alleged failure to comply with Fed. R. Civ. P. 13(a) (D.I. 5 at 3-4);

WHEREAS "the objective of Rule 13(a) is to promote judicial economy, so the term 'transaction or occurrence' is construed generously to further this purpose," *Transamerica Occidental Life Ins. Co v Aviation Office of Am., Inc.*, 292 F.3d 384, 390 (3d Cir. 2002);

WHEREAS "[f]or a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim bears a logical relationship to an opposing party's claim," *id.* at 389 (citations omitted);

WHEREAS the Plaintiff explicitly acknowledges the logical relationship between the claims in the present case and the so-called "Missouri Complaint" previously filed by the Defendant and subsequently transferred to this court (D.I. 7 at 3); and

WHEREAS the appropriate remedy for failure to comply with Rule 13(a) is dismissal under Rule 12(b)(6), *see MBIA Ins Corp. v. Royal Indem. Co.*, 294 F. Supp. 2d 606, 613 (D. Del. Mar. 31, 2003).

IT IS HEREBY ORDERED THAT:

1. The Defendant's motion to dismiss (D.I. 5) be GRANTED without prejudice as to the Plaintiff's ability to reinstate its claims as counterclaims in the "Missouri Complaint;" and

2. The Plaintiff's motion to consolidate (D.I. 8) be DENIED as moot.

Dated: September 26, 2005

UNITED STATES DISTRICT JUDGE



FILED

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2