| AO 88 1/94) Subpoena in a Civil Case | PROOF OF SERVICE | | |
|---|---|---|---|
| SERVED | DATE: 12/27/2005 03:00PM | PLACE: | TROUTMAN SANDERS, LLP 405 LEXINGTON AVENUE NEW YORK, NY 10018 |
| SERVED ON: LEONARD GRUNSTEIN ACCEPTED BY: IZZY ZIMMERMAN Mr. Zimmerman stated that he was authorized to accept service on behalf of Mr. Grunstein. Mr. Zimmerman also stated he was authorized to accept all corporation papers too. | | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE SERVING: SUBPOENA IN A CIVIL CASE, EXHIBIT A | |
| SERVED BY PAUL SANTANGELO | | TITLE PROCESS SERVER | |

### DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: M   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: GRAY   OTHER: BALDING

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_____ L.S.
SIGNATURE OF PAUL SANTANGELO
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON: 12/27/2005 03:00PM

ATTORNEY: ROBERT E. GROSSMAN, ESQ
PLAINTIFF: INTEGRATED HEALTH SERVICES OF CLIFF MANOR INC., ET ALS
DEFENDANT: THCI CO. LLC
VENUE: DISTRICT NY
DOCKET: 04 910 D DEL

LILIANA B. APOLINARIO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Feb. 27, 2009

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

(B)   If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.
      (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT   DISTRICT OF   NEW YORK

INTEGRATED HEALTH SERVICES OF
CLIFF MANOR, INC., et al.,
                    Plaintiffs
            V.

THCI COMPANY LLC,
                    Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]  C. A. No. 04-910 (D. Del)

TO: Leonard Grunstein
Troutman Sanders LLP
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| ARENT FOX PLLC<br>1675 Broadway, 34th Fl, New York, NY 10019 | 1/26/06 ; 10:00am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
| --- | --- |
| ARENT FOX PLLC<br>1675 Broadway, 34th Fl., New York 10019 | 1/26/06 ; 10:00am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]  Attorneys for Defendant-Counterclaim Plaintiff THCI Company, LLC | 12/21/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert E. Grossman, Esq. Michael S. Cryan, Esq.
1675 Broadway, New York, NY 10019, Tel: (212) 484-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT A**

## **RIDER TO SUBPOENA**

You are directed to produce all of the following documents in accordance with the Federal Rules of Civil Procedure, including but not limited to Rule 45, and pursuant to the Definitions and Instructions provided herein:

1. All organizational charts or their equivalents for Briarwood and all of its Affiliates.

2. All documents identifying all shareholders, officers and directors of Briarwood and its Affiliates.

3. All documents concerning any transfer of shares of stock of Briarwood and its Affiliates.

4. All documents concerning real property owned, leased or operated by Briarwood or its Affiliates.

5. All documents concerning health care facilities owned, controlled or operated by Briarwood or its Affiliates, including all documents concerning any transaction relating to such health care facilities, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of Briarwood, and including all documents and correspondence with state and federal agencies regulating health care facilities concerning the health care facilities owned, controlled or operated by Briarwood or its Affiliates.

6. All Books and Records of Briarwood.

7. All organizational charts or their equivalents for LTC and LTC Subsidiaries.

8. All documents identifying all shareholders, officers and directors of LTC and LTC Subsidiaries.

9. All documents concerning any transfer of shares of stock of LTC and/or any of LTC Subsidiaries.

10. All documents concerning real property owned or leased by LTC and/or LTC Subsidiaries.

11. All documents concerning health care facilities owned, controlled or operated by LTC and/or LTC Subsidiaries, including all documents concerning any transaction relating to such health care facilities, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of LTC, and including all documents and correspondence with state and federal agencies regulating health care facilities concerning the health care facilities owned, controlled or operated by LTC and/or LTC Subsidiaries.

