IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., *et al.*,<br><br>　　Plaintiffs-Counterclaim-Defendants,<br><br>v.<br><br>THCI COMPANY LLC,<br><br>　　Defendant-Counterclaimant. | Case No. 04-910 |

**THCI COMPANY LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS-COUNTERCLAIM-DEFENDANTS IHS LONG TERM CARE, INC.'S AND INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., *ET AL.*'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS**

　　　　　　　　　　　　　　　　　GREENBERG TRAURIG LLP
　　　　　　　　　　　　　　　　　Victoria W. Counihan (No. 3488)
　　　　　　　　　　　　　　　　　Dennis A. Meloro (No. 4435)
　　　　　　　　　　　　　　　　　The Brandywine Building
　　　　　　　　　　　　　　　　　1000 West Street, Suite 1540
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Tel: (302) 661-7000

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　ARENT FOX PLLC
　　　　　　　　　　　　　　　　　Robert E. Grossman
　　　　　　　　　　　　　　　　　Michael S. Cryan
　　　　　　　　　　　　　　　　　Igor M. Tsibelman
　　　　　　　　　　　　　　　　　1675 Broadway
　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　Tel: (212) 484-3900

　　　　　　　　　　　　　　　　　*Attorneys for Defendant-Counterclaimant*
　　　　　　　　　　　　　　　　　*THCI Company LLC*

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| RELEVANT PROCEDURAL HISTORY | 2 |
| ARGUMENT | 5 |
|    I. THE COURT'S ORDER DISMISSING THCI'S COMPLAINT AGAINST BRIARWOOD GRANTED THCI LEAVE TO AMEND ITS COUNTERCLAIMS IN THE MISSOURI ACTION | 5 |
|    II. JUSTICE REQUIRES THAT SECOND COUNTERCLAIMS STAND AND PLAINTIFFS' MOTION TO DISMISS BE DENIED | 6 |
|    III. SUMMONSES HAVE BEEN ISSUED AND SERVED ON BRIARWOOD | 10 |
|    IV. IN THE ALTERNATIVE, THE COURT SHOULD CONSIDER THIS APPLICATION AS A MOTION FOR LEAVE TO AMEND IF THE COURT GRANTS PLAINTIFFS' MOTION | 10 |
| CONCLUSION | 11 |

## TABLE OF AUTHORITIES

### CASES

Page

*Dussouy v. Gulf Coast Inv. Corp.*,
   660 F.2d 594 (5th Cir. 1981) ............................................................8, 9, 10

*Foman v. Davis*,
   371 U.S. 178 (1962) ..............................................................................8, 9

*Sklar v. Hayes*,
   1 F.R.D. 594 (E.D. Pa. 1941) ............................................................6, 7, 10

### RULES

Fed. R. Civ. P. 15(a) ...........................................................................................7, 8

Fed. R. Civ. P. 15(d) ...........................................................................................7, 9

## PRELIMINARY STATEMENT

Defendant-Counterclaimant THCI Company LLC ("THCI") respectfully submits this memorandum of law in opposition to the motion ("Motion to Dismiss" or "Motion") by Plaintiffs-Counterclaim-Defendants IHS Long Term Care, Inc. ("LTC") and Integrated Health Services of Cliff Manor, Inc., Integrated Health Services at Riverbend, Inc., Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Group, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., and Elm Creek of IHS, Inc. (collectively, the "Nine Subsidiaries"), and Abe Briarwood Corporation, Inc. ("Briarwood," and, collectively with LTC and the Nine Subsidiaries, the "Plaintiffs") to dismiss THCI's Second Amended Counterclaims ("Second Counterclaims").

Plaintiffs' Motion should be denied for at least two fundamental reasons. First, this Court's order granting Briarwood's motion to dismiss THCI's complaint against Briarwood ("Briarwood Complaint") expressly provided that THCI could reinstate its claims against Briarwood in the above-captioned action ("Missouri Action"). The Court's order granted THCI leave to amend its counterclaims ("First Counterclaims") in the Missouri Action, and for this reason Plaintiffs' Motion should be denied.

