# TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Amos Alter  
amos.alter@troutmansanders.com

Direct Dial: 212-704-6247  
Fax:          212-704-5914

March 15, 2006

Via E-Filing

Hon. Gregory M. Sleet, U.S.D.J.
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 324, Lockbox 19
Wilmington, DE 19801

RE:   Integrated Health Services of Cliff Manor v. THCI: 04-910 (GMS)

Dear Judge Sleet:

    We write in response to the letter to you of Collins J. Seitz, Esq., "to request guidance" as to whether to respond to our motion. That motion, in addition to seeking to quash subpoenae, seeks dismissal of defendant's counterclaims -- a branch of the motion Mr. Seitz does not mention.

    We find it interesting that Mr. Seitz annexes the letter from Mr. Sager, but not my letter to which it responds. We enclose a copy of my letter to correct Mr. Seitz's omission.

    We respectfully suggest that the "guidance" has already been given, when Your Honor so-ordered the stipulation setting forth the agreed-upon schedule for precisely such a motion. Again, we find it interesting that Mr. Seitz neglects to mention Your Honor's comment (Transcript, p. 16), that "[I]f I have acceded to a request previously, I will stand by that, so you need not worry in that regard."

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

Hon. Gregory M. Sleet, U.S.D.J.
March 15, 2006
Page 2

If what defendant really wants is time, in addition to that provided for in the schedule, for its answering papers, it need only ask. Mr. Seitz's predecessor counsel and we never had difficulty extending professional courtesies to each other, and I am sure such a relationship will continue.

Respectfully yours,

Amos Alter

Cc (via E-Mail):

Collins J. Seitz, Esq.
Connolly Bove Lode & Hutz LLP

David Sager, Esq.
Ptney Hardin LLP

Richard W. Riley, Esq.
Duane Morris LLP

1104557_1.DOC

# EXHIBIT "A"

# TROUTMAN SANDERS LLP
### ATTORNEYS AT LAW
#### A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Amos Alter
amos.alter@troutmansanders.com

Direct Dial: 212-704-6247
Direct Fax: 212-704-5914

March 9, 2006

David Sager, Esq.
via E-Mail: dsager@pitneyhardin.com

RE: IHS v. THCI

Dear David:

You requested a letter as to my position on the subpoenae addressed to non-party witnesses, so here it is.

It seems to me there are two areas of inquiry you might have (although you have expressly refused to tell me what areas you intend to cover). One is whether there is a guaranty. However, that is not an issue upon which discovery is needed. The question instead turns upon the legal effect of undisputed documents. Indeed, my clients have moved, and your clients have crossmoved, for partial summary judgment on this very issue, which motions are currently under advisement. Obviously, both sides consider it to be a question of law, not of disputed fact. Considering that a guaranty, which is a promise to answer for the debt of another, is subject to the Statute of Frauds, it is difficult to perceive how oral testimony would be relevant in any event -- either the documents your client proffers constitute a guaranty, or they do not. Moreover, even to the extent that the question may be disputed-fact-dependent (and there is no suggestion of that), these three witnesses had no involvement with, or contemporaneous knowledge of, any of the transactions memorialized in the undisputed documents, which all predate their involvement. In particular, as you well know, one of the subpoenaed parties, Leonard Grunstein, Esq., who is a member of my Firm which is of counsel in this action, was involved solely in the capacity of attorney, and only at a later date.

That leaves only your counterclaims for fraudulent transfer or veil-piercing. You are in effect trying to enforce judgments you are many steps away from obtaining, and may never obtain. (i) You must obtain a money judgment against the Nine Subsidiaries. (ii) You must then obtain a judgment against LTC for the obligations of the Nine

**TROUTMAN SANDERS LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

David Sager, Esq.
March 9, 2006
Page 2

Subsidiaries, which requires determinations in your favor on <u>both</u> the existence of the Master Lease <u>and</u> the existence of guaranties.  (iii)  You must then show fraudulent transfers by LTC to Briarwood, at least to obtain a judgment against Briarwood, or, through Briarwood, to others.  I am unaware of any authority for a proposition that you may seek to enforce potential judgments that many steps removed from the present state of the judgment docket.

Your discovery requests are extremely premature, and should be reserved for enforcement of judgment proceedings, should you ever get that far.  In that regard, there is also the factor that your counterclaims fail to state facts upon which relief can be granted, which militates against discovery upon such claims.  As you know, we will be making a Rule 12(b)(6) motion shortly.

One is strongly led to the conclusion that your client is merely trying to harass nonparties who it believes might pressure a settlement.   Requests such as "All documents identifying any entity in which [Rubin Schron/Leonard Grunstein/Uri Kaufman] serves or served as an officer, director or was/is an Affiliate thereof" (Items 42/44/48) do nothing to dispel that conclusion.

We therefore request that you withdraw your subponae at this time, without prejudice to reissue if, in your view, subsequent developments warrant it.

Sincerely,

Amos Alter

Cc (Via E-mail):  Michael Lastowski, Esq.  (mlastowski@duanemorris.com)

1102951_1.DOC