### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-910 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THCI COMPANY LLC, | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, | ) ) ) | |
| Additional Counterclaim Defendants, | ) ) ) | |

### PLAINTIFFS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO REMAND

DUANE MORRIS, LLP
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900 Telephone:
Facsimile:  (302) 657-4901 Facsimile:
E-mail:      mlastowski@duanemorris.com
E-mail:      rwriley@duanemorris.com

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-6288
E-mail: Amos.Alter@troutmansanders.com

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

FACTS ......................................................................................................................... 1

ARGUMENT ............................................................................................................... 6

CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263 (3d Cir. 2002)...........................8

*Bloom v. Barry*, 755 F.2d 356 (3d Cir. 1985) ...............................................................................8

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995) ................................................7

*Bradgate Associates v. Fellows, Read & Associates*, 999 F.2d 745 (3d.Cir. 1993) ........................8

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).......................................................................................................................................7

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448 (5th Cir. 1996) ..................................................................7

*Gannon v. Continental Insurance Co.*, 920 F. Supp. 566 (D.N.J. 1996).........................................8

*Growth Horizons v. Delaware County*, 983 F.2d 1277 (3d Cir. 1993)...........................................7

*Hedges v. Musco*, 204 F.3d 109 (3d Cir. 2000) ............................................................................7

*Integrated Health Services of Cliff Manor v. THCI Company, LLC*, 417 F.3d 953 (8th Cir. 2005) .....................................................................................................................................4, 9

*Izquierdo v. Sills*, 68 F. Supp. 2d 392 (D.Del. 1999)......................................................................8

*Letherer v. Alger Group*, 328 F.3d 262 (6th Cir. 2003)..................................................................7

*Things Remembered, Inc., v. Petrarca*, 516 U.S. 124, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995).........................................................................................................................................6

*Tully v. Mott Supermarkets*, 540 F.2d 187 (3d Cir. 1976) .............................................................8

*United Mine Workers v. Gibbs*, 383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966)...............7

## STATUTES

28 U.S.C. § 1334(b) ...................................................................................................................4, 5

28 U.S.C.A. § 1367.......................................................................................................................7

28 U.S.C. § 1367(c) .......................................................................................................................6

28 U.S.C. § 1404(a) .......................................................................................................................4

28 U.S.C. § 1447(c) ...................................................................................................................1, 6

28 U.S.C. § 1452(a) ................................................................................................................1, 4, 6

28 U.S.C. § 1452(b) ......................................................................................................................1

This Memorandum of Law is submitted in support of the motion by the plaintiffs, IHS Long Term Care Services, Inc. ("TLC"), and nine of its subsidiaries (the "Nine Tenants"), as well as by additional counterclaim defendant Abe Briarwood Corporation ("Briarwood"), in support of their motion, pursuant to 28 U.S.C. §§ 1452(b), 1447(c) and 1367(c)(3), to remand this case to the State Court whence it was removed, namely the Circuit Court of the County of Platte, State of Missouri, wherein it bore Case No. 04 CV 82966, Division I.

As appears hereinafter at length, this action was removed by defendant under 28 U.S.C. § 1452(a) (i.e., as related to a bankruptcy case) from the Missouri State Court to the United States District Court for the Western District of Missouri, St. Joseph Division, and thereafter transferred to this Court. The claim was that the action was related to the bankruptcy appeal (03 CV 610 (GMS)) pending in this Court. That appeal, however, has now been decided, and there is no longer a basis of retaining jurisdiction. The related bankruptcy issue is gone, and the issues in the lawsuit are ones of State law (There is also no diversity of citizenship). The motion for remand should therefore be granted.

### Facts

In April 2003, the Bankruptcy Court for this District, in the case of Integrated Health Services, Inc. ("IHS"), entered an Order (the "April 2003 Order") decreeing that there existed a Master Lease in force between defendant, THCI Company, LLC ("THCI", or "defendant"), as landlord, and the Nine Tenants, as tenants. A copy of the April 2003 Order is annexed to the accompanying Declaration of Richard W. Riley as Exhibit "A". Plaintiffs herein took an appeal to this Court. That appeal (03 DV 610 (GMS)) was submitted in

August 2003, and has now been decided (Order dated March 21, 2006, affirming the April 2003 Order, Exh. "B" to Riley Dec.).

