# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., | ) |
| et al., | ) Case No. 00-389 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |

### ORDER GRANTING MOTION OF THCI COMPANY, LLC TO COMPEL DEBTORS' ENTRY INTO MASTER LEASE AGREEMENT IN COMPLIANCE WITH STIPULATION AND ORDER: DOCKET NO. 9325

Upon consideration of the Motion of THCI Company, LLC to Compel Debtors' Entry Into Master Lease Agreement in Compliance with Stipulation and Order (the "Motion to Compel")[1] [see Docket No. 9325] filed on April 10, 2003 by THCI Company, LLC ("THCI") and the objection of Integrated Health Services, Inc. ("IHS"), and certain of its direct and indirect subsidiaries, including Integrated Health Services at Somerset Valley, Inc., Integrated Health Services of Cliff Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Services of Riverbend, Inc., Alpine Manor, Inc., Elm Creek of IHS, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., and Integrated Health Group Limited Partnership, debtors and debtors-in-possession herein (collectively, the "Debtors") filed on April 15, 2003 [see Docket No. 9363]; and upon the record of the hearing and oral argument of the parties held on April 17, 2003 with respect to the Motion to Compel and the Debtors' objection thereto; and after sufficient cause appearing therefor, it is

THE COURT FINDS AND CONCLUDES THAT:

A.  This Court has reviewed the Motion to Compel and has considered the representations of counsel regarding the relief requested therein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Compel.

WP3:880394.4   56309.1001

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion to Compel of THCI is granted as set forth more fully herein.

2. Within five (5) business days of the entry of this Order, the parties may execute a form of Master Lease on such terms as may be mutually agreeable by the parties, provided, however, that if within such time the parties do not execute a Master Lease on mutually agreeable terms, a Master Lease shall be deemed to exist, which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e), and (f) of the March 2002 Stipulation and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 Stipulation.

3. This Court shall retain jurisdiction to adjudicate any dispute arising under or with respect to the Motion to Compel, and with respect to any other matters arising from or related to the implementation of this Order.

Wilmington, Delaware
April 22, 2003

                                        Honorable Mary F. Walrath
                                        United States Bankruptcy Judge