# EXHIBIT "D"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| INTEGRATED HEALTH SERVICES, | ) |
| INC., et al. | ) Case No. 00-389 (MFW) |
| | ) |
| | ) (Jointly Administered) |

### ORDER

Upon consideration of the motion filed by THCI Company, LLC ("THCI" or "Landlord") seeking a determination of administration claim status and a direction for immediate payment or, in the alternative, requiring the IHS Liquidating LLC ("Liquidating LLC") to segregate funds as a reserve with respect to the THCI claim (hereinafter referred to as the "Motion"), (Docket No. 10349) and the objections and responses filed by the Liquidating LLC and Abe Briarwood Corp., the parent entity of IHS Long Term Care, Inc. ("LTC"), and the applicable reorganized debtors as lessees ("Applicable Reorganized Debtors") with respect to the purported lease by and between THCI as landlord and the Applicable Reorganized Debtors as lessees (Abe Briarwood Corp., LTC and the Applicable Reorganized Debtors hereinafter referred to collectively as "Briarwood"); and the reply memorandum filed by THCI in support of the Motion; and after hearing held on December 10, 2003; it is hereby **ORDERED** as follows:

1. That the Motion of THCI described above for allowance of an administrative claim against IHS Liquidating LLC is hereby

**DENIED** because such claim was not identified as an Excluded Administrative Claim within the meaning of the Plan and Confirmation Order and therefore is not properly allowable as against the IHS Liquidating LLC; and

2. THCI has no claims against the Liquidating LLC and the Liquidating LLC is not required to set up any claims reserve on account of THCI; and

3. With respect to any claims of THCI against Briarwood, such claims constitute third party disputes which this Court has no jurisdiction and which claims and/or defenses must be pursued in a non-Bankruptcy Court or Courts having appropriate jurisdiction; and

4. The cross-motion of the IHS Liquidating LLC for sanctions against THCI for violation of the Confirmation Order is hereby **DENIED**; and

5. That aspect of THCI's motion for allowance of administrative claim relating to an award of attorneys' fees pursuant to the March 2002 Stipulation and Order is **DENIED** without prejudice to THCI's right to file an amended claim for such fees limited to the period through and including the date of the March 2002 Stipulation and Order.

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge

Dated: January ⁊ , 2004