# EXHIBIT "F"

LEXSEE 417 F3D 953

Integrated Health Services of Cliff Manor, Inc., a Delaware Corporation; Integrated Health Services at Riverbend, a Delaware Corporation; Integrated Health Services at Somerset Valley, Inc., a Delaware Corporation; Alpine Manor, Inc., a Pennsylvania Corporation; Briarcliff Nursing Home, Inc., a Pennsylvania Corporation; Integrated Health Group, Inc., a Pennsylvania Corporation; Spring Creek of IHS, Inc., a Pennsylvania Corporation; Firelands of IHS, Inc., a Pennsylvania Corporation; Elm Creek of IHS, Inc., a Pennsylvania Corporation, Plaintiffs-Appellants, IHS Long Term Care Services, Inc., a Delaware Corporation, Plaintiff, v. THCI Company, LLC, a Delaware Limited Liability Company, Defendant-Appellee.

No. 04-2830

UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

417 F.3d 953; 2005 U.S. App. LEXIS 16687; 45 Bankr. Ct. Dec. 25

April 15, 2005, Submitted
August 10, 2005, Filed

**PRIOR HISTORY:** [**1] Appeal from the United States District Court for the Western District of Missouri.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, a successor company and subsidiaries, appealed orders of the United States District Court for the Western District of Missouri denying plaintiffs' motion for a preliminary injunction and granting defendant lessor's motion to transfer venue. Plaintiffs had asked the state court to order nine leases expired by their terms, to terminate a master lease if created, and to find that guaranties had expired. The lessor removed the action.

**OVERVIEW:** The district court transferred the cause to the district in which a bankruptcy involving plaintiffs and predecessors was being litigated. Plaintiffs moved for a remand, contending that the case was not related to a bankruptcy matter. The court found that it had jurisdiction over the appeal because the transferee court had not docketed notice of receipt of the file prior to the filing of the notice of appeal. On review, the court found no error. The district court had jurisdiction over the case under 28 U.S.C.S. § 1404(a) because it was related to bankruptcy proceedings in Delaware pursuant to 28 U.S.C.S. § 1334(b). Plaintiffs' complaint concerned the status of the nine leases, the master lease, and guaranties under the leases. At the time of removal, those issues were still being litigated in the Delaware courts. Thus, the status of the lease obligations were contingent to the bankruptcy appeal. Further, it was not an abuse of discretion to transfer the matter because the transfer served judicial economy by putting the related matter before the same court handling the bankruptcy. Thus, the denial of the injunction to prevent litigation in Delaware was proper.

**OUTCOME:** The court affirmed the orders of the district court.

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
*Civil Procedure > Injunctions > Preliminary & Temporary Injunctions*
[HN1] 28 U.S.C.S. § 1292(a)(1) allows for the appeal of an interlocutory order denying a preliminary injunction.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN2] It is true that when a case file is physically transferred to another court, it divests the transferor court of jurisdiction. However, the United States Court of Appeals for the Eighth Circuit takes the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court.

Case 1:04-cv-00910-GMS    Document 145-9    Filed 03/30/2006    Page 3 of 6

417 F.3d 953, *; 2005 U.S. App. LEXIS 16687, **;
45 Bankr. Ct. Dec. 25

Page 2

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
*Civil Procedure > Venue > Change of Venue in Federal Courts*
[HN3] A court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C.S. § 1404(a).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
[HN4] District courts have jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C.S. § 1334(b). For subject matter jurisdiction to exist in a related to action, there must be some nexus between the civil proceeding and the Title 11 case. A claim is related to a bankruptcy case within the meaning of § 1334(b) if it could conceivably have any effect on the bankruptcy estate. These possible effects include any matter that could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
[HN5] The exercise of "related to" jurisdiction under 28 U.S.C.S. § 1334(b) avoids the inefficiencies of piecemeal adjudication and promotes judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate.

**COUNSEL:** For INTEGRATED HEALTH SERVICES, AT RIVERBEND, a Delaware Corporation, INTEGRATED HEALTH SERVICES, AT SOMERSET VALLEY, INC., a Delaware Corporation, ALPINE MANOR, INC., a Pennsylvania Corporation, BRIARCLIFF NURSING HOME, INC., a Pennsylvania Corporation, INTEGRATED HEALTH GROUP, INC., a Pennsylvania Corporation, SPRING CREEK OF IHS, INC., a Pennsylvania Corporation, FIRELANDS OF IHS, INC., a Pennsylvania Corporation, ELM CREEK OF IHS, a Pennsylvania Corporation, Plaintiffs - Appellants: Robert H. Freilich, Elisa A. Paster, FREILICH & LEITNER, Kansas City, MO; Robin Kramer, PANETHIERE & HELFAND, Kansas City, MO.

