## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INC. INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> v. <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants. | Civil Action No. 04-910 (GMS) |

## DECLARATION OF WARREN D. COLE IN SUPPORT OF THE MOTION OF THCI COMPANY LLC FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION

WARREN D. COLE, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1.      I am the Chief Operating Officer of THCI Company LLC ("THCI"), the defendant in this action.  I submit this Declaration in Support of THCI's Motion for

Partial Summary Judgment and Permanent Injunction based upon my personal knowledge and the records of THCI. I am fully familiar with the facts hereinafter stated.

2.     Integrated Health Services of Cliff Manor, Inc., Integrated Health Services at Riverbend, Inc., Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Group, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., and Elm Creek of IHS, Inc. (the "Nine Subsidiaries"), each a subsidiary of IHS Long-Term Care, Inc. ("LTC"), leased nine health care facilities (nursing homes) located in Ohio, Pennsylvania, New Jersey, Alabama, Michigan, and Missouri (the "Facilities") from THCI.

3.     The Nine Subsidiaries occupy the Facilities pursuant to a master lease (the "Master Lease") deemed to exist by Order of the United States Bankruptcy Court for the District of Delaware entered on April 22, 2003 (the "April 2003 Order") and affirmed by the Court on March 21, 2006.

4.     The Master Lease incorporates (i) the existing leases (the "Nine Leases") between THCI and the Nine Subsidiaries, as amended by a 1993 Lease Modification Agreement, and (ii) the terms of a Stipulation and Order dated March 18, 2002 (the "March 2002 Stipulation and Order") which provides, in pertinent part, that the Master Lease shall:

        (a)     Be a single triple net lease.

        (b)     Provide that the base rent for all of the Leased Properties in the aggregate shall be $8,100,000 per annum.

        (c)     Provide for escalations of 2.5% per annum.

        (d)     Provide that the terms of the lease for all of the Leased Properties shall be for 10 years.

2

A true copy of the March 2002 Stipulation and Order is attached to the Declaration of Amos Alter in Support of Partial Summary Judgment Motion (Docket No. 72) as Exhibit G.

5.    Pursuant to paragraph 3(b) and (c) of the March 2002 Stipulation and Order, the current monthly base rent for the Facilities, exclusive of taxes and other charges, is $709,171.88 ($8,510.062.50 annually).

6.    As expressly stated in paragraph 3(a) of the March 2002 Stipulation and Order, the Master Lease is a "triple net lease," which means that the tenant is responsible for all expenses of the Facilities including, but not limited to, real estate taxes.

7.    Pursuant to Article 16 of each of the Nine Leases, as incorporated by the Master Lease, a failure to pay rent when due, which is not cured within seven (7) days of written notice of such failure to pay, constitutes an event of default, giving rise to THCI's right to terminate the Master Lease. A true copy of one of the Facility Lease and Security Agreements (the "Elm Creek Lease") is attached hereto as Exhibit A.  The terms of the Nine Leases are substantially similar.

8.    Since May 2005, the Nine Subsidiaries have failed to pay any base rent to THCI related to the Facilities and currently owe more than $7.8 million, not including interest.

9.    In addition to their unpaid base rent obligations, the Nine Subsidiaries have failed to pay real estate taxes in the current amount of more than $900,000, not including interest.

10.     The Nine Subsidiaries are each required to provide to THCI, among other information, (i) annual statements of earnings and retained earnings and of changes in financial position, together with notes related thereto, prepared in accordance with generally accepted accounting principles, and related balance sheets, (ii) complete copies of surveys, inspections, compliance certificates, and other reports issued by any governmental agency or authority relating to licensing and operation of the facilities, and (iii) any other information requested by THCI concerning the financial condition and affairs of each of the Nine Subsidiaries. *See, e.g.*, Exhibit A (Elm Creek Lease at § 23).

11.     In breach of the Master Lease, the Nine Subsidiaries have not provided THCI with the information to which it is entitled.

12.     The Nine Subsidiaries are required to surrender the Facilities upon demand by THCI and ten (10) days prior notice. *See, e.g.*, Exhibit A (Elm Creek Lease at § 16.2).

13.     THCI has provided written notice to the Nine Subsidiaries of their defaults under the Master Lease, and THCI has demanded that the Nine Subsidiaries surrender the Facilities to THCI in accordance with the Master Lease on terms that would affect a smooth transition and ensure the health and well-being of the residents of the nursing home Facilities.

14.     Despite demand from THCI, the Nine Subsidiaries failed to cure their defaults under the Master Lease, and they have failed to vacate the Facilities. The Nine Subsidiaries also have failed and refused to transfer the relevant licenses, permits, and contracts necessary for THCI to assume control of operations at the Facilities and have, in fact, attempted to prevent THCI from doing so, in breach of the Master Lease.

Executed on April 3, 2006.

_____
WARREN D. COLE