# EXHIBIT A PART 4

IN WITNESS WHEREOF, the parties have caused this Lease to be executed and attested by their respective officers thereunto duly authorized.

Signed and acknowledged
in the presence of:                 MEDITRUST OF OHIO, INC.

_____
R∤ SCHWARTZ

_____             By: _____
MICHAEL F. BUSHEE                       Name: DAVID F. BENSON
                                        Title: TREASURER
                                            "Lessor"


                                    ELM CREEK OF IHS, INC.

_____
WILLIAM H. KANTOSKY

_____             By: _____
Thomas M. HICKEY                        Name: William Krystopowicz
                                        Title: Vice-President
                                            "Lessee"

-81-

COMMONWEALTH OF MASSACHUSETTS  :
                               : SS.
COUNTY OF __Suffolk__           :

The foregoing instrument was acknowledged before me this 7th day of December, 1990 by __David F. Benson__, the __Treasurer__ of Meditrust of Ohio, Inc., a Delaware corporation, on behalf of the Corporation.

_____
RICHARD P. SCHWARTZ
MY COMMISSION EXPIRES
FEBRUARY 10, 1995


COMMONWEALTH OF MASSACHUSETTS  :
                               : SS.
COUNTY OF __Suffolk__           :

The foregoing instrument was acknowledged before me this 7th day of December, 1990 by __William Kryslopowicz__, the __Vice-President__ of Elm Creek of IHS, Inc., a Pennsylvania corporation, on behalf of the Corporation.

_____
RICHARD P. SCHWARTZ
MY COMMISSION EXPIRES
FEBRUARY 10, 1995

8162R

## GUARANTY AND AGREEMENT

The undersigned hereby requests Lessor to enter into the foregoing Lease, and as an inducement to Lessor to do so, and additional consideration therefor, the undersigned hereby (a) guarantees unconditionally, and becomes surety to Lessor for, the full, faithful and punctual performance, fulfillment and observance of all of the obligations and liabilities of Lessee under said Lease; (b) waives notice of and consents to any and all amendments, extensions and renewals of said Lease, any and all assignments, subleases and other action that may be permitted thereunder by Lessee or Lessor, any and all other amendments, extensions and renewals, any and all advances, extensions, settlements, compromises, favors and indulgences, any and all receipts, substitutions, additions and releases of persons primarily or secondarily liable, and any and all acceptances by Lessor of negotiable instruments, commercial paper and other property, and agrees that none of the foregoing, should there be any, shall discharge or affect in any way the liability of the undersigned hereunder; (c) agrees that all rights and remedies of Lessor under said Lease and hereunder shall survive any discharge, moratorium or other relief granted any person primarily or secondarily liable in any proceeding under federal or state law relating to bankruptcy, insolvency or the relief or rehabilitation of debtors, and any consent by Lessor to, or participation by Lessor in the proceeds of, any assignment, trust or mortgage for the benefit of creditors, or any composition or arrangement of debts, may be made without the undersigned being discharged or affected in any way thereby; (d) waives any right to require marshalling or exhaustion of any right or remedy against any person, collateral or other property; (e) waives presentment, demand, protest and notice of default, non-payment and protest of all demands, notices and suretyship defenses generally; and (f) agrees to comply with the financial covenants applicable to the undersigned set forth in Section 7.4 of the foregoing Lease.

The undersigned hereby consents to the jurisdiction of the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, for the purpose of any suit, action or other proceeding arising out of or in connection with this Guaranty. The undersigned hereby expressly waives any and all objections it may have as to the venue in any such courts.

If the undersigned shall advance any sums to Lessee or its successors or assigns, or if Lessee or its successors or assigns shall be or shall hereafter become indebted to the

undersigned, such sums and indebtedness shall be subordinate in all respects to the amounts then or thereafter due and owing to Lessor. The undersigned shall not assert and hereby waives any right whatsoever that the undersigned may have at law or in equity, including, without limitation, any right of subrogation or to seek contribution, indemnification or any other form of reimbursement from Lessee, any other endorser, surety or guarantor of any of the obligations guaranteed hereunder or any other party now or hereafter primarily or secondarily liable for any of said obligations.

The provisions of this Guaranty shall be binding on the undersigned and the undersigned's successors and assigns, and this Guaranty and all of the covenants herein contained shall inure to the benefit of Lessor, its successors and assigns.

WITNESS the execution hereof under seal as of the 7th day of December, 1990.

INTEGRATED HEALTH SERVICES, INC.

