IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> v. <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants, | Civil Action No. 04-910 |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

DUANE MORRIS, LLP
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:   (302) 657-4900 Telephone:
Facsimile:   (302) 657-4901 Facsimile:
E-mail:        mlastowski@duanemorris.com
E-mail:        rwriley@duanemorris.com

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-6288
E-mail: Amos.Alter@troutmansanders.com

DM3\354554.1

## **TABLE OF CONTENTS**

Table of Authorities ............................................................................................................ ii

Argument ............................................................................................................................3

      The Motion Cannot Be Granted ..............................................................................3

Conclusion ..........................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Carrasco v. Klein*, 381 F. Supp. 782 ............................................................................................3

*Glass Molders v. Wickes Corp.*, 707 F. Supp. 174 (D.N.J. 1989) ....................................................3

*Mutual First, Inc., v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281 (S.D. Ala. 1989) ..............3, 7

*Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971) ......................................3

*South Park Associates v. Renzulli*, 94 F. Supp. 2d 460 (S.D.N.Y. 2000), *aff'd* 242 F.3d 368 (2d Cir. 2001) ........................................................................................................3, 5, 7

## STATUTES AND OTHER AUTHORITIES

Mich. C.L. § 600.5744 ....................................................................................................................6

Missouri Stat. § 511.290 .................................................................................................................6

NJ. Stat. § 2A: 17-1........................................................................................................................6

This Memorandum of Law is submitted on behalf of plaintiffs,[1] in opposition to the motion by defendant, THCI Company, LLC ("defendant" or "THCI"), which seeks, according to the heading of the Motion, of the Declaration in Support, and of the Brief in Support, "Partial Summary Judgment and Permanent Injunction".

Unfortunately, the heading is the last time the papers submitted on behalf of the motion agree as to what relief is being sought on the Motion. The Motion itself claims the relief sought is "partial summary judgment and evicting [plaintiffs]" (p. 1), and "requiring them to vacate and surrender to THCI the nine nursing home facilities" (p. 2). The Declaration in Support, other than a reference to the motion being for "Partial Summary Judgment and Permanent Injunction", offers no clue as to the relief sought. The brief (p. 1) claims the motion seeks a "permanent injunction enjoining the continuing occupancy by the [plaintiffs] of nine nursing home facilities". The "Argument", however, at least in its caption, seems to be concerned only with a declaratory judgment, which was not mentioned in the Motion. That caption (p. 4) reads in its entirety, "THCI Is Entitled To Partial Summary Judgment Declaring That The Master Lease Is Terminated And That The Nine Subsidiaries Are Required To Vacate The Facilities". The text of the Argument portion of the brief, however (p. 7), urges the authority of the Court to effect eviction, and then cites cases dealing with the power of the Court to issue preliminary injunctions. The citation of preliminary injunction cases is particularly curious, because no such relief is here sought in any of the documents (The Motion seeks a <u>permanent</u> injunction, presumably by way of summary judgment). The brief ends with a Conclusion asking for an Order (not a Judgment) evicting the Nine Subsidiaries. Annexed to the Motion, however, is a

---

[1] This motion actually applies only to the first nine named plaintiffs, tenants under a Master Lease with defendant as landlord. The tenth defendant is sued only as an alleged guarantor of the obligations of the other nine. That is an issue in other motions before this Court, but not this motion. For simplicity's sake, the nine tenants in question will be referred to as the "plaintiffs".

proposed Judgment (not an Order), purportedly providing for eviction, but not for declaratory relief.

Nowhere in any of THCI's papers is there an attempt to identify the Counterclaim, of the seven attempted to be pleaded in the Third Amended Counterclaims, under which summary judgment (or, as all the captions agree, partial summary judgment) is here sought. Indeed, the pleading labeled "Third Amended Counterclaims" is not even annexed to any of the motion papers or referred to therein. However, for the purposes of this Brief in Opposition, plaintiffs will assume that THCI is seeking partial summary judgment on the Third Amended Counterclaims' Second Counterclaim, which is captioned "Breach of the Master Lease Against the Nine Subsidiaries – Declaratory Judgment, Injunction and Eviction". No other counterclaim appears remotely relevant.[2]

As will be demonstrated, whatever it is that THCI is seeking on this motion, it is not entitled to it. The motion should therefore be denied.

