# EXHIBIT "B"

```
                                                                    1

          IN THE UNITED STATES DISTRICT COURT

          IN AND FOR THE DISTRICT OF DELAWARE

                          - - -

INTEGRATED HEALTH SERVICES      :    Civil Action
OF CLIFF MANOR, INC.,           :
et al.,                         :
                                :
             Plaintiffs,         :
                                :
       v.                       :
                                :
THCI COMPANY LLC,               :
                                :
             Defendant.         :    No. 04-910 (GMS)

                          - - -

               Wilmington, Delaware
             Wednesday, March 29, 2006
                    2:00 p.m.
               Telephone Conference

                          - - -

BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

APPEARANCES:

          MICHAEL LASTOWSKI, ESQ.
          Duane Morris LLP
                -and-
          AMOS ALTER, ESQ., and
          AURORA CASSIRER, ESQ.
          Troutman Sanders LLP
          (New York, New York)

                           Counsel for Plaintiff

          COLLINS J. SEITZ, JR., ESQ.
          Connolly Bove Lodge & Hutz LLP
                -and-
          DAVID SAGER, ESQ.
          Pitney Harden LLP
          (Morristown, New Jersey)

                           Counsel for Defendant
```

1        THE COURT: Good afternoon.
2        UNIDENTIFIED SPEAKER: Good afternoon, Your
3   Honor.
4        THE COURT: Who is on the line this afternoon?
5        MR. ALTER: For the plaintiffs Amos Alter and
6   Aurora Cassirer.
7        UNIDENTIFIED SPEAKER: Good afternoon, Your
8   Honor.
9        MR. LASTOWSKI: Michael Lastowski from Duane
10  Morris here in Wilmington, Your Honor.
11       MR. SEITZ: Your Honor, for the defendants it's
12  C.J. Seitz at Connolly Bove. With me is Dave Sager, Pitney
13  Harding.
14       THE COURT: Okay. So, counsel, we are convening
15  to discuss the impact of the Court's recent ruling.
16       MR. SEITZ: Right. I had made the suggestion to
17  the Court that we have the followup call because the Court
18  was kind enough to complete the decision in the appeal.
19       First I want to express the thanks on behalf of
20  my clients for the Court. I know the Court has a busy
21  docket and made time in its schedule to get that ruling out.
22  And it is much appreciated.
23       The effect of the ruling on the pending case,
24  Your Honor, is it is now established, as it was before, the
25  Court's ruling that there is a master lease. I don't think

1  it's disputed by the other side that they are in arrears to
2  the tune of millions of dollars. There may be a dispute
3  about how many millions, but it is millions. And I believe
4  it will not be disputed that even going forward they do not
5  have the ability to pay the full rent.
6          Your Honor, these are nursing homes. Obviously,
7  something needs to be done --
8          UNIDENTIFIED SPEAKER: Your Honor, I believe
9  this argument goes far beyond the impact --
10         THE COURT: Counsel, please don't interrupt.
11 Let him finish.
12         Go ahead, Mr. Seitz.
13         MR. SEITZ: Your Honor, these are nursing homes.
14 What we want to do is have a practical solution here to
15 figure out how our clients can transition into control of
16 these. As I say, there are people involved here. This is
17 not just about money.
18         What we would be looking for if the other side
19 is not willing to consent to it is some kind of abbreviated
20 hearing where we could present the issue to the Court, which
21 I have just argued, we can make a record on that. And we
22 would hopefully prevail upon the Court to enter an order
23 that would allow us to take possession of these nursing
24 homes.
25         It is not something that happens automatically.

