IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> v. <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants, | Civil Action No. 04-910 |

**PLAINTIFFS' REPLY BRIEF
IN SUPPORT OF MOTION TO REMAND**

DUANE MORRIS, LLP
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:         mlastowski@duanemorris.com
E-mail:         rwriley@duanemorris.com

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
E-mail: Amos.Alter@troutmansanders.com

DM3\356742.2

# TABLE OF CONTENTS

                                                                                         **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

A.   This Case Is No Longer "Related To" The Integrated Health Services Bankruptcy ................ 1

B.   Defendant Is Not Entitled To The Relief It Seeks In This Court ............................................. 3

C.   Remand Is Here Required ........................................................................................................ 7

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Biophone Corp. v. Western Electric Co.*, 91 F.2d 727 (3d Cir. 1937)..................6

*Brooks v. Hess Oil V.I. Corp.*, 809 F.2d 206 (3d Cir. 1987)..................6

*Brown v. C.D. Smith Drug Co.*, 1999 U.S. Dist. LEXIS 13872 (D. Del. 1999)..................2

*Integrated Health Services v. THCI Co.*, 417 F.3d 953 (8th Cir. 2005)..................2, 8

*Kocher v. Dow Chemical Co.*, 132 F.3d 1225 (8th Cir. 1997)..................2

*Mellon Bank v. Securities Settlement Corp.*, 710 F. Supp. 991 (D.N.J. 1989)..................7

*Metcalf v. Watertown*, 128 U.S. 586 (1888)..................3

*Pacor, Inc., v. Higgins*, 743 F.2d 984 (3d Cir. 1984)..................2

*Prairie Band v. Puckkee*, 321 F.2d 767 (10th Cir. 1963)..................3

*Things Remembered v. Petrarca*, 516 U.S. 124 (1995)..................2

*Topps Chewing Gum v. Fleer Corp.*, 547 F. Supp. 102 (D. Del. 1982)..................3

*United States v. 60.14 Acres of Land*, 362 F.2d 660 (3d Cir. 1966)..................7

## STATUTES

*28* U.S.C. § 1334(b)..................8

28 U.S.C. § 1447(c)..................4, 7, 8

DM3\356742.2

This Memorandum of Law is submitted on behalf of plaintiffs and additional counterclaim defendant Abe Briarwood Corporation (collectively, "plaintiffs"), (i) in reply to Defendants' Brief in Opposition to Plaintiffs' Motion to Remand, and (ii) in further support of plaintiffs' motion to remand this action to Missouri State Court.

A.  **This Case Is No Longer "Related To" The Integrated Health Services Bankruptcy.**

In considering defendant's argument that this action is somehow still "related to" the bankruptcy case of Integrated Health Services, Inc. ("IHS"), and its subsidiaries, one must keep in mind several facts: (i) The Debtors' Plan of Reorganization (the "Plan") was long ago (May 2003) confirmed, by an Order never appealed by anyone, which Order is long since final. (ii) The Plan provided for the sale by IHS of the shares of its then-subsidiary, today's plaintiff IHS Long Term Care Services, Inc. ("LTC"), to third-party defendant Abe Briarwood Corporation ("Briarwood"), with the sale proceeds being paid to IHS in partial funding of the Plan. That sale took place in or about August 2003, and the purchase price was paid. Once that happened, the IHS estate and its creditors lost any further interest in LTC and its subsidiaries (the nine other plaintiffs are all subsidiaries of LTC). (iii) For that reason, the controversy here, between LTC and its subsidiaries, on the one hand, and its subsidiaries' landlord, on the other, can have no affect whatsoever upon the IHS bankruptcy estate or its creditors – and defendant does not contend otherwise. That is precisely why the Delaware Bankruptcy Court (Walrath, B.J.) expressly refused to decide the issue of whether there was a guaranty, directing the parties to proceed in a non-Bankruptcy Court (See excerpts from Judge Walrath's Opinion from the bench, and Order, quoted on p. 3 of plaintiffs' Opening Brief herein).

Plaintiffs have no quarrel with defendant's cases defining "related to" jurisdiction, but note that, under the definitions given (which are all restatements of the same principle), there

is clearly no such relatedness here. Thus, as defendant noted with regard to the Eighth Circuit's pronouncements in this very case, the test is whether the claim in question "'could conceivably have any effect' on the bankrupt estate" (Integrated Health Services v. THCI Co., 417 F.3d 953, 958 (8th Cir. 2005), quoting Kocher v. Dow Chemical Co., 132 F.3d 1225, 1230-1 (8th Cir. 1997)). Similarly, Pacor, Inc., v. Higgins, 743 F.2d 984, 984 (3d Cir. 1984), overruled on other grounds, Things Remembered v. Petrarca, 516 U.S. 124 (1995), also cited by defendant, stated the test as follows:

