## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>THCI COMPANY LLC,<br><br>        Defendant,<br><br>        v.<br><br>ABE BRIARWOOD CORPORATION and JOHN DOES 1-10,<br><br>        Additional Counterclaim<br>        Defendants. | Civil Action No. 04-910 (GMS) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR
## PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION

OF COUNSEL:
PITNEY HARDIN LLP
David S. Sager
P.O. Box 1945
Morristown, NJ 07962-1945
(973) 966-6300


DATED: April 21, 2006

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant*
*THCI Company LLC*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................... iii

ARGUMENT ........................................................................................................................... 1

      THCI IS ENTITLED TO SUMMARY JUDGMENT ON ITS SECOND
      COUNTERCLAIM, INCLUDING AN ORDER REQUIRING THE NINE
      SUBSIDIARIES TO VACATE THE FACILITIES ........................................................ 1

           1.  This Court Has Subject Matter Jurisdiction. ............................................... 2

           2.  The Court Is Not Prohibited From Granting The Relief Requested
               By THCI Simply Because Plaintiffs Have Filed A Motion To Dismiss. ............. 3

           3.  The Nine Subsidiaries Are Required To Vacate, Irrespective
               Of Termination, Due To Their Breach Of The Master Lease. ............................ 3

           4.  THCI Has Established Its Right To Demand Surrender. ................................. 3

           5.  THCI Has No Adequate Remedy At Law. .................................................... 4

           6.  This Court Has Authority To Grant The Relief Sought By THCI. ................... 5

CONCLUSION ....................................................................................................................... 8

## TABLE OF AUTHORITIES

### CASES

*Castle v. Cohen,*
    840 F.2d 173 (3d Cir. 1988)..............................................................................5, 6

*FTC v. Engage-A-Car Services, Inc.,*
    No. 86-3758, 1986 WL 15066 (D.N.J. Dec. 18, 1986)......................................6

*FTC v. U.S. Oil & Gas Corp.,*
    748 F.2d 1433 (11th Cir. 1984) ..........................................................................6

*Fisher-Price, Inc. v. Safety 1st, Inc.,*
    279 F. Supp. 2d 526 (D. Del. 2003).....................................................................7

*Freeport-McMoRan, Inc. v. KN Energy, Inc.,*
    498 U.S. 426 (1991).............................................................................................2

*GFL Advantage Fund, Ltd. v. Colkitt,*
    272 F.3d 189 (3d Cir. 2001).................................................................................4

*Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickes Cos., Inc.,*
    707 F. Supp. 174 (D.N.J. 1989) ..........................................................................2

*Green v. Drexler (In re Feit & Drexler, Inc.),*
    760 F.2d 406 (2d Cir. 1985).................................................................................6

*Horowitz v. Fed. Kemper Life Assurance Co.,*
    57 F.3d 300 (3d Cir. 1995)...................................................................................3

*Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co. LLC,*
    417 F.3d 953 (8th Cir. 2005) ...............................................................................2

*JFL, Inc. v. NJE Aircraft Corp.,*
    No. 9804, 1988 WL 130641 (Del. Ch. Dec. 5, 1988).........................................6

*Luitweiler v. Northchester Corp.,*
    319 A.2d 899 (Pa. 1974)......................................................................................5

*Marsellis-Warner Corp. v. Rabens,*
    51 F. Supp. 2d 508 (D.N.J. 1999) ........................................................................7

*Mutual First, Inc. v. O'Charleys of Gulfport, Inc.,*
    721 F. Supp. 281 (S.D. Ala. 1989)...............................................................4, 5, 6

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.,*
      101 F.3d 1492 (3d Cir. 1996)..................................................................................2

*Opelika Nursing Home, Inc. v. Richardson,*
      448 F.2d 658 (5th Cir. 1971) ...............................................................................2

*Quantum Corporate Funding, Ltd. v.*
*Assist You Home Health Care Servs. of Va., L.L.C.,*
      144 F. Supp. 2d 241 (S.D.N.Y. 2001)..................................................................7

*Rosado v. Wyman,*
      397 U.S. 397 (1970).............................................................................................2

*Rozan v. Rozan,*
      49 Cal. 2d 322, 317 P.2d 11 (Cal. 1957)...........................................................6

*South Park Assocs. v. Renzulli,*
      94 F. Supp. 2d 460 (S.D.N.Y. 2000),
      *aff'd* 242 F. 3d 368 (2d Cir. 2001) ....................................................................6

