# TROUTMAN SANDERS LLP
### ATTORNEYS AT LAW
#### A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Amos Alter
amos.alter@troutmansanders.com

Direct Dial: 212-704-6247
Direct Fax: 212-704-5914

May 11, 2006

Via E-Filing

Hon. Gregory M. Sleet, U.S.D.J.
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street - Room 4324
Wilmington, DE 19801

RE:   Integrated Health v. THCI Co.:  04-910 (GMS)

Dear Judge Sleet:

   We have received a copy of the letter to you of the 10th from Mr. Seitz.

   We regret that defendant's new counsel have retained the practice of their predecessors of bombarding Chambers with letters. As to the renewed motion and crossmotion for summary judgment, the motions were earlier dismissed without prejudice to renewal, for reasons of which the Court is aware. Both sides have now renewed their respective motions and oppositions, based on incorporation by reference of their earlier papers. How this is an unanticipated or newly burdensome matter is difficult to understand. However, we will let the motion papers, on this and the other motions now under advisement before the Court, speak for themselves. We have already advised the Court of our views as to the proper sequence for decision, and we will not attempt to use this letter to argue our position once again.

   With respect to the checks: The plaintiff tenants paid in April towards April rent what they had promised they would. Defendant returned the checks without comment. The tenants reforwarded the checks. Crossing in the mails, as it were, with this reforwarding, was defendant's notice that it was purporting to terminate the Master Lease. This was a step it had not taken before, although, assuming it was correct to do so, this was a step it could have taken many months before. Also, defendant's counsel sent a letter stating that they would accept the (reforwarded) checks only on certain

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

Hon. Gregory M. Sleet, U.S.D.J.
May 11, 2006
Page 2

conditions which were not acceptable, including that the monies would be applied other than towards the April rent. There did not seem any point in tenants paying rent when the landlord was purporting to terminate the lease, and when the landlord had announced it would not apply the money towards the rental obligation. The landlord was therefore advised the checks would be stopped, and it was asked to return the checks again. Defendant never attempted to negotiate the checks. Indeed, since the tenants were not agreeing to the conditions attempted to be imposed on the second go-'round, there is every basis for believing defendant was going to return the checks a second time, rather than to deposit them.

    If defendant returns the checks it is holding, rescinds its purported cancellation, and agrees to apply the checks towards the April rent, the checks will be replaced, and May checks will be issued as well.

Very truly yours,

Amos Alter

Cc (via Email):  Collins J. Seitz, Esq.
                    David S. Sager, Esq.
                    Michael R. Lastowski, Esq.

1121558_1.DOC