IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THCI COMPANY LLC,<br><br>    Defendant,<br><br>    v.<br><br>ABE BRIARWOOD CORPORATION and JOHN DOES 1-10,<br><br>    Additional Counterclaim Defendants. | Civil Action No. 04-910 |

**PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Plaintiffs and Additional Counterclaim Defendant Abe Briarwood Corporation (collectively, "Plaintiffs"), by their undersigned counsel, move to amend the Scheduling Order in the respects set forth below. In particular, Plaintiffs move to suspend discovery until the Court's disposition of Plaintiffs' motion, currently under advisement, to remand this case to the State Court (as hereinbelow defined) whence it was removed, and for a temporary restraining order

DM3\383354.1

suspending discovery until the present motion is decided. In support thereof, Plaintiffs respectfully submit:

1. As explained in detail below, this motion should be granted for the following reasons:

- The posture of the case has substantially changed since the initial Scheduling Order was entered.

- There is presently under advisement a motion to remand, asserting that (i) this Court never had jurisdiction, as the removal from State Court was improper; and (ii) this Court should, in any event, not continue to exercise jurisdiction, because the predicate of jurisdiction, the supposed relatedness of this case to a bankruptcy appeal, no longer exists.

- Defendant's discovery requests of nonparties have nothing to do with the issue in this case (whether there exists a guaranty of the obligations of defendant's tenants), but instead focus on the financial affairs of parties two and three steps removed from defendant's tenants.

- Defendant has advised of its intent to take ten to fifteen depositions of nonparties in the next few weeks.

### Background – The Merits

2. The complaint in this action seeks a declaratory judgment that there exists no guaranty to the defendant landlord of the obligations of the nine tenant plaintiffs by the tenth plaintiff, their shareholder, IHS Long Term Care Services, Inc. ("LTC"). Defendant has

counterclaimed for a declaratory judgment, and also seeks various relief against the tenants and others claimed to be liable for the tenants' obligations (or, more precisely, those claimed to be liable for the obligations of those claimed to be liable for the tenants' obligations -- complaint, Exhibit "A"; Third Amended Counterclaims, Exhibit "B"). Most of defendant's counterclaims are the subject of a motion to dismiss, currently sub judice. The claim and counterclaim regarding the nonexistence or existence, respectively, of any guaranty are also the subject of a motion and crossmotion for summary judgment, now also under advisement.

3. There exists no document wherein LTC, or its predecessor-in-interest, Integrated Health Services, Inc., debtor-in-possession, guaranteed any tenant obligations. Defendant (who has never articulated the basis for its assertion of a guaranty) apparently intends to argue that such guaranty is somehow implied by certain other documents, by which the debtor-in-possession supposedly, by implication, assumed the guaranty obligation of the prepetition debtor (We do not here consider that a guaranty is not an executory obligation or otherwise capable of being assumed by a debtor-in-possession under 11 U.S.C. § 365. We also do not here consider whether a supposed guaranty by implication even suffices under the Statute of Frauds).

4. In order to demonstrate that any such implication is impossible, Plaintiffs served four yes-or-no interrogatories seeking to determine if any document existed pre-dating the documents upon which defendant must rely, which so much as mentioned the existence of either the debtor's prepetition guaranty, or the possibility of creation of a guaranty by the postpetition debtor-in-possession. If the answer to any interrogatory was affirmative, Plaintiffs requested production of the documents. Obviously, if the subject of a guaranty had never even been mentioned, there is no basis whatsoever to infer that a document otherwise silent on the subject

3

somehow created a guaranty by implication (assuming that is even legally possible). Plaintiffs' interrogatories and document production notice (Exh. "C") required a response by July 18, 2006, but defendant has not responded, although reminded of its obligation to do so. Its failure to do so is clearly motivated by its hope to delay admitting that it has no claim. That failure must be treated as an admission that no such documents exist.

