EXH. "G"

AO88 (Rev. 10/2002) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### for the Southern District of New York

INTEGRATED HEALTH SERVICES OF CLIFF
MANOR, INC., *et al*

          Plaintiffs,

          v.

THCI COMPANY LLC,

          Defendant,

          v.

ABE BRIARWOOD CORPORATION and
JOHN DOES 1-10,

          Additional Counterclaim
          Defendants.

### SUBPOENA IN A CIVIL CASE

Case No. 04-00910 (GMS)
(Pending in the District of Delaware)

TO:    Richard Lerner
        11 Madison Avenue
        New York, NY 10010

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Pitney Hardin LLP<br>7 Times Square<br>New York, NY 10036-7311 | August 9, 2006 at 10:00 a.m. |

[ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Pitney Hardin LLP<br>7 Times Square<br>New York, NY 10036-7311 | August 9, 2006 at 10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kevin F. Brady*<br>*Attorneys for Defendant THCI Company LLC* | July 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin F. Brady
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

AO88 (Rev. 10/2002) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### Exhibit A to Subpoena

You are directed to produce all of the following documents in accordance with the Federal Rules of Civil Procedure and pursuant to the Definitions and Instructions provided herein and to appear at the above-referenced location at the date and time specified above.

1.    All agreements between you and/or CSFB and any other person or entity, that relates to or affects your ability to provide information regarding the Nine Subsidiaries, LTC, Briarwood, or any affiliated individuals or entities.

2.    All documents relating to Briarwood's acquisition of shares of LTC.

3.    All documents reflecting, referring, or relating to any financing or lending provided to or on behalf of Briarwood, LTC, or the Nine Subsidiaries from 2003 through the present.

4.    All documents that identify, at any time, the owners, officers, directors, members, or principals of Briarwood, LTC, or the Nine Subsidiaries from 2003 through the present.

5.    All documents reflecting, referring, or relating to the Nine Subsidiaries, LTC, or Briarwood from 2003 through the present, including but not limited to any correspondence, communications, guaranties, loans, or financial statements.

6.    All documents reflecting, referring, or relating to the transfer of any assets from the Nine Subsidiaries, LTC, and/or Briarwood to any other party since 2003.

7.    All documents reflecting, referring, or relating to the Facilities and/or Tri-State from 2003 to the present.

## DEFINITIONS

These document requests are subject to the following definitions:

1.    The term "person" or "individual" includes, but is not limited to, any natural person, corporation, partnership, sole proprietorship, or any other business or legal entity, or any employee, agent, or representative of the foregoing.

2.    "Briarwood" means ABE Briarwood Corporation, and any of its employees, former employees, agents, former agents, partners, former partners, shareholders, former shareholders, assignees, owners, successors of the owners, officers, former officers, directors, former directors, representatives and former representatives.

3.    "Communication" means the transmittal of information of any kind, in any form and by any means.

4.    "Concerning," "indicating," "relating," "related," or "which relates" means comprising, concerning, consisting of, embodying, evidencing, referring to, reflecting, regarding, supporting, relating to, prepared in connection with, used in preparation for, or being in any way legally, factually or logically related to the matter or document described, referred to, or discussed. A communication, document, writing, or knowledge of any given subject which "concerns," "relates," is "related to" or "which indicates" or "relates," means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

5.    "Document" is used in its broadest sense and means any written, typed, printed, electronic, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise,

2

including but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, electronic mail and attachments thereto, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents as permissible under the Federal Rules of Civil Procedure.

6.    "Facilities" means the nursing homes located at 890 Weatherwood Lane, Greensburg, PA; 115 Elmwood Circle, West Carrolton, Ohio; 850 N.W. 9th Street, Alabaster, Alabama; 4114 Schaper Avenue, Erie, Pennsylvania; 204 West Main Street, Route 162, New London, Ohio; 1621 Route 22 West, Bound Brook, New Jersey; 11941 Belsay Road, Grand Blanc, Michigan; and 4700 Cliffview Drive, Kansas City, Missouri.

7.    "Identify" when referring to a document, means state the general nature or type, the general subject matter, title, number of pages, date, author or originator, addressee or recipient, copy recipients, present depository or depositories, name and address of any person(s) having custody, and any other necessary basis for identification of such document.

3

8. "LTC" means IHS Long Term Care Services, Inc., and any of its employees, former employees, agents, former agents, partners, former partners, shareholders, former shareholders, assignees, owners, successors of the owners, officers, former officers, directors, former directors, representatives and former representatives.

9. The "Nine Subsidiaries" means Alpine Manor, Inc., Integrated Health Group, Inc., Elm Creek of IHS, Inc., Integrated Health Services of Riverbend, Inc., Firelands of IHS, Inc., Briarcliff Nursing Homes, Inc., Integrated Health Services of Somerset Valley, Inc., Spring Creek of IHS, Inc., Integrated Health Services of Cliff Manor, Inc., and any of their employees, former employees, agents, former agents, partners, former partners, shareholders, former shareholders, assignees, owners, successors of the owners, officers, former officers, directors, former directors, representatives and former representatives.

10. "Tri-State" means Tri-State Health Investors, LLC, Tri-State Healthcare of Erie, LLC, Tri-State Healthcare of Greensburg, LLC, TriState Healthcare of West Carrolton, LLC, Tri-State Healthcare of Grand Blanc, LLC, Tri-State Healthcare of New London, LLC, Tri-State Healthcare of Alabaster, LLC, Tri-State Healthcare of Boundbrook, LLC, Tri-State Healthcare of Huber Heights, LLC, Tri-State Healthcare of Kansas City, LLC, and any of their employees, former employees, agents, former agents, partners, former partners, shareholders, former shareholders, assignees, owners, successors of the owners, officers, former officers, directors, former directors, representatives and former representatives.

12. "You" or "your" means Richard Lener to whom this subpoena is directed.

13. "CSFB" means Credit Suisse First Boston, Inc., and any of its employees, former employees, agents, former agents, partners, former partners, shareholders, former

4

shareholders, assignees, owners, successors of the owners, officers, former officers, directors, former directors, representatives and former representatives

14.    Wherever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or") and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.