

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Collins J. Seitz, Jr.
TEL        (302) 888-6278
FAX       (302) 255-4278
EMAIL    cseitz@cblh.com
REPLY TO   Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

WEB www.cblh.com

July 27, 2006

VIA ELECTRONIC FILING

The Honorable Gregory M. Sleet, U.S.D.J.
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street - Room 4324
Wilmington, Delaware  19801

       Re:    Integrated Health Services of Cliff Manor v. THCI Company, LLC
                 Civil Action No. 04-910 (GMS)

Dear Judge Sleet:

       This firm represents THCI Company LLC ("THCI").  Regrettably, I am forced to respond to Plaintiffs' recent letter and Motion to Amend Scheduling Order because Plaintiffs (1) misstate the facts in yet another effort to prevent discovery, and (2) seek to delay resolution of the core issue in this case – Plaintiffs' non-payment of rent for more than a year – by inundating the Court with motions.  A conference is warranted to address Plaintiffs' conduct.

       The Court directed that discovery proceed in this case during two separate conferences earlier this year (see Docket Nos. 119 (1/13/06 Hearing Transcript at 17-18) & 139 (2/28/06 Hearing Transcript at 15)) and in a Scheduling Order dated March 24, 2006. (Docket No. 141). Despite such direction, Plaintiffs have not permitted a single deposition to proceed.  Plaintiffs also have sought to delay resolution of THCI's motion seeking to require Plaintiffs to vacate nine nursing home facilities because Plaintiffs have not paid any rent since May 2005, currently owe THCI more than $12 million, and have refused to provide any of the contractually mandated reporting regarding the facilities. Given this Court's Order confirming Plaintiffs' lease obligations (Civil Action No. 03-610, Docket No. 27), Plaintiffs have no defense to THCI's claims.  Rather, they seek to avoid the consequences of their egregious conduct by moving to remand to state court.

The Honorable Gregory M. Sleet
July 27, 2006
Page 2

      Plaintiffs continue their attempt to take advantage of this Court's busy docket by submitting an endless barrage of motions that have nothing to do with their $12 million default. Plaintiffs' contention that THCI is in default of any discovery obligation and that they conferred with counsel in an attempt to resolve their concerns is simply incorrect.

      THCI joins in Plaintiffs' request for a conference, not because Plaintiffs' newest motion warrants the Court's consideration, but rather to address Plaintiffs' continuing refusal to pay rent or vacate nine nursing home facilities.

      Thank you for Your Honor's consideration.

                                    Respectfully submitted,

                                    Collins J. Seitz, Jr.
                                    (Bar No. 2237)

cc:    Michael R. Lastowski, Esq. (via electronic and regular mail)
        Daniel J. DeFranceschi, Esq. (via electronic and regular mail)
        Aurora Cassirer, Esq. (via electronic and regular mail)
        David S. Sager, Esq. (via electronic and regular mail)