**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

DANIEL J. DEFRANCESCHI
DIRECTOR

DIRECT DIAL NUMBER
302-651-7816
DeFranceschi@rlf.com

August 1, 2006

*Via E-Filing*

Hon Gregory M. Sleet, U.S.D.J.
United States District Court for the
District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    Integrated v. THCI: 04-910 (GMS)

Dear Judge Sleet:

      We are the attorneys for plaintiffs and additional counterclaim defendant Abe Briarwood Corporation (collectively, "Plaintiffs"). We write in response to the letter to you of even date by Collins J. Seitz, Jr., Esq., representing defendant.

      Mr. Seitz's letter reflects a misunderstanding of Plaintiffs' position. First: Plaintiffs have not consented, and do not consent, to defendant's motion which sought to evict the tenants. We have instead noted that we are prepared to vacate, which would make the motion academic. Second: As this Court is aware, there is presently under advisement a motion to remand this removed case to State Court, both because it was improperly removed to begin with (an issue the Eighth Circuit expressly noted is to be addressed by this Court), and because the supposed excuse for removal, the pendency of an appeal to this Court from the Bankruptcy Court, has disappeared. This Court should not, and indeed perhaps may not, enter substantive orders prior to disposition of the motion to remand. Third: If the Order were to be entered, and for some technical reason (e.g., defendant is not ready to take over), the tenant might not be able to vacate a particular site by August 31st, it should not be facing the Hobson's Choice of either being in contempt of this Court's Order, or jeopardizing patient care.

      Fourth, defendant's proposed Order ignores the condition of Plaintiffs' offer to vacate, namely that defendant use the cash and receivable proceeds that the Plaintiffs are handing over to pay payroll and other payables. That should still leave defendant with about $3.5 Million to apply towards back rent.

      The fact that we cannot and do not consent to defendant's proposed Order does not mean that we are not willing to enter into a letter agreement with defendant confirming the

RLF1-3043614-1

Hon Gregory M. Sleet, U.S.D.J.
August 1, 2006
Page 2


terms of our proposal incorporated in Mr. Lastowski's letter of July 28. However, we are still waiting for defendant to announce, at least via a letter to you, if not directly to us, that it accepts our proposal.

                                                      Respectfully submitted,

                                                      Daniel J. DeFranceschi

DJD:aj
cc:    (via e-mail)
       Collins J. Seitz, Esq.
       Davis S. Sager, Esq.
       Michael R. Lastowski, Esq.
       Aurora Cassirer, Esq.

RLF1-3043614-1