IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC, INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC. and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants. | Civil Action No. 04-910 (GMS) <br><br><br><br> Re: **Docket No. 207** |

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

- and -

RLF1-3141584-1

Amos Alter, Esq.
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al. and counterclaim Defendant Abe Briarwood Corp. and non-parties Leonard Grunstein and Rubin Schron*

Dated: April 20, 2007
          Wilmington, Delaware

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

I.   AS A PROCEDURAL MATTER, THIS MOTION MAY NOT BE
GRANTED .................................................................................................. 1

II.   NO CLAIM MAY BE ASSERTED AGAINST THE LTC RECEIVABLES ...... 3

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

Blosam Contractors, Inc. v. Luycx,
    535 So. 2d 352, 354 (Fla. 1st DCA 1988) ..........................................................6

Chicago District Council of Carpenters Pension Fund v. Tessio Construction Co.,
    2003 U.S. Dist. LEXIS 9288, *9 (N.D. Ill. June 3, 2003) ..................................4

Frank v. Talcott, Inc.,
    692 F.2d 734, 739 (11th Cir. 1982) ...................................................................7

In re Publishers Consortium, Inc. v. Common Courage Press, Inc.,
    2007 Bankr. LEXIS 766 (Bankr. D. Conn. 2007) .......................................4, 5, 7

Montgomery v. Aetna Plywood,
    231 F.3d 399, 411 (7th Cir. 2000) ......................................................................1

Myers v. Richland County,
    429 F.3d 740, 747 (8th Cir. 2005) ......................................................................1

Phillips v. Ball and Hunt Enterprises, Inc.,
    933 F. Supp. 1290, 1300 (W.D. Va. 2006) ........................................................5

Rentenbach Constructors, Inc. v. CM Partnership,
    639 S.E.2d 16, 17 (N.C. App. 2007) ..............................................................5, 7

Thorp Commercial Corp. v. Northgate Industries, Inc.,
    654 F.2d 1245, 1253 (8th Cir. 1981) ..................................................................5

U.S. Claims, Inc. v. Flomenhaft and Cannata, LLC,
    2006 U.S. Dist. LEXIS 90074, *8 (E.D. Pa. Nov. 13, 2006) ..........................3, 4

## FEDERAL STATUTES

UCC § 9-203 ................................................................................................................4

UCC § 9-322 .............................................................................................................4, 7

This Memorandum of Law is submitted upon behalf of the first nine-named plaintiffs (the "LTC plaintiffs"), the tenth-named plaintiff, IHS Long Term Care Services, Inc. ("LTC"), and additional counterclaim defendant Abe Briarwood Corporation ("Briarwood"; collectively all of the foregoing are referred to as "Plaintiffs"). This Memorandum of Law opposes the motion by defendant, THCI Company, LLC ("THCI"), to enforce, by motion, the contractual provisions of a 22-page Settlement Agreement entered into in the referenced action.

The relevant facts are set forth in the accompanying Declaration of Amos Alter, and the Affidavit of Avi Klein, annexed thereto. This Memorandum is limited to salient points of law.

**I.     AS A PROCEDURAL MATTER, THIS MOTION MAY NOT BE GRANTED.**

Plaintiffs readily accept that this Court has ancillary subject-matter jurisdiction to enforce stipulations of settlement incorporated into decrees of the Court. Plaintiffs also recognize that such stipulations may sometimes be enforced by motion, although enforcement by plenary action is the norm.[1] The problem with the instant motion, however, is that it does not meet what THCI itself acknowledges (Br. 9) is the standard for such a motion, namely the standard for summary judgment, with no material facts being in dispute. The motion here falls far short of meeting such a standard, and it should therefore be dismissed.

---

[1] "[W]here a party to a settlement agreement approved by a federal court brings a *new suit* in federal court alleging a breach of the agreement, federal jurisdiction exists over the suit, provided the federal court incorporated the agreement into its final order or reserved jurisdiction to enforce the agreement." (Montgomery v. Aetna Plywood, 231 F.3d 399, 411 (7th Cir. 2000), as quoted in Myers v. Richland County, 429 F.3d 740, 747 (8th Cir. 2005) (italics the Myers Court's).

