# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC, INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants. | Civil Action No. 04-910 (GMS) |

### AFFIDAVIT IN OPPOSITION

**AVI KLEIN**, declares:

1.  I am the Manager of Tri-State Health Investors, LLC, Manager for Tri-State Healthcare of Erie, LLC, Tri-State Healthcare of New London, LLC, Tri-State Healthcare of Alabastor, LLC, Tri-State Healthcare of Grand Blanc, LLC, Tri-State Healthcare of Greensburg,

LLC, Tri-State Healthcare of Huber Heights, LLC and Tri-State Healthcare of Bound Brook, LLC, Managers of INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INC., INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCIFF NURSING HOME, INC., SPRING CREEK OF IHS, INC. and FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC., certain Plaintiff's herein (collectively the "**LTC Plaintiffs**" as defined under the Settlement ).

2. I make this Affidavit in support of Plaintiff's Opposition to the motion by defendant, THCI Company, LLC ("THCI"), to enforce a Stipulation and Order of Settlement and Dismissal.

3. Specifically, this Declaration addresses and rebuts allegations in the aforesaid motion, pertaining to THCI's improper request to offset secured receivables owed to the LTC Plaintiffs as well as actions and/or inaction by THCI under its obligations to the LTC Plaintiffs under the Stipulation and Order of Settlement and Dismissal (the "**Settlement Agreement**") (copy annexed as **Exhibit A**).

4. The Settlement Agreement in Paragraph Twelve (12) makes it abundantly clear, that THCI was placed on both actual and constructive notice that Pharmerica Inc. ("**Pharmerica**") had a perfected security interest in the LTC Receivables it collateralized in conjunction with Pharmacy Services Agreements executed on or about May 2004 with the LTC Plaintiffs to provide services to the Facilities through the Transition Date (as defined in the Settlement Agreement).

5.  Notwithstanding the issue of notice to THCI, the UCC-1 Security interests were perfected prior to the entry of the Settlement Agreement and supersede any claim by THCI that it should be entitled to setoff LTC Receivables to obligations purportedly owed by the LTC Plaintiffs to THCI.

6.  In addition to the filed security interests by Pharmerica, THCI was required to provide certain information to the LTC Plaintiffs to allow for accurate remittance and collection of the LTC Receivables.

7.  Specifically, Paragraph 4(b)(iv) of the Settlement Agreement obligates the New Operators to deliver to the LTC Plaintiffs all remittance advices received with respect to the LTC Receivables on a weekly basis on the following Wednesday of each week.

8.  Since on or about January 22, 2007, the New Operators have failed to remit any remittance advices with respect to the LTC Receivables and have, in addition thereto, in direct contradiction to the Settlement Agreement, improperly claimed inability to provide information within their possession to allow recovery of the LTC Receivables in an attempt to hinder, delay and thwart collection by the LTC Plaintiffs and have instead demanded that the LTC Plaintiffs expend funds to obtain such information. Specifically, Richard Beckler, an agent of the New Operators, has advised workers in the LTC Plaintiffs' accounts receivable department that the New Operators lack the resources to provide such information and that if the LTC Plaintiffs desire to obtain the information, they should send someone to the facilities to make the copies themselves.

9.  Defendant's failure to provide such information, in addition to its failure to deliver the LTC Receivables, has effectively prevented LTC from securing the funds to pay the

LTC Retained Payables, including secured creditor Pharmerica for obligations arising prior to the Transition Date under the Settlement Agreement.

**FURTHER AFFIANT SAYETH NOT.**

/s Avi Klein
_____
AVI KLEIN

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

Subscribed and sworn before me on this 18th day of April, 2007.

/s Michael I. Bernstein

Notary Public State of Florida
Notary License No: DD408710
My commission expires 3/20/2009

Personally Known _X_ OR Produced Identification _____ Type of Identification Produced___