UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC. and IHS LONG TERM CARE SERVICES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> and, <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendant. | Civil Action No.: 04-910 (GMS) |

**BRIEF IN OPPOSITION TO NON-PARTY PHARMERICA, INC.'S
MOTION FOR INTERVENTION**

On the Brief:

Lisa C. McLaughlin, Esquire (#3113)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

and

Catherine P. Wells, Esquire
Drew Dickson, Esquire
Nancy A. Del Pizzo, Esquire
WOLFF & SAMSON PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
(973) 325-2068
Attorneys for THCI Company LLC

1069889.2

# TABLE OF CONTENTS

Page

SUMMARY OF ARGUMENT ............................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 2

STATEMENT OF FACTS ................................................................................................... 3

LEGAL ARGUMENTS ........................................................................................................ 3

POINT I .................................................................................................................................. 3

    INSOFAR AS PHARMERICA HAS NO STANDING TO ASSERT ITS CLAIMS IN THE INSTANT MATTER, THIS COURT SHOULD DENY PHARMERICA'S MOTION TO INTERVENE .................................................................. 3

POINT II ................................................................................................................................. 5

    THIS COURT HAS NO JURISDICTION TO HEAR PHARMERICA'S CLAIMS, AND ALTERNATIVELY, SHOULD ABSTAIN FROM HEARING THOSE CLAIMS HERE ............................................................................. 5

        A.    This Court Has No Jurisdiction To Hear Pharmerica's Claims ................................................................................................................ 5

        B.    Even If This Court Has Jurisdiction To Hear Pharmerica's Claims, It Should Abstain From Doing So Here ............................................ 7

POINT III ............................................................................................................................... 7

    PHARMERICA HAS NOT MET THE REQUIREMENTS OF EITHER OF THE FEDERAL RULES REGARDING INTERVENTION ......................................... 7

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Arbaugh v. Y&H Corp., 546 U.S 500, 126 S. Ct. 1235 (2006) ............................................5, 6

Butcher & Singer, Inc. v. Kellam, 623 F. Supp. 418 (D. Del. 1985) ....................................5, 8

Devlin v. Scardelletti, 536 U.S. 1, 122 S. Ct. 2005 (2002) ......................................................8

Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S. Ct. 1105 (1946) ............9

Gaskin v. Pennsylvania, 389 F. Supp. 2d 628 (E.D. Pa. 2005) ................................................9

Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311 (3d Cir.), cert. denied, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990) ................................................................6

In re Grand Jury, 111 F.3d 1066 (3d Cir. 1997) ......................................................................4

Jackson v. Delaware River and Bay Auth., 224 F. Supp. 2d 834 (D.N.J. 2002) .....................5

Jefferson v. Camden, No. 01-4218, 2006 WL 1843178 (D.N.J. June 30, 2006) .....................9

NY Life Distribs., Inc. v. Adherence Group, Inc., 72 F.3d 371 (3d Cir. 1995) .......................7

Sherman v. Wellbrock, 761 F. Supp. 1135 (D.N.J. 1991) ........................................................6

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181 (3d Cir. 2006) .......................................7

UPS Worldwide Forwarding, Inc. v. United States Postal Serv., 66 F.3d 621 (3d Cir. 1995) .................................................................................................................................4, 5

## FEDERAL RULES

Fed. R. Civ. Pro. 24 ..................................................................................................................7

## STATUTES

28 U.S.C. § 1367 ......................................................................................................................5

1069889.2

## SUMMARY OF ARGUMENT

THCI Company LLC ("THCI") filed a motion to enforce the terms of the Stipulation and Order of Settlement and Dismissal (the "Settlement Agreement") based upon the failure of IHS Long Term Care Services, Inc. ("LTC") and the remaining plaintiffs, Integrated Health Services of Cliff Manor, Inc., Integrated Health Services at Riverbend, Integrated Health Services at Somerset Valley, Inc., Alpine Manor, Inc., Briarcliff Nursing Home, Inc., Integrated Health Group, Inc., Spring Creek of IHS, Inc., Firelands of IHS, Inc., Elm Creek of IHS, Inc. (collectively, the "LTC Plaintiffs") to fulfill their obligations under the Settlement Agreement. THCI's motion solely brings before this Court LTC and the LTC Plaintiffs' flagrant disregard of their obligation under the Settlement Agreement to pay existing payables arising from their operation of the nine nursing home facilities that were transferred to THCI on October 1, 2006 ("Transition Date"), which resulted in THCI paying more than $2 million of these pre-Transition Date obligations in order to continue the operations of these nursing home facilities.

