UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC. and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> and, <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendant. | Civil Action No.: 04-910 (GMS) |

**THCI'S AMENDED REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

On the Brief:

Lisa C. McLaughlin, Esquire (#3113)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

and

Catherine P. Wells, Esquire
Drew Dickson, Esquire
Nancy A. Del Pizzo, Esquire
WOLFF & SAMSON PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
(973) 530-2068
Attorneys for THCI Company, LLC

1069288.1

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

LEGAL ARGUMENTS .................................................................................................... 1

POINT I ............................................................................................................................. 1

    LTC AND THE LTC PLAINTIFFS' CLAIM OF PROCEDURAL DEFECT IS
    WITHOUT LEGAL OR FACTUAL BASIS ........................................................... 1

POINT II ............................................................................................................................ 4

    THE VALIDITY OF THE SECURITY INTERESTS ON THE LTC
    RECEIVABLES IS BEING LITIGATED IN FLORIDA STATE COURT AND
    THEREFORE THE COURT SHOULD ABSTAIN FROM HEARING THIS
    ISSUE ........................................................................................................................ 4

POINT III .......................................................................................................................... 6

    LTC SHOULD BE JUDICIALLY ESTOPPED FROM ARGUING THAT THE
    PHARMERICA SECURITY INTERESTS ARE PERFECTED ............................. 6

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

### FEDERAL CASES

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976) .................................................................................................................... 4, 5

Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146 (D.S.C. 1975) ........................ 6

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 103 S. Ct. 927 (1983) ............ 5

Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355 (3rd Cir. 1996) .......... 6, 7

Ryan v. Johnson, 115 F.3d 193 (3d Cir. 1997) ................................................................... 4, 6

Scarano v. Central R. Co. of New Jersey, 203 F.2d 510 (3rd Cir. 1953) ........................... 6, 7

## INTRODUCTION

The simple fact is that LTC and the LTC Plaintiffs (hereinafter for the purposes of this Brief "LTC" or "Plaintiffs") have not complied with the settlement agreement entered into with THCI ("Settlement Agreement"). Nowhere in their opposition do they deny the several instances of noncompliance, including, but not limited to, that they have not paid pre-Transition receivables; rather they attempt to muddy the water by asserting patently false "procedural" arguments and contradicting their own position in other litigations.

As an alternative, Plaintiffs argue that THCI should not be entitled to the receivables held by it because a different entity, Pharmerica, holds a valid perfected security interest in the pre-Transition receivables. This argument is curious because Plaintiffs[1] (or related entities) claimed the exact *opposite* in a litigation currently pending in Florida against Pharmerica. Clearly, Plaintiffs' inconsistent position is yet another attempt to obfuscate the real issue: they have not lived up to their obligations ordered under the Settlement Agreement.

## LEGAL ARGUMENTS

### POINT I

### LTC AND THE LTC PLAINTIFFS' CLAIM OF PROCEDURAL DEFECT IS WITHOUT LEGAL OR FACTUAL BASIS

The Plaintiffs' assertion that THCI is bringing *new* claims is incomprehensible. Plaintiff's Opposition lists five facts which it claims are in dispute. However, while containing multiple inaccuracies, Plaintiffs never deny the simple fact that THCI has been forced to pay in excess of

---

[1] "Or related entities" because it is far from clear that the defendants in the Florida litigation are identical to the Plaintiffs in this litigation.

1

$2 million dollars in pre-Transition Date liabilities because Plaintiffs failed and refused to do so in breach of their obligations under the Settlement Agreement.

The first inaccuracy is that Plaintiffs claim that THCI failed to "quantify its damages, nor even identify the defendants against which it seeks such damages" (Opposition, pg 2). This claim completely disregards the submissions made in support of THCI's Motion. Every dollar of damage (except for those that are continuing based on LTC's failure to file terminating cost reports and enter defenses to pending litigation) is set forth in Exhibit B to the Affidavit of Robert Heyert ("Heyert Affidavit"), filed with THCI's original papers.

