**EXHIBIT A**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 06-24955  *CA 40*

PHARMERICA, INC.,

            Plaintiff,                GENERAL JURISDICTION DIVISION

v.

AVI KLEIN, individually, and d/b/a
ALABASTER, LLC, ALABASTER HEALTH
CARE CENTER, TRISTATE OF ALABASTER,
ERIE, LLC, BAYRIDGE SPECIALTY CARE
OF ERIE, TRISTATE OF ERIE, GRAND
BANC, LLC, RIVERBEND POST ACUTE
CONTINUING CARE, TRISTATE OF GRAND
BLANC, GREENSBURG, LLC, GREATER
GREENSBURG SPECIALTY OF
GREENSBURG, TRISTATE OF
GREENSBURG HUBER HEIGHTS, LLC,
SPRING CREEK NURSING AND
REHABILITATION CENTER, TRISTATE OF
HUBER HEIGHTS, KANSAS CITY, LLC,
ALPINE NORTH NURSING AND
REHABILITATION CENTER, TRISTATE OF
KANSAS CITY, NEW LONDON, LLC, NEW
LONDON HEALTHCARE CENTER,
TRISTATE OF NEW LONDON, WEST
CARROLTON, LLC, ELM CREEK NURSING
CENTER, TRISTATE OF WEST
CARROLTON, 4373 HOUSTON, LLC, 801
LEGION, LLC, MACON MANOR NURSING
AND REHABILITATION CENTER, and
HEART OF GEORGIA; TRISTATE HEALTH
INVESTORS, LLC, on its own, and d/b/a
ALABASTER, LLC, ALABASTER HEALTH
CARE CENTER, TRISTATE OF ALABASTER,
ERIE, LLC. BAYRIDGE SPECIALTY CARE
OF ERIE, TRISTATE OF ERIE, GRAND
BANC, LLC, RIVERBEND POST ACUTE
CONTINUING CARE, TRISTATE OF GRAND
BLANC, GREENSBURG. LLC, GREATER



FILED WITH EXHIBITS
EXHIBITS FILED WITH DEPOS

LENA JOHNSON

ORIGINAL

*Pharmerica, Inc v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

GREENSBURG SPECIALTY OF
GREENSBURG, TRISTATE OF
GREENSBURG HUBER HEIGHTS, LLC,
SPRING CREEK NURSING AND
REHABILITATION CENTER, TRISTATE OF
HUBER HEIGHTS, KANSAS CITY, LLC,
ALPINE NORTH NURSING AND
REHABILITATION CENTER, TRISTATE OF
KANSAS CITY, NEW LONDON, LLC, NEW
LONDON HEALTHCARE CENTER,
TRISTATE OF NEW LONDON, WEST
CARROLTON, LLC, ELM CREEK NURSING
CENTER, TRISTATE OF WEST
CARROLTON, 4373 HOUSTON, LLC, 801
LEGION, LLC, MACON MANOR NURSING
AND REHABILITATION CENTER, and
HEART OF GEORGIA; PEACH EIGHTEEN
PROPERTIES, LLC, on its own and d/b/a
MACON MANOR NURSING AND
REHABILITATION CENTER and  HEART OF
GEORGIA; TRISTATE HEALTHCARE OF
ALABASTER, LLC, on its own and d/b/a
ALABASTER, LLC, ALABASTER HEALTH
CARE CENTER and TRISTATE OF
ALABASTER; TRISTATE HEALTHCARE OF
ERIE, LLC, on its own and d/b/a ERIE, LLC,
BAYRIDGE SPECIALTY CARE OF ERIE, and
TRISTATE OF ERIE; TRISTATE
HEALTHCARE OF GRAND BLANC; LLC, on
Its own and d/b/a GRAND BANC, LLC, on
RIVERBEND POST ACUTE CONTINUING
CARE and TRISTATE OF GRAND BLANC;
TRISTATE HEALTHCARE OF
GREENSBURG, LLC, on its own and d/b/a
GREENSBURG SPECIALTY OF
GRRENSBURG and TRISTATE OF
GREENSBURG; TRISTATE HEALTHCARE
OF HUBER HEIGHTS, LLC, on its own and
d/b/a HUBER HEIGHTS, LLC, SPRING
CREEK NURSING AND REHABILITATION
CENTER and TRISTATE OF HUBER
HEIGHTS; TRISTATE HEALTHCARE  OF
KANSAS CITY, LLC, on its own and d/b/a

2

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

KANSAS CITY, LLC, ALPINE NORTH
NURSING AND REHABILITATION CENTER
and TRISTATE OF KANSAS CITY; TRISTATE
HEALTHCARE OF NEW LONDON, LLC, on
LONDON HEALTHCARE CENTER and
TRISTATE OF NEW LONDON; TRISTATE
HEALTHCARE OF WEST CARROLTON,
LLC, on its own d/b/a WEST CARROLTON, LLC,
ELM CREEK NURSING CENTER AND TRISTATE
OF WEST CARROLTON, SPRING CREEK OF IHS, INC.;
INTERGRATED HEALTH SERVICES OF
RIVERBEND, INC.; FIRELANDS OF IHS, INC.;
INTEGRATED HEALTH SERVICES OF
LOCUST VALLEY ROAD, INC.; ALPINE
MANOR, INC.; ELM CREEK OF IHS, INC.;
INTERGRATED HEALTH SERVICES OF
CLIFF MANOR, INC.; BRIARCLIFF
NURSING HOME, INC.; DOE CORPORATION
I; and DOE CORPORATION II

                             Defendants.
_____/

TRI-STATE HEALTH INVESTORS, LLC

                             Counter-Plaintiff,

v.

