IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEGRATED HEALTH SERVICES OF CLIFF MANOR, INC., INTEGRATED HEALTH SERVICES AT RIVERBEND, INTEGRATED HEALTH SERVICES AT SOMERSET VALLEY, INC., ALPINE MANOR, INC., BRIARCLIFF NURSING HOME, INC., INTEGRATED HEALTH GROUP, INC., SPRING CREEK OF IHS, INC., FIRELANDS OF IHS, INC., ELM CREEK OF IHS, INC. and IHS LONG TERM CARE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THCI COMPANY LLC, <br><br> Defendant, <br><br> and, <br><br> ABE BRIARWOOD CORPORATION and JOHN DOES 1-10, <br><br> Additional Counterclaim Defendants. | Case No. 1:04-910-GMS |

**REPLY BRIEF OF PHARMERICA, INC. IN FURTHER
SUPPORT OF ITS MOTION FOR INTERVENTION**

**ARCHER & GREINER, P.C.**
John V. Fiorella (No. 4330)
300 Delaware Avenue
Suite 1370
Wilmington, Delaware 19801
Tel: (302) 777-4350
Fax (302) 777-4352
*Attorneys for Non-Party Intervenor PharMerica, Inc.*

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT .................................................................................................................................. 3
I.    PHARMERICA MEETS THE STANDING REQUIREMENTS ..................................... 3
    A.    PharMerica Meets the Constitutional Requirements for Standing as Disposition of the Collateral Will Cause a Direct "Injury in Fact" to PharMerica that is Redressable by a Favorable Decision Granting Intervention .................................................................................................. 4
    B.    Prudential Standing Considerations Support Intervention by PharMerica Here Because PharMerica Asserts its own Interests .............................................. 6
II.    SUPPLEMENTAL JURISDICTION APPLIES BECAUSE THERE IS A COMMON NUCLEUS OF OPERATIVE FACT AS TO THE COLLATERAL .............. 7
III.    INTERVENTION SHOULD BE GRANTED TO PHARMERICA ................................. 9
    A.    Intervention as of Right Should be Granted to PharMerica ................................ 10
    B.    Permissive Intervention also Should be Granted to PharMerica ......................... 11
CONCLUSION ............................................................................................................................. 13

## TABLE OF AUTHORITIES

### Federal Cases

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ......................................................................... 8

*Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418 (1985) ..................................................... 8

*Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241 (3d Cir. 2005) ........................................... 8

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) ................................................................................ 11

*Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275 (1946) ...................................... 11

*Gaskin v. Commonwealth of Pa.*, 389 F. Supp. 2d 628 (E.D. Pa. 2005) ................................. 12

*IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298 (3d Cir. 2006) .............. 7

*Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834 (D.N.J. 2002) .......................... 8

*Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) .......................... 9, 10

*NY Life Distribs., Inc. v. Adherence Group, Inc.*, 72 F.3d 371 (3d Cir. 1995) .......................... 8

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) ..................................... 9, 11, 12

*Taliaferro v. Darby Twp. Zoning Board*, 458 F.3d 181 (3d Cir. 2006) ..................................... 8

*Telefest, Inc. v. Vu-TV, Inc.*, 591 F. Supp. 1368 (D.N.J. 1984) ................................................. 7

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ........................................................ 7

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) ................................................................ 4

*UPS Worldwide Forwarding, Inc. v. United States Postal Serv.*,
   66 F.3d 621 (3d Cir. 1995) ............................................................................................. 3, 5, 6, 7

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,
   454 U.S. 464, 471 (1982) ...................................................................................................... 3, 4

*Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000) ...................................................... 8

*Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir. 1994) ....................................... 4, 6, 7

Federal Statutes and Rules

U.S.C.A. Const. art. III ................................................................................................... 3, 4

28 U.S.C. §1367(a) ............................................................................................................ 7

Fed.R.Civ.P. 24(a)............................................................................................................ 10

## PRELIMINARY STATEMENT

Non-Party Intervenor PharMerica[1] respectfully submits this reply brief in further support of its Intervention Motion. Only THCI opposes the Intervention Motion; the Plaintiffs offered no objection to it.[2]

PharMerica seeks to protect its interest in a Receivable that is being expressly transferred pursuant to the Settlement Stipulation before this Court. PharMerica does not seek to litigate its interest, but rather to avoid piecemeal adjudication and preserve the jurisdiction of the Court in the Florida Action.