12. All Books and Records of LTC and LTC Subsidiaries.

13. All documents related to any transaction between Briarwood, its Affiliates and LTC and/or LTC Subsidiaries.

14. All organizational charts or their equivalents for National and its Affiliates.

15. All documents identifying all shareholders, officers and directors of National and its Affiliates.

16. All documents concerning any transfer of shares of stock of National and its Affiliates.

17. All documents concerning real property owned, leased or operated by National or its Affiliates.

18. All documents concerning health care facilities owned, controlled or operated by National or its Affiliates, including name, address, Books and Records, operating agreements,

2

and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of National.

19. All organizational charts or their equivalents for Mariner and all of its Affiliates.

20. All documents identifying all shareholders, officers and directors of Mariner and its Affiliates.

21. All documents concerning any transfer of shares of stock of Mariner and any of its Affiliates.

22. All documents concerning any real property owned, leased or operated by Mariner or its Affiliates.

23. All documents concerning health care facilities owned, controlled or operated by Mariner or its Affiliates, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of National.

24. All organizational charts or their equivalents for MetCap and all of its Affiliates.

25. All documents identifying all shareholders, officers and directors of MetCap and its Affiliates.

26. All documents concerning any transfer of shares of stock of MetCap and its Affiliates.

27. All documents concerning any real property owned, leased or operated by MetCap or its Affiliates.

28. All documents concerning health care facilities owned, controlled or operated by MetCap or its Affiliates, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of MetCap.

3

29. All organizational charts or their equivalents for SMV and its Affiliates.

30. All documents identifying all shareholders, officers and directors of SMV and its Affiliates.

31. All documents concerning any transfer of shares of stock of SMV and its Affiliates.

32. All documents concerning real property owned, leased or operated by SMV or its Affiliates.

33. All documents concerning health care facilities owned, controlled or operated by SMV or its Affiliates, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of SMV.

34. All documents concerning SMV's and/or its Affiliates' application for a portion of the financing required in connection with the merger between National and Mariner.

35. All organizational charts or their equivalents for Tri-State and its Affiliates.

36. All documents identifying all shareholders, officers and directors of Tri-State and its Affiliates.

37. All documents concerning any transfer of shares of stock of Tri-State and any of its Affiliates.

38. All documents concerning real property owned, leased or operated by Tri-State or its Affiliates.

39. All documents concerning health care facilities owned, controlled or operated by Tri-State or its Affiliates, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of Tri-State.

40. All documents concerning any transaction by and among Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC, LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen and their related persons and/or Affiliates.

41. All documents identifying any entity in which Harry Grunstein serves or served as an officer, director or was/is an Affiliate thereof.

42. All documents identifying any entity in which Rubin Schron serves or served as an officer, director or was/is an Affiliate thereof.

43. All documents identifying any entity in which Murray Forman serves or served as an officer, director or was/is an Affiliate thereof.

44. All documents identifying any entity in which Leonard Grunstein serves or served as an officer, director or was/is an Affiliate thereof.

45. All documents identifying any entity in which Avi Klein serves or served as an officer, director or was/is an Affiliate thereof.

46. All documents identifying any entity in which Uri Kaufman serves or served as an officer, director or was/is an Affiliate thereof.

47. All documents identifying any entity in which Tony Gilburt serves or served as an officer, director or was/is an Affiliate thereof.

48. All documents identifying any entity in which Arthur Cohen serves or served as an officer, director or was/is an Affiliate thereof.

49. All documents identifying any entity, which utilizes or utilized in the past the following address: The Highlands, 920 Ridgebrook Road, Sparks, MD 21152 or similar address as its principal office or mailing address.

50. All documents submitted or prepared for submission to any state or federal agency in connection with the healthcare services provided by Briarwood and its Affiliates, including LTC and LTC Subsidiaries, and/or Tri-State, including all such documents submitted or prepared for submission and identifying common ownership structure and relations between Briarwood and its Affiliates.

51. All documents submitted or prepared for submission to any lender, syndicate of lenders, or any insurer or syndicate of insurers in connection with any merger, acquisition, credit facility, financing, refinancing, insuring or reinsuring for the benefit of Briarwood and/or its Affiliates, including LTC and LTC Subsidiaries, including all such documents submitted or prepared for submission and identifying common ownership structure and relations between Briarwood and its Affiliates.