Second, even if the Court did not grant THCI leave to amend, leave to amend would have been granted to THCI to amend the First Counterclaims, because there is no undue delay, bad faith or prejudice to Plaintiffs resulting from the Second Counterclaims, and justice requires that THCI's claims be fully adjudicated on their merits. The Second Counterclaims fully incorporate the First Counterclaims and the Briarwood Complaint, and the additional causes of action pled in the Second Counterclaims stem from and relate directly to Plaintiffs' failure to pay the rent and failure to vacate the facilities they

lease from THCI ("Facilities"). Given that the new causes of action are but a reflection of Plaintiffs' continuous wrongdoing, justice requires that Plaintiffs be held responsible for their wrongs.

The underlying policy of allowing amendments of pleadings is to ensure that all factually- and legally-related causes of actions and issues are tried as one case. That is precisely what THCI sought by filing a motion to consolidate in its proceeding against Briarwood, and is precisely what THCI is seeking to achieve here, by effectively combining its claims against the Nine Subsidiaries, LTC and Briarwood within the Missouri Action. Under these circumstances, Plaintiffs' position that they would "stand on formality" and object to the Second Counterclaims under the shallow pretext that allegedly no leave to amend has been granted will result only in the waste of precious judicial resources, does not and cannot serve any interests of justice in this case, and is counter to the objectives of Rule 15 of the Federal Rules of Civil Procedure ("FRCP") and the Order of this Court.

## RELEVANT PROCEDURAL HISTORY

As this Court is aware, this action is auxiliary to the appeal[1] ("Appeal") from the April 2003 order of the Delaware Bankruptcy Court ("April 2003 Order") granting THCI's Motion to Compel and holding that a master lease ("Master Lease") is deemed to exist between THCI and Plaintiffs. No stay pending this appeal was either sought or granted. While the Appeal was pending before this Court, THCI believes that Messrs.

---

[1] In July 2003, Integrated Health Services ("IHS") and Briarwood entered into an additional agreement intended (i) to accommodate the decisions of the Bankruptcy Court construing its March 2002 order and (ii) to resolve issues between them in order to proceed to closing on the Stock Purchase Agreement. Under this additional agreement, IHS formally ceded to Briarwood the "sole right and authority to prosecute" the appeal that IHS had filed on Briarwood's behalf with respect to the April 2003 Order, and Briarwood confirmed its obligation to compensate IHS for all its costs from and after the Confirmation Order for pursuing that appeal, and further to compensate IHS for all its costs incurred in "cooperating" with Briarwood's conduct of litigation designed to attack that Order.

Grunstein, Schron and their as-of-yet-unidentified affiliates directed Briarwood to cause LTC to breach the Master Lease by disclaiming its obligations under the guaranty securing the Nine Subsidiaries' performance under the Master Lease ("Guaranty") and further directing Plaintiffs to file a Complaint against THCI in the Circuit Court for Platte County, Missouri on April 5, 2004 ("Missouri Complaint"), in which LTC and the Nine Subsidiaries sought, *inter alia*, a declaratory judgment that LTC was not liable or responsible under the Guaranty. The Missouri Complaint was subsequently removed to the United States District Court for the Western District of Missouri and then transferred to this Court.

In order to make Briarwood, which was not formally part of the Missouri Action, liable for causing the breach of the Master Lease and depleting the assets of the Nine Subsidiaries and LTC, on June 4, 2004, THCI filed the Briarwood Complaint in this Court seeking a declaration that Briarwood was a guarantor under the Master Lease and compelling it to perform as such, and seeking, *inter alia*, to invalidate various fraudulent transfers of LTC and the Nine Subsidiaries' assets to Briarwood and entities affiliated with Messrs. Grunstein and Schron.