IHS had, prepetition, issued guaranties of the nine prepetition leases, which leases had their terms in part incorporated into the Master Lease by the April 2003 Order. There is no mention in the April 2003 Order, however, of the guaranties; nor, for that matter, was there any such mention in any of the motion papers leading to the April 2003 Order, nor in the subsequent IHS Confirmation Order of May 2003 . Thereafter, however, THCI took the position that the April 2003 Order somehow imposed the guaranties upon the debtor-in-possession. After Briarwood's purchase of the shares of LTC from the IHS bankruptcy estate in or about August 2003,[1] THCI made a motion in the Bankruptcy Court asserting its position. The argument was that, because, as it was asserted, the reorganized IHS entity was liable on the guaranties, a reserve was required for THCI's $42 million administrative claim. At the December 2003 hearing before the Bankruptcy Court (Walrath, B.J.) on the motion (Transcript of hearing, Riley Dec. Exh. "C"), at which it also ruled from the Bench, the Court expressed skepticism of the contention that the prepetition guaranties were somehow incorporated into the leases or otherwise preserved.[2] Its ruling, however, did not decide the issue, and instead confirmed the ultimate non-interest of the Bankruptcy Court in the question: Said the Court (Tr. 51):

---

[1] The IHS debtors and their creditors thereafter had no interest in any of the plaintiffs.

[2] "MR. FOX [THCI's Counsel]: And part of those leases, a provision of those leases is Integrated, reaffirmation of its guarantee.

"THE COURT: Not quite. Isn't it simply that the guarantee is not affected or eliminated because the lease has been modified?" (Tr. 39)

"THE COURT: Yeah, but you [Mr. FOX] didn't preserve anything in the plan or the confirmation order that preserved your claims on the guarantee." (Tr. 36)

"THE COURT: Let me just rule. I'm – I agree with the debtor. To the extent that there is any administrative claim under the guarantee based on the argument that the guarantee was reaffirmed as a result of the entry into the new master lease, that administrative claim is the responsibility under the plan of the LTC or the LTC subs because it was not an excluded administrative claim.

"Therefore, there is no basis to assert that there should be a reserve for that claim under the plan.

"Because I don't have jurisdiction over any dispute between nondebtors, I'll let THCI pursue the LTC or the LTC subs or whomever for breach of performance."

The Order entered thereafter (Riley Dec. Exh. "D") decreed in relevant part as

follows:

"1. That the Motion of THCI described above for allowance of an administrative claim against IHS Liquidating LLC is hereby DENIED …

* * *

"3. With respect to any claims of THCI against Briarwood, such claims constitute third party disputes [of] which this Court has no jurisdiction and which claims and/or defenses must be pursued in a non-Bankruptcy Court or Courts having appropriate jurisdiction".

Thereafter, however, although THCI never appealed from that Order, it did

nothing to pursue the question of the guaranties it had contended were in place. Plaintiffs

accordingly sought to determine the issue by commencing this declaratory-judgment action

against THCI, in April 2004, in Missouri State Court (complaint, Riley Dec. Exh. "E"). The

complaint, while noting the pending appeal, assumed the validity of the April 2003 Order,

and sought a declaratory judgment that, if the April 2003 Order were sustained, there were

nonetheless no guarantees by LTC, as successor to IHS, debtor-in-possession, of the

obligations under the Master Lease of the Nine Tenants.

3

Defendant's response to commencement of this action was to remove the action to the local Federal District Court (Western District of Missouri, St. Joseph Division), relying upon 28 U.S.C. § 1452(a), and to move to transfer the case to the District of Delaware. The reason cited was the then-pendency of the appeal in this Court from the April 2003 Order of the Bankruptcy Court. That section, relied upon by THCI, allows removal of a claim or cause of action "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Subsection (b) of § 1334 provides in relevant part that the District Courts "shall have original but not exclusive jurisdiction of all civil proceedings ... arising under title 11 or arising in or related to a case under title 11." Title 11, of course, deals with bankruptcy.