For THCI COMPANY, LLC, a Delaware Limited Liability Company, Defendant - Appellee: Greg Thomas Spies, Stuart E. Bodker, MCDOWELL & RICE, Kansas City, MO; Ronald L. Castle, ARENT FOC, PLLC, Washington, DC.

**JUDGES:** Before MELLOY, COLLOTON, and GRUENDER, Circuit Judges.

**OPINIONBY:** MELLOY

**OPINION:** [*954] MELLOY, Circuit Judge.

IHS Long Term Care Services, Inc. ("IHS Long Term Care") and its subsidiaries appeal the district court's n1 orders denying its Motion for a Preliminary Injunction and granting THCI [**2] Company, LLC's ("THCI") Motion to Transfer Venue to the United States District Court for the District of Delaware. We affirm.

n1 The Honorable Gary A. Fenner, United States District Court Judge for the Western District of Missouri.

**I. Facts**

Prior to February 2000, IHS Long Term Care Services, Inc.'s predecessor Integrated Health Services, Inc. ("Integrated Health Services") was one of the country's largest operators of nursing homes. The nursing homes were operated by subsidiaries of Integrated Health Services. The facilities were located on land owned by [*955] various other parties who would lease the land to the corresponding subsidiaries. One of these owner-lessors was THCI. THCI leased land to nine subsidiaries (the "subsidiaries"). The Integrated Health Services parent company was a guarantor of the subsidiaries' obligations under the THCI leases.

In February 2000, Integrated Health Services, including its subsidiaries, filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Delaware. [**3] In May 2001, Integrated Health Services moved to assume some of the THCI leases but to reject others. THCI opposed the motion. Litigation followed on issues related to the validity of the THCI leases. THCI and Integrated Health Services eventually entered into a settlement. The bankruptcy court entered a stipulated order memorializing the terms of the settlement in March 2002 ("March 2002 Order"). The order required the parties "within 30 days . . . or at such time thereafter as the Parties may agree . . . [to] enter into a master lease agreement amending and restating the Leases." March 2002 Order at 5. "Provided the leases are [were] amended as . . . . provided," the March 2002 Order required Integrated

Case 1:04-cv-00910-GMS    Document 145-9    Filed 03/30/2006    Page 4 of 6

Page 3
417 F.3d 953, *; 2005 U.S. App. LEXIS 16687, **;
45 Bankr. Ct. Dec. 25

Health Services to "assume the leases as amended and restated by the Master Lease." March 2002 Order at 2.

Meanwhile, Integrated Health Services developed its Chapter 11 plan of reorganization. On January 28, 2003, Integrated Health Services and Abe Briarwood Corp. ("Briarwood") entered into a Stock Purchase Agreement, with implementation of the Agreement contingent on the Bankruptcy Court's confirmation of Integrated Health Service's plan of reorganization. The Stock Purchase [**4] Agreement required Integrated Health Services to form IHS Long Term Care Services, Inc. and to assign to IHS Long Term Care "all of [Integrated Health's] assets and liabilities . . . including without limitation the capital stock of all of the subsidiaries that conduct [Integrated Health's] long-term care business." The Stock Purchase Agreement, in essence, sold Integrated Health Service's nursing home business to Briarwood.

Briarwood subsequently refused to accept the transfer of the subsidiaries. Integrated Health Services sought relief from the March 2002 Order that imposed assumption of the THCI leases. In April 2003, Integrated Health Services and THCI had not executed a master lease, and Integrated Health Services filed a motion in the bankruptcy court seeking authorization, as required under Chapter 11, to reject all of the nine individual THCI leases. Integrated Health Services argued that the March 2002 Order made the execution of a master lease a precondition for assuming continuing lessee obligations. Because the master lease had not been executed, it argued, Integrated Health Services and the subsidiaries had no surviving lease obligations and were free to reject the [**5] nine leases without incurring rejection damages. THCI moved to compel Integrated Health Services to comply with the March 2002 Order and filed objections to the proposed plan of reorganization.