By: _____
Name: William Kristopeanis
Title: Vice-President

-2-

EXHIBIT A

LEGAL DESCRIPTION OF THE LAND

ALL THAT CERTAIN LOT OR PIECE OF GROUND:

Situate in the City of West Carrollton, County of Montgomery and State of Ohio and being Lot Numbered FOUR THOUSAND ONE HUNDRED EIGHTY-SIX (4186) of the consecutive numbers of lots on the revised plat of the said City of West Carrollton, Ohio, as shown on the plan entitled "Record Plan Elmwood Park-Section Two" dated July, 1982, recorded in Plat Book 117, Page 25.

The above described lot was formerly described as follows:

Located in Section 14, Town 1, Range 6 MRS, City of West Carrollton, County of Montgomery, State of Ohio, and being a part of Lot 4130 in Elmwood Park Section One as recorded in Plat Book 108, page 31 in the plat records of Montgomery County, Ohio, and being described as follows:

Beginning at the northeast corner of said Elmwood Park Section One, said point being in the south line of land conveyed to R. J. Gargrave by deed recorded in Microfiche No. 77-449E11 in the deed records of Montgomery County, Ohio, said point also being the northwest corner of land conveyed to Frank Furlong by deed recorded in Deed Book 2530, Page 285 in the deed records of Montgomery County, Ohio;

thence with the east line of said Elmwood Park Section One and the west line of said Furlong land south one degree fifty minutes no seconds (01 deg. 50' 00") west for four hundred twenty-five and 00/100 (425.00) feet to the southeast corner of said Elmwood Park Section One;

thence with the south line of said Elmwood Park Section One south sixty-five degrees fifty-six minutes forty-five seconds (65 deg. 56' 45") west for three hundred eighty-one and 56/100 (381.56) feet to an angle point in said south line;

thence continuing with said south line north eighty-three degrees one minute twenty seconds (83 deg. 01' 20") west for one hundred eighty-four and 99/100 (184.99) feet;

thence on a new dividing line for the following three courses:

northwardly on a curve to the left with a radius of fifty and 00/100 (50.00) feet for one hundred fifty-seven and 08/100 (157.08) feet [long chord bearing north six degrees fifty-eight minutes forty seconds (06 deg. 58' 40") east for one hundred and 00/100 (100.00) feet];

thence north six degrees fifty-eight minutes forty seconds (06 deg. 58' 40") east for ninety-eight and 43/100 (98.43) feet; thence north twenty-two degrees seventeen minutes twenty seconds (22 deg. 17' 20") west for one hundred thirty-six and 10/100 (136.10) feet to a point in the north line of said Elmwood Park, Section One, said point being the south line of land conveyed to R. J. Gargrave by deed recorded in Microfiche No. 78-100C08 in the deed records of Montgomery County, Ohio;

thence with the north line of said Elmwood Park Section One and the south line of said Gargrave land and its eastward extension said eastward extension being the south line of the first-said Gargrave land north sixty-seven degrees forty-two minutes forty seconds (67 deg. 42' 40") east for six hundred nineteen and 44/100 (619.44) feet to the point of beginning, containing four and 948/1000 (4.948) acres, more or less. Curve distance is measured on the arc.

EXCEPTING THEREFROM the following described real estate:

Situate in the City of West Carrollton, County of Montgomery and State of Ohio located in Section 14, Town 1, Range 6 M.R.S., and being a part of Lot Numbered 4186 of the consecutive numbers of lots on the revised plat of the said City of West Carrollton described as follows:

Beginning at a point in the north line of Lot 4132 in Elmwood Park, Section One, said point being located north eighty-three degrees one minute twenty seconds (83 deg. 01' 20") west for four and 99/100 (4.99) feet from the northeast corner of said Lot 4132;

thence northeastwardly on a curve to the left with a radius of fifty and 00/100 (50.00) feet for seventy-eight and 54/100 (78.54) feet [long chord bearing north fifty-one degrees fifty-eight minutes forty seconds (51 deg. 58' 40") east for seventy and 71/100 (70.71) feet];

thence on a line radial to said curve south eighty-three degrees one minute twenty seconds (83 deg. 01' 20") east for two hundred eighteen and 10/100 (218.10) feet to a point in the south line of Lot 4186 in said Elmwood Park, Section Two;

thence with said south line south sixty-five degrees fifty-six minutes forty-five seconds (65 deg. 56' 45") west for ninety-six and 99/100 (96.99) feet to an angle point in said south line;

thence continuing with said south line and with part of the north line of said Lot 4132, north eighty-three degrees one minute twenty seconds (83 deg. 01' 20") west for one hundred eighty-four and 99/100 (184.99) feet to the point of beginning, containing no and 215/1000 (0.215) acres more or less. Curve distance is measured on the arc.