---

[2] Since the various motion papers seek, in various places, all three forms of relief (declaratory judgment, injunction and eviction), it is difficult to perceive in what sense the motion seeks "partial" summary judgment on this claim. Since, however, in any one place only some of the relief is sought, each request for relief is "partial". The question, of course, is what it is that THCI really seeks, and plaintiffs must confess confusion.

<u>Argument</u>

**THE MOTION CANNOT BE GRANTED.**

For a wide variety of reasons, this Court should not grant the motion of THCI.

<u>First</u>: Plaintiffs have heretofore moved for a remand of this case to Missouri State Court, whence it was originally removed. If this Court is inclined to grant that motion, as plaintiffs believe it should be, then it would be inappropriate for this Court to decide this motion.

> "Federal jurisdiction is not so ambidextrous as to permit a district court to dismiss a suit for want of jurisdiction with one hand and to decide the merits with the other. A federal district court concluding lack of jurisdiction should apply its brakes, cease and desist the proceedings, and shun advisory opinions. To do otherwise would be in defiance of its jurisdictional fealty." (<u>Opelika Nursing Home, Inc. v. Richardson</u>, 448 F.2d 658, 667 (5th Cir. 1971); <u>see</u> also <u>Glass Molders v. Wickes Corp.</u>, 707 F.Supp. 174, 182 (D.N.J. 1989)).

THCI asserts (Br. 6) that "[T]his Court continues to have jurisdiction and the authority to enjoin the Nine Subsidiaries' continued occupancy", but the cases it cites (<u>id</u>.) for that proposition do not support its contention. Thus, <u>South Park Associates v. Renzulli</u>, 94 F.Supp.2d 460 (S.D.N.Y. 2000), <u>aff'd</u>. 242 F.3d 368 (2d Cir. 2001), was not a removed case, but one brought originally in diversity jurisdiction. After rejecting a challenge to jurisdiction based on the assertion that the amount-in-controversy requirement was not met, the Court went on to consider the merits. In <u>Mutual First, Inc., v. O'Charleys of Gulfport, Inc.</u>, 721 F.Supp. 281 (S.D. Ala. 1989), a request for a remand was rejected, and the Court reached the merits. In <u>Carrasco v. Klein</u>, 381 F.Supp. 782 (381 F.Supp. 782 (E.D.N.Y. 1974), the complaint, originally brought in Federal Court, asserted a Federal and pendant State claims. After denying a motion to dismiss the Federal claim, the Court considered motions addressed to the State claims. None of these

cases stands for the proposition that this Court, if it <u>grants</u> the motion to remand, may nonetheless consider the instant motion by THCI regarding the merits.

<u>Second</u>: Assuming, as Movants are, that the relief sought on this motion is predicated upon the Second Counterclaim, that count is subject to a motion to dismiss currently under advisement. Obviously, this Court may not grant THCI judgment on this claim without first determining the claim's sufficiency. It is respectfully submitted this Court will not sustain the Second Counterclaim even should the Court reach the merits despite the motion for a remand. The Court is respectfully referred to the motion to dismiss heretofore submitted, although some (but not all) of the arguments relevant thereto are briefed by the parties herein as well.

<u>Third</u>: Critical factual allegations of the various documents submitted by THCI on this motion are either inconsistent, or, when not contradicted by some other submitted document, just plain wrong. Summary judgment, which requires that the moving papers establish facts which are undisputed, is accordingly out of the question.