1   There are regulations which overlay this procedure. So it
2   just doesn't happen by entering a Court order that we are
3   allowed to go in. There are regulatory requirements. But
4   if the Court does enter such an order, that would allow us
5   then to go to the regulators and transition ownership of
6   these nursing facilities to our client.
7           That is the way we look at it today. I mean, if
8   the other side is willing to consent to some kind of order,
9   or the Court is willing to enter it, just because there
10  doesn't seem to be a dispute about their ability to meet
11  their obligations on these leases, that would shortcut the
12  process. If they are not willing to agree to that, then we
13  would respectfully request to be heard so that we can
14  transition our ownership to these as soon as possible.
15          THE COURT: Okay. Your turn, counsel.
16          MS. CASSIRER: Your Honor, what I would like to
17  say is that I believe that this Court -- the only reason
18  that this case is in this court is because it was attached
19  or there was jurisdiction because of the federal question
20  relating to the appeal. Now that the appeal has been
21  decided, and affirmed, I believe that the case should be
22  remanded back to Missouri state court, which is essentially
23  the place where the landlord/tenant issues and the guarantee
24  issues should be decided.
25          We are prepared to make that motion. Remand of

1   the case is governed by several different provisions under
2   Title 28, Subsection (b) of Section 1452.
3           THE COURT: I am not prepared to hear that
4   argument, counsel. You can refer to your general thoughts.
5   You don't need to get into citing cases.
6           MS. CASSIRER: I appreciate that, Your Honor. I
7   would have Mr. Alter elaborate on the argument.
8           MR. ALTER: First let me make it clear, Your
9   Honor, patient care is not at all a question in this case.
10  There is no claim that there is any problem with the patient
11  care that they have been getting. The patient care has
12  proceeded, as a matter of fact, there is an independent
13  monitor who was put in place when our predecessor in
14  interest, Integrated Health Services, the debtor, was
15  running these facilities. That independent monitor is
16  always giving good marks to us for the operation.
17          As far as the request that this Court by some
18  sort of hearing give him relief, we would be opposed to
19  that. I am certainly unfamiliar with the procedure of
20  having a hearing in a vacuum. If there is some sort of
21  motion -- they have made some motions, in fact, in this
22  regard -- that's one thing. But hearings in a vacuum is
23  another.
24          We would be opposed to the relief sought in this
25  proceeding for a variety of reasons, some of which are being

1    expressed sort of as we speak in the process of the motion
2    which is presently pending to dismiss -- made, hasn't been
3    submitted yet, to dismiss the counterclaims. And also
4    primarily for the reasons to be stated in the motion which
5    we are about to make to remand this case, there is no longer
6    a federal case question. There is no diversity here. This
7    case has to go back to Missouri state court.
8         I would also mention in passing, as Ms. Cassirer
9    mentioned, that Missouri state court is probably at least as
10   well-equipped, if, permit me to say, not better-equipped
11   than this Court to handle landlord/tenant controversies
12   and the issues of the claims that there is a guarantee.
13   That is really what is at stake in this case, is the claim
14   of the guarantee.
15         THE COURT: Is that issue going to involve
16   Missouri law?
17         MR. ALTER: Yes. There is already pending
18   before Your Honor a motion and a crossmotion by both sides
19   for summary judgment, partial summary judgment as to
20   Missouri. Missouri may be only one of nine facilities.
21   It's by far the biggest money loser. So the question of a
22   guarantee in Missouri is really the heart of the case. That
23   question is determined by Missouri law. And can be
24   dispatched of fairly rapidly in the Missouri courts if and
25   when, as we believe, the case is remanded.

1    I would add we are prepared to make the remand
2    motion as early as tomorrow and possibly even this
3    afternoon.
4        THE COURT: Mr. Seitz.
5        MR. SEITZ: Your Honor, may I speak?
6        THE COURT: Yes.
7        MR. SEITZ: They are confusing the guarantee
8    issue, which is part of this case, with whether they are
9    entitled to continue to occupy these facilities. You did
10   not hear them say that they have not paid millions of
11   dollars in rent and that they have the ability to pay them
12   going forward.
13       What they are doing is continuing to delay our
14   ability to take over these premises. You have heard now
15   their next procedural ploy is to try and remand this whole
16   case to state court.
17       I mean, this case is before Your Honor. This
18   Court has jurisdiction to hear it. If there is some
19   technical impediment that they want to raise, we can brief
20   that. But you haven't heard word one from them about
21   whether they are rightfully in these premises or not. And
22   we are just trying to get our day of justice here.
23       They are all about delaying these proceedings.
24   We just want to figure out a way to get heard by the Court.
25   If there is going to be a remand eventually on collateral