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[1]

Since the determination here can have no effect upon the IHS Estate or its creditors, and since there is no longer even an appeal pending from an Order originating in the Bankruptcy Court, the case is no longer "related to" the bankruptcy case, assuming it ever was.[2]

Finally, defendant devotes one sentence (Br. 6), without citation of authority, to the proposition that "Plaintiffs' request for a declaratory judgment as to the meaning and application of the April 2003 Order, as it relates to LTC as guarantor, is 'related to' the bankruptcy, and jurisdiction remains proper ...." The proposition is wrong, and not merely because defendant is again engaged in its repeated practice of misstating plaintiffs' arguments in an attempt to sidestep what plaintiffs are in fact asserting.[3] An issue as to the proper interpretation of a

---

[1] Defendant also cites Brown v. C.D. Smith Drug Co., 1999 U.S. Dist. LEXIS 13872 (D. Del. 1999), which it claims stands for the principle of the Court "exercising jurisdiction over several Missouri state law claims that were 'related to' the underlying bankruptcy case". The citation is curious, because (i) the issue there was not relatedness – the plaintiff there was the Chapter 7 Trustee of the debtor there, bringing a claim on behalf of the estate; and (ii) the question was not remand to State Court (the action had been commenced in Federal Court), but change of venue to a different Federal Court – and the motion to transfer to Missouri was granted.

[2] See also Point C, infra.

[3] Plaintiffs deny there is any guaranty. It is defendant who must, due to the Statute of Frauds, argue that somehow the April 2003 Order constitutes or imposes a guaranty.

2

Bankruptcy Court Order does not give rise to bankruptcy jurisdiction, just as an issue as to the proper interpretation of any Federal Court Order does not give rise to Federal Question jurisdiction. Metcalf v. Watertown, 128 U.S. 586, 588 (1888) (even an action seeking directly to enforce a Federal judgment is not within Federal Question jurisdiction); (Prairie Band v. Puckkee, 321 F.2d 767, 770 (10th Cir. 1963) ("The fact that a suit involves the construction and effect of a judgment of a Federal court or tribunal does not, for that reason, make it one arising under the Constitution or laws of the United States"); Topps Chewing Gum v. Fleer Corp., 547 F.Supp. 102, 104 (D. Del. 1982).

B.   **Defendant Is Not Entitled To The Relief It Seeks In This Court**.

Defendant here argues at length the supposed merits of the motion which it made in effect as a crossmotion to plaintiffs' motion to remand. That crossmotion seeks, "[a]t a minimum" (Def. Br. 11n), "an order requiring the Nine Subsidiaries to vacate and to hold them in contempt should they not comply" (Id.). Defendant, as is its habit, misstates plaintiffs' argument when it asserts that "Plaintiffs argue that THCI has abandoned its request for the remedy of eviction because this Court may not have the authority to order a local authority to physically remove the Nine Subsidiaries from the Faculties". (Id.). What plaintiffs in fact argued, and defendant does not here contradict, is that defendant had obviously abandoned its request for eviction because defendant had conceded that this Court would not have that authority. Defendant's motion is now clearly one for summary judgment for an injunction, and nothing more.

Why the relief sought on defendant's (cross)motion should be a defense to this motion to remand is not entirely clear, particularly since a remand would deprive this Court of jurisdiction to enter the Order defendant seeks. Even if the remand were after such an Order (but see

plaintiffs' brief in opposition to defendant's motion as to the impropriety of reaching the merits of any question if there is to be a remand), remand would clearly deprive this Court of jurisdiction to enforce the Order. Presumably defendant would contend that its supposed entitlement to relief on its crossmotion goes to the equities of whether there should be a remand, and therefore that its crossmotion is relevant to this motion. Assuming that to be the rationale of defendant's argument, plaintiffs are accordingly entitled here to join issue on the merits of that argument, namely defendant's assertion that it is entitled to summary judgment for a permanent injunction directing the tenant plaintiffs to vacate the respective premises.

As this matter is briefed elsewhere, plaintiffs will here merely mention, in bullet-point fashion, most of the arguments made (in addition, of course, to the point that the necessity of remand makes it inappropriate to consider the merits of defendant's assertion), and will elaborate on only one point:

> -- The question of whether this action was <u>ever</u> "related to" the IHS bankruptcy case has never been decided, not by the Western District of Missouri, nor by the Eighth Circuit, both of which referred that question to this Court. Based on the cases defining "related to" (Point A, <u>supra</u>), even as cited by defendant, that question must be answered in the negative, <u>i.e.</u>, the conclusion should be that there was <u>never</u> "related to" jurisdiction. If that is correct, remand may well be mandatory (28 U.S.C. § 1447(c)). See Point C, <u>infra</u>.