*Tenn. Valley Auth. v. Mason Coal, Inc.,*
      384 F. Supp. 1107 (E.D. Tenn. 1974)................................................................6

*U.S. Fid. & Guar. Co. v. Feibus,*
      15 F. Supp. 2d 579 (M.D. Pa. 1998)..................................................................4

*United States v. Ross,*
      302 F.2d 831 (2d Cir. 1962)...............................................................................6

*Virgilli v. Sw. Pa. Water Auth.,*
      427 A.2d 1251 (Pa. Commw. Ct. 1981) ............................................................5

## STATUTES

28 U.S.C. § 1927.................................................................................................................2

iv

THCI Company LLC ("THCI") submits this brief in further support of its motion for partial summary judgment and a permanent injunction enjoining the Nine Subsidiaries' continued occupancy of nine nursing home facilities leased from THCI (the "Facilities"). The Nine Subsidiaries do not dispute their breach of the Master Lease due to, among other defaults, their failure to pay any rent for the past year, their unwillingness to pay more than $9 million in back rent, and their intention to pay less than full rent in the future. Yet, despite their obvious breaches, the Nine Subsidiaries "confess confusion" about the relief that THCI is seeking and attempt to prolong their occupancy based on six "reasons" that are transparent attempts at delay. To alleviate any confusion, THCI has demanded that the Nine Subsidiaries vacate the Facilities, and, because the Nine Subsidiaries refuse to leave voluntarily, THCI seeks partial summary judgment on its Second Counterclaim and an order finding that the Nine Subsidiaries are in breach of the Master Lease and requiring the Nine Subsidiaries to vacate the Facilities.

## ARGUMENT

### THCI IS ENTITLED TO SUMMARY JUDGMENT ON ITS SECOND COUNTERCLAIM, INCLUDING AN ORDER REQUIRING THE NINE SUBSIDIARIES TO VACATE THE FACILITIES.

As noted, the Nine Subsidiaries identify six reasons why THCI is not entitled to the requested relief. None of these reasons addresses the merits of THCI's motion. There simply is no dispute that the Nine Subsidiaries have been squatting on THCI's property since May 2005, nor is there any dispute that they will continue to do so unless and until the Court requires them to vacate. Although the Nine Subsidiaries' reasons are as misguided as they are repetitious, THCI will address each in turn to eliminate any doubt as to the Nine Subsidiaries' breach and THCI's entitlement to relief.

1.    This Court Has Subject Matter Jurisdiction.

The Nine Subsidiaries' opposition rests primarily on the fact that Plaintiffs have moved to remand. As a threshold matter, it is appropriate to note that THCI offered to stipulate to filing one set of briefs to cover all of these issues, but Plaintiffs insisted on filing their motion to remand separately, thus necessitating two motions and six briefs, in which Plaintiffs repeat the same argument.[1] Contrary to Plaintiffs' argument, and as set forth at length in THCI's opposition to Plaintiffs' motion to remand (Docket No. 156), this Court has subject matter jurisdiction over this action and the discretion to continue to exercise that jurisdiction to put an end to Plaintiffs' procedural ploys. *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co. LLC*, 417 F.3d 953, 958 (8th Cir. 2005) (holding that the district court had subject matter jurisdiction); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (stating that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Rosado v. Wyman*, 397 U.S. 397, 405 (1970) (rejecting an approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) (stating that "elimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim.").[2]

---

[1] Plaintiffs' repeated attempts to delay this procedure, most recently evidenced by the renewal of their Motion for Partial Summary Judgment (Docket No. 157), have needlessly and unreasonably multiplied these proceedings in violation of 28 U.S.C. § 1927.

[2] The cases cited by Plaintiffs do not hold otherwise. *See Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (declining to decide the merits of a motion to dismiss where it had not been determined whether district court ever had subject matter jurisdiction); *Glass Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickes Cos., Inc.*, 707 F. Supp. 174, 182 (D.N.J. 1989) (declining to decide the merits of a motion to dismiss because the court lacked subject matter jurisdiction).

2

2.    The Court Is Not Prohibited From Granting The Relief Requested By THCI Simply Because Plaintiffs Have Filed A Motion To Dismiss.

The Nine Subsidiaries next assert that "this Court may not grant THCI judgment on this claim without first determining the claim's sufficiency." (Opp. Brief (Docket No. 156) at 4). THCI, of course, defers to the Court's discretion to decide the pending motions in the manner the Court deems appropriate. As demonstrated in THCI's opposition to Plaintiffs' motion to dismiss and herein, the Second Counterclaim states a claim and summary judgment on the claim is appropriate.