## Background – Subject Matter Jurisdiction

5.     This action is before this Court on a removal from Missouri state court (the "State court") to the United States District Court for the Western District of Missouri, St. Joseph Division, and a subsequent transfer to this Court. At the time of removal, there was pending an appeal from the Bankruptcy Court in this District to this Court. That appeal provided the asserted basis for the removal, this action being claimed to be "related to" the bankruptcy case. That appeal has now been decided, and is final. Plaintiffs have moved to remand this action to the State Court whence it was removed, as there is no jurisdiction in this Court. That motion is also presently pending before this Court.

6.     While the jurisdictional arguments are fully set forth in the remand motion presently under advisement, for the purposes of this motion it is clear that it is highly unlikely that this case will remain in this Court. <u>First</u>: The case was improperly removed. It must preliminarily be noted that the issue of the propriety of the initial removal was never determined in the Missouri District Court, but was referred to this Court. That issue, as the Eighth Circuit noted in affirming the Order transferring the case to this District, remains an open question, to be decided by this Court.[1] In that regard, it is to be noted, as has been documented in the remand

---

[1] "The Western District [of Missouri] left it to the Delaware court to resolve whether the Missouri complaint was 'related to' the Integrated Health bankruptcy within the meaning of *28 U.S.C. § 1334(b)*" (Integrated Health Services of Cliff Manor v. THCI Company, LLC, 417 F.3d 953, 957 (8th Cir. 2005).

4

DM3\383354.1

motion, that the Bankruptcy Court (per Hon. Mary F. Walrath, U.S.B.J.) both expressed its skepticism as to whether there was a guaranty, and expressly ruled that any claim upon such alleged guaranty did not belong in Bankruptcy Court (Order, Exhibit "D"). That Order was correct, and in any event is final, and conclusively determines that the removal was improper.

7. Second: Assuming arguendo the initial removal was proper, the pendancy of the appeal provided the predicate for removal.[2] Now that the appeal is no longer pending, there is no longer any basis for jurisdiction (if there ever was), and remand is necessary (See motion to remand for a more detailed exposition of this argument).

### Discovery to Date

8. The present status of discovery is as follows: Defendant made a document discovery request of Plaintiffs, which resulted in production of over 5,000 pages. Defendant has sought depositions only of nonparties, having served, purported to serve, or sought to serve (as of this writing) seven nonparty individuals (We again note defendant's declared threat to issue ten or fifteen more subpoenas in the next few weeks). Of these noticed to date, as to two, defendant appears to have been interested only in the document production called for under the subpoenae, as it has adjourned the depositions without date; as to two, there are motions to quash the subpoenae presently sub judice before this Court; and as to three, the subpoenae are not yet returnable, and indeed may not yet have been served.

9. Defendant is continuing its abusive discovery proceedings, in an attempt to pressure a settlement favorable to it in a case wherein, if the merits were to be examined even cursorily, it has no case at all (As to the merits, see *supra*). Thus, defendant has issued subpoenae to nonparties Uri Kaufman (Exh. "E"), Murray Forman (Exh. "F"), and Richard

---

[2] "The case below is thus related to the bankruptcy court appeal in the Delaware district court" (417 F.3d at 958).

Lerner (Exh. "G"). Uri Kaufman had no involvement at all at the time of any of the underlying transactions under which any possible claim for the existence of a guaranty by plaintiff LTC could be predicated. His later involvement was as shareholder of additional counterclaim defendant Abe Briarwood Corp. ("Briarwood"), which purchased the shares of LTC long after any claim of a guaranty by LTC's predecessor-in-interest, the debtor-in-possession, could have arisen. He also sold his shares in Briarwood before any controversy arose between defendant and the tenants as to rental payments. There is nothing of any relevance to which he could possibly testify.[3]

        10.     As for Murray Forman, he had no connection whatsoever with the debtor or the debtor-in-possession, and had no involvement with these properties until, at the earliest, months after the Confirmation of the debtor's Chapter 11 Plan. This significantly postdates any event upon which defendant could possibly rely for its claim that somehow there existed a guaranty by the debtor-in-possession of the obligations of the tenants, for which LTC might be liable. Indeed, before Mr. Forman even had any involvement with these properties, defendant was already asserting in Bankruptcy Court that a guaranty existed (The Bankruptcy Court rejected that argument, and told defendant to pursue its remedies in a non-Bankruptcy Court. Instead, defendant removed Plaintiffs' action to Federal Court on the ground it was related to the bankruptcy).