1

<u>First</u>: While the relief the motion seeks is obviously monetary, it does not quantify its damages, nor even identify the defendants against which it seeks such damages. This is hardly the basis for summary relief. <u>Second</u>: Defendant fails to demonstrate that it, as opposed to entities not even party to this action, is the aggrieved party for its claims. <u>Third</u>: Insofar as it may be alleged that someone (THCI or some non-party) has a claim against some unidentified plaintiff, THCI still must establish that the claim violates some provision of the Settlement Agreement, and is not an independent tort or breach of contract. This it has failed to do. <u>Fourth</u>: The motion requires the Court and plaintiffs to take on faith the conclusory allegations of THCI, when there is good reason to believe they are exaggerated or just plain wrong. There has been no opportunity for discovery on THCI's claims. It is basic that a Court should be extremely loathe to entertain a motion for summary judgment, or what is admitted here to be its equivalent, prior to discovery. <u>Fifth</u>: Even on the face of what can be demonstrated here, there are severe factual issues which would prevent summary judgment. A party asserting a claim on a contract must not itself be in breach. Here the affidavit of Avi Klein establishes, or at the very least raises triable issues as to, THCI's breach of the Settlement Agreement.[2]

The motion should therefore be dismissed, and THCI remitted to its remedy of commencing a plenary action, if so advised.

---

[2] THCI's claim for sanctions is preposterous. As the Klein Affidavit demonstrates, THCI should not be so quick to throw around allegations of bad faith. This case involves no more and no less than a contract dispute, and talk of sanctions is entirely inappropriate.

## II.  NO CLAIM MAY BE ASSERTED AGAINST THE LTC RECEIVABLES.

The Settlement Agreement (Par. 4[b][iv]) provides that there shall be no offsets to the remittance to the LTC plaintiffs, on a weekly basis, of LTC Receivables (i.e., receivables for the period prior to the transfer of operations) collected, except if the LTC Plaintiffs have defaulted or failed to satisfy certain financial obligations. The burden of establishing any such offset is thus of course on THCI, and that it has failed to do.

Even further than that, however, is the fact that no claim could be asserted in any event against the LTC Receivables, because they are (and were at the time of execution of the Settlement Agreement) subject to a perfected security interest. As a result of the filed perfected UCC-1 Security Instruments filed in conjunction with the Pharmacy Services Agreements between PHARMERICA, INC. ("Pharmerica") and INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC. and FIRELANDS OF IHS, INC., ELM CREEKOF IHS, INC., (the "LTC Plaintiffs" as defined under the Stipulation and Order of Settlement and Dismissal) Pharmerica has a valid security interest in the account receivables of the LTC Plaintiffs due and owing after collection by THCI Company, LLC ("THCI") under relevant law and the Stipulation and Order of Settlement and Dismissal which is superior to any purported allegation of entitlement by THCI.

The creation of a valid and enforceable security interest requires (1) the secured debtor receive some value, (2) the debtor have rights in the collateral at issue, and (3) an agreement. U.S. Claims, Inc. v. Flomenhaft and Cannata, LLC, 2006 U.S. Dist. LEXIS

90074, *8 (E.D. Pa. Nov. 13, 2006) (citing UCC § 9-203(b)) (discussed *infra*); see also, Chicago District Council of Carpenters Pension Fund v. Tessio Construction Co., 2003 U.S. Dist. LEXIS 9288, *9 (N.D. Ill. June 3, 2003)(discussed *infra*). When all three requirements are met, a security interest "attaches" to the collateral and is enforceable between the parties to the agreement. Flomenhaft, 2006 E.D. Pa. LEXIS 90074, at *8 (citing UCC § 9-203(a)).

It is well established law that perfection of the security interest is necessary in order to establish priority against third persons laying claim to the same collateral. *Id.* (internal citations omitted). Where there are conflicting security interests in the same collateral, priority is determined by looking to the order of perfection. *Id. (citing* UCC § 9-322) (purchase agreements constituted sales of "accounts" under Uniform Commercial Code and therefore unperfected security interest was subordinate to perfected conflicting interest); *see also,* Tessio, *supra* (citing UCC § 9-322) (holding that "the law unequivocally show[ed]" perfected security interest of bank in existing and future accounts receivable of debtor had priority over subsequent judgment lien of pension fund). [T]he party who first perfects its security interest has the superior right in the collateral. *Id.* at *10 (internal citations omitted). Perfection of account receivables occurs when the financing statement is filed and the security interest has attached. *Id.* (internal citations omitted).

Perfected security interests take priority over conflicting unperfected interests. Flomenhaft, 2006 E.D. Pa. LEXIS 90074, at *8 (*citing* UCC § 9-322(a)(2)). The foregoing legal premise was further evidenced in the Court's decision pertaining to In re Publishers Consortium, Inc. v. Common Courage Press, Inc., 2007 Bankr. LEXIS 766

RLF1-3141584-1

(Bankr. D. Conn. 2007). In Publishers Consortium, the lender acquired a secured property interest in all of the existing and future contract rights and accounts of the debtor. The debtor also entered into an Agency Agreement to distribute books consigned by various publishers. The debtor subsequently defaulted on its obligation to the lender and filed for Chapter 11 bankruptcy. The lender and publishers each claimed their right to the cash proceeds of pre-bankruptcy receivables, i.e. the sale of books under the Agency Agreement. The court in Publishers Consortium determined that the lender "bargained for and received its interest in future contracts, such as the Agency Agreement, well before the time when the [publishers] argue that they too acquired an interest in the Agency Agreement". Id. at *33. The court held that under those circumstances, a recognition of superior rights in the publishers as third-party beneficiaries would amount to a forfeiture of the property of the lender and noted that "equity abhors a forfeiture". Id. (internal citations omitted). Accordingly, the court recognized the superior interest of the lender in the collateral at issue. Id. at *34.