There is no legal or factual reason why Pharmerica, Inc. ("Pharmerica") should be permitted to intervene in this action. Significantly, (1) Pharmerica is not a party to the Settlement Agreement that is at issue in the pending motion before this Court; (2) the involvement or participation of Pharmerica was not required for THCI, LTC and the LTC plaintiffs to enter into the Settlement Agreement nor is it required for THCI, LTC and the LTC Plaintiffs to comply with their respective obligations under the Settlement Agreement; and, (3) Pharmerica is currently involved in litigation in the State of Florida with regard to the purported security interests it proffers as support for its motion here.[1]

---

[1] Importantly, even the defendants in the Florida action deny that Pharmerica's has the perfected security interests it uses as support for its motion here.

1

1069889 2

Moreover, while intervention standards may be broadly applied, they are not unlimited and have never been available as a means of litigating the same issue in two courts at the same time so as to provide a party with an opportunity to choose the decision that best supports its contentions.

## NATURE AND STAGE OF THE PROCEEDINGS

Prior to 2006, THCI, LTC and the LTC Plaintiffs (the "Parties") became involved in disputes regarding certain leases of nine nursing home facilities (the "Facilities"). The Parties came to an agreement on terms of settlement, and on September 25, 2006, they executed the "Settlement Agreement," which was entered on the docket by the Hon. Gregory M. Sleet, U.S.D.J. (See Ex. A to Affidavit of Robert Heyert, hereinafter "Heyert Aff.," filed with THCI's original papers). Pursuant to the Settlement Agreement, the Court expressly retained jurisdiction over this matter. (Ex. A to Heyert Aff., Paragraph 14.) Due to LTC and the LTC Plaintiffs flagrant disregard of the terms of the Settlement Agreement, THCI filed its motion to enforce the Settlement Agreement on March 28, 2007. LTC and the LTC Plaintiffs filed opposition to THCI's motion on or about April 20, 2007.

On or about November 17, 2006, Pharmerica commenced a lawsuit in the Circuit Court for the 11th Judicial Circuit, Miami-Dade County, Florida, asserting its purported security interest rights against "Avi Klein," doing business as a series of nursing home entities. On April 20, 2007, Pharmerica filed a motion for intervention in the instant action before this Court, contending that its purported security interests, which are currently in dispute in the Florida action, should also be an issue before this Court.

## STATEMENT OF FACTS

THCI directs the Court to the Statement of Facts filed with its motion to enforce the Settlement Agreement and notes that nowhere in those papers is Pharmerica mentioned. That is because the Settlement Agreement at issue here is between THCI, LTC and the LTC Plaintiffs. Pharmerica is not a party and has no rights to enforce the Settlement Agreement, and accordingly, also has no rights or responsibilities under the Settlement Agreement.

By its own admission, Pharmerica was one of many vendors to the Facilities. (See Pharmerica's instant motion). There is no basis for Pharmerica or any other vendor that supplied products or services to the Facilities to intervene in this action, which seeks only enforcement of the Settlement Agreement, an issue for which this Court has specifically retained jurisdiction.

Moreover, Pharmerica concedes that the purported perfected security interests that are at issue in the currently ongoing litigation in the State of Florida are the very same purported security interests it claims at issue here. Importantly, the nine Facilities that make up LTC and the LTC Plaintiffs in the action before this Court are not only different entities from the defendants in the Florida litigation, they are largely different entities from the ones identified in Pharmerica's financing statements, the very statements it claims are evidence of its perfected security interests.

## LEGAL ARGUMENTS

### POINT I

**INSOFAR AS PHARMERICA HAS NO STANDING TO ASSERT ITS CLAIMS IN THE INSTANT MATTER, THIS COURT SHOULD DENY PHARMERICA'S MOTION TO INTERVENE**

The Third Circuit Court of Appeals has held that in addition to meeting the requirements of the federal rules on intervention, a party attempting to intervene in an action within the Third

1069889.2

Circuit must, as a threshold matter, also meet both the constitutional and prudential "standing" requirements. See In re Grand Jury, 111 F.3d 1066, 1071 (3d Cir. 1997) (noting that while party attempting to intervene met the requirements for intervention in the federal court, that did not mean it also satisfied the requirements for standing); see also UPS Worldwide Forwarding, Inc. v. United States Postal Serv., 66 F.3d 621, 626 (3d Cir. 1995) ("the rules of standing . . . are threshold determinants of the propriety of judicial intervention").