Second, LTC claims that THCI is not the aggrieved party.[2] In fact, the Settlement Agreement contemplates the formation of and even names the newly formed subsidiaries of THCI as the New Operators, who, with THCI, are given certain specific rights in the Settlement Agreement. Furthermore, the Heyert Affidavit establishes that the New Operators are subsidiaries of THCI. THCI is indeed the party with the standing to enforce the Settlement Agreement. This is merely an attempt by Plaintiffs to distract the Court from the fact it has not paid its debts in accordance with the Settlement Agreement.

Third, Plaintiffs claim that THCI must establish that the conduct asserted by THCI violates the Settlement Agreement and is not an independent tort or breach of contract. This argument borders on the ridiculous. The Plaintiffs under Paragraph 4 of the Settlement Agreement agreed to pay for all pre-Transition Date payables, a fact which they cannot and do not dispute. The purpose of THCI's motion is simply to compel Plaintiffs to comply with their obligations under the Settlement Agreement.

---

[2] It is indeed an interesting argument that implicitly admits a wrongdoing while ducking responsibility because "someone else" suffered the damages

2

Fourth, Plaintiffs nowhere in their brief argue that they reimbursed the New Operators or paid the amounts in question. The basic facts are that THCI was forced to pay more than $2,000,000 of pre-Transition payables because Plaintiffs failed to do so, a fact the Plaintiffs do not deny. Moreover, Plaintiffs owe an additional $4,870,514 to third parties, which debt creates a violation of the Settlement Agreement. Plaintiffs' claim for discovery is nothing more than an attempt to delay in complying with their responsibilities. This is a clear violation of the Settlement Agreement. Discovery cannot change the fact and thus is unnecessary.

Fifth, Plaintiffs claim that there are other triable issues of fact. The only "fact" Plaintiffs assert is that THCI is also in breach of the Settlement Agreement by failing to provide cost reports.[3] If Avi Klein controls any of the entities he claims are damaged by THCI's "breach" of the Settlement Agreement, he should cross-move for such relief. Furthermore, the Pharmerica "red herring" is nothing more than that. See Point II infra.

Plaintiffs' entire "procedural" argument boils down to an attempt to obfuscate its clear violation of the Settlement Agreement. THCI's position is clear: (a) Plaintiffs under Paragraph 4 of the Settlement Agreement are obligated to pay pre-Transition payables;[4] (b) Plaintiffs have failed to deliver Terminating Cost Reports to the New Operators; and (c) Plaintiffs have failed to pay their accounts payable, which have caused third-parties to file lawsuits against the New Operators. Accordingly, the clear and undisputed violation of the Settlement Agreement demonstrates the need for Court intervention.

---

[3] In fact, THCI has sent weekly cost reports to LTC setting forth what has been collected in accounts receivable and what is owed by LTC. The cost reports complained of by Avi Klein are attached to the Heyert Affidavit

[4] Plaintiffs do not dispute that they have not paid the pre-Transition payables

3

## POINT II

## THE VALIDITY OF THE SECURITY INTERESTS ON THE LTC RECEIVABLES IS BEING LITIGATED IN FLORIDA STATE COURT AND THEREFORE THE COURT SHOULD ABSTAIN FROM HEARING THIS ISSUE

LTC in its opposition knowingly and deliberately fail to mention that it has disputed the validity of Pharmerica, Inc.'s security interests in a separate litigation currently pending in Florida. What makes LTC's omission even more bold is that it denies in the Florida litigation that Pharmerica's alleged security interests are perfected (Answer, paragraph 24, attached hereto as Exhibit A). Given that Pharmerica's alleged, security interests are the main focus of an ongoing Florida litigation, and that LTC in this action has disputed the validity of the security agreements in the Florida litigation, the Court should disregard LTC's arguments regarding the perfected security interests and allow the Florida Court to determine the validity of Pharmerica's security interests.

Federal law requires dismissal of an issue in situations involving contemporaneous exercise of jurisdiction of federal and state court. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236 (1976). A district court may abstain in favor of a pending state court action to promote "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817, 96 S. Ct. at 1246.

The first inquiry in Colorado River abstention cases is whether the state and federal actions are "parallel." Ryan v. Johnson, 115 F.3d 193 (3d Cir. 1997). If the two cases are parallel, then the District Court may have the power to abstain from hearing the case. Id. Cases are considered parallel "when they involve the same parties and claims." Id.