PHARMERICA, INC.,

                             Counter-Defendant.
_____/

FILED

FEB 1 3 2007

CLERK

(LETA JOHNSON)

FILED WITH EXHIBITS
EXHIBITS FILED WITH DEPOS

## AMENDED ANSWER TO COMPLAINT OF PHARMERICA, INC. WITH
## AFFIRMATIVE DEFENSES AND AMENDED COUNTER-COMPLAINT

    Defendants, **AVI KLEIN**, individually ("**KLEIN**"), and d/b/a Alabaster, LLC, Alabaster

Health Care Center, Tri-State of Alabaster, Erie, LLC, Bayridge Specialty Care of Erie, Tri-State

of Erie, Grand Blanc, LLC, Riverbend Post Acute Continuing Care, Tri-State of Grand Blanc,

Greensburg, LLC, Greater Greensburg Specialty of Greensburg, Tri-State of Greensburg Huber

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Heights, LLC, Spring Creek Nursing And Rehabilitation Center, Tri-State of Huber Heights, Kansas City, LLC, Alpine North Nursing and Rehabilitation Center, Tri-State of Kansas City, New London, LLC, New London Healthcare Center, Tri-State of New London, West Carrolton, LLC, Elm Creek Nursing Center, Tri-State Of West Carrolton, 4373 Houston, LLC, 801 Legion, LLC, Macon Manor Nursing and Rehabilitation Center, and Heart of Georgia, **TRI-STATE HEALTH INVESTORS, LLC ("TSH INVESTORS")**, and d/b/a Alabaster, LLC, Alabaster Health Care Center, Tri-State of Alabaster, Erie, LLC, Bayridge Specialty Care of Erie, Tri-State of Erie, Grand Blanc, LLC, Riverbend Post Acute Continuing Care, Tri-State of Grand Blanc, Greensburg, LLC, Greater Greensburg Specialty of Greensburg, Tri-State of Greensburg Huber Heights, LLC, Spring Creek Nursing And Rehabilitation Center, Tri-State of Huber Heights, Kansas City, LLC, Alpine North Nursing and Rehabilitation Center, Tri-State of Kansas City, New London, LLC, New London Healthcare Center, Tri-State of New London, West Carrolton, LLC, Elm Creek Nursing Center, Tri-State Of West Carrolton, 4373 Houston, LLC, 801 Legion, LLC, Macon Manor Nursing and Rehabilitation Center, and Heart of Georgia, **PEACH EIGHTEEN PROPERTIES, LLC ("PEACH 18")** and d/b/a Macon Manor Nursing and Rehabilitation Center and Heart of Georgia; TRI-STATE HEALTHCARE OF ALABASTER, LLC ("**TSH ALABASTER**") and d/b/a Alabaster, LLC, Alabaster Health Care Center and Tri-State of Alabaster; TRI-STATE HEALTHCARE OF ERIE, LLC ("**TSH ERIE**"), and d/b/a Erie, LLC, Bayridge Specialty Care of Erie, and Tri-State of Erie, TRI-STATE HEALTHCARE OF GRAND BLANC, LLC ("**TSH GRAND BLANC**") and d/b/a Grand Banc, LLC, Riverbend Post Acute Continuing Care and Tri-State of Grand Blanc, TRI-STATE HEALTHCARE OF GREENSBURG, LLC ("**TSH GREENSBURG**") and d/b/a Greensburg Specialty Of

4

*Pharmerica, Inc. v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Greensburg and Tri-State Of Greensburg, TRI-STATE HEALTHCARE OF HUBER HEIGHTS.

LLC ("**TSH HUBER HEIGHTS**") and d/b/a Huber Heights, LLC, Spring Creek Nursing and

Rehabilitation Center and Tri-State Of Huber Heights, TRI-STATE HEALTHCARE OF

KANSAS CITY, LLC ("**TSH KANSAS CITY**") and d/b/a Kansas City, LLC, Alpine North

Nursing and Rehabilitation Center and Tri-State of Kansas City, TRI-STATE HEALTHCARE

OF NEW LONDON, LLC ("**TSH NEW LONDON**")  and d/b/a New London, LLC, New

London Healthcare Center and Tri-State of New London, TRI-STATE HEALTHCARE OF

WEST CARROLTON, LLC ("**TSH WEST CARROLTON**"), and d/b/a West Carrolton, LLC,

Elm Creek Nursing Center and Tri-State of West Carrolton, SPRING CREEK OF IHS, INC.

("**SPRING CREEK**"), INTERGRATED HEALTH SERVICES OF RIVERBEND, INC.