THCI's opposition[3] twists the import of PharMerica's Intervention Motion, warps the meaning of the very Settlement Stipulation that THCI seeks to enforce, and fundamentally misapplies the applicable legal rules on intervention.

Lacking any valid argument with which to oppose the intervention by PharMerica, THCI resorts to mischaracterizing PharMerica's submission. THCI wrongly asserts that PharMerica seeks duplicative litigation. (*See* THCI Intervention Br. at 2, 7.) To the contrary, PharMerica seeks to avoid piecemeal adjudication of claims in the Collateral. Indeed, it is THCI – not PharMerica – that argues the merits of PharMerica's security interest. (*See* THCI Intervention Br. at 1 n. 1, 4, 6, 8.)

---

[1] Unless otherwise noted, terms will have the meaning defined in Opening Brief of PharMerica, Inc. in Support of its Motion for Intervention and Answering Brief in Opposition to Motion by THCI Company, LLC To Enforce the Stipulation and Order of Settlement and Dismissal ("PharMerica's Opening Br.")[Docket No. 217].

[2] *See* Declaration of Amos Alter on Behalf of Plaintiffs in Response to Motion (Docket No. 217) to Intervene dated April 26, 2007 ("Alter Decl.") [Docket No. 220] ¶ 3 ("Should, however, the Court be of the view that defendant's motion should be considered on the merits, then ***plaintiffs have no objection to the motion by PharMerica, Inc., to intervene here***.") (emphasis added).

[3] *See* Brief in Opposition to Non-Party PharMerica, Inc.'s Motion for Intervention ("THCI Intervention Br.") [Docket No. 222].

THCI tells this Court that PharMerica is merely "one of many vendors to the Facilities." (THCI Intervention Br. at 3.) THCI fails to mention the fact that PharMerica is the *only* vendor to the Facilities named in the Settlement Stipulation (¶ 12).

None of the three arguments advanced by THCI defeat PharMerica's legitimate interests in intervening in this action in order to defend its Collateral.

First, PharMerica has standing because disposition of PharMerica's Collateral will unquestionably cause an "injury in fact" to PharMerica, and this Court can redress this harm by allowing PharMerica to intervene and protect its interest.

Second, supplemental jurisdiction applies because the Settlement Stipulation that THCI seeks to enforce expressly names PharMerica and purports to dispose of PharMerica's Collateral. As such, the dispute concerns the very same case or controversy and derives from a common nucleus of operative facts as to the respective interests of Plaintiffs, THCI and PharMerica in the Collateral. Jurisdiction is proper because PharMerica simply seeks to intervene as a defensive measure to protect its interests in the Collateral.

Finally, PharMerica's intervention is necessary and appropriate here. PharMerica is the only non-party specifically mentioned in the Settlement Stipulation. The Settlement Stipulation was submitted to this Court without notice to PharMerica. When they submitted the Settlement Stipulation to this Court, none of the parties drew the Court's attention to the provision (¶ 12) that purports to eviscerate PharMerica's security interest in its Collateral. PharMerica, which never received notice of the Settlement Stipulation, moved promptly to protect its interests in the Collateral by filing the Intervention Motion upon learning of this action.

Not only does PharMerica have an interest in property (the Collateral) at issue before this Court, but the Collateral is also the subject of the Florida Action. PharMerica seeks to intervene

in this action to prevent the evisceration of its interest in the Collateral. Clearly, no party before this Court is representing PharMerica's interests in and to the Collateral. If PharMerica's Collateral is distributed in this action, then PharMerica will sustain irreparable damage and the Florida Action will become moot. Absent intervention, PharMerica will, as a practical matter, be impaired and impeded from protecting its perfected security interest in the receivables and PharMerica's Collateral.

In its opening brief, PharMerica established grounds for both intervention as of right and permissive intervention. In response, THCI argues that PharMerica lacks standing, that this Court lacks jurisdiction over the claims asserted in the Intervention Compliant, and that PharMerica fails to meet the requirements for intervention. PharMerica addresses these three arguments in turn.