53. All documents concerning the SPA, including all communications relating to the SPA by and among Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC, LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen and their related persons and/or Affiliates.

59. All documents relating to section 5.9(b) of the SPA, including all documents concerning the assets and liabilities assumed by LTC, and identifying such assets and liabilities.

62. All documents relating to Briarwood's purchase of the shares of stock of LTC on or about August 29, 2003.

63. All documents relating to the LTC Subsidiaries' performance under the Nine Leases, including any communications by and among the IHS Plaintiffs, Briarwood, Tri-State and any other person and/or Affiliate of the IHS Plaintiffs, Briarwood and/or Tri-State concerning the Nine Leases, and all documents concerning any transaction related to the Nine Leases, including name, address, Books and Records, operating agreements, and all documents

6

identifying all parties in interest to such transactions, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC, LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen and their related persons and/or Affiliates, and including all documents and correspondence with state and federal agencies regulating health care facilities concerning the Nine Leases.

64. All documents relating to any agreement concerning any assets owned, controlled or operated by LTC and/or LTC Subsidiaries, including any communications by and among the IHS Plaintiffs, Briarwood, Tri-State and any other person concerning such agreements, and all documents concerning any transaction relating to such health care facilities, including name, address, Books and Records, operating agreements, and all documents identifying all parties in interest, including landlords, tenants, managers, lenders, vendors and identifying which party is an Affiliate of LTC, and including all documents and correspondence with state and federal agencies regulating health care facilities concerning the health care facilities owned, controlled, leased or operated by LTC and/or LTC Subsidiaries.

65. All documents relating to the LTC Subsidiaries' failure to pay the rent for the Facilities to THCI since June 2005, including all correspondence concerning the decision to cease paying the rent by and among the Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC, LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen and their related persons and/or Affiliates, and any other person.

66. All documents relating to the LTC Subsidiaries' failure to pay real estate taxes in connection with the rent of the Facilities, including all correspondence concerning the decision to cease paying the taxes by and among Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC,

7

LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen, their related persons and/or Affiliates and any other person, and all documents identifying all parties in interest, and including all documents and correspondence with state and federal agencies regulating health care facilities concerning the real estate taxes.

67.   All documents relating to the IHS Plaintiffs' failure to vacate the Facilities to THCI, including all correspondence concerning the decision not to vacate the Facilities by and among Briarwood, National, Mariner, SMV, LTC, Tri-State, LTC, LTC Subsidiaries, Harry Grunstein, Leonard Grunstein, Rubin Schron, Murray Forman, Avi Klein, Uri Kaufman, Tony Gilburt, Arthur Cohen, their related persons and/or Affiliates and any other person.

## DEFINITIONS

1.   "Affiliate" means a person, entity, member, partner and the like, holding directly or indirectly five percent (5%) or more of shares of stock of any class, partnership, or membership interest and the like in another entity, or an entity in which another person entity, member, partner and the like holds directly or indirectly five percent (5%) of more of shares of stock of any class, or partnership, or membership interest and the like. The term "Affiliates" also includes entities, persons, officers, directors, members, partners and the like under common control.

2.   "Alpine Manor" means Alpine Manor, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

3.   "April 2003 Order" means the order of the Bankruptcy Court dated April 22, 2003 granting THCI's Motion to Compel.

8

4.  "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

5.  "Books and Records" includes articles of incorporation, by-laws, minutes of board meetings, documentation of registration and good standing, general ledgers and financial statements (including but not limited to supporting journal entries, books of account, balance sheets, income statements, cash receipts records, cash disbursements records, invoices, cancelled checks, account statements, schedules, spreadsheets, profit and loss statements, federal or state tax returns, or any other document confirming gross and net profits), business cards, time-tracking documents, schedules, appointment books, journals, diaries, and calendars, whether electronic or in hard-copy.