On July 7, 2004, Briarwood moved to dismiss the Briarwood Complaint, and on August 9, 2004, THCI moved to consolidate the Missouri Complaint with the Briarwood Complaint. On September 26, 2005, this Court noted that Briarwood "explicitly acknowledged the logical relationship between the claims in the present case and the so-called 'Missouri Complaint'" and granted Briarwood's motion to dismiss the Briarwood Complaint without prejudice as to THCI's "ability *to reinstate its claims* as counterclaims in the 'Missouri Complaint'...." Order of the United States District Court for the

3

District of Delaware dated September 26, 2005 ("September 2005 Order") at 2 (emphasis added), a copy of which is attached as Exhibit A hereto ("Ex. A (September 2005 Order)").

In the period since filing the First Counterclaims and the Briarwood Complaint, new facts developed that were not reflected in the original pleadings filed by THCI. THCI believes that in June 2005, Messrs. Grunstein, Schron and Briarwood directed the Nine Subsidiaries to breach the Master Lease by ceasing to pay the rent, and this default is continuing. In addition to not paying the rent, the Nine Subsidiaries stopped paying real estate taxes due and are now substantially in arrears to state agencies and vendors of health care products and services. Furthermore, after the First Counterclaims were filed, Plaintiffs continued to transfer their assets to the entities controlled by Messrs. Schron and Grunstein. THCI believes that these actions were undertaken by the Nine Subsidiaries also at behest of Messrs. Grunstein and Schron as part of their scheme to acquire other health-care providers, which require that Plaintiffs and other entities controlled by Messrs. Grunstein and Schron accumulate cash on hand.

On July 11, 2005, THCI demanded that Plaintiffs vacate the Facilities and moved this Court for an order of eviction ("Eviction Motion") as part of the Missouri Action. Plaintiffs objected by arguing, *inter alia*, that THCI's First Counterclaims did not contain a cause of action for eviction—for the simple reason that Plaintiffs were current on their obligation to pay the rent when the First Counterclaims were filed. In response to this argument and as part of its Eviction Motion, THCI sought leave of this Court to amend its First Counterclaims. Shortly thereafter, this Court issued the September 2005 Order, which expressly stated that it was without prejudice to THCI's "ability *to reinstate its*

4

*claims* as counterclaims in the 'Missouri Complaint'. . . ." (Ex. A (September 2005 Order) at 2) (emphasis added). Thus, the September 2005 Order gave THCI the ability to reinstate in the Missouri Action the claims asserted in the Briarwood Action and effectively consolidate the Briarwood Action and the Missouri Action. Accordingly, on November 21, 2005, THCI filed the Second Counterclaims, which summarize facts relevant to all legal issues and claims and contain all claims that need to be resolved in this litigation.

Plaintiffs objected to the filing of the Second Counterclaims, forcing THCI to file this memorandum of law in opposition thereto.

## ARGUMENT

### I. THE COURT'S ORDER DISMISSING THCI'S COMPLAINT AGAINST BRIARWOOD GRANTED THCI LEAVE TO AMEND ITS COUNTERCLAIMS IN THE MISSOURI ACTION

In its September 2005 Order, this Court has noted that Briarwood "explicitly acknowledged the logical relationship between the claims in the present case and the so-called 'Missouri Complaint'" and granted Briarwood's motion to dismiss the Briarwood Complaint without prejudice as to THCI's "ability to reinstate its claims as counterclaims in the 'Missouri Complaint.'" September 2005 Order at 2. THCI *complied* with this Court's specific direction by reinstating its claims against all Plaintiffs as counterclaims in the Missouri Complaint, in accordance with the spirit and the logic of the September 2005 Order.

Furthermore, by filing the Second Counterclaims, THCI sought to achieve the same objective as the Court's September 2005 Order —to effectively consolidate the Missouri Action and the Briarwood Action and all parties into a single proceeding before the Court. Plaintiffs' Motion seeks to undo the Court's objectives and is contrary to the

5

language and the spirit of the September 2005 Order. Plaintiffs' one and only objection to the Second Counterclaims is not substantive; in fact, the only objection Plaintiffs have to the Second Counterclaims is based on their reading of the September 2005 Order as not granting THCI leave to amend the Second Counterclaims. Indeed, Plaintiffs' Motion is a thinly disguised attempt to delay this case while allowing Plaintiffs to continue misappropriating the money that belongs to THCI and fraudulently transfer the assets of the Nine Subsidiaries to the entities controlled by Messrs. Schron and Grunstein. The Court should see through the procedural posture of the Plaintiffs' Motion, deny it, and move to the ultimate resolution of this case as soon as possible.