The following description of the proceedings had in the Western District of Missouri comes from the decision of the United States Court of Appeals for the Eighth Circuit, affirming the results below (Integrated Health Services of Cliff Manor v. THCI Company, LLC, 417 F.3d 953, 956-7 (8th Cir. 2005) (A copy of the decision is Riley Exh."F"):

> "On May 4, 2004, THCI removed the case to the United States District Court for the Western District of Missouri (the 'Western District') under *28 U.S.C. § 1452(a)*, asserting that the matter was 'related to' a pending Delaware bankruptcy appeal within the meaning of *28 U.S.C. § 1334(b)*. THCI also moved to transfer the Missouri complaint to the District of Delaware under *28 U.S.C. § 1404(a)*, contending that the issues raised by the Complaint were inextricably    intertwined with those already being adjudicated by the Delaware district court.
>
> "IHS Long Term Care moved for remand, contending that the case was not related to the bankruptcy matter and that the Delaware bankruptcy court had issued an Order denying jurisdiction over claims under the guaranties, constituting res judicata on the issue of federal court jurisdiction. IHS Long Term Care also moved for a preliminary injunction asking the

Western District to enjoin THCI from litigating its complaint in Delaware.

* * *

"On June 30, 2004, the Western District granted THCI's motion to transfer venue and denied IHS Long Term Care's motion for a preliminary injunction. The district court found that the Missouri complaint raised essentially the same issues as the Delaware bankruptcy appeal, and that the Western District intended to preserve the Delaware district court's authority to address those issues. The Western District left it to the Delaware court to resolve whether the Missouri complaint was "related to" the Integrated Health bankruptcy within the meaning of *28 U.S.C. § 1334(b).*"

The Eighth Circuit went on to affirm the orders below. Its reasoning is instructive (at 958):

"IHS Long Term Care's complaint below concerned the status of the nine leases, the master lease, and the guaranties under the leases. At the time of removal, these issues were still be litigated in the Delaware courts. As explained above, the bankruptcy court granted THCI's motion to compel Integrated Health to comply with the March 2003 Order to execute a master lease and assume the leases. This issue was on appeal to the Delaware district court when IHS Long Term Care filed its complaint in the Missouri state court and when THCI removed the matter to the Western District. The status of the lease obligations are contingent on issues pending before the Delaware district court. The case below is thus related to the bankruptcy court appeal in the Delaware district court and the district court had jurisdiction to transfer the case."

At this time, of course, the predicate for Federal jurisdiction, the appeal from the Bankruptcy Court's April 2003 Order, no longer exists, the appeal having been decided. That decision is final (Riley Dec. Par. 4). As appears hereinafter, this Court should now therefore remand this action to the Court whence it was removed. Plaintiff's motion should accordingly be granted.

Argument

## **THE CASE MUST BE REMANDED.**

This case was removed to Federal Court under 28 U.S.C. § 1452(a).  Remand of such a case is governed by several different provisions of Title 28.  Subsection (b) of § 1452 provides in relevant part that "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

When a claim has been removed to Federal Court, and the reason for its removal disappears during the course of the action, 28 U.S.C. §§ 1367(c) and § 1447(c) govern the disposition of the remainder of the case.  The first of these provides in relevant part that:

> "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> * * *
>
> "(3) the district court has dismissed all claims over which it has original jurisdiction".

Section 1447 (c) provides in relevant part that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

These last two remand provisions have been specifically held to apply to actions which had been removed to Federal Court under § 1452(a) on the ground that they were related to bankruptcy cases (Things Remembered, Inc., v. Petrarca, 516 U.S. 124, 129, 116 S.Ct. 494, 497, 133 L.Ed.2d 461, 467 (1995) ("There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and

6

remands in bankruptcy"); Letherer v. Alger Group, 328 F.3d 262, 265 (6th Cir. 2003); Doddy
v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