On April 22, 2003, the bankruptcy court granted THCI's motion to compel and denied relief to Integrated Health Services. The bankruptcy court found that the execution of a master lease had not been a precondition to the settlement. The bankruptcy court held:

> Within five (5) business days of the entry of this Order, the parties may execute a form of Master Lease on such terms as may be mutually agreeable by the parties, provided, however, that if within such time the parties do not execute [*956] a Master Lease on mutually agreeable terms, a Master Lease shall be deemed to exist, which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e), and (f) of the March 2002 [Order] and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 [Order].

Integrated Health Services and the subsidiaries appealed the April 2003 order to the Delaware District Court, which [**6] appeal remains pending. The parties did not execute a master lease within the five-day period.

On May 12, 2003, the bankruptcy court confirmed Integrated Health Service's plan of reorganization. The confirmation order found that, by virtue of previous court orders, "the Master Lease shall be treated as an assumed lease . . . unless and until an order is entered by this Court or another court of competent jurisdiction permitting the rejection of the THCI Leases . . . and/or nullifying or invalidating the Master Lease." Order of Confirmation at 40. The Order of Confirmation discharged all proofs of claim that were not filed prior to May 12, 2003. Order of Confirmation at 49. Integrated Health Services contends that THCI failed to raise the guaranty issue, which is the subject of the lawsuit, prior to the date of the confirmation order and that THCI therefore waived that claim.

On September 9, 2003, the Stock Purchase Agreement closed. IHS Long Term Care acquired the capital stock of the subsidiaries. IHS Long Term Care's stock was owned by Briarwood. n2

> n2 For simplicity, we continue to refer to IHS Long Term Care Services, Inc. as "Integrated Health".

[**7]

On September 24, 2003, THCI moved for attorneys' fees and $ 41,667,000 in administrative expenses in connection to the guaranties. On January 7, 2004, the bankruptcy court denied THCI's motion "because the claim was not identified as an Excluded Administrative Claim within the meaning of the Plan." January 2004 Order at 2.

On April 5, 2004, while the appeal of the bankruptcy court's order to the Delaware District Court remained pending, IHS Long Term Care filed a complaint against THCI in Platte County, Missouri, asking the court to order: (a) that the nine leases had expired by their terms, (b) that the master lease, if one had been created, was terminated by THCI's post-bankruptcy action in filing its administrative expenses claim, and (3) that the guaranties had expired. On May 4, 2004, THCI removed the case to United States District Court for the Western District of

Case 1:04-cv-00910-GMS   Document 145-9   Filed 03/30/2006   Page 5 of 6

Page 4
417 F.3d 953, *; 2005 U.S. App. LEXIS 16687, **;
45 Bankr. Ct. Dec. 25

Missouri (the "Western District") under *28 U.S.C. § 1452(a)*, asserting that the matter was "related to" a pending Delaware bankruptcy appeal within the meaning of *28 U.S.C. § 1334(b)*. THCI also moved to transfer the Missouri complaint to the District of Delaware under [**8] *28 U.S.C. § 1404(a)*, contending that the issues raised by the Complaint were inextricably intertwined with those already being adjudicated by the Delaware district court.

IHS Long Term Care moved for remand, contending that the case was not related to the bankruptcy matter and that the Delaware bankruptcy court had issued an Order denying jurisdiction over claims under the guaranties, constituting res judicata on the issue of federal court jurisdiction. IHS Long Term Care also moved for a preliminary injunction asking the [*957] Western District to enjoin THCI from litigating its complaint in Delaware.

THCI answered IHS Long Term Care's motion and added counterclaims. THCI contended that: (a) the nine leases and guaranties were in effect, (b) IHS Long Term Care was liable to THCI on the guaranties, (c) THCI was entitled to specific performance of certain obligations in the nine leases, for fraudulent conveyance against IHS Long Term Care, and for damages as holdover tenants.

The parties briefed issues related to IHS Long Term Care's motion to remand, THCI's motion to transfer venue, and IHS Long Term Care's motion for a preliminary injunction and the district court [**9] held a hearing on June 29, 2004. On June 30, 2004, the Western District granted THCI's motion to transfer venue and denied IHS Long Term Care's motion for a preliminary injunction. The district court found that the Missouri complaint raised essentially the same issues as the Delaware bankruptcy appeal, and that the Western District intended to preserve the Delaware district court's authority to address those issues. The Western District left it to the Delaware court to resolve whether the Missouri complaint was "related to" the Integrated Health bankruptcy within the meaning of *28 U.S.C. § 1334(b)*.