Said premises have the benefit of the following rights and easements as appurtenant thereto:

1. The right to construct, operate, maintain, repair, replace or remove water, sewer, gas, electric, telephone or other utility lines or services within the easement areas shown on the subdivision plat entitled "Record Plan Elmwood Park - Section Two" dated July, 1982, recorded in Plat Book 117, Page 25.

<u>ELM CREEK</u>

EXHIBIT B

PERMITTED TITLE EXCEPTIONS

1. Thirty-five foot building set back line from Elmwood Circle, five foot easement reserved along the west lot line, twenty foot easement reserved along the north, east, and south lot lines, ten foot easement reserved along Elmwood Circle, fifteen foot easement running from Elmwood Circle eastwardly into lot, ten foot easement running from Elmwood Circle eastwardly into lot and then southwardly to south lot line, all as shown on the recorded plat of Elmwood Park - Section Two, July, 1982, as recorded in Plat Book 117, Page 25 of Montgomery County records.

   "Easements shown on the plat are for the construction, operation, maintenance, repair, replacement or removal of water, sewer, gas, electric, telephone or other utility lines or services, and for the express privilege of removing all trees or other obstructions to the free use of said utilities and for providing ingress to and egress from the premises for said purposes and are to be maintained as such forever."

2. Easements affecting Lots 4188 and 4192 West Carrollton, as contained on the record plat of Elmwood Park - Section Two, July, 1982, as recorded on Plat 117, Page 25 of Montgomery County records.

   "Easements shown on the plat are for the construction, operation, maintenance, repair, replacement or removal of water, sewer, gas, electric, telephone or other utility lines or services, and for the express privilege of removing all trees or other obstructions to the free use of said utilities and for providing ingress to and egress from the premises for said purposes, and are to be maintained as such forever."

3. Memorandum of Facility Lease and Security Agreement by and between the Lessor and the Lessee of even date herewith, recorded with Montgomery County Records as Mortgage No. 90-2094B03.

4. Leasehold Mortgage from the Lessee to the Lessor of even date herewith, recorded with said Records as Mortgage No. 90-2094B08.

88231

EXHIBIT C

RELATED PARTY TRANSACTIONS

1. The Facility Lease Agreement dated December 30, 1986 by and between Meditrust and Integrated Health Services, Inc., relating to premises located in Bound Brook, New Jersey.

2. The Facility Lease and Security Agreement dated as of March 24, 1988 by and between Meditrust of Missouri, Inc. and Integrated Health Services of Cliff Manor, Inc., relating to premises located in Riverside, Missouri.

3. The Facility Lease Agreement dated August 13, 1987 by and between Meditrust or Alabama, Inc. and Briarcliff Nursing Home, Inc., as amended by First Amendment of Lease dated December 30, 1987 and Second Amendment of Facility Lease dated March 23, 1989, relating to premises located in Alabaster, Alabama.

4. The Facility Lease Agreement dated June 1, 1988 by Treemont of Dallas Limited and Cambridge Group, Inc., relating to premises located in Dallas, Texas.

5. The Facility Lease and Security Agreement dated as of May 5, 1988 by and between Meditrust of Michigan, Inc. and Integrated Health Services of Riverbend, Inc., relating to premises located in Grand Blanc, Michigan.

6. The Facility Lease and Security Agreement dated December 30, 1987, as amended by First Amendment of Lease Agreement by and between Meditrust at Alpine, Inc. and Alpine Manor, Inc., relating to premises located in Erie, Pennsylvania.

7. The Ground Lease dated June 28, 1990, by and between Meditrust of Mountainview, Inc. and Integrated Health Group, relating to premises located in Hempfield Township, Westmoreland County, Pennsylvania (the "Greensburg, PA Facility").

8. The Agreement for Purchase and Sale of Land, etc. dated June 28, 1990, by and between Integrated Health of Locust Valley Road, Inc., Integrated Health Group and Meditrust at Mountainview, Inc. relating to the Greensburg, PA Facility.

9. The loan evidenced by a Promissory Note of even date herewith in the original principal amount of $600,000 made by Elm Creek of IHS, Inc., Spring Creek of IHS, Inc., Carriage-By-The-Lake of IHS, Inc. and Firelands of IHS, Inc., jointly and severally, and payable to Meditrust of Ohio, Inc.