Thus, THCI's brief (p. 5) asserts that "[T]here can be no genuine issue of material fact that the Master Lease is terminated." As is demonstrated below, termination is critical to THCI's argument. However, the Declaration in Support makes no assertion of termination, nor does it annex any document by which THCI purported to terminate the Master Lease. In fact, the Master Lease has <u>not</u> been terminated. Annexed hereto as Exhibit "A" is a letter from THCI dated March 14, 2006, wherein it demands payment of rent under the (obviously in-force) Master Lease, and adds that it "reserves all rights ... including Landlord's right to provide Tenants with a notice of termination of the Master Lease." Obviously, the Master Lease was, as of that date,

not terminated. Plaintiffs are unaware of any subsequent purported termination. THCI's brief's assertion of a termination is simply incorrect.[3]

<u>Fourth</u>: The Declaration in Support asserts (Par. 13), and the Brief in Support echoes (p. 13), that THCI has demanded surrender of the facilities. However, no such demand is annexed. Of more significance, however, is that there is no contention that, in the absence of termination, THCI even has the right to demand such surrender, whether or not it did make such a demand. Certainly no lease clause purportedly creating such a right is cited, and the one lease (out of nine) annexed to the Declaration has no such clause. Insofar as THCI may here be seeking summary judgment, for either a permanent injunction against continuing occupation, or for a declaratory judgment directing such surrender, it has not established its right to same, and indeed has no right to same.[4]

<u>Fifth</u>: Insofar as THCI may be seeking equitable relief, it is clearly barred from same by its plain, speedy, and completely adequate remedy at law. That THCI apparently would prefer not to avail itself of the adequate and customary remedy at law for a claim of failure to pay rent, namely summary ejectment proceedings (by whatever name) in the jurisdictions where the real

---

[3] Interestingly, in one of the cases cited (or miscited) by THCI for another point, <u>South Park Associates v. Renzulli</u>, 94 F.Supp.2d 460 (S.D.N.Y. 2000), <u>aff'd</u>. 242 F.3d 368 (2d Cir. 2001), the Court denied the landlord's motion for summary judgment and granted the tenant's motion for that relief because the landlord had failed to terminate the tenancy.

[4] In general, it should be noted that THCI has not proved its case as to any lease term by citing, on an "<u>e.g.</u>" basis, a clause in the one lease annexed. The problem here all along was that the original prepetition leases were by no means identical. The difficulty the parties had for over a year in their attempt to agree upon the terms of a Master Lease was in deciding which terms from which prepetition leases should now govern all the properties through a Master Lease. As this Court is aware, that difficulty was never resolved, and the disparate terms of the nine separate leases now govern their respective properties through incorporation by reference of the terms into the Master Lease imposed by the Bankruptcy Court.

5

DM3\354554.1

properties are located, does not create an inadequacy in its remedy at law justifying equitable relief, from this or any other Court.[5]

THCI's cases, boilerplate for the power of courts of equity to fashion appropriate relief, do not of course address the threshold question of whether a court of equity should intervene at all, given the adequacy of the remedy at law. It should also be noted that where, as here, long and detailed commercial agreements have specific provisions dealing with the remedies of the parties, even a court of equity is not free simply to fashion whatever remedy one side wishes it would. A court of equity does not rewrite a contract to create remedies the parties did not bargain for.[6]

Sixth: Finally, insofar as THCI is apparently here seeking eviction, it shows its profound misunderstanding of the remedy. Thus, its proposed Judgment on this motion, in a decretal paragraph, recites that "[T]he Nine Subsidiaries are evicted". Of course, eviction is not effected by inserting a sentence into a judgment. Eviction is effected by a local Sheriff, acting under authority of a Writ of Eviction, physically evicting the party. See, e.g., in States where these properties lie, Missouri Stat. § 511.290; Pennsylvania R.Civ.P. Form 3255; NJ. Stat. § 2A: 17-1; Mich. C.L. § 600.5744. Nowhere in its brief does THCI address the key point, noted in plaintiffs' motion to dismiss now under advisement, that this Court, and, for that matter, a Delaware State Court or any Court anywhere, cannot issue a writ of eviction covering real property outside its jurisdiction. That this Court, in the proper circumstances and with the proper

---

[5] That this may require a number of proceedings does not convert the claim into one in equity. The requirement of more than one proceeding is simply a consequence of having a single Master Lease covering nine locations in six different States. The Landlord is entitled to no procedural shortcuts because of such an arrangement, particularly when the Master Lease makes no such provision.