1   issues, that is fine.
2            But on the underlying issues and the master
3   lease issue, which is part of this case, you haven't heard
4   them even put a defense up other than for a technical
5   remand.
6            THE COURT: Counsel.
7            MR. ALTER: The remand is not technical. It
8   goes to the question, of course, of the appropriateness of
9   Federal Court jurisdiction. But again --
10           THE COURT: Counsel --
11           MR. ALTER: Their remedy would not be some --
12           THE COURT: Counsel, counsel --
13           MR. ALTER: -- hearing on unframed issues before
14  a federal --
15           THE COURT: Counsel, listen to someone else's
16  voice other than your own, please.
17           Why don't you react directly, if you would, to
18  the point made by Mr. Seitz to which you have not responded,
19  and you have not, to the issue of whether your client should
20  be able to continue to occupy these premises without paying
21  rent.
22           MR. ALTER: In the first place, as we advised
23  Your Honor I think in the conference a month ago, beginning
24  April 1 we will be paying rent at a rate of approximately
25  two-thirds, almost exactly two-thirds of this rent called

9

```
 1  for under the master lease.  We are not paying any more
 2  simply because we can't.  You can't squeeze blood from a
 3  stone.
 4           Whether we have a right to occupy the premises,
 5  he has his remedy, which is to seek to evict us, as a
 6  landlord normally does, in the appropriate branch of a state
 7  court.  It is generally not something that would go to a
 8  state superior court.  And he will, if he wishes to evict
 9  us, he can do so.
10           If he doesn't wish to evict us, we are in the
11  premises under a lease.  We are paying rent, not what is
12  owed, but we are paying rent.  And unless and until he seeks
13  to evict us, yes, we do have a right to occupy the premises,
14  until there is an adjudication by a court of competent
15  jurisdiction, which I respectfully suggest is not this
16  Court --
17           THE COURT:  I have heard you on that several
18  times, counsel.  You need not repeat that line again.  Okay?
19  Word to the wise.  Do you hear me?
20           MR. ALTER:  Oh, yes, Your Honor.
21           THE COURT:  Mr. Seitz.
22           MR. SEITZ:  Your Honor, again, if this Court
23  were to issue an order that says they are not complying with
24  the master lease, we will then -- of course, that is within
25  your jurisdiction, to do that now, we will take that order
```

1  and as counsel said take that to state court and evict them.
2  But what we need is, because this Court has
3  jurisdiction, is the order of this Court basically
4  confirming what counsel has just said, and that is, they
5  can't pay the full rent. They are not paying the back rent.
6  They have no right to occupy the premises. Then we will
7  take that order and exercise our state court remedies.
8  We are not saying this Court has the power to go
9  to Missouri and boot them out of the nursing homes. But we
10  need the order from this Court to take our state court
11  action.
12  THE COURT: Wouldn't you need to file a motion
13  seeking that kind of relief, Mr. Seitz? Or are you saying
14  there is already such a request before the Court?
15  MR. SEITZ: There is none. That was the whole
16  purpose for this call, Your Honor, how to tee that issue up.
17  Frankly, we have heard for the first time today that they
18  want to raise a technical defense. It is not that they are
19  going to be able to pay, because I think you have heard
20  today they have offered to pay two-thirds of the rent.
21  Well, as we know, under the law, that is not complying with
22  the lease.
23  It would be our proposal, since they do appear
24  to want to raise a technical defense, that we figure out a
25  mechanism to let them be heard on that technical defense and

1  promptly present it to the Court and just stop this delaying
2  tactic. If they are right about a remand or whatever, the
3  Court can look at this.
4  But, geez, this nonpayment of rent has gone on
5  for a long time. They are admitting that they can't pay the
6  rent. It's time to move on.
7  MR. ALTER: This is Mr. Alter following up on
8  the suggestion.
9  THE COURT: Mr. Alter, I have not given you
10  permission to speak. I didn't ask to hear from you, did I?
11  MR. ALTER: I am sorry, Your Honor.
12  THE COURT: All right. Then it seems that what
13  needs to be done is for you, Mr. Seitz, to file the
14  appropriate motion, seeking the relief that you have
15  outlined, that to which you believe your client is entitled,
16  for me to also hear from counsel on the other side on the
17  remand issue and any other technical defense, as Mr. Seitz
18  has styled it. I don't know if you accept that
19  characterization, counsel for Integrated Health.
20  But in addition to the motion for remand, are
21  there other matters that you would want to put before the
22  Court or matters that you think are before the Court that
23  may resolve this? You may speak.
24  MR. ALTER: Are you addressing me, Your Honor?
25  THE COURT: I am.