> -- The Second Counterclaim, upon which defendant is presumably moving for summary judgment (defendant has never bothered actually identifying the counterclaim upon which it moves), is subject to a motion to dismiss, currently under advisement. Obviously, this Court may not grant defendant summary judgment on this claim without first determining the claim's sufficiency. Plaintiffs believe this Court will find such sufficiency lacking.

> -- Defendant has not established that it ever terminated the Master Lease, although the rights it claims are dependent upon

4

such termination. Instead, plaintiffs have established that there in fact has been no termination.

-- THCI's brief asserts that it has demanded surrender of the facilities. However, even putting aside the fact that defendant has not documented this contention, defendant has pointed to no lease clause, and there is none, which would give it a right to make such a demand in the absence of termination. Therefore, even assuming equity would here intervene, defendant is not substantively entitled to the relief it seeks.[4]

The one point to be elaborated upon is that equity could not here grant defendant the injunction it seeks. First: As has repeatedly been noted, relief in equity is unavailable when a party's relief at law is adequate. Defendant has never even bothered explaining why it has failed to resort to its plain and speedy relief of summary eviction proceedings (by whatever name), in the various State Courts. Defendant's arguments that its remedy at law is inadequate are patently without merit.[5]

---

[4] On the Thursday evening before the Friday that this brief (and defendant's reply brief on its summary judgment motion) was due, defendant e-mailed a letter purporting to terminate the Master Lease. Obviously, this was done to reply to the argument, made nine days earlier in plaintiffs' answering brief on defendant's motion, that defendant had never purported to terminate the Master Lease, and hence could not for that reason alone have the substantive rights after termination that it was claiming. Of course, defendant's deliberate last-minute ploy does not give plaintiffs adequate opportunity to respond. Preliminarily, however, it should be noted that it is unclear if defendant has in fact terminated properly under the nine different former leases whose terms are incorporated by reference into the Master Lease. In any event, defendant certainly has not purported to exercise any termination-dependent rights subsequent to the purported termination, and therefore still is not entitled to summary judgment based upon exercise of any such alleged rights. Of course, the force of plaintiffs' other arguments as to why summary judgment cannot be granted has not been diminished in any way by defendant's last-minute ploy.

[5] (i) That resort to eviction proceedings in State Courts may require a number of proceedings does not make defendant's remedy at law inadequate. The requirement of more than one proceeding is simply a consequence of having a single Master Lease covering nine locations in six different States. The Landlord is entitled to no procedural shortcuts because of such an arrangement, particularly when the Master Lease makes no such provision. (ii) Defendant asserts that its remedy at law may be inadequate because the nine tenants may not be able to respond in damages. That is, however, irrelevant, because eviction in State Court is also a remedy at law of which defendant may avail itself. Furthermore, defendant is claiming that there exists a guaranty by plaintiff Integrated Health Services Long Term Care Services, Inc. ("LTC"). Unless defendant is abandoning its assertion of a guaranty by LTC, the allegation of an inability of the tenants to respond in damages is of no consequence in any context.

Second: Equity aids the vigilant, not those who sleep on their rights (Brooks v. Hess Oil V.I. Corp., 809 F.2d 206, 209 (3d Cir. 1987); Biophone Corp. v. Western Electric Co., 91 F.2d 727, 727 (3d Cir. 1937)). In this case, although Judge Walrath told defendant herein in December 2003 to pursue its claims of a guaranty in a nonbankruptcy court, it did nothing, and plaintiffs herein had to commence a declaratory judgment action in Missouri State Court asserting there was no guaranty. Ever reactive, defendant counterclaimed for a declaratory judgment the other way. It also removed the case and transferred it to this Court, one of the busiest in the nation. Plaintiffs, again attempting to resolve this case expeditiously, moved for partial summary judgment. Defendant, ever reactive, crossmoved for summary judgment. Clearly, it is plaintiffs who are attempting to get this case moving. Defendant has done nothing other than to react to plaintiff's initiatives.

Even if one considers only the question of defendant's present motion seeking summary judgment for an injunction because of nonpayment of rent, the allegation here is that rent has not been paid since May 2005. Defendant, however, has made no attempt to resort to summary eviction procedures, which are not only plainly adequate, but speedy – a lot speedier than seeking summary judgment in this Court, on a counterclaim not then even pleaded. Even to the extent defendant has sought relief in this Court, it has also slept on its "rights". Assuming arguendo that a motion for summary judgment on a claim in this Court is the proper procedure to follow, defendant waited until November 2005 even to file a pleading referring to the non-payment of rent (the ill-fated Second Amended Counterclaims, filed without leave of Court, which were moved against and subsequently withdrawn), and until February 2006 to file the present Third Amended Counterclaims (whose sufficiency is subject to a motion sub judice). Defendant then failed to move for summary judgment until April 2006, when, ever reactive, it

6

moved only in response to plaintiffs' present motion to remand. Indeed, it is clear from defendant's motion papers herein that it had not even made up its mind when it made this motion as to what relief it was seeking; it knew only that it had to make some motion in an attempt to counter this remand motion.