3.    The Nine Subsidiaries Are Required To Vacate, Irrespective Of Termination, Due To Their Breach Of The Master Lease.

Plaintiffs' assertion that the "Master Lease has not been terminated" ignores the fact that THCI has demanded that the Nine Subsidiaries surrender the Facilities, which they have refused to do. (Cole Declaration (Docket No. 151) at ¶ 13). As discussed below, the Master Lease permits THCI to demand surrender of the Facilities irrespectively of whether the Master Lease has been terminated. Furthermore, the Nine Subsidiaries do not identify any authority for their suggestion that termination is a necessary prerequisite to the Nine Subsidiaries' obligation to surrender the Facilities as a result of their non-payment.

4.    THCI Has Established Its Right To Demand Surrender.

Contrary to Plaintiffs' argument, there is no dispute regarding THCI's right to demand surrender of the Facilities. The right to demand surrender is set forth in Article 16 of each of the nine leases, as incorporated in the Master Lease, regardless of whether THCI has terminated the lease. *See Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) ("Facts that could alter the outcome are 'material'") (internal citations omitted).

3

Section 16.2 of the lease annexed to the Cole Declaration states that "[i]f any Event of Default shall have occurred and be continuing, ***whether or not this Lease has been terminated*** pursuant to Section 16.1, Lessee shall, to the extent permitted by law, if required by Lessor so to do, upon not less than ten (10) days' prior notice from Lessor, ***immediately surrender to Lessor the Leased Property*** pursuant to the provisions of Section 16.1 and quit the same . . . ." (Elm Creek Lease at § 16.2) (emphasis added). Each of the Nine Leases requires the Nine Subsidiaries to surrender the Facilities upon demand by THCI. (A true and correct copy of the relevant surrender provision in each of the Nine Leases is annexed hereto as Exhibit A). Thus, THCI has established its right to demand surrender of the Facilities and there is no genuine issue of disputed material fact. *See GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 198 (3d Cir. 2001); *U.S. Fid. & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 581 (M.D. Pa. 1998) ("Once the moving party has satisfied its burden, the nonmoving party 'must present affirmative evidence to defeat a properly supported motion for summary judgment.' Mere conclusory allegations or denials taken from the pleadings are insufficient . . . .") (internal citations omitted).

      5.      THCI Has No Adequate Remedy At Law.

Plaintiffs also contend that this Court cannot grant the relief sought by THCI because THCI has an adequate remedy at law. Once again Plaintiffs fail to cite to any authority to support their position. The fact that THCI may have the right to seek relief in state court does nothing to divest THCI of its right to seek relief from this Court. *See Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282 (S.D. Ala. 1989) ("this Court is not required to remand this action, because of specific state procedural rules"). Although the Facilities are located in six different states, all are subject to the Master Lease. Judicial efficiency and economy warrant disposition of THCI's claim for ejectment of all of the tenants pursuant to that

Master Lease in this Court. *See, e.g., id.* at 283 (consolidating two eviction cases arising out of the same alleged breach of a commercial lease in order to prevent needless repetition or delay and to promote judicial economy). The equitable relief sought by THCI is appropriate and efficient, whereas the alternative relief proposed by Plaintiffs would unnecessarily delay this case and result in multiple litigation in several different states. *See Luitweiler v. Northchester Corp.,* 319 A.2d 899, 902 (Pa. 1974) (stating that "equitable relief is available to prevent a multiplicity of law suits."); *Virgilli v. Sw. Pa. Water Auth.,* 427 A.2d 1251, 1254 (Pa. Commw. Ct. 1981) (same).

Plaintiffs' contention that the Court cannot grant the relief sought by THCI because the parties did not bargain for such a remedy is contradicted by the language of the Master Lease. The parties agreed to this precise remedy. The Nine Subsidiaries are now attempting to stave off their inevitable surrender of the Facilities through procedural delay, and the Court should not condone such tactics. *See Castle v. Cohen,* 840 F.2d 173, 180 (3d Cir. 1988) ("The objective of the court in granting equitable relief is to do complete justice to the extent that this is feasible.") (internal quotations omitted); *Virgilli,* 427 A.2d at 1254 (stating that "the well-established principle that provides equity jurisdiction with the power to do complete justice between the parties, paves the way to vindicate [plaintiff's] contract rights.").