        11.     As to Richard Lerner, he is a Managing Director at CS First Boston. He had nothing whatsoever to do with the nine properties in question in this lawsuit (which were and are owned by defendant, and never by the debtor). Mr. Lerner has had no connection whatsoever

---

[3] Mr. Kaufman was previously served by defendant with a subpoena herein, and moved in this Court to quash, stating the above facts in his affidavit. In the face of his motion to quash, defendant withdrew the subpoena, mooting the motion. It then served a second subpoena, the one here in question.

with any of the transactions between any of the parties to this lawsuit. Defendant is merely seeking to harass business associates of the parties, and is not proceeding in good faith to obtain discovery at all relevant to this action.

12. By contrast, Plaintiffs' discovery requests have been limited to the four yes-or-no interrogatories seeking to determine whether documents exist, and, if so, requesting their production, as discussed *supra*. Defendant is in default for failure to respond to these requests.

### Current and Proposed Scheduling Order

13. The current Scheduling Order, dated March 24, 2006 (Docket No. 141), is the original Scheduling Order, and has not been amended to date. It provides:

> "Case referred to the Magistrate Judge for the purpose of exploring ADR. Discovery due by 8/28/06. Dispositive Motions due by 9/11/2006. Pretrial Conference set for 3/20/2007 at 11:00 AM before Honorable Gregory M. Sleet. Proposed Pretrial Order due by 2/26/2007. 3-day Bench Trial set for 4/9/2007 at 09:00 AM in Courtroom 4A before Honorable Gregory M. Sleet."

The result of the reference for ADR was that Magistrate Judge Mary Pat Thynge, on June 6, 2006, entered an Order (Docket No. 174), providing that "[B]ased upon a joint teleconference with counsel <u>and a teleconference with defense counsel</u>, the Magistrate Judge will not be scheduling a mediation at this time." (emphasis added).

14. Plaintiffs believe that it is inappropriate to continue proceedings in this case pending determination of the motion for a remand. Furthermore, to the extent there may be an element of discretion in a remand under the second branch of the motion, Plaintiffs have concerns about being held to have waived their right to seek remand if Plaintiffs engage in significant discovery, particularly by participating in depositions. Meanwhile, moreover,

defendant's Discovery has been abusive, and threatens to be far more abusive in the immediate future.

15.   Plaintiffs accordingly propose amending the Scheduling Order as follows: Discovery should be stayed until disposition of Plaintiffs' motion to remand. If that motion should be denied, the discovery deadline should be extended to three months after such denial. The dates of subsequent events covered in the present Scheduling Order should be reset by the Court as appropriate, should it be necessary following disposition of the remand motion.[4]

---

[4] It should be noted in any event that the present date for commencement of trial, April 9, 2007, is a religious holiday, which would prevent attendance by at least some of the parties' representatives and witnesses on both sides, as well as by some of the counsel.

16. The motion to amend the Scheduling Order as requested should therefore be in all respects granted.

DATED: July 25, 2006

DUANE MORRIS LLP

*[signature]*

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
cmwinter@duanemorris.com

-and-

Daniel J. DeFranceschi (DE I.D. 2732)
One Rodney Square
Wilmington, DE 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: defranceschi@rlf.com

-and-

TROUTMAN SANDERS LLP
Amos Alter, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:  (212) 704-6000
Facsimile:   (212) 704-6288
E-mail:      Amos.Alter@troutmansanders.com

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al. and Counterclaim Defendant Abe Briarwood Corp. and non-parties Leonard Grunstein and Rubin Schron*

DM3\383354.1