Similarly, in both Rentenbach Constructors, Inc. v. CM Partnership, 639 S.E.2d 16, 17 (N.C. App. 2007) and Phillips v. Ball and Hunt Enterprises, Inc., 933 F. Supp. 1290, 1300 (W.D. Va. 2006), the respective Courts upheld and affirmed the legal premise that under the Uniform Commercial Code, the secured creditor with perfected security interests had a priority lien on the proceeds at issue. Id. at 20. (See also Thorp Commercial Corp. v. Northgate Industries, Inc., 654 F.2d 1245, 1253 (8th Cir. 1981), where secured creditors entitled to summary judgment where earlier-perfected security interest in mining equipment of debtor had priority over judgment lien); (holding that under Uniform Commercial Code financing statement of bank that covered "assignment

accounts receivable" perfected its security interest in accounts acquired subsequent to filing of financing statement regardless of whether there was specific assignment of accounts);

The Settlement Agreement in Paragraph Twelve (12) states, in pertinent part, "Except as to any security interest that the LTC Plaintiffs, LTC and Briarwood, shall terminate prior to the Settlement Date, the LTC Plaintiffs, LTC and/or Briarwood Warrant and represent that they have not provided a security interest to any other vendor or other third party, including Pharmerica, relating to the Facilities **except with respect to the receivables that are due and owing to the LTC Plaintiffs for services rendered prior to the Transition Date.**" (emphasis added)

Consequently, it is an established fact of which THCI was aware as of the execution of the Settlement Agreement, that Pharmerica had perfected security interests in the LTC receivables, such filing and recording renders any purported claim for judgment by THCI against said receivables subordinate to the claim of Pharmerica. The subordination of THCI's claim would occur even if such claim was determined to be valid by the Court despite the separate objections filed by Plaintiffs hereunder. see: Blosam Contractors, Inc. v. Luycx, 535 So. 2d 352, 354 (Fla. 1st DCA 1988) (reversing order giving charging lien of creditor priority over prior perfected security interest of corporation in limited partnership interest of debtor and finding that interest of corporation was properly perfected by filing of financing statement prior to judgment against the debtor and should have been given priority to subsequent charging lien).

However, even if assuming, arguendo, THCI seeks to claim it had no prior knowledge of Pharmerica's security interest in the LTC Receivables, such claim would

be both immaterial and irrelevant. The subjective knowledge of a secured creditor with regard to the conflicting security interest of another is irrelevant: **the first to perfect prevails** (emphasis added) *Id.* at *8-9 *(citing* UCC § 9-322); see also, Frank v. Talcott, Inc., 692 F.2d 734, 739 (11th Cir. 1982) (affirming order entitling secured creditor to payments on installment sales contracts of company and holding that under Uniform Commercial Code unperfected security interest was inferior to perfected security interest in same collateral).

Based on the foregoing, any erroneous claim by THCI that: (i) it lacked knowledge of the security interests filed by Pharmerica against the LTC Receivables; or (ii) that the LTC Plaintiffs breached the Stipulation of Settlement thus enabling THCI to offset any obligation owed to it using the LTC Receivables is defeated by the prevailing law on point and prior perfected security interests of Pharmerica which precede the date of the Settlement Agreement. The interests of Pharmerica in the LTC Receivables are not extinguished or affected in any way by the Settlement Agreement and any claims by THCI remain inferior to those of the secured creditor, Pharmerica. See, Publishers Consortium, supra; see also Rentenbach, supra.

There are thus plainly defenses to THCI's contract claim under the Settlement Agreement. Its motion, if not dismissed, should be denied. If, however, the Court is of the view that the Settlement Agreement should be enforced summarily, it should order THCI immediately to turn over all the collected LTC Receivables to Pharmerica to satisfy its perfected security interests in the LTC Receivable collateral.

RLF1-3141584-1

## CONCLUSION

As has been demonstrated, THCI's motion here may not be considered on the merits, and, if it is, there is no merit to it. The motion should therefore be dismissed or denied.

Dated: April 20, 2007
      Wilmington, Delaware

Respectfully submitted,

*/s/ Jason M. Madron*

Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
      madron@rlf.com

- and -

Amos Alter, Esq.
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Email: amos.alter@troutmansanders.com

*Attorneys for Plaintiff Integrated Health Services of Cliff Manor, Inc. et al. and counterclaim Defendant Abe Briarwood Corp. and non-parties Leonard Grunstein and Rubin Schron*