To demonstrate constitutional standing, Pharmerica must demonstrate that it "[1] suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; [2] there must be a causal connection between the injury and the conduct complained of; [and 3] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." UPS Worldwide Forwarding, supra, 66 F.3d at 626. Pharmerica cannot meet this three-prong test for constitutional standing because (1) there is no concrete or particularized injury; in fact, Pharmerica is currently involved in litigation in Florida where at issue is whether it even has the perfected security interests it claims in support of its contention of injury here; (2) there is no causal connection because the instant action concerns a Settlement Agreement in which Pharmerica is not even a party; and (3) the Court's decision to enforce the Settlement Agreement will only have the effect of requiring LTC and the LTC Plaintiffs to meet their obligations to THCI under the Agreement, and will not effect Pharmerica because (i) it is not a party to that Agreement and (ii) none of the parties to the Agreement are named in Pharmerica's UCC filings, which it claims as evidence of its purported perfected security interests.

To meet the requirements of prudential standing, "(1) a litigant [must] assert his or her own legal interests rather than those of third parties; (2) courts refrain from adjudicating abstract

4

questions of wide public significance which amount to generalized grievances and (3) a litigant [must] demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute, rule or constitutional provision on which the claim is based." Ibid. Clearly, Pharmerica does not meet the test for prudential standing either. Even if it is asserting its own interests and even if the claims here are not of the type to be considered "of wide public significance," this action involves a claim of breach of a Settlement Agreement not a claim dealing with a "statute, rule or constitutional provision."

Because Pharmerica cannot meet the requirements of either constitutional and prudential standing, much less both as required, this Court should deny its motion to intervene.

## POINT II

### THIS COURT HAS NO JURISDICTION TO HEAR PHARMERICA'S CLAIMS, AND ALTERNATIVELY, SHOULD ABSTAIN FROM HEARING THOSE CLAIMS HERE

A.   This Court Has No Jurisdiction To Hear Pharmerica's Claims

The Court must have jurisdiction to hear an intervenor's claims. See Butcher & Singer, Inc. v. Kellam, 623 F. Supp. 418, 422 (D. Del. 1985) (noting that the intervenor must meet the requirements of federal question, diversity or supplemental jurisdiction); Jackson v. Delaware River and Bay Auth., 224 F.Supp.2d 834, 841 (D.N.J. 2002). There is no federal question at issue here, and if, as Pharmerica claims, its contentions against the Florida entities are against the same entities here, Pharmerica (as a Florida entity itself) is not diverse to this plaintiff. Intervention typically meets jurisdictional requirements based on supplemental jurisdiction, 28 U.S.C. § 1367. See Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1240 (2006). However, Pharmerica does not meet those requirements either.

5

To meet the requirements of supplemental jurisdiction, Pharmerica's claims must be "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Ibid. When the Court lacks jurisdiction of the subject matter, the Court must dismiss the action. Ibid.

As noted in THCI's motion before this Court, this Court has original jurisdiction over the Settlement Agreement at issue here because it expressly retained jurisdiction over the Settlement Agreement and has the inherent authority to enforce each and every term of the parties' agreement. See Sherman v. Wellbrock, 761 F. Supp. 1135, 1141 (D.N.J. 1991) (a district court retains jurisdiction where the Court approves the agreement, incorporates it into the Court's order and includes language suggesting that it intends to retain jurisdiction) (citing Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 317 (3d Cir.), cert. denied, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990)). Thus, the source of this Court's original jurisdiction is a contractual provision in that Settlement Agreement that permits this Court to oversee litigation involving the enforcement of that Agreement.

Pharmerica's claims that enforcement of this Settlement Agreement somehow poses a threat to its purported security interests do not form part of the same case and controversy in the instant action because (1) Pharmerica is not a party to the Settlement Agreement at issue here, (2) its purported perfected security interests are against parties that are not named in this action and are not at issue here, and (3) Pharmerica's purported security interests are currently in dispute in an ongoing matter that Pharmerica commenced in the State of Florida. As a result of the foregoing, there is no supplemental jurisdiction over Pharmerica's claims.

### B. Even If This Court Has Jurisdiction To Hear Pharmerica's Claims, It Should Abstain From Doing So Here

Federal intervention in an ongoing state proceeding is generally precluded by the abstention doctrine even where the Court has jurisdiction to hear the claims. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). To allow Pharmerica to intervene here would belie the very purpose of the abstention doctrine, which is to avoid "duplicative litigation" and maintain "the efficient administration of judicial resources and the comprehensive disposition of cases." NY Life Distribs., Inc. v. Adherence Group, Inc., 72 F.3d 371, 376 (3d Cir. 1995). As discussed above, and conceded by Pharmerica, Pharmerica is currently litigating its claims of having perfected security interests in a Florida state court. Pharmerica chose the forum for those claims and should proceed with those claims where it chose to commence them. This Court should uphold the very purpose of the abstention doctrine and abstain from permitting Pharmerica to duplicate its ongoing Florida state court action here.

For the foregoing reasons, this Court should deny Pharmerica's motion to intervene.