4

When a District Court is presented with an action that is deemed parallel to a pending state court suit, the District Court is then guided by the following factors to determine if abstention is appropriate:

1. Which court first assumed jurisdiction over the property involved, if any;
2. Whether the federal forum is inconvenient;
3. The desirability of avoiding piecemeal litigation;
4. The order in which the respective courts obtained jurisdiction;
5. Whether federal or state law applies; and
6. Whether the state court proceeding would adequately protect the federal plaintiff's rights.

See Colorado River, 424 U.S. at 818-19; 96 S. Ct. at 1246-47, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 15-16, 19-26, 103 S. Ct. 927, 936-37 (1983).

In the present matter, a considerations of all of the factors require this Court to abstain.

In terms of the issue of perfection of security interests, the Florida Court first acquired jurisdiction. Pharmerica is currently not a party in this matter[5] and the validity of its security interest was not being litigated in this Court. The Florida Court is more convenient as a forum. The matter is proceeding in Florida and the main focus of the Florida action focuses on the Pharmerica security interests, which are governed by Florida state law.

Furthermore, as the security interests were allegedly perfected in other states, those state's versions of the UCC would govern. Similarly, because LTC and the LTC Plaintiffs are the defendants in Florida (and apparently located in Florida) and are defending the suit in Florida, their interests would be adequately protected.

---

[5] In conjunction with this point, we also respectfully refer the Court to our concurrent brief in opposition to Pharmerica's Motion to Intervene, in which we submit for the reasons stated therein, that Pharmerica's motion should be denied

5

The third factor, the desirability of avoiding piecemeal litigation, is important in this matter as this matter is concerned with the enforcement of a settlement agreement, not whether a third-party has a perfected security interest in monies held by THCI.

### POINT III

### LTC SHOULD BE JUDICIALLY ESTOPPED FROM ARGUING THAT THE PHARMERICA SECURITY INTERESTS ARE PERFECTED

In the Florida action, Plaintiffs deny that PharMerica's security interests are perfected. However, in a complete reversal, Plaintiffs in their opposition claim that Pharmerica *possesses* perfected security interests in the pre-Transition receivables. This clear inconsistency should not be allowed.[6]

The doctrine of judicial estoppel prevents a party from advocating a position contrary to a position it asserted in the same or a prior proceeding. Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 512-513 (3rd Cir. 1953); Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3rd Cir. 1996); see also Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1177 (D.S.C. 1975) ("That an estoppel can rise because of a prior inconsistent claim or position taken in a judicial proceeding is clear. A party cannot have its cake and eat it too"). It is the integrity of the judicial process that is protected by the doctrine of judicial estoppel as parties should not be allowed to play "fast and loose with the courts." Santiam-Midwest, supra, 81 F.3d at 361.

As the Third Circuit has held, it is the relationship between the litigant and the Court which is to be investigated. Id. at 360. Parties who attempt to deceive or take advantage of the

---

[6] This issue is related to the quagmire created by the fact that few, if any, of the entities with which Pharmerica claims to have security agreements have matching corporate names and identities with the LTC Plaintiffs. This is precisely the issue litigated in Florida and should not now be made the issue in this relatively simple motion to enforce a settlement agreement.

6

Court system should be estopped from obtaining an unfair advantage. Id. at 362; Scarano 203 F.2d at 513. When a party asserts inconsistent positions and does so in bad faith, it should be estopped. Id. at 361. LTC, with its inconsistent pleadings, is clearly seeking an unfair advantage.

Plaintiffs by their position are attempting to simultaneously thwart Pharmerica in Florida, but at the same time use Pharmerica as a shield from THCI. Based on Plaintiffs' pleadings, it is abundantly clear that Plaintiffs' intent is to play fast and loose with the courts in an attempt to have their cake and eat it to.

To reward Plaintiffs' shell-game would allow an injustice. Plaintiffs should not be allowed to plead completely opposite positions in two different courts. Plaintiffs' attempts to play fast and loose with this Court should be stopped.

## CONCLUSION

For the reasons stated herein, THCI's motion to enforce the Settlement Agreement should be granted.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*Lisa McLaughlin by JC*
Lisa C. McLaughlin, Esquire (#3113)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

and

Catherine P. Wells, Esquire
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
(973) 530-2068
Attorneys for THCI Company, LLC

Dated: May 110, 2007

7