("**RIVERBEND**"), FIRELANDS OF IHS, INC., ("**FIRELANDS**"); INTEGRATED HEALTH

SERVICES OF LOCUST VALLEY ROAD, INC. ("**LOCUST VALLEY**"),    ALPINE

MANOR, INC. ("**ALPINE MANOR**"); ELM CREEK OF IHS, INC. ("**ELM CREEK**");

INTERGRATED HEALTH SERVICES OF CLIFF MANOR, INC. ("**CLIFF MANOR**"); and

BRIARCLIFF NURSING HOME, INC. ("**BRIARCLIFF**") (individually referred to herein in

the respective names in bold print and capitalized above and collectively referred to as

"**Defendants**") by and through their undersigned counsel, files their Amended Answer to the

complaint of PHARMERICA, INC. ("**Plaintiff**") and alleges as follows:


1.     Defendants deny knowledge and information sufficient to form a belief as to

Paragraph "1" of the Complaint and therefore deny same and demand strict proof thereof.

2.     Defendants deny knowledge and information sufficient to form a belief as to

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Paragraph "3" of the Complaint and therefore deny same and demand strict proof thereof.

3.    Defendants admit the allegations contained in Paragraph "3" of the Complaint.

4.    Defendants admit the allegations contained in Paragraph "4" of the Complaint.

5.    Defendants admit the allegations contained in Paragraph "5" of the Complaint in that the "Tristate Entities" are limited liability companies organized and existing under the laws of the State of Florida. All remaining allegations set forth in Paragraph "5" of the Complaint are denied.

6.    Defendants admit the allegations contained in Paragraph "6" of the Complaint in that defendant PEACH 18 is a limited liability company organized and existing under the laws of the State of Florida. All remaining allegations set forth in Paragraph "6" of the Complaint are denied.

7.    Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendants KLEIN, TSH INVESTORS, PEACH 18, TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, admit the allegations contained in Paragraph "8 (a) of the Complaint.    Any and all other allegations contained in Paragraph "8", including the allegations in subsections (b), (c) and (d) of Paragraph "8" of the Complaint are denied in their entirety.    Defendants SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF deny each and every allegation set forth in Paragraph "8" of the Complaint in their entirety.

9.    Defendants deny knowledge and information sufficient to form a belief as to

6

*Pharmerica, Inc v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Paragraph "9" of the Complaint and therefore deny same and demand strict proof thereof.

10.    Defendants KLEIN and TSH INVESTORS deny the allegations set forth in Paragraph "10" of the Complaint in their entirety.

11.    Defendants KLEIN, TSH INVESTORS and PEACH 18 deny the allegations set forth in Paragraph "11" of the Complaint in their entirety.

12.    Defendants deny the allegations set forth in Paragraph "12" of the Complaint in their entirety.

13.    Defendants deny the allegations set forth in Paragraph "13" of the Complaint in their entirety.

14.    Defendants deny knowledge and information sufficient to form a belief as to Paragraph "14" of the Complaint, except to admit that each HIS Defendant leased a single HIS Facility from THCI, Inc. and/or its predecessor(s) in interest.

15.    Defendants KLEIN and TSH INVESTORS deny the allegations set forth in Paragraph "15" of the Complaint in their entirety. Defendants KLEIN and TSH INVESTORS further deny each and every allegation set forth in subparagraphs 15(a), 15(b), 15(c), 15(d), 15(e), 15(f),15(g), 15(h), 15(i) and 15(j).    Separate and apart from the foregoing denials:

    a.    Defendants TSH ALABASTER and BRIARCLIFF admit the allegations contained in Paragraph "15(a)" of the Complaint;

    b.    Defendants TSH ERIE and ALPINE MANOR admit the allegations contained in Paragraph "15(b)" of the Complaint;

    c.    Defendant TSH GRAND BLANC and RIVERBEND admit the allegations contained in Paragraph "15(c)" of the Complaint;

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

      d.  Defendants TSH GREENSBURG and LOCUST VALLEY admit the allegations contained in Paragraph "15(d)" of the Complaint;

      e.  Defendants TSH HUBER HEIGHTS and SPRING CREEK admit the allegations contained in Paragraph "15(e)" of the Complaint;

      f.  Defendants TSH KANSAS CITY and ALPINE NORTH admit the allegations contained in Paragraph "15(f)" of the Complaint;

      g.  Defendants TSH NEW LONDON and FIRELANDS admit the allegations contained in Paragraph "15(g)" of the Complaint;

      h.  Defendants TSH WEST CARROLTON and ELM CREEK admit the allegations contained in Paragraph "15(h)" of the Complaint;

      i.  Defendant PEACH 18 admits the allegations set forth in Paragraph "15(i)" of the Complaint.

      j.  Defendant PEACH 18 admits the allegations set forth in Paragraph "15(j)" of the Complaint.

16.    Defendants deny knowledge and information sufficient to form a belief as to Paragraph "16" of the Complaint and therefore deny same and defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder.

17.    Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder in response to the allegations contained in Paragraph "17" of the Complaint.

8

*Pharmerica, Inc. v Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

18.    Defendants admit the allegations set forth in Paragraph "18" of the Complaint.

19.    Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except to admit that defendant KLEIN executed the Pharmacy Services Agreements as "representative" or in a "representative capacity" on behalf of the respective party executing the Contracts.   The designation of "Owner" was a pre-printed term designated by Plaintiff on each respective Pharmacy Services Agreement for the corresponding facility and was not completed by Defendant KLEIN.

20.    Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder in response to the allegations contained in Paragraph "20" of the Complaint.

21.    Defendants admit the allegations set forth in Paragraph "21" of the Complaint.

22.    Defendant TSH INVESTORS denies the allegations contained in Paragraph "22" of the Complaint in their entirety.  Defendants PEACH 18, TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON admit the allegations contained in Paragraph "22" of the Complaint.