## ARGUMENT

### I.

### PHARMERICA MEETS THE STANDING REQUIREMENTS

The Third Circuit in *UPS Worldwide Forwarding, Inc. v. United States Postal Service*, 66 F.3d 621 (3d Cir. 1995) reviewed the requirements for standing. The *UPS* Court noted that "Article III of the Constitution restricts the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Id.* at 625, citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). Subsumed within this provision is the requirement that "a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Id.*, citing U.S.C.A. Const. art. III, § 1 *et seq.* Standing comprises "constitutional and prudential components" and both must be satisfied. *Id.*

The requirements for constitutional standing are three-fold:

> First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 626 (alteration in original), quoting *United States v. Hays*, 515 U.S. 737, 742-43 (1995).

The prudential standing rules require that:

> (1) a litigant "assert his [or her] own legal interests rather than those of third parties," (2) courts "refrain from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,'" and (3) a litigant demonstrate that her interests are arguably within "the zone of interests" intended to be protected by the statute, rule or constitutional provision on which the claim is based.

*Id.*, citing *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir. 1994) (citations omitted from original); *see also Valley Forge*, 454 U.S. at 474-75.

The *UPS* Court held that the plaintiff, UPS, had standing to pursue a facial challenge to regulations adopted by the United State Postal Service. *Id.* at 623. As explained below, PharMerica meets the requirements under both the constitutional and prudential components for standing.

### A. PharMerica Meets the Constitutional Requirements for Standing as Disposition of the Collateral Will Cause a Direct "Injury in Fact" to PharMerica that is Redressable by a Favorable Decision Granting Intervention

THCI's discussion of the constitutional aspects of standing is puzzling. THCI asserts that PharMerica lacks any concrete or particularized injury, there is no causal connection between the main action and any harm to PharMerica, and this Court's decision to enforce the Settlement Stipulation "will not effect [sic] PharMerica" (*see* THCI Intervention Br. at 4).

Incredibly, THCI ignores the fact that the Settlement Stipulation expressly names PharMerica. Instead, THCI tells this Court that PharMerica is "not even a party" to the

Settlement Stipulation and that none of the parties are listed in PharMerica's UCC filings. Of course PharMerica is not a party to the Settlement Stipulation – it was obviously negotiated, signed and submitted to this Court without any notice to PharMerica. But that doesn't undermine PharMerica's standing. Rather, it highlights the need for PharMerica's intervention.

It is THCI, moreover, that seeks to litigate in this Court the issue as to the perfection of PharMerica's security interest by questioning whether PharMerica properly perfected its security interest. (*See* THCI Intervention Br. at 1 n. 1, 4, 6, 8.) Despite THCI's arguments, there is no valid dispute about constitutional standing here.

First, as to injury in fact, PharMerica stands to lose its Collateral if the Settlement Stipulation is enforced. *See UPS*, 66 F.3d at 626 (holding that UPS had standing because "'the injury in fact' component of standing merely requires that such injury be 'imminent'" and noting that "'threatened injury' suffices"). Here, the Settlement Stipulation mentions PharMerica by name and expressly purports to dispose of PharMerica's Collateral. The Settlement Stipulation states that "[e]xcept as to any security interest that the LTC Plaintiffs [the IHS Facilities], LTC, and Briarwood shall terminate prior to the Settlement Date, the LTC Plaintiffs [the IHS Facilities], LTC, and/or Briarwood warrant and represent that they have not provided a security interest to any vendor or other third party, ***including PharMerica***, relating to the Facilities except with respect to receivables that are due and owing to the LTC Plaintiffs [the IHS Facilities] for services provided prior to the Transition Date." (*See* the Settlement Stipulation at ¶12 (emphasis added).) The threat of loss to PharMerica is imminent, direct and palpable, and is the opposite of conjectural or hypothetical. The Settlement Stipulation at ¶12 does not merely hint at or reference PharMerica's interest – it obliterates PharMerica's interest.

Second, the requisite "causal connection" between PharMerica's injuries and the enforcement of the Settlement Stipulation is clear; in fact, THCI and the LTC Plaintiffs crafted the Settlement Stipulation with the express purpose of transferring PharMerica's Collateral (defined as the Receivable). *See UPS*, 66 F.3d at 626 (holding that UPS established the causal connection). If THCI is successful, PharMerica's security interest will be effectively terminated and the Collateral will be transferred, causing direct injury to PharMerica and resulting in unjust enrichment of THCI and the LTC Plaintiffs.