6.  "Briarcliff Nursing" means Briarcliff Nursing Home, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

7.  "Briarwood" means Abe Briarwood Corporation and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

8.  "Cliff Manor" means Integrated Health Services of Cliff Manor, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

9.  "Complaint" means the Complaint filed by the IHS Plaintiffs in the Circuit Court for Platte County, Missouri on April 5, 2004.

10. "Communication" means the transmittal of information of any kind, in any form and by any means.

11. "Concerning," "indicating," "relating," "related," or "which relates" means comprising, concerning, consisting of, evidencing, referring to, reflecting, regarding, supporting, relating to, prepared in connection with, used in preparation for, or being in any way legally, factually or logically related to the matter or document described, referred to, or discussed. A communication, document, writing, or knowledge of any given subject which "concerns," "relates," is "related to" or "which indicates" or "relates," means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

12. "Confirmation Date" means May 12, 2003, when the Bankruptcy Court confirmed the Reorganization Plan.

13. "Confirmation Order" means the order of the Bankruptcy Court dated May 12, 2003 confirming the Reorganization Plan.

14. "Counterclaimant" or "THCI" means THCI and each of their officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

15. "Counterclaim-Defendants" means Briarwood, LTC, the LTC Subsidiaries and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys.

16. "Document" is used in its broadest sense and means any written, typed, printed, electronic, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, electronic mail and attachments thereto, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries,

minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents as permissible under the Federal Rules of Civil Procedure.

17.  "Elm Creek" means Elm Creek of IHS, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

18.  "Facilities" means the nursing homes owned by THCI and leased and/or occupied by the LTC Subsidiaries.

19.  "Firelands" means Firelands of IHS, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

20.  "Guaranties" means the guaranties issued by IHS and referred to in Paragraph 19.

21.  "IHG" means Integrated Health Group, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

22.  "Including" and "including" means including, but not limited to, the referenced subject.

23. "Lease Modification Agreement" means the agreement dated April 30, 1993 and referred to in Paragraph 20.

24. "LTC" means IHS Long Term Care, Inc. and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

25. "LTC Subsidiaries" means Alpine Manor, Briarcliff Nursing, Cliff Manor, Riverbend, Somerset Valley, Spring Creek, Firelands, Elm Creek and IHG.

26. "Mariner" means Mariner Health Care, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

27. "MetCap" means MetCap Securities, LLC, and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

28. "Motion to Compel" means THCI's Motion to Compel the LTC Subsidiaries to Enter Into a Master Lease.

29. "National" means National Senior Care, Inc. and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

30. "Nine Leases" means the leases for the Facilities referred to in Paragraph 17.

31. "Paragraph" means a paragraph of the Complaint.

32. "Persons" means all natural persons, corporations, partnerships or other business associations, and all other legal or governmental entities or associations.

33. "Press Release" means Mariner's press release dated June 29, 2004, announcing that Mariner entered into a merger agreement with National.

34.  "Reorganization Plan" means the Amended Joint Plain of Reorganization of Integrated Health Services and its Subsidiaries under Chapter 11 of the Bankruptcy Code, confirmed by the Bankruptcy Court on or about May 12, 2003.

35.  "Riverbend" means Integrated Health Services at Riverbend, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

36.  "Somerset Valley" means Integrated Health Services at Somerset Valley, Inc, and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

37.  "SMV" means SMV Property Holdings, LLC and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

38.  "SPA" means the stock purchase agreement referred to in Paragraph 36.

39.  "Spring Creek" means Spring Creek of IHS, Inc., and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

40.  "Tri-State" means Tri-State Health Investors, LLC, and each of its officers, directors, partners, managing agents, employees, accountants, and attorneys, and all other persons under their control in possession of the documents called for herein.

41.  "You" and "your" means the witness named in the attached Subpoena.

## INSTRUCTIONS

1.  Unless otherwise specifically indicated, the time period encompassed by these requests for production of documents (the "Requests") is from January 1, 2003 to the present.

2.  Each reference to a corporation, partnership, limited liability company, joint venture, unincorporated association, government agency or fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, managing members, limited members, representatives, agents, accountants, attorneys and any other person who acted or purported to act on its behalf.