## II. JUSTICE REQUIRES THAT SECOND COUNTERCLAIMS STAND AND PLAINTIFFS' MOTION TO DISMISS BE DENIED

The Court should deny the Motion and allow the Second Counterclaims to stand "in the interests of expediency as well as justice," *Sklar v. Hayes*, 1 F.R.D. 594, 596 (E.D. Pa. 1941), even if the Court were to interpret the September 2005 Order as not granting THCI leave to amend the First Counterclaims, because justice would have required that leave to amend the First Counterclaims be granted.

*Sklar* is instructive here. In *Sklar*, plaintiffs did not petition the court for leave to amend the pleadings. Instead, plaintiffs filed amended pleadings "without authority or reason," *id.* at 596, unlike THCI, which acted in furtherance of the September 2005 Order. Defendants in *Sklar* moved to strike the amended pleadings arguing, just as Plaintiffs here argue, that "the supplemental pleadings were not filed by leave of court," and should be stricken for this reason. *Id.* at 595. Judge Bard of the District Court for the Eastern District of Pennsylvania disagreed with defendants, reasoning that

> it does not appear that any of the parties have been prejudiced by the plaintiffs' action. The third-party defendant's sole liability had already

6

> been made an issue. Therefore, in the interests of expediency as well as justice, since I am decided that leave to amend would have been granted had it been sought, the amended or supplemental pleadings will be allowed to remain.

*Id.* at 596.

Judge Bard's reasoning and logic in *Sklar* is directly applicable here. The Second Counterclaims fully incorporate the First Counterclaims and the Briarwood Complaint, and Plaintiffs have conceded that combining the First Counterclaims and the Briarwood Complaint in the Missouri Action would be largely unobjectionable.[2] The crux of the Plaintiffs' Motion is that the Second Counterclaims add new causes of action against Plaintiffs and Briarwood in addition to those previously asserted in the Missouri Action and the Briarwood Action.

Not only is Plaintiffs' position hypocritical[3] here, but it is also counter to the considerations of interests of justice and expediency, which require that the Second Counterclaims be allowed to stand as there is ample justification for the amendment. *See Sklar*, 1 F.R.D. at 596. A leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See also* Fed. R. Civ. P. 15(d) ("[T]he court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."). There is no reason

---

[2] *See* Memorandum of Law in Support of Plaintiffs' Motion at 3.

[3] On the one hand, in their opposition to THCI's Eviction Motion, Plaintiffs argued that the Eviction Motion was defective because THCI did not originally seek to amend the counterclaims to add a claim for eviction—something that THCI did not do originally, for the simple reason that Plaintiffs were current on their obligation to pay the rent when THCI filed the amended counterclaims. On the other hand, Plaintiffs now claim, in essence, that THCI should not amend its counterclaims to reflect Plaintiffs' wrongdoings. Plaintiffs cannot have it both ways, and justice requires that the Second Counterclaims including new causes of action be allowed to stand.

7

not to allow the Second Counterclaims to stand, because the amendment is justified under the principles articulated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182.

THCI should be afforded an opportunity to "test its claims" on the merits and in light of all facts in this case. The additional facts and causes of action contained the Second Counterclaims reflect Plaintiffs' own wrongdoing, such as their failure to pay the rent, failure to vacate the Facilities, and continuous misappropriation of money that Plaintiffs owe THCI under the Master Lease or common law. Thus, the amendment is justified under the principles outlined in *Foman*.