As both the Supreme Court and the Third Circuit have made clear, by far the
most important factor in determining whether to remand is the point in the case at which the
Federal issue disappears.  When it is "eliminated at an early stage of the litigation, the
District Court has a powerful reason to choose not to continue to exercise jurisdiction"
(Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 619, 98 L.Ed.2d
720 (1988)).  As the Third Circuit noted in Growth Horizons v. Delaware County, 983 F.2d
1277, 1284-5 (3d Cir. 1993):

> "In making its determination, the district court should take into
> account generally accepted principles of 'judicial economy,
> convenience, and fairness to the litigants' *United Mine Workers v.*
> *Gibbs, 383 U.S. 715, 726, 16 L.Ed.2d 218, 86 S.Ct. 1130 (1966)*;
> see also David D. Siegel, Practice Commentary, appended  to *28*
> *U.S.C.A. § 1367* ("Whether a dismissal of the touchstone claim
> should bring about a dismissal ... of the dependent claim for want
> of supplemental jurisdiction should hinge on the moment within
> the litigation when the dismissal of the touchstone claim takes
> place and on the other surrounding circumstances ....')."

In Growth Horizons,  there had been two years of active litigation, fifteen
pages of court docket, and1,800 pages of deposition testimony prior to the Federal claims
being dismissed.  The case, however, was not near trial, and the District Court accordingly
remanded the State claims.  The Third Circuit found no abuse of discretion.

The burden is on the party seeking to retain Federal jurisdiction (usually the
removing defendant) to establish that the existence of judicial economy, convenience, and
fairness to the litigants "'provide[s] an affirmative justification for'" retaining the case
(Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000), quoting Borough of West Mifflin v.
Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)).  Indeed, when there is no viable Federal claim, a

7

"court should ordinarily refrain from exercising [supplemental] jurisdiction in the absence of extraordinary circumstances" (Tully v. Mott Supermarkets, 540 F.2d 187, 195 (3d Cir. 1976)).  Thus, even when the removed action had been consolidated with one commenced in Federal Court, once the Federal parts of the consolidated action which had originated in Federal Court were disposed of, the case should be "unconsolidated", the Federal action dismissed, and the State action remanded (Bradgate Associates v. Fellows, Read & Associates, 999 F.2d 745, 751 (3d Cir. 1993)).  Remand is normally routine once all Federal claims are disposed of (Izquierdo v. Sills, 68 F.Supp.2d 392, 421 (D.Del. 1999); Gannon v. Continental Ins. Co., 920 F.Supp. 566, 589 (D.N.J. 1996)).

In the case at bar, discovery has only just begun.  Plaintiff has only recently (subsequent to the decision disposing of the appeal) made a document production.  This is the only discovery to date.  Specifically, there have been no depositions taken.  There are five months left before the discovery cutoff date set by this Court (August 28, 2006), and the tentative trial date set by this Court (April 9, 2007) is more than a year away.  This is a landlord-tenant controversy, with no further bankruptcy ramifications, between non-debtors. The remaining legal issues are State law ones.  Furthermore, the issues on the motion and crossmotion for partial summary judgment, presently pending before this Court and subject to the remand, are ones of Missouri law, and it is to a Missouri Court that the remand will go.[3]

There should accordingly be a remand.

---

[3] This Court, as transferee of the Western District of Missouri, has the power of the Transferor Court to remand to the State Court in Missouri (Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 271 (3d Cir. 2002); Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985)).

## Conclusion

The Eighth Circuit expressly held that it was the bankruptcy appeal which supplied the "related to" jurisdiction permitting the removal.[4]  That bankruptcy appeal no longer exists.  This case is far from trial, at the very beginning of discovery, and the remaining issues are State Court issues, particularly and immediately ones of Missouri law. It should accordingly be remanded to Missouri State Court.  Plaintiffs' motion for a remand must therefore be granted.

Dated:  March 30, 2006

DUANE MORRIS LLP

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:      mlastowski@duanemorris.com
             rwriley@duanemorris.com

-and-

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:    (212) 704-6000
Facsimile:    (212) 704-6288
E-mail:       Amos.Alter@troutmansanders.com

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al. and Counterclaim Defendant Abe Briarwood Corp.*

---

[4] "The case below is thus related to the bankruptcy court appeal in the Delaware district court" (417 F.3d at 958).

9