Twenty days elapsed, and the Western District court transferred the file to the District of Delaware. A week later, on July 26, 2004, IHS Long Term Care filed the Notice of Appeal leading to our review, under [HN1] *28 U.S.C. § 1292(a)(1)* (appeal of an interlocutory order denying a preliminary injunction). On July 28, 2004, the District of Delaware docketed notice of its receipt of the file from the Western District. Thereafter, IHS Long Term Care filed a petition for mandamus against the Western District judge. This Court denied the petition for [**10] mandamus on October 21, 2004.

**II. Discussion**

We first address the issue of our jurisdiction over this matter. There was some suggestion by THCI that this court lacks jurisdiction because the Western District transferred the case file before IHS Long Term Care sought appeal. [HN2] It is true that when a case file is physically transferred to another court, it divests our court of jurisdiction. *In re Nine Mile, Ltd., 673 F.2d 242, 244 (8th Cir. 1982)*. The district court below transferred the case file to the Delaware court. However, "our circuit takes the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court." *Midwest Motor Express, Inc. v. Central States Southeast, 70 F.3d 1014, 1016 (8th Cir. 1995)*. While the Western District had already sent the file when IHS Long Term Care filed their Notice of Appeal on July 26, 2004, the Delaware court did not docket notice of receipt of the file until two days later, on July 28, 2004. Because IHS Long Term Care filed their Notice of Appeal before the date of receipt, we have jurisdiction to hear the appeal.

Next we turn [**11] to the issue of the district court's power to transfer the case before deciding the issue of its own jurisdiction. We agree with IHS Long Term Care that [HN3] a court without subject matter jurisdiction cannot transfer a case to another court under *28 U.S.C. § 1404(a)*. *Klett v. Pim, 965 F.2d 587, 591 n.7 (8th Cir. 1992)*. However, we agree with THCI that the Western District had jurisdiction over this case because it was "related to" the proceedings in Delaware.

[HN4] District courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under [*958] title 11." *28 U.S.C. § 1334(b)*. "For subject matter jurisdiction to exist in a 'related to' action, there must be some nexus between the civil proceeding and the Title 11 case." *Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995)*. "A claim is 'related to' a bankruptcy case within the meaning of § 1334(b) if it 'could conceivably have any effect' on the bankruptcy estate." *Kocher v. Dow Chemical Co., 132 F.3d 1225, 1230-31 (8th Cir. 1997)* (quoting *Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir. 1993)*). [**12] These possible effects include any matter that could "'alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.'" *In re Dogpatch U.S.A., Inc., 810 F.2d 782, 786 (8th Cir. 1987)* (quoting *Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984))*.

IHS Long Term Care's complaint below concerned the status of the nine leases, the master lease, and the guaranties under the leases. At the time of removal, these issues were still being litigated in the Delaware courts. As explained above, the bankruptcy court granted THCI's motion to compel Integrated Health to comply

Case 1:04-cv-00910-GMS    Document 145-9    Filed 03/30/2006    Page 6 of 6

417 F.3d 953, *; 2005 U.S. App. LEXIS 16687, **;
45 Bankr. Ct. Dec. 25

Page 5

with the March 2002 Order to execute a master lease and assume the leases. This issue was on appeal to the Delaware district court when IHS Long Term Care filed its complaint in the Missouri state court and when THCI removed the matter to the Western District. The status of the lease obligations are contingent on issues pending before the Delaware district court. The case below is thus related to the bankruptcy appeal in the Delaware district court and the district court had jurisdiction to transfer [**13] the case. For the same reasons, we find it was not an abuse of discretion to transfer the matter to the Delaware court. The transfer serves judicial economy by putting the related matter before the same court handling the bankruptcy. See *Abramowitz, 999 F.2d at 1278* [HN5] (the exercise of "related to" jurisdicion under § *1334(b)* "avoids the inefficiencies of piecemeal adjudication and promotes judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate"). It follows that the district court did not abuse its discretion in denying IHS Long Term Care's injunction to prevent litigation of the matter in the Delaware courts.

For the foregoing reasons, we affirm the judgment of the district court.