[6] THCI does assert that its remedy at law may be inadequate because the nine tenants may not be able to respond in damages. That is, however, irrelevant, because eviction in State Court is also a remedy at law of which THCI may avail itself. Furthermore, THCI is claiming that there exists a guaranty by plaintiff Integrated Health Services Long Term Care Services, Inc. ("LTC"). Unless THCI is abandoning its assertion of a guaranty by LTC, the allegation of an inability of the tenants to respond in damages is of no consequence in any context.

6

basis for Federal jurisdiction, could entertain a claim for eviction from property in Delaware cannot be doubted; but none of the premises here in question is in Delaware.

In that regard, it is significant that THCI's counsel, in a recent conference call with this Court, conceded that this Court could not authorize eviction in the numerous locations where the property is located. See statement of THCI's attorney, Collins.J. Seitz, Jr., Esq., Tr. 10: "We are not saying this Court has the power to go to Missouri and boot them out of the nursing homes." A copy of the transcript of that March 29 telephone conference is annexed hereto as Exhibit "B".

To be sure, THCI cites, although not for this point, two cases standing for the proposition that a Federal Court may entertain an eviction claim. In both of them, however, the property was within the geographical jurisdiction of the Court. Thus, Mutual First, Inc., v. O'Charleys of Gulfport, Inc., 721 F.Supp. 281 (S.D. Ala. 1989), involved property in the Southern District of Alabama, while South Park Associates v. Renzulli, 94 F.Supp.2d 460 (S.D.N.Y. 2000), aff'd. 242 F.3d 368 (2d Cir. 2001), involved property in the Southern District of New York (and the landlord there was denied relief).

THCI's motion thus cannot be granted, and must accordingly be denied.

## Conclusion

THCI repeatedly accuses plaintiffs of seeking delay. However, it must be remembered that THCI here is the defendant, not the plaintiff. Although Judge Walrath told it to go sue in a non-Bankruptcy Court on its claim for a guaranty by TLC, it did nothing, necessitating plaintiffs bringing this action in State Court for a declaratory judgment that there was no such guaranty. Instead of allowing the rapid determination of the merits there, THCI removed the case and had it transferred to this Court, one of the busiest in the Nation, knowing full well that this would delay determination of the main question in this case. That question, upon which plaintiff's complaint and virtually all of defendant's counterclaims turn, is whether or not there is a guaranty by TLC of the obligations of the tenant plaintiffs. Plaintiffs have sought to bring this matter to a head, by moving for partial summary judgment. THCI, ever reactive, crossmoved for partial summary judgment in its favor, thus affirming that it, too, considers the question of whether there is a guaranty to be one of law. While that motion and crossmotion were both withdrawn without prejudice to renewal for technical reasons of which this Court is aware, the motion, and presumably the crossmotion, are now being reinstated.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

It is respectfully submitted that if this Court should deny the motion to remand (which of course must be decided before anything else), it should decide plaintiffs' motion for partial summary judgment at least simultaneously, if not before, deciding the present motion by defendant. It is further respectfully submitted that, for all the reasons stated above, defendant's present motion, whenever considered, should be in all respects denied.

DATED: April 12, 2006

                        **DUANE MORRIS LLP**

                        */s/ Michael R. Lastowski*

                        Michael R. Lastowski (DE I.D. 3892)
                        Richard W. Riley (DE I.D. 4052)
                        1100 North Market Street, Suite 1200
                        Wilmington, DE 19801-1246
                        Telephone: (302) 657-4900
                        Facsimile: (302) 657-4901
                        E-mail:    mlastowski@duanemorris.com
                                        cmwinter@duanemorris.com

                        -and-

                        TROUTMAN SANDERS LLP
                        Amos Alter, Esquire
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, NY 10174
                        Telephone:   (212) 704-6000
                        Facsimile:   (212) 704-6288
                        E-mail:       Amos.Alter@troutmansanders.com

                        *Attorneys for Plaintiff Integrated Health*
                        *Services of Cliff Manor, Inc. et al. and*
                        *Counterclaim Defendant Abe Briarwood Corp. and*
                        *non-parties Leonard Grunstein and Rubin Schron*