12

1  MR. ALTER: Well, there is of course the motions
2  and the motion and crossmotion on the Missouri law question.
3  We believe under the circumstances, as I indicated earlier,
4  that should be in the Missouri courts. But if Your Honor
5  wishes to address that, fine.
6       But otherwise, we think, no, certainly, we
7  believe the remand issue is the first question that should
8  be on the table before Your Honor. Then depending on how
9  you handle that, we will go onto what the next issues are.
10      THE COURT: Mr. Seitz, is it your view the
11 remand issue should be first in order of priority?
12      MR. SEITZ: I understand that is what they want
13 to assert as a defense. I think the Court's suggestion is a
14 good one. Within a week, we will file our motion, and then
15 I would propose, Your Honor, respectfully, that they file
16 their response, we file our reply, we get this done in three
17 weeks time. Your Honor would give us a time to be heard,
18 and we will move this along.
19      THE COURT: I am content to allow counsel to
20 agree upon a briefing schedule for your motion, Mr. Seitz,
21 as well as for the remand motion.
22      MR. SEITZ: That is acceptable. We will confer
23 with counsel and get the schedule in place to do that.
24      THE COURT: Is that acceptable to you, Mr.
25 Alter?

13

```
 1              MR. ALTER:  We have never had trouble with
 2   either Mr. Seitz or his predecessor on scheduling.  I don't
 3   think we will have it now.
 4              THE COURT:  Then the Court will await a
 5   stipulation for the briefing on both motions.
 6              (Pause.)
 7              THE COURT:  The motion for preliminary
 8   injunction, is that matter one that needs to continue on the
 9   docket or not?
10              MR. SEITZ:  Your Honor, I don't believe it does;
11   Your Honor.  I think that that was withdrawn during our last
12   phone call, and Mr. Sager will correct me if I am wrong.
13              THE COURT:  It still shows up on our docket.
14              MR. SEITZ:  That is our fault and we ought to
15   figure out a way --
16              THE COURT:  How about I deny it.  It would be
17   probably more expeditious for me just to deny it.  No?
18              MR. SEITZ:  If Your Honor would deny it without
19   prejudice, I think that would be acceptable to us.
20              THE COURT:  Okay.  The motion for partial
21   summary judgment -- then, Mr. Alter, are there crossmotions
22   of that type?
23              MR. ALTER:  Yes.  There is a crossmotion by the
24   defendant for partial summary judgment on the same issue.
25   Both sides apparently consider it to be a question of law.
```

```
                                                                    14

 1                THE COURT:  Is it not the case that by deciding
 2   one or both motions that we are contemplating right now that
 3   will be filed that that will moot out the partial summary
 4   judgment motions?
 5                MR. ALTER:  If the motion to remand is granted,
 6   then the problem will be that of the Missouri court, but it
 7   still will be there.  If the motion is denied, the motion
 8   and crossmotion are still live before Your Honor, yes.
 9                THE COURT:  That is fine.  All right, then,
10   counsel, when do you think you can have the stipulation over
11   to the Court?
12                MR. ALTER:  Couple days, at most.
13                MR. SEITZ:  Your Honor, we will confer, maybe
14   right after this phone call, and try to get a stipulation
15   within the next day or two, if that is acceptable.
16                THE COURT:  That is fine, or early next week
17   would be fine.
18                Okay.  Anything else, counsel?
19                All right, counsel.  Take care.
20                (Matter concluded at 2:20 p.m.)
21                           - - -
22   Reporter:  Kevin Maurer
23
24
25
```