Third: Defendant, by seeking an injunction for plaintiff tenants to quit their premises, is attempting to have this Court do indirectly what defendant now concedes the Court may not do directly, namely issue writs of eviction. In so doing, defendant would have this Court, sitting in equity, in one fell swoop bypass all the various procedural safeguards States have enacted for the issuance and execution of writs of eviction. This it may not do. Equity follows the law. United States v. 60.14 Acres of Land, 362 F.2d 660, 666 (3d Cir. 1966); Mellon Bank v. Securities Settlement Corp., 710 F.Supp. 991, 998 (D.N.J. 1989). It will not sanction avoidance of clear statutory procedures. Defendant's impatience with following the various required steps in this highly regulated area, differing from State to State, does not justify a "One Size Fits All" decree from this Court immunizing defendant from the requirement of compliance with those steps.

Defendant is therefore not entitled to ask a court of equity for relief. Defendant may not be granted summary judgment on its counterclaim for an injunction.

C.  **Remand Is Here Required**.

Defendant argues that this Court is not absolutely required to remand once the basis for jurisdiction has disappeared. It seeks to distinguish plaintiffs' authorities, particularly those relying on 28 U.S.C. § 1447(c), on the ground that this case is supposedly not one where there was never jurisdiction to remove, which that subsection allegedly requires.

It should be remembered, however, that no determination was ever made by the Western District of Missouri that this case was indeed related to the bankruptcy appeal. That Court

granted the motion to transfer the case because it found the action sufficiently related that it felt the determination of relatedness should be made by this Court. As the Eighth Circuit noted in affirming the District Court's Order of Transfer, "The Western District left it to the Delaware court to resolve whether the Missouri complaint was 'related to' the Integrated Health bankruptcy within the meaning of *28 U.S.C. § 1334(b).*" Integrated Health Service, 417 F.3d at 957. The Eighth Circuit itself narrowed the question to whether the action was sufficiently "related to the bankruptcy court appeal" and found that, for purposes of transfer to this District, it was. Id., at 958 (emphasis supplied). It therefore affirmed the Order below, but did not itself purport to answer the question of relatedness on the merits, leaving that to this Court. That appeal is now gone, and there is obviously no longer any basis for jurisdiction. However, as plaintiffs have noted (Point A, supra), the cases defining "related to", even as cited by defendant, make it clear that there was never any such jurisdiction here. There thus was never a basis for removing here, and remand may therefore well be mandatory under § 1447(c).

In any event, to the extent that remand may here be discretionary, plaintiffs have demonstrated that case law establishes the one overwhelming factor in the exercise of that discretion, namely the stage of the action at which the touchstone issue disappears (Defendant does not dispute this proposition). Here discovery has only just begun, and the tentative trial date is a year away. The case is a landlord-tenant dispute, between nondebtors, with no further ramifications for the (former) bankruptcy estate or its creditors (Defendant cannot and does not dispute these showings). The only factor defendant argues militates against remand is that, it asserts, it is entitled to certain relief in the action. But that contention, of course, makes this case no different from every one where the question of remand arises, at least when a counterclaim by the removing defendant had been asserted. To the extent our defendant would seek to

8

distinguish the run-of-the-mill remand case on the supposed ground that defendant here is entitled to its relief summarily, that argument is (a) wrong – see Point B, supra; and (b) irrelevant. Assuming arguendo defendant would be substantively entitled in this action (i) to an injunction, and (ii) summarily so, defendant has still made no suggestion, nor does it appear, that it could not obtain such relief in this very action from the Missouri Court after remand, and that it must obtain such relief from this Court before remand.

There thus never was, and in any event certainly no longer is, a basis for this Court to exercise jurisdiction. To the extend remand may be discretionary, defendant has failed its affirmative burden of demonstrating that this Court should retain jurisdiction. The motion for remand should therefore be granted.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## Conclusion

As has been demonstrated, in plaintiffs' main brief and hereinabove, this action should be remanded to the State Court whence it came. Plaintiffs' present motion for a remand must therefore be in all respects granted.

DATED: April 21, 2006

DUANE MORRIS LLP

*/s/ Michael R. Lastowski*

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail:     mlastowski@duanemorris.com
            cmwinter@duanemorris.com

-and-

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:  (212) 704-6000
Facsimile:  (212) 704-6288
E-mail:     Amos.Alter@troutmansanders.com

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al.*