6.    This Court Has Authority To Grant The Relief Sought By THCI.

Finally, yet perhaps most fundamentally, Plaintiffs question this Court's authority to order the Nine Subsidiaries to vacate and transfer control over operation of the Facilities to THCI. Contrary to Plaintiffs' argument, such relief lies well within the Court's authority. *See Castle,* 840 F.2d at 180 (affirming grant of specific performance and stating that "[i]t is axiomatic that the fashioning of an equitable decree is within the discretion of the chancellor.");

5

*FTC v. Engage-A-Car Servs., Inc.,* No. 86-3758, 1986 WL 15066, at *3 (D.N.J. Dec. 18, 1986) ("Unless otherwise provided by statute, all the inherent equitable powers of the District court are available for the proper and complete exercise of that jurisdiction. . . . Power is thereby resident in the district Court, in exercising this jurisdiction, 'to do equity and to mold each decree to the necessities of the particular case.'") (quoting *FTC v. U.S. Oil & Gas Corp.,* 748 F.2d 1433, 1434 (11th Cir. 1984)). *See also Green v. Drexler (In re Feit & Drexler, Inc.),* 760 F.2d 406, 414 (2d Cir. 1985) (holding that district court had authority to compel defendant to transfer property from outside the court's territorial jurisdiction based on court's personal jurisdiction over defendant); *United States v. Ross,* 302 F. 2d 831, 834 (2d Cir. 1962) (same); *Tenn. Valley Auth. v. Mason Coal, Inc.,* 384 F. Supp. 1107, 1116 (E.D. Tenn. 1974) (stating that "[o]nce the Court acquires jurisdiction over the person of the defendant, it may decree specific performance of a contract affecting an interest in land located in another state or even another country."); *JFL, Inc. v. NJE Aircraft Corp.,* No. 9804, 1988 WL 130641, * 2 (Del. Ch. Dec. 5, 1988) (stating that "[a] court of equity has the power to order parties properly before it to dispose of property located in another jurisdiction."); *Rozan v. Rozan,* 49 Cal. 2d 322, 330, 317 P.2d 11, 15 (Cal. 1957) (affirming judgment which awarded plaintiff 65% of real property located in another state and rejecting defendant's argument that the court did not have the authority to grant judgment affecting title to land in another state).[3]

Given the irreparable harm THCI will suffer if the Nine Subsidiaries are allowed to continue to operate the facilities without paying rent and after admitting that they do not have

---

[3] Contrary to Plaintiffs' argument, jurisdiction in *Mutual First Inc. v. O'Charleys of Gulfport, Inc.,* 721 F. Supp. 281 (S.D. Ala. 1989) and *South Park Assocs. v. Renzulli,* 94 F. Supp. 2d 460 (S.D.N.Y. 2000), *aff'd* 242 F. 3d 368 (2d Cir. 2001), was not premised upon the location of the relevant real property.

the intention or the ability to pay the past or future rent, the relief requested by THCI is warranted and appropriate. *See Fisher-Price, Inc. v. Safety 1st, Inc.*, 279 F. Supp. 2d 526, 528 (D. Del. 2003) (granting permanent injunction after considering "the adequacy of the legal remedy, irreparable injury, whether the public interest would be served, and the hardship on the parties and third parties") (internal quotations omitted). *See also Quantum Corporate Funding, Ltd. v. Assist You Home Health Care Servs. of Va., L.L.C.*, 144 F. Supp. 2d 241, 248 (S.D.N.Y. 2001) (granting preliminary injunction and observing that "[p]reliminary injunctions are . . . appropriate to thwart a defendant from making a judgment uncollectible."); *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 531 (D.N.J. 1999) ("In this regard, a money judgment which is uncollectible is not an adequate remedy at law. . . . This Circuit has recognized [that] the unsatisfiability of a money judgment can constitute irreparable injury.") (internal citations and quotations omitted).

## CONCLUSION

For the foregoing reasons, THCI respectfully requests that the Court enter an Order requiring the Nine Subsidiaries to vacate the Facilities in a manner and providing such cooperation as is necessary to maintain proper patient care.

CONNOLLY BOVE LODGE & HUTZ LLP

Collins J. Seitz, Jr. (Bar No. 2237)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Tel:  (302) 658-9141

*Attorneys for Defendant*
*THCI Company LLC*

OF COUNSEL:

David S. Sager
Paul R. Marino
PITNEY HARDIN LLP
P.O. Box 1945
Morristown, New Jersey 07962
Tel: (973) 966-6300
Fax: (973) 966-1015

DATED:  April 21, 2006