### POINT III

### PHARMERICA HAS NOT MET THE REQUIREMENTS OF EITHER OF THE FEDERAL RULES REGARDING INTERVENTION

Pharmerica contends that it should be granted intervention as of right, pursuant to Fed. R. 24(a)(2) or permissive intervention under Fed. R. 24(b). As discussed above, intervention cannot be permitted because Pharmerica has no standing and this Court has no jurisdiction to hear Pharmerica's claims. Should this Court, however, find that Pharmerica has standing and that the Court has jurisdiction, this Court should still deny Pharmerica the right to intervene because Pharmerica cannot meet the federal intervention requirements.

Intervention as of right is permitted:

> [1] when the applicant claims an interest relating to the property or transaction which is the subject of the action and [2] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> [Devlin v. Scardelletti, 536 U.S. 1, 12, 122 S. Ct. 2005, 2011-12 (2002) (citing Fed. R. 24(a))].

Pharmerica argues that it should be granted intervention as of right because it has a perfected security interest in collateral discussed within the Settlement Agreement and this Court's enforcement of that Settlement Agreement threatens Pharmerica's ability to protect that interest. This is a preposterous assertion for the same reasons that Pharmerica cannot meet the requirements of supplemental jurisdiction. See Butcher, supra, 623 F. Supp. at 418 (requirements of intervention as of right are essentially the same as requirements for supplemental jurisdiction).

First, Pharmerica's purported perfected security interest is just that, a purported and not definitive interest, as evidenced by the dispute regarding that interest currently under litigation in a Florida state court. That is the proper forum for determining whether Pharmerica's financing statements provide it with a perfected security interest, not here where the only issue before this Court is the enforcement of a Settlement Agreement to which Pharmerica is not a party. There is neither a "need" nor a legal reason why Pharmerica should be permitted to litigate before this Court the same claim it is currently litigating in a Florida state court.

Second, Pharmerica's financing statements, the sole evidence of this purported perfected security interest, do not name the parties in the instant action. Therefore, it is not possible for this Court's decision to enforce the Settlement Agreement to have any bearing on Pharmerica's ability to protect its purported security interest. Third, the instant action involves THCI's motion to enforce a court-ordered stipulation of settlement between THCI and LTC and the LTC

Plaintiffs. Pharmerica is simply not a party to the action and has no sustainable interest here. The Settlement Agreement is the subject of this action, and whether or not Pharmerica has a perfected security interest in any collateral is irrelevant to THCI's motion seeking to require LTC and the LTC Plaintiffs to comply with their obligations under the Agreement. Third, a determination by this Court to enforce the Settlement Agreement would not prevent Pharmerica from filing suit against THCI to collect the receivables in which it claims it has a perfected interest if, as, and when the Florida court should determine that, in fact, Pharmerica has such an interest.

Pharmerica cannot meet the requirements of permissive intervention either. Permissive intervention is permitted where the application for intervention is timely made and "an applicant's claim or defense and the main action have a question of law or fact in common." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 281, 66 S. Ct. 1105, 1109 (1946) (citing Fed. R. 24(b)). The main action here is one involving a claim of breach of a Settlement Agreement. Pharmerica's claims have nothing to do, in law or fact, with THCI and LTC and the LTC Plaintiffs obligations to each other under the Settlement Agreement.

Moreover, courts in the Third Circuit have denied motions for intervention by non-parties who attempted to intervene in actions dealing with settlements or agreements between other parties. See Gaskin v. Pennsylvania, 389 F. Supp.2d 628, 644 (E.D. Pa. 2005) (noting that the court denied non-parties' motion to intervene to strike a proposed settlement agreement because they had no standing); see also Jefferson v. Camden, No. 01-4218, 2006 WL 1843178, at *1 (D.N.J. June 30, 2006) (noting that Court denied motion to intervene by several non-parties who wanted to oppose a settlement provision) (attached as Exhibit A).

1069889 2

For the foregoing reasons, Pharmerica does not meet the requirements of intervention as of right or permissive intervention, requiring this Court to deny Pharmerica's motion to intervene.

### CONCLUSION

For all of the reasons set forth above, THCI respectfully submits that the Court should deny non-party Pharmerica's motion to intervene in the Settlement Agreement dispute that is before this Court.

> Respectfully submitted,
>
> PHILLIPS, GOLDMAN & SPENCE, P.A.
>
> /s/ Lisa McLaughlin by JPH
> Lisa C. McLaughlin, Esquire (#3113)
> 1200 North Broom Street
> Wilmington, DE 19806
> (302) 655-4200
>
> and
>
> Catherine P. Wells, Esquire
> Wolff & Samson PC
> The Offices of Crystal Lake
> One Boland Drive
> West Orange, NJ 07052
> (973) 530-2068
> Attorneys for THCI Company LLC

Dated: May 10, 2007

10