23.    Paragraph "23" of the Complaint is an excerpt from the Pharmacy Services Agreement and does not require an admission or denial.   To the extent any response is required, Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder.

9

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

24.   Defendants deny knowledge and information sufficient to form a belief as to Paragraph "24" of the Complaint and therefore deny same and demand strict proof thereof of properly filed UCC-1's as alleged by Plaintiff.

25.   Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder in response to the allegations contained in Paragraph "25" of the Complaint.

26.   Defendant TSH INVESTORS denies the allegations contained in Paragraph "26" of the Complaint in their entirety. Defendants PEACH 18, TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON admit the allegations contained in Paragraph "26" of the Complaint.

27.   Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28.   Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder in response to the allegations contained in Paragraph "28" of the Complaint.

29.   Paragraph "29" of the Complaint is an excerpt from the Pharmacy Services Agreement and does not require an admission or denial. To the extent any response is required, Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder.

10

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

30.    Defendants admit the allegations set forth in Paragraph "30" of the Complaint.

31.    Defendants admit the allegations set forth in Paragraph "31" of the Complaint.

32.    Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33.    Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34.    Defendants admit the allegations set forth in Paragraph "34" of the Complaint except to the extent any allegation refers to TSH INVETSORS which are denied in their entirety.

35.    Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36.    Paragraph "36" of the Complaint is an excerpt from the Pharmacy Services Agreement and does not require an admission or denial.   To the extent any response is required, Defendants defer the Court for the interpretation of the terms of the Pharmacy Services Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder.

37.    Defendants deny the allegations set forth in Paragraph "37" of the Complaint as well as deny that there exits any dispute as to whether the Licensee's are bound under the terms of the Pharmacy Services Agreements.

38.    Defendants admit the allegations set forth in Paragraph "38" of the Complaint except to the extent any allegation refers to TSH INVESTORS which are denied in their entirety.

39.    Defendants admit the allegations set forth in Paragraph "39" of the Complaint to the extent its addresses any payments made by TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

NEW LONDON, TSH WEST CARROLTON but deny the allegations in their entirety as alleged against TSH INVESTORS or PEACH 18.

40.    Defendants deny knowledge and information sufficient to form a belief as to Paragraph "40" of the Complaint and therefore deny same and demand strict proof thereof.

41.    Defendants deny the allegations set forth in Paragraph "41" of the Complaint as it pertains to the amount owed, but admit that any balance existing after credit of all improper billing and charges to TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and/or SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF would be owed by either the above listed Tri-State or IHS Defendants.

42.    Defendants admit that Plaintiff has demanded payment but deny the sums demanded are due under each Pharmacy Services Agreement as alleged in Paragraph "42" of the Complaint.

43.    Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44.    Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45.    Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46.    Defendants deny knowledge and information sufficient to form a belief as to Paragraph "46" of the Complaint and therefore deny same and demand strict proof thereof.

47.    Defendants admit the allegations set forth in Paragraph "47" of the Complaint but defer to the Court for the legal interpretation of the rights of any and all parties thereunder.

48.    Defendants admit the allegations set forth in Paragraph "48" of the Complaint but

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

defer to the Court for the legal interpretation of the rights of any and all parties thereunder.

49.     Defendants admit the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph "50" of the Complaint but admit that any representations made as of August 29, 2006, were accurate as written.

51.     Defendants admit the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendants admit to an outstanding balance owed under the respective Pharmacy Services Agreements, but deny the accuracy and validity of the amount set forth by Plaintiff in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph "53" of the Complaint and defer to the Court for the legal interpretation of the rights of any and all parties thereunder.

54.     Defendants admit the allegations set forth in Paragraph "54" of the Complaint as applicable solely to TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and/or SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF.

55.     Defendants deny knowledge and information sufficient to form a belief as to Paragraph "55" of the Complaint and therefore deny same and demand strict proof thereof.

56.     Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph "57" of the Complaint as they do not accurately reflect the current status of the Settlement Agreement between the IHS Defendants and THCI COMPANY, LLC.

58.     Defendants deny the allegations contained in Paragraph "58" of the Complaint as

13

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

stated.

59.    Paragraph "59" of the Complaint is summary of terms from the Settlement Agreement between the IHS Defendants and THCI COMPANY, LLC and does not require an admission or denial.   To the extent any response is required, Defendants defer the Court for the interpretation of the terms of the Settlement Agreements annexed to Plaintiff's Complaint and the rights and responsibilities of each respective party thereunder.

60.    Defendants deny the allegations set forth in Paragraph "60" of the Complaint but admit that payments have not been made to Plaintiff due to issues of dispute and fact as to the accuracy and validity of amount claimed due and that a portion of Plaintiff's alleged Collateral has been taken and continue to be taken by THCI COMPANY LLC.

61.    Defendants deny the allegations set forth in Paragraph "61 of the Complaint solely as they pertain to the amount purportedly due from TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and/or SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF.   To the extent Plaintiff seeks to claim a valid perfected Security Interest against Defendants KLEIN, PEACH 18 or TSH INVESTORS, the allegations of Paragraph "61" are denied in their entirety.