Finally, a decision favorable to PharMerica will allow PharMerica to intervene, protect its interests, and prevent enforcement of a Settlement Stipulation that improperly transfers PharMerica's Collateral. *See UPS*, 66 F.3d at 626 (holding that a favorable decision would redress UPS's injuries). The harm to PharMerica is redressable by a favorable decision on the Intervention Motion.

**B.    Prudential Standing Considerations Support Intervention by PharMerica Here Because PharMerica Asserts its own Interests**

Intervention is necessary because PharMerica's legal interests are at stake and no party before this Court can or will protect PharMerica's interests. Prudential considerations weigh in favor of PharMerica's standing. THCI's arguments to the contrary appear to confuse the purpose of the prudential standing inquiry.

Specifically, THCI misses the mark by contending that "even if the claims here are not of the type to be considered 'of wide public significance,' this action involves a claim of breach of a Settlement Agreement not a claim dealing with a 'statute, rule or constitutional provision.'" (*See* THCI Intervention Br. at 5). THCI never attempts to explain the applicability of this language, which concerns prudential standing in cases involving facial or as applied challenges to the

constitutionality of a statute or government action. *See UPS*, 66 F.3d at 623 (challenging adoption of a federal regulation, 57 Fed.Reg. 30651 (1992)).

Here, PharMerica meets the first prudential consideration because PharMerica asserts only its "'own legal interests rather than those of third parties.'" *See UPS*, 66 F.3d at 627, quoting *Wheeler*, 22 F.3d at 538. The other two prudential considerations are inapplicable. PharMerica's Intervention Motion asks this Court to adjudicate neither "abstract questions of wide public significance" (*see UPS*, 66 F.3d at 628, quoting *Wheeler*, 22 F.3d at 538) nor the constitutionality of a statute (*see id.*).

In sum, PharMerica has standing to seek redress for the injuries threatened by enforcement of the Settlement Stipulation.

## II.

## SUPPLEMENTAL JURISDICTION APPLIES BECAUSE THERE IS A COMMON NUCLEUS OF OPERATIVE FACT AS TO THE COLLATERAL

THCI's discussion of jurisdiction is also perplexing. THCI's first argument is that there is no diversity of citizenship between PharMerica and "this plaintiff" [sic]. (THCI Intervention Br. at 5). But PharMerica's Intervention Complaint does not invoke diversity jurisdiction. (*See* Proposed Intervention Complaint). Diversity jurisdiction, once created, is not destroyed by permissive intervention of a nonindispensable party. *See, e.g., Telefest, Inc. v. Vu-TV, Inc.*, 591 F. Supp. 1368 (D.N.J. 1984).

Rather, PharMerica invokes supplemental jurisdiction under 28 U.S.C. §1367(a). As the Intervention Complaint explains, "the claims herein derive from a common nucleus of operative facts as the main claim as they arise from the same transaction or occurrence or series of transactions or occurrences as the main claim." (*See* Proposed Intervention Complaint ¶ 14).

Under 28 U.S.C. §1367(a), "the district courts shall have supplemental jurisdiction" over claims that are "so related to claims in the action . . . that they form part of the same case or controversy under Article III" of the Constitution. The test is whether there is a "common nucleus of operative facts" between the claims at issue. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298 (3d Cir. 2006) (holding that supplemental jurisdiction was established), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *accord Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241 (3d Cir. 2005) (same). PharMerica is seeking to defend itself against the loss of the Collateral by means of the Settlement Stipulation. As such, PharMerica is considered a defendant-intervenor and is permitted to advance claims under the supplemental jurisdiction statute. *See, e.g., Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000).

The decisions that THCI relies upon undermine THCI's argument. The court in *Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834 (D.N.J. 2002) **granted** the intervention motion (brought by a newspaper in an employment discrimination action involving a public agency). The decision in *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418 (1985) is inapplicable because that case involved the issue of indispensable parties that, when aligned, destroyed the Court's subject matter jurisdiction over the main claim. The Supreme Court in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) held that the class action numerosity requirement, which was conceded by the defendant prior to trial, could not be raised after trial to challenge the court's subject matter jurisdiction.