3.  Each reference to a natural person shall be deemed to include that person's agents, attorneys and any other person who acted or purported to act on that person's behalf.

4.  These Requests are continuing. If, after producing the requested documents you obtain or become aware of any further documents or information responsive to these Requests up to and including the conclusion of this action, you are required to promptly produce such additional documents, or supplement your responses to the Requests. Amended answers should set forth fully such different facts, assumptions, conclusions, opinions, and/or contentions.

5.  If any Request seeks production or identification of any document or thing that is withheld or not produced on the basis of any legal objection or privilege, you shall furnish a list containing the following information for each such document or thing:

    (i)    the reason for, and the facts supporting, the withholding;

    (ii)    the date said document or thing was prepared;

    (iii)    the names, employment positions and addresses of the authors and/or preparers of said document or thing;

    (iv)    the names, employment positions and addresses of all addressees, including all persons who received or were shown as having received, said document or thing;

    (v)    a brief description of said document or thing; and

    (vi)    the number of the request under which said document or thing would otherwise be produced.

6.  If any Request requires production or identification of a document that has been destroyed or discarded, or is no longer in existence, you shall furnish a list containing the following information for each of such documents or things:

    (i)   the information called for in Instruction 5, above;

    (ii)  the date of its destruction or discard;

    (iii) the manner and reason for its destruction or discard; and

    (iv)  the identity of the item's last custodian and of each person responsible for the item's destruction or unavailability.

7.  Where anything has been redacted or deleted from a document or thing produced in response to these Requests,

    (i)   specify the nature of the material redacted or redacted;

    (ii)  specify the reason for the redaction or deletion; and

    (iii) identify the person responsible for the redaction or deletion.

If a document has been redacted on the basis of any legal objection or privilege, you shall also furnish a list containing information called for in Instruction No. 5 for each such document.

8.  Each paragraph and subparagraph of these Requests should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting its scope.

9.  In responding to these Requests, you must furnish all documents and information that is known to you, and to your agents, employees, and attorneys. If any of the Requests cannot be responded to in full, or if you object to some part of any Request, you must answer it to the fullest extent possible, specifying the reasons for your inability or refusal to answer the remainder, and stating whatever information, knowledge, or belief you now have concerning the unanswered portions.

15

10. If responses to any Request are supplied upon information and belief, so state, and specifically identify and describe all sources of such information and belief. If you are unable to respond to a Request or portion thereof either by actual knowledge or upon information and belief, so state, and describe in detail the efforts made to obtain such knowledge or information.

11. If, in responding to these Requests, you claim any ambiguity in interpreting either the Requests, or definitions or instruction applicable thereto, such claims shall not be utilized as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

12. If you object to all or any part of a Request, state the grounds of the objection with sufficient specificity to permit determination of the basis for and propriety of such objection, including citations where legal authority is relied upon, and provide documents to the extent that such Request is not subject to an objection.

13. Separate responses are required to be given for each Request. Requests should not be joined together, nor should they be joined with responses to other Requests and given a common answer.

14. In responding to these Requests, you shall not refer to documents generally in lieu of answering; if the burden upon you of deriving an answer from documents is the same as it is upon Plaintiff, you may elect to refer to documents, which are specifically identified (e.g., by bates number) from which the response may be readily obtained. Such a response constitutes a representation under oath by you and your counsel that, after reasonable investigation, those conditions have been met.

15. The full text of the Request (or part thereof) to which any answer is intended to respond is to be restated immediately preceding such answer.

16. Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or") and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

17. If any Request requires production of a copy of a document, such as a medical or educational record, that is not in your physical custody or possession but within its legal control, you must obtain copies of the requested documents or execute authorizations allowing Defendants to obtain and examine copies of such documents.

18. If any Request requires production of a document that is no longer in your possession, custody or control, the answer or response should state when the document was recently in your possession, custody or control and where it is now.

NYC/244088.1
12/14/05 12:12 PM