None of *Foman*'s circumstances warranting a denial of leave to amend is present here either; indeed, Plaintiffs do not even claim that there are any substantive objections to the Second Counterclaims. There has been no undue delay, nor do Plaintiffs claim any. *See* 371 U.S. at 182. While THCI did not file the Second Counterclaims immediately after the September 2005 Order, "mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment *can be appropriate as late as trial or even after trial . . .*" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (emphasis added). Furthermore, Plaintiffs' breach of the Master Lease is continuing, as is Plaintiffs' fraudulent transfers and misappropriation of the moneys owed THCI. Under these

circumstances, Plaintiffs cannot claim that there was any undue delay in filing the Second Counterclaims. *See id.*

Likewise, there is no prejudice to Plaintiffs resulting from the filing of the Second Counterclaims, *see Foman*, 371 U.S. at 182, and again, Plaintiffs do not claim any, since they are not—nor should they—be surprised that they are being called to answer for their own wrongdoings. After all, Plaintiffs are not immune from being held responsible for failing to pay the rent or for financial manipulations with assets of the Nine Subsidiaries that left the Nine Subsidiaries unable to meet their financial obligations and their creditors running to the Court. Since the new causes of action are but a reflection of Plaintiffs' own wrongdoing, justice requires that Plaintiffs be held responsible for them. THCI revised its counterclaims to reflect the changes in the status quo that took place after the First Counterclaims were filed, and with the intent to tie all issues and facts into a single action for the Court to resolve. *See Dussouy*, 660 F.2d at 599 (holding that there was no prejudice because "[t]he pleadings as they stand have given Gulf Coast adequate notice of the transactions at issue; although the other parties to the alleged conspiracy have changed, *the challenged conduct of Gulf Coast is essentially the same as that challenged in the initial pleadings*") (emphasis added).

Finally, THCI did not file the Second Counterclaims in bad faith or to prolong the proceeding—rather, THCI sought to effectuate the mandate of FRCP 15 that "[f]ull consideration of the interests of the litigants and of the goal of efficient resolution of disputes . . . requires that [THCI] be granted an opportunity to have [its] claim heard on the merits without filing a new action." *Dussouy*, 660 F.2d at 600. Thus, justice requires that Plaintiffs' Motion be denied, because there was ample justification for leave

to amend to have been granted under FRCP 15(a) and (d). *See Sklar*, 1 F.R.D. at 596; *Dussouy*, 660 F.2d at 598 ("...rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.") (citing *Zenith Radio v. Hazeltine Research*, 401 U.S. 321, 329 (1971)).

### III. SUMMONSES HAVE BEEN ISSUED AND SERVED ON BRIARWOOD

Plaintiffs' argument that there is lack of jurisdiction over Briarwood, *see* Plaintiffs' Memorandum of Law in Support of Motion to Dismiss at 2, is moot, because the summonses were issued and properly served on Briarwood on December 21, 2005.

### IV. IN THE ALTERNATIVE, THE COURT SHOULD CONSIDER THIS APPLICATION AS A MOTION FOR LEAVE TO AMEND IF THE COURT GRANTS PLAINTIFFS' MOTION

In the alternative and out of an abundance of caution, if the Court grants the Motion, THCI requests that the Court deem this submission as a cross-motion for leave to amend pursuant to FRCP 15(a) and (d), and grant leave to amend the counterclaims in the form of the Second Counterclaims filed with this Court on November 21, 2005 at Docket No.101, for reasons stated in Part II of this memorandum.

## CONCLUSION

For the foregoing reasons, THCI respectfully requests that the Court deny Plaintiffs' Motion and grant such further relief as this Court finds just and proper.

Dated:  January 11, 2006
        Wilmington, Delaware

**GREENBERG TRAURIG LLP**

By: /s/ Victoria W. Counihan
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, Delaware  19801
Tel: (302) 661-7000
Fax (302) 661-7360

-and-

**ARENT FOX PLLC**

Robert E. Grossman
Michael S. Cryan
Igor M. Tsibelman
1675 Broadway
New York, New York  10019
Tel: (212) 484-3900
Fax: (212) 484-3990

*Attorneys for Defendant THCI Company LLC*