62.    Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63.    Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64.    Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65.    Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

66.    Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67.    Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68.    (Improperly designated as #72) Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Failure to State a Cause of Action)

The complaint fails to state a cause of action against Defendants KLEIN, TSH INVESTORS and PEACH 18 in that: (1) there is no issue as to the fact that TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 801 LEGION, LLC, 4373 HUSTON, LLC and/or SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR, and BRIARCLIFF are each liable to the extent any sums are due under the Pharmacy Services Agreements with Plaintiff; (2) Defendants KLEIN, TSH INVESTORS and PEACH 18 did not personally execute any Pharmacy Services Agreement with Plaintiff nor did they receive any goods or the benefit of any goods or statements of account and corresponding invoices for goods purportedly delivered by Plaintiff under the terms of the Pharmacy Services Agreements and are not liable under any cause of action set forth in the Complaint; and (3) Plaintiff has failed to state a cause of action against all defendants for Constructive Trust inasmuch as it has failed to plead the elements for same, which are: (1) a promise; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment.

### Second Affirmative Defense
### (Unclean Hands)

To the extent that Plaintiff seeks any relief in equity, the Plaintiff has unclean hands in that its billings to Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH

*Pharmerica, Inc v. Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,
TSH WEST CARROLTON, 801 LEGION, LLC and 4373 HUSTON, LLC and SPRING
CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK,
CLIFF MANOR and BRIARCLIFF were improper and did not conform with the terms of the
respective Pharmacy Services Agreements and any respective Amendments.

### Third Affirmative Defense
#### (Setoff)

Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH
GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,
TSH WEST CARROLTON, 801 LEGION, LLC, 4373 HUSTON, LLC and SPRING CREEK,
RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF
MANOR and BRIARCLIFF assert the affirmative defense of setoff based upon Plaintiff's
overcharges, breach of contract and improper billing practices.

### Fourth Affirmative Defense
#### (Waiver and Estoppel)

Defendants  TSH  ALABASTER,  TSH  ERIE,  TSH  GRAND  BLANC,  TSH
GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,
TSH WEST CARROLTON, 801 LEGION, LLC, 4373 HUSTON, LLC and SPRING CREEK,
RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF
MANOR and BRIARCLIFF

### Fifth Affirmative Defense
#### (Failure to Mitigate Damages)

Defendants  TSH  ALABASTER,  TSH  ERIE,  TSH  GRAND  BLANC,  TSH
GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,

*Pharmerica, Inc. v. Avi Klein. et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

TSH WEST CARROLTON and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF timely advised Plaintiff that the Landlord for each respective IHS Facility SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF, was as of October 1, 2006, receiving funds from Medicare Medicaid and/or alternate sources that would have been paid to Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF prior to October 1, 2006 and which would have been used to pay Plaintiff under the Pharmacy Services Agreements. Plaintiff has failed to perfect its secured liens against each of the Landlords who are now receiving and dissipating such funds to the detriment of the named Defendants above and, therefore, any amount paid to the Landlords subsequent to October 1, 2006 and for which Plaintiff fails to seek adequate recovery should be waived from any claim against the Defendants in the instant action.

In addition, Paragraph Fifteen (15) of the Pharmacy Service Agreements states, in pertinent part:

> **Change in Facility Management.** This Agreement runs with the Facility. If during the term of this Agreement (i) there is a transfer of ownership of the Facility by operation of law, (ii) the License Owner through sale, assignment or otherwise transfers all or substantially all of the assets of the Facility, or (iii) License Owner otherwise transfers control or management of the Facility, to any third party (the "Transferee"), then for the remainder of the term of this Agreement the Transferee shall assume all of License Owner's responsibilities and obligations under this Agreement and be bound by all the terms and conditions of this

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Agreement as if Transferee was "License Owner" under this Agreement

As of October 1, 2006, Defendants and/or License Owners TSH ALABASTER, TSH

ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS

CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and SPRING CREEK,

RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF

MANOR and BRIARCLIFF timely advised Plaintiff that the Landlord for each respective IHS

Facility SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE

MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF, by Federal Court Ordered

Settlement, transferred control, management and all assets of the Facility to THCI Company,

LLC and/or its affiliates and assigns. Based on the foregoing, Defendants, as may be applicable,

are not responsible for any purported balances that may be due to Plaintiff that accrued or

became due after October 1, 2006.

In addition, 4373 HUSTON, LLC d/b/a MACON MANOR NURSING AND

REHABILITATION CENTER transferred control, management and all assets of the Facility to

THURMOND LOCKHART et al as of December 1, 2005. Based on the foregoing, 4373

HUSTON, LLC is not responsible for any purported balances that may be due to Plaintiff that

accrued or became due after December 1, 2005.

## Sixth Affirmative Defense
### (Lack of Privity of Contract)

There is no privity of contract between Plaintiff and Defendants KLEIN, PEACH 18 and

TSH INVESTORS which would subject said Defendants to any liability hereunder.

18

*Pharmerica, Inc v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

### Seventh Affirmative Defense
#### (Prior Material Breach of Contract)

Plaintiff breached the Agreement between the parties by failing to, among other things, provide pharmacy goods in conformance with the billing/invoicing arrangement set forth under each respective Pharmacy Services Agreement with Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 801 LEGION, LLC , 4373 HUSTON, LLC and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF.