Likewise, the decisions THCI cites concerning abstention are inapplicable here. The Court in *Taliaferro v. Darby Twp. Zoning Board*, 458 F.3d 181 (3d Cir. 2006) held that property owners had standing to assert their own claims but not to assert the claims of others. The Court

in *NY Life Distribs., Inc. v. Adherence Group, Inc.*, 72 F.3d 371 (3d Cir. 1995) remanded the action to the District Court to exercise its discretion as to whether a federal interpleader action should be dismissed during pendency of parallel state court proceeding.

Here, the Intervention Complaint stems from the common nucleus of operative facts as to the ownership and disposition of the Collateral, because PharMerica and its Collateral are expressly cited in the Settlement Stipulation ¶ 12. PharMerica defensively asserts an interest in property before this Court – the Collateral that the Settlement Stipulation seeks to distribute. PharMerica does not seek to join as a plaintiff in the main claim. Indeed, PharMerica's interest arose not as part of the main claim but later in the litigation, when the parties (Plaintiffs and THCI) sought to transfer PharMerica's Collateral without informing PharMerica. PharMerica seeks to avoid piecemeal adjudication of the issue as to the Collateral, and to avoid potentially conflicting directions as to the disposition of the Collateral. Far from trying to duplicate litigation, PharMerica simply seeks to prevent this Court from eviscerating PharMerica's rights in Collateral now at issue in the Florida Action.

THCI appears to adopt inconsistent positions by arguing against intervention in its THCI Intervention Brief while simultaneously filing another brief that argues that the action before this Court is "parallel" to the Florida Action. (*See* THCI's Amended Reply Brief in Support of Motion to Enforce Stipulation and Order of Settlement and Dismissal dated May 11, 2007 [Docket No. 224] at 4.) In any event, where, as here, a nonparty seeks to intervene to protect its interest in property before the Court, such intervention is permissible under the supplemental jurisdiction statute.

## III.

## INTERVENTION SHOULD BE GRANTED TO PHARMERICA

PharMerica set forth the standards governing intervention in PharMerica's opening brief (pp. 8-13) and will not repeat them here. THCI ignores binding Third Circuit authority that PharMerica cited. THCI fails to address *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) in which the Third Circuit reversed the decision of the District Court and held that numerous parties established grounds for intervention as of right.

THCI also ignores the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), which held that permissive intervention should have been granted even though a settlement was reached and a dismissal order was previously entered more than six months before the intervention motion was filed. Indeed, *Pansy* involved the interests of newspapers with respect to confidentiality provisions in a stipulation and thus presented a similar factual setting to the present case. *Pansy* undermines THCI's argument as to intervention of non-parties with respect to settlements.

None of the authority cited by THCI alters the conclusion that both intervention as of right and permissive intervention are warranted on these facts.

### A. Intervention as of Right Should be Granted to PharMerica

THCI fails to even acknowledge the governing standard[4] for intervention as of right under Rule 24(a)(2) of the Federal Rules. *See Kleissler*, 157 F.3d at 969. THCI fails to address

---

[4] As stated in PharMerica's Opening Brief at 8-9: Rule 24(a)(2) of the Federal Rules applies to intervention as of right and provides as follows:
> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect their interest, unless the applicant's interest is adequately represented by existing parties.

-10-

any of the elements for intervention as of right. Instead, THCI argues that PharMerica possesses only a "purported and not definitive" security interest and that PharMerica "is simply not a party to this action and has no sustainable interest here." (*See* THCI Intervention Br. at 8-9.)

THCI's brief utterly misapprehends intervention as of right. The rule itself makes clear that it applies when an applicant "*claims* an interest" (emphasis added) – it is obviously not necessary for the intervenor to have already prevailed as to its claimed interest. *See* Fed.R.Civ.P. 24(a). Moreover, the argument that PharMerica is "not even a party" in this action is nonsensical – in every intervention motion, the intervenor is not yet a party to the action.

The cases THCI's brief relies on are inapplicable. In *Devlin v. Scardelletti*, 536 U.S.1 (2002), the Supreme Court held that a nonnamed class member may appeal a class action settlement without intervening. In *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275 (1946), the Supreme Court permitted a union, which had intervened in the District Court, to prosecute an appeal. Both of these cases *allowed* the intervention or participation of unnamed parties and thus cannot provide any support for THCI here.