### Eighth Affirmative Defense
#### (Objection)

Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 801 LEGION, LLC, 4373 HUSTON, LLC and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF timely objected both orally and in writing to the invoices and/or statement of accounts sent by Plaintiff thus preventing any Open Account Claim against said Defendants.

### Ninth Affirmative Defense
#### (Failure to Comply with Conditions Precedent)

Plaintiff's failure to conform with the terms of the Pharmacy Services Agreements ad improper billing practices constitutes nonperformance of a condition precedent to Defendant TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 801

19

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

LEGION, LLC, 473 HUSTON, LLC and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF's obligation to pay for any purported goods provided by Plaintiff.

## Tenth Affirmative Defense
### (Improper Parties)

Defendants KLEIN, TSH INVESTORS and PEACH 18 did not execute any contracts with Plaintiff, did not receive any goods or benefit from any purported goods supplied by Plaintiff and are not liable under any causes of action set forth in Plaintiff's Complaint and as such, have improperly been named as Defendants in this action.

WHEREFORE, Defendants prays this Court find for Defendant and dismiss Plaintiffs Complaint as well as such other and further relief as this Court may deem just and appropriate.

## AMENDED COUNTER-COMPLAINT

Counter-Plaintiffs, Tri-State Health Investors, LLC ("**TSH INVESTORS**"), TRI-STATE HEALTHCARE OF ALABASTER, LLC ("**TSH ALABASTER**") and d/b/a Alabaster, LLC, Alabaster Health Care Center and Tri-State of Alabaster; TRI-STATE HEALTHCARE OF ERIE, LLC ("**TSH ERIE**"), and d/b/a Erie, LLC, Bayridge Specialty Care of Erie, and Tri-State of Erie, TRI-STATE HEALTHCARE OF GRAND BLANC, LLC ("**TSH GRAND BLANC**") and d/b/a Grand Banc, LLC, Riverbend Post Acute Continuing Care and Tri-State of Grand Blanc, TRI-STATE HEALTHCARE OF GREENSBURG, LLC ("**TSH GREENSBURG**") and d/b/a Greensburg Specialty Of Greensburg and Tri-State Of Greensburg, TRI-STATE

20

*Pharmerica, Inc v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

HEALTHCARE OF HUBER HEIGHTS LLC ("**TSH HUBER HEIGHTS**") and d/b/a Huber Heights, LLC, Spring Creek Nursing and Rehabilitation Center and Tri-State Of Huber Heights, TRI-STATE HEALTHCARE OF KANSAS CITY, LLC ("**TSH KANSAS CITY**") and d/b/a Kansas City, LLC, Alpine North Nursing and Rehabilitation Center and Tri-State of Kansas City, TRI-STATE HEALTHCARE OF NEW LONDON, LLC ("**TSH NEW LONDON**") and d/b/a New London, LLC, New London Healthcare Center and Tri-State of New London, TRI-STATE HEALTHCARE OF WEST CARROLTON, LLC ("**TSH WEST CARROLLTON**"), 801 LEGION, LLC ("**801 LEGION**") d/b/a HEART OF GEORGIA, 4373 HUSTON, LLC d/b/a ("**4373 HUSTON**") d/b/a MACON MANOR NURSING AND REHABILITATION CENTER and d/b/a West Carrolton, LLC, Elm Creek Nursing Center and Tri-State of West Carrolton, SPRING CREEK OF IHS, INC. ("**SPRING CREEK**"), INTERGRATED HEALTH SERVICES OF RIVERBEND, INC. ("**RIVERBEND**"), FIRELANDS OF IHS, INC., ("**FIRELANDS**"); INTEGRATED HEALTH SERVICES OF LOCUST VALLEY ROAD, INC. ("**LOCUST VALLEY**"), ALPINE MANOR, INC. ("**ALPINE MANOR**"); ELM CREEK OF IHS, INC. ("**ELM CREEK**"); INTERGRATED HEALTH SERVICES OF CLIFF MANOR, INC. ("**CLIFF MANOR**"); and BRIARCLIFF NURSING HOME, INC. ("**BRIARCLIFF**"), (referred to herein individually as set forth above and collectively as **Counter-Plaintiffs**") by and thorough its undersigned attorneys, sues Counter-Defendant Pharmerica, Inc. ("**PHARMERICA**" or "**Counter-Defendant**") and alleges:

1.     This is an action for an amount in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys fees.

2.     Counter-Plaintiff TSH INVESTORS is a Florida limited liability company which

21

*Pharmerica, Inc. v. Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

maintains an office for business in Miami-Dade County, Florida.

3.    Counter-Defendant PAHRMERICA is a foreign corporation organized and existing under the laws of the State of Maryland which has filed and has been authorized with the Florida Division of Corporations to conduct business in Florida, with its principal place in Hillsborough County, Florida.

4.    On or about June 30, 2004, TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 801 LEGION, LLC, 4373 HUSTON, LLC (individually referred to herein in the respective names in bold print and capitalized above and collectively referred to as "**Tri-State/Peach Defendants**") and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF (individually referred to herein in the respective names in bold print and capitalized above and collectively referred to as "**IHS Defendants**")  each entered into a Pharmacy Services Agreement with Counter-Defendant, which was to provide pharmacy related services to the Tri-State/Peach Defendants and IHS Defendants. (copies of each respective "Pharmacy Services Agreement" annexed hereto as "**Exhibit A**")

5.    Counter-Defendant is subject to the jurisdiction of this Court based upon breach of contract and violation of Florida Statutes in the State of Florida.