THCI fails even to contest any of the elements of intervention as of right. First, THCI fails to challenge the timeliness of PharMerica's Intervention Motion and thus this is established. Second, THCI fails to adequately challenge the fact that PharMerica established a sufficient interest in the litigation precisely because PharMerica claims a security interest in the Collateral, which is included in the Settlement Stipulation's reference to Receivables (¶ 12). Third, THCI never questions the fact that the Settlement Stipulation poses a threat that PharMerica's interest

---

Fed. R. Civ. P. 24(a). To establish grounds for intervention of right, the intervenor must show four elements: (1) "a timely application for leave to intervene"; (2) "a sufficient interest in the litigation"; (3) "a threat that the interest will be impaired or affected, as a practical mater, by the disposition of the action"; and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *See Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998).

will be impaired or affected, as a practical mater, by the disposition of this action. In any event, it is clear that the Florida Action may become an exercise in futility if PharMerica's Collateral is transferred without PharMerica's knowledge or participation. Finally, THCI never argues that any other party can or will provide any protection or representation of PharMerica's interest in this action. Thus all of the elements for intervention as of right are present and THCI's brief presents no valid argument in response.

**B.      Permissive Intervention also Should be Granted to PharMerica**

As PharMerica noted in its opening brief, permissive intervention is the appropriate device to enable a litigant who was not an original party to the litigation to challenge terms of an order. *See Pansy*, 23 F.3d at 778. The Third Circuit held the intervenors established "a question of law or fact in common" with the main action by challenging the validity of a provision in an order entered in the main action. *Id.*

THCI argues that PharMerica's claims "have nothing to do, in law or fact, with THCI and LTC and the LTC Plaintiffs [sic] obligations to each other under the Settlement Agreement." (*See* THCI Intervention Br. at 9.) Again, THCI conveniently ignores that fact that PharMerica challenges the validity of ¶ 12 of the very Settlement Stipulation that THCI seeks to enforce.

As noted above, THCI's principal argument against permissive intervention, that non-parties are not permitted to intervene in settlements, is thoroughly discredited by the Third Circuit's decision in *Pansy*, 23 F.3d at 778, which held that permissive intervention should have been granted even though a settlement was reached and a dismissal order was previously entered more than six months before intervention motion was filed. THCI ignores this binding Third Circuit authority that was directly on point and was cited by PharMerica.

The two cases that THCI cites with respect to permissive intervention highlight the paucity of authority for THCI's position. THCI cites *Gaskin v. Commonwealth of Pa.*, 389 F.

-12-

Supp. 2d 628 (E.D. Pa. 2005) and the unreported decision in *Jefferson v. City of Camden*, Civil No. 01-4218(RBK), 2006 WL 1843178 (D.N.J. June 30, 2006). Neither *Gaskin* nor *Jefferson* set forth any reasoning concerning intervention. Rather, both decisions simply mentioned in passing that an intervention motion was denied. *See Gaskin*, 389 F. Supp. 2d at 644 n. 10; *Jefferson*, 2006 WL 1843178, at *1.

As established in PharMerica's opening brief, there is a common question of law and fact relating to disposition of PharMerica's Collateral. PharMerica does not seek duplicative litigation but rather an opportunity to defend its interests – interests that are directly implicated and directly jeopardized in this action by a Settlement Stipulation that mentions PharMerica by name. Considerations of judicial economy, fairness and common sense counsel in favor of intervention to allow PharMerica to defend its interest.

Accordingly, PharMerica respectfully requests that the Court grant intervention pending a determination of PharMerica's rights to the Receivable now before this Court.

## CONCLUSION

For the reasons set forth above and in PharMerica's Opening Brief, PharMerica respectfully requests that the Court enter an order granting intervention pending the outcome of the action pending before the Circuit Court for the 11th Judicial Circuit, Miami-Dade County, Florida, entitled *PharMerica, Inc. v. Klein et al.*

Dated: May 15, 2007
Wilmington, Delaware

**ARCHER & GREINER, P.C.**

By: _____
John V. Fiorella (No. 4330)
300 Delaware Avenue
Suite 1370
Wilmington, Delaware 19801
Tel: (302) 777-4350
Fax (302) 777-4352

*Attorneys for Non-Party Intervenor PharMerica, Inc.*

2661173v1