6.    Any and all conditions precedents to this action have occurred, have been performed, or have been waived.

7.    Plaintiff has retained the undersigned law firm and is obligated to pay said firm reasonable attorneys fees for its services.

22

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

### COUNT I
**(Declaratory Judgment)**

8.      Counter-Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1-7 as if set forth more fully herein.

9.      As set forth herein, the Pharmacy Services Agreements executed between PHARMERICA and the Tri-State/Peach Defendants and IHS Defendants states as follows, in pertinent part:

> All amounts owed to Provider shall be collateralized by License Owner with a blanket lien on all accounts receivable of License Owner and Facility. The collateral will be perfected under the requirements set forth in the Uniform Commercial Code and the rules and regulations of the applicable jurisdiction. (see: Pharmacy Services Agreement, ¶4(a).)

10.      PHARMERICA has improperly filed a UCC-1 against TSH INVESTORS instead of Defendants TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF.

11.      As set forth by the Pharmacy Services Agreements, and the relevant documentary evidence, TSH INVESTORS was, and is, neither a Facility nor License Owner for any of the Tri-State/Peach Defendants and IHS Defendants.

23

*Pharmerica, Inc v. Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

12.    Despite due notice of its error (see Letter to Pharmerica Inc. annexed hereto as "**Exhibit B**") dated August 17, 2006, no action nor corrective measures were taken by PHARMERICA.

13.    Under the Uniform Commercial Code ("**UCC**"), a secured party has an obligation of good faith in its performance or enforcement. The UCC defines good faith as honesty in fact and a requirement that financing statements not be seriously misleading.    Therefore, PHARMERICA had a duty to amend its financing statements to reflect the Tri-State/Peach Defendants and IHS Defendants as the correct debtors.

14.    The obligation for PHARMERICA to correct its defective UCC-1 financing statements is also found under the Florida Statutes, including but not limited to Statute 679 and relevant subsections for which PHARMERICA is required to correct its improper filing based upon it affirmative obligation to comply with "the rules and regulations of the applicable jurisdiction", as set forth in the Pharmacy Services Agreements.

15.    Therefore, if this Court correctly finds that TSH INVESTORS is not a Facility or License Owner as set forth in the Pharmacy Service Agreements, then an Order should be entered directing Counter-Defendant PHARMERICA to amend and remove TSH INVESTORS from all financing statements filed in conjunction with the Pharmacy Services Agreement pertaining to TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF.

*Pharmerica, Inc. v Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

WHEREFORE, Counter-Plaintiff, TSH INVESTORS, respectfully requests this Court enter judgment declaring whether: (i) TSH INVESTORS is a Facility or License Owner under the Pharmacy Services Agreements; (ii) whether Counter-Defendant PHARMERICA has violated applicable provisions of the UCC and Florida Statutes by failing to timely amend its UCC-1 financing statements; and (iii) to direct PHARMERICA to immediately remove and amend any UCC-1 statements filed in the State of Florida or any alternate jurisdiction in conjunction with the Pharmacy Services Agreements.

<u>**COUNT II**</u>
**(Declaratory Judgment)**

16.    Counter-Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1-7 as if set forth more fully herein.

17.    As set forth herein, Paragraph Fifteen (15) of the Pharmacy Services Agreements executed between PHARMERICA and the Tri-State/Peach Defendants and IHS Defendants states as follows, in pertinent part:

> **Change in Facility Management.** This Agreement runs with the Facility. If during the term of this Agreement (i) there is a transfer of ownership of the Facility by operation of law, (ii) the License Owner through sale, assignment or otherwise transfers all or substantially all of the assets of the Facility, or (iii) License Owner otherwise transfers control or of management of the Facility, to any third party (the "Transferee"), then for the remainder of the term of this Agreement the Transferee shall assume all of License Owner's responsibilities and obligations under this Agreement and be bound by all the terms and conditions of this Agreement as if Transferee was "License Owner" under this Agreement.

18.    As of October 1, 2006, Defendants and/or License Owners TSH ALABASTER,

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF timely advised Plaintiff that the Landlord for each respective IHS Facility SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF, by Federal Court Ordered Settlement, transferred control, management and all assets of the Facility to THCI Company, LLC and/or its affiliates and assigns. (copy of Settlement Agreement annexed as "**Exhibit C**") Based on the foregoing, Defendants, as may be applicable, are not responsible for any purported balances that may be due to Plaintiff that accrued or became due after October 1, 2006.

19.    In addition, 4373 HUSTON, LLC d/b/a MACON MANOR NURSING AND REHABILITATION CENTER transferred control, management and all assets of the Facility to THURMOND LOCKHART et al as of December 1, 2005. Based on the foregoing, 4373 HUSTON, LLC is not responsible for any purported balances that may be due to Plaintiff that accrued or became due after December 1, 2005.

20.    There is an issue as to whether Counter-Defendant PHARMERICA's claims against Counter-Plaintiff consist of balances purportedly due and/or accrued after December 1, 2005 and October 1, 2006, respectively.

21.    In addition, upon information and belief, Counter-Defendant PHARMERICA executed new Pharmacy Services Agreements with each of the Facilities previously managed and/or operated by TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,

*Pharmerica, Inc v. Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF and now under the exclusive management, ownership and control of THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns.

22.    THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns have been collecting and continue to collect receivables owed to TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF based on said parties previous management and/or operation of each respective Facility.

23.    Therefore, if this Court finds that Counter-Defendant PHARMERICA has enforceable security interests in the receivables due TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF under the terms of the Pharmacy Service Agreements, the obligation is then for PHARMERICA to seek recovery of said receivables from THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns who are either in possession of or collecting same.

24.    If Counter-Defendant PHARMERICA fails to do so based upon its current contractual relationship with THCI COMPANY, LLC and its subsidiaries affiliates and/or

27

*Pharmerica, Inc. v. Avi Klein, et al*
Case No : 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

assigns then such balances should be deemed waived.

25.    Therefore, if this Court correctly finds that TSH ALABASTER, TSH ERIE, TSH

GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC,

TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING

CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK,

CLIFF MANOR and BRIARCLIFF transferred management, operation, control and assets of the

Facilities under Paragraph Fifteen (15) of the Pharmacy Service Agreements, then an Order

should be entered finding THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns

(or the current License Owner, as applicable) are solely and exclusively liable for all balances

due and/or accrued post December 1, 2005 and October 1, 2006, respectively.

26.    In addition, an Order should be entered directing that Counter-Defendant

PHARMERICA must seek recovery and/or restitution of any receivables obtained and/or

received by THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns (or the current

License Owner, as applicable) of any amount in their possession to satisfy any purported balance

owed to Counter-Defendant PHARMERICA.

WHEREFORE, Counter-Plaintiff, TSH INVESTORS, respectfully requests this Court

enter judgment declaring: (i) that TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH

GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON,

TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK,

RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF

MANOR and BRIARCLIFF transferred management, operation, control and assets of the

Facilities under Paragraph Fifteen (15) of the Pharmacy Service Agreements; (ii) THCI

28

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

COMPANY, LLC and its subsidiaries affiliates and/or assigns (or the current License Owner, as applicable) are solely and exclusively liable for of any amount in their possession to satisfy all balances due, accrued and currently owed to Counter-Defendant PHARMERICA as of December 1, 2005 and October 1, 2006, respectively; and (iii) directing Counter-Defendant PHARMERICA to seek recovery and/or restitution of any receivables obtained and/or received by THCI COMPANY, LLC and its subsidiaries affiliates and/or assigns (or the current License Owner, as applicable) of any amount in their possession to satisfy and purported balance owed to Counter-Defendant PHARMERICA.

### COUNT III
### (Slander of Credit)

27.     Counter-Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1-7 as if set forth more fully herein.

28.     On June 30, 2004, the Pharmacy Services Agreements executed between PHARMERICA and TSH ALABASTER, TSH ERIE, TSH GRAND BLANC, TSH GREENSBURG, TSH HUBER HEIGHTS, TSH KANSAS CITY, LLC, TSH NEW LONDON, TSH WEST CARROLTON, 4373 HUSTON, 801 LEGION and SPRING CREEK, RIVERBEND, FIRELANDS, LOCUST VALLEY, ALPINE MANOR, ELM CREEK, CLIFF MANOR and BRIARCLIFF, states as follows, in pertinent part:

> All amounts owed to Provider shall be collateralized by **License Owner** (emphasis added) with a blanket lien on all accounts receivable of License Owner and Facility.   The collateral will be perfected under the requirements set forth in the Uniform Commercial Code and the rules and regulations of the applicable jurisdiction. (see: Pharmacy Services

29

*Pharmerica, Inc. v. Avi Klein, et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

Agreement, ¶4(a).)

29.    Defendant TSH INVESTORS, however, was not a party to the Pharmacy Services Agreement, did not authorize the filing of any security against its interests nor did PHARMERICA have any legal right to file any financing statements that impaired its credit or collateralized its receivables.

30.    By the filing of the UCC-1 Financing Statements dated June 30, 2004 against Defendant TSH INVESTORS who was not a party to Pharmacy Services Agreements Counter-Defendant PHARMARICA, in bad faith, intentionally recorded a document that impaired defendant TSH INVESTORS company credit in the marketplace.

31.    Counter-Defendant intentionally and maliciously recorded the UCC-1 financing statements knowing they were untrue.

32.    As a result thereof, Defendant TSH INVESTORS credit has been negatively affected to the detriment of the Company and has incurred expenses, including attorneys' fees in clearing the improperly filed UCC-1's by Counter-Defendant.

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant PHARMERICA for any damages sustained, including attorneys fees.

30

*Pharmerica, Inc. v. Avi Klein. et al*
Case No.: 06-24955
*Answer with Affirmative Defenses and Counter-Complaint*

## CERTIFICATION OF SERVICE

I certify that a true copy of the foregoing was furnished to Plaintiff's attorney, BENNETT AIELLO, LLP, The Ingraham Building, Suite 808, 25 Southeast Second Avenue, Miami, Florida 33131-1603, by 2nd Day UPS on February 12, 2007.

MICHAEL I. BERNSTEIN, P.A.
*Attorneys for Defendant*
1688 Meridian Avenue, Suite 418
Miami Beach, Florida 33139
Tel. (305) 672-9544
Fax. (305) 672-4572

By: _____
Michael I. Bernstein, Esq.
